**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 99-CV-02496 (GK) |
| v. ) | |
| ) | Next scheduled court appearance: |
| PHILIP MORRIS USA INC., ) | April 30, 2004 |
| f/k/a PHILIP MORRIS INC., et al., ) | |
| ) | |
| Defendants. ) | |

**LORILLARD TOBACCO COMPANY'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION FOR RELIEF FROM ORDER 302
AS TO ONE ERRONEOUSLY FURNISHED, PRIVILEGED
DOCUMENT**

**INTRODUCTION**

Plaintiff's Opposition is remarkable in that it effectively concedes the key underlying facts related to Lorillard Tobacco Company's ("Lorillard") Motion for Relief From Order 302 As To One Erroneously Furnished, Privileged Document (the "Motion"). The following uncontested facts establish the good cause for the relief Lorillard seeks:

- Lorillard has been diligent and acted in good faith to timely produce its responsive non-privileged documents in this litigation.

- Lorillard has produced more than 4.9 million pages of responsive non-privileged documents in this litigation.

- Lorillard's production has contributed thousands of trial exhibits to Plaintiff's February 17, 2004 listing of its trial exhibits. See Memorandum at 5.

- Plaintiff has never affirmatively used Ms. Durham's notes of the December 9-10, 1996 Attorney General litigation "seminar" ("Ms. Durham's notes") before listing the document as a potential trial exhibit on February 17, 2004, along with more than 72,000 other potential trial exhibits. In other words, despite taking hundreds of hours of depositions, filing voluminous proposed findings of fact and hundreds of motions, Plaintiff never saw fit to use this document in any way before February 17, 2004.

- The document in question is a "very significant document"[1] as it details Lorillard's outside litigation counsel's trial strategies for defending the then-pending State Attorney General reimbursement litigation. See Memorandum at 2-4, 6-7.

- Lorillard's outside counsel's trial strategies contained in this document concern Lorillard's trial strategies that are directly implicated in defending Plaintiff's allegations here. See Memorandum at 6-7.

- Lorillard's outside litigation counsel's trial strategies for defending cases such as this have no relevance to the merits of Plaintiff's RICO claims and are of no probative evidentiary value here. See Memorandum at 6-7.

---

[1] See Memorandum at n. 1, quoting the Court's comments at the January 17, 2003 status conference concerning Order #302's "saving grace" provision if the parties discover "a major error and included a very significant document [in a document production]."

1

- Lorillard would be significantly prejudiced if Plaintiff could use Lorillard's trial counsel's confidential pretrial strategies as evidence against Lorillard in this action and in future litigation.  <u>See</u> Memorandum at 7.

- Even if Lorillard were granted leave to "claw back" this document, Plaintiff could still list the document as a trial exhibit and have Lorillard's privilege objections adjudicated pursuant to Order #470.  <u>See</u> Memorandum at 7.

Instead of contesting these compelling facts, Plaintiff's Opposition argues that the Special Master's recent Report & Recommendation #151 ("R&R #151) is dispositive here.  But since R&R #151 addresses facts distinguishable from the facts of this Motion, Plaintiff's argument fails.

## **ARGUMENT**

I. R&R #151 ADDRESSES ONLY WHETHER LORILLARD CAN "CLAW BACK" A DOCUMENT WHICH PLAINTIFF CAPTURED FROM LORILLARD'S WEBSITE, AND DOES NOT RESOLVE THIS MOTION

During the meet and confer process leading up to Plaintiff's 7th Motion to Compel the Production of Certain Lorillard Documents (which resulted in R&R #151) (the "7th Motion to Compel"), Lorillard identified documents which were duplicates of documents Plaintiff identified for potential challenge that Lorillard had inadvertently produced to Plaintiff.  On May 28, 2003, counsel for Lorillard sent counsel for Plaintiff a letter pursuant to Order #45, ¶A.2, requesting that Plaintiff destroy all copies of these documents.[2]  On June 4, 2003, counsel for Plaintiff acknowledged that it had destroyed such documents and complied with Order #45's requirements.[3]  However, as the Special Master wrote, "It appears, however, that Plaintiff printed from Lorillard's website copies of these documents, containing the same bates numbers as listed

---

[2] <u>See</u> May 28, 2003 letter from Richard P. Cassetta to Gregg M. Schwind, annexed as Exhibit A.

[3] <u>See</u> June 4, 2003 letter from Gregg M. Schwind to Richard P. Cassetta annexed as Exhibit B.

2

in Mr. Cassetta's ["claw back"] letter, on May 29, 2003." R&R #151 at 2.[4] Plaintiff then used these Internet copies of the challenged documents as evidence that Lorillard waived its claims of privilege in certain challenged documents.

In R&R #151, the Special Master recommended that Order #45 did not extend to the documents Plaintiff printed from Lorillard's website, and that those documents could be considered in the privilege challenge motion as evidence that Lorillard waived its privilege claims. R&R #151 at 2-4. Unlike the documents in question in R&R #151, Ms. Durham's notes are **the document** Lorillard produced to Plaintiff – *not a copy of it which Plaintiff printed from Lorillard's Internet website*. Indeed, in R&R #151, the Special Master expressly distinguished the copies of "clawed back" documents Plaintiff printed from Lorillard's Internet website (for which Order #45 was inapplicable) from documents Lorillard was "producing . . . to Plaintiff during the discovery process in response to a request for production of documents"[5] (for which Order #45 was applicable). Accordingly, the Special Master's recommendation in R&R #151 is limited to whether Order #45 applies to copies of "clawed back" documents printed from Lorillard's Internet website (it does not), and does not speak to a document like Ms. Durham's notes that Lorillard produced to Plaintiff.

II.   PLAINTIFF'S WAIVER ARGUMENTS ARE "IRRELEVANT AT THIS TIME" AND SHOULD NOT BE ADDRESSED BY THE COURT IN ORDER TO ADJUDICATE THIS MOTION

Plaintiff essentially concedes that Ms. Durham's notes of the December 9-10, 1996 seminar on how to defend the then-pending State Attorney General reimbursement litigation are

---

[4] See, e.g., legend on bottom of Internet copy submitted in support of the 7th Motion to Compel as in camera, ex parte, attached hereto as Exhibit C, submitted in camera, ex parte.

[5] R&R #151 at 3. The document Lorillard seeks leave to "claw back" here is the same document that Lorillard produced on July 17, 2001, in response to Plaintiff's Request for Production #37.

3

privileged and protected from discovery. Plaintiff's Opposition argues, however, that such claims of privilege and protection have been waived. Opposition at 3. However, the merits of Lorillard's privilege claims are irrelevant to the merits of the Motion.

In Order #422, the Court ruled that the question of whether Plaintiff was entitled to relief from Order #302 so that it could belatedly "claw back" 81 erroneously furnished documents did not require the Court to evaluate the merits of the Government's privilege claims for those documents. "Whether these documents are, or are not, actually privileged is irrelevant at this time." Order #422 at 2. Likewise, Plaintiff's waiver arguments are irrelevant to this Motion.[6]

III.  LORILLARD HAS DEMONSTRATED GOOD CAUSE TO PERMIT IT TO "CLAW BACK" THIS ONE ERRONEOUSLY FURNISHED, PRIVILEGED DOCUMENT AFTER ORDER 302's JULY 1, 2003 DEADLINE

Lorillard's showing in the Memorandum satisfies Order #302's good cause standard for "clawing back" a single, significant document from the more than 4.9 million pages of documents produced in response to Plaintiff's requests in this case.[7] Lorillard's demonstration of good cause echoes the factors deemed persuasive by the Court in granting Plaintiff relief from Order #302. As in this Motion, in Order #422, the Court noted that "The [movant] is seeking relief from Order #302 as to only a small number of documents, when viewed in the context of

---

[6] As described in the Memorandum, even if Lorillard is granted leave to "claw back" this document, Plaintiff could still list the document as a trial exhibit, and test Lorillard's privilege objections pursuant to Order #470. Memorandum at 7.

[7] The only prejudice Plaintiff alleges it would suffer if the Court grants this Motion is entirely speculative. Plaintiff argues that if the Court grants this Motion it would endorse a "wait and see" approach which would allow Lorillard and other Defendants to produce privileged documents and then wait to see whether Plaintiff chooses to list them as trial exhibits before "clawing" them back. Opposition at 4. But there is no evidence in the record to reflect anything other than once Lorillard recognized its mistake, after receiving Plaintiff's trial exhibit list, it acted expeditiously to address its mistake. The limited relief sought here does not suggest that Lorillard is abusing Order #302's good cause exception. The Court should judge this Motion on its merits and not Plaintiff's unsupported speculation as to future motion practice.

4

this enormous litigation."[8] Order #422 at 1. As here, there is no prejudice to the party opposing the motion. Order #422 at 2. Similarly, here the movant has "adequately explained" how the document at issue was erroneously produced and why this mistake was not discovered until after the July 1, 2003 "claw back" deadline. Id. Further, the movant has also described its expeditious alerting of its adversary as to its inadvertent production so as to not unduly delay resolution of this matter. Id.

## CONCLUSION

For the reasons stated herein and in its Memorandum, Lorillard respectfully submits that it has established good cause to seek relief from Order 302's July 1, 2003 deadline to "claw back" the erroneously furnished document at issue. Accordingly, Lorillard respectfully requests that the Court grant Lorillard's Motion for Relief From Order 302.

---

[8] In Order #422, the Court permitted Plaintiff to belatedly "claw back" 81 documents.

Dated: March 31, 2004                    Respectfully submitted,

**THOMPSON COBURN LLP**

By  /s/ Richard P. Cassetta
   Edward C. Schmidt, Esq., #199315
   Matthew D. Schwartz, Esq., #436619
   1909 K Street, N.W.
   Suite 600
   Washington, D.C.  20006
   (202) 585-6900 – phone
   (314) 552-7597 – fax

   J. William Newbold, Esq.
   Michael B. Minton, Esq.
   Richard P. Cassetta, Esq., #457781
   THOMPSON COBURN LLP
   One US Bank Plaza, Suite 3500
   St. Louis, Missouri  63101-1693
   (314) 552-6000 – phone
   (314) 552-7597 – fax

   Gene E. Voigts, Esq.
   Richard L. Gray, Esq.
   SHOOK, HARDY & BACON L.L.P.
   2555 Grand Blvd.
   Kansas City, Missouri  64108-2613
   (816) 474-6550 – phone
   (816) 421-2708 – fax

   Attorneys for Defendant
   Lorillard Tobacco Company