

**BUREAU OF
CONSUMER PROTECTION**

UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

May 10, 1993

BY MESSENGER

Judith L. Oldham, Esquire
Collier, Shannon, Rill & Scott
3050 K Street, N.W.
Suite 400
Washington, D.C.  20007

                  Re:  R.J. Reynolds Tobacco Company

Dear Judy:

    Per our conversation this morning, I am enclosing a copy of the staff's draft of a complaint and order.  These new documents supersede the draft complaint and consent agreement that I provided you during our April 9, 1993 meeting.  I must stress that these are drafts and are subject to change.

    I also want to take this opportunity to reiterate that the staff is ready to meet with the company to discuss our recommendation to the Commission.

                                        Sincerely,

                                        Judith P. Wilkenfeld
                                        Assistant Director
                                        Division of Advertising Practices

DEPOSITION
EXHIBIT
Beales 5
6-20-02  D.J.

5/10/93

UNITED STATES OF AMERICA
BEFORE FEDERAL TRADE COMMISSION

---

In the Matter of )
)
R.J. REYNOLDS TOBACCO COMPANY, ) DOCKET NO.
a corporation. )
)

---

COMPLAINT

The Federal Trade Commission, having reason to believe that R.J. Reynolds Tobacco Company, a corporation ("respondent"), has violated the provisions of the Federal Trade Commission Act, and it appearing to the Commission that a proceeding by it in respect thereof would be in the public interest, alleges:

PARAGRAPH ONE: Respondent R.J. Reynolds Tobacco Company is a New Jersey corporation, with its office and principal place of business located at 401 North Main Street, P.O.B. 2959 Winston-Salem, North Carolina 27102.

PARAGRAPH TWO: Respondent has advertised, promoted, offered for sale, sold, and distributed cigarettes and other tobacco products.

PARAGRAPH THREE: The acts or practices of respondent alleged in this complaint have been in or affecting commerce, as "commerce" is defined in Section 4 of the Federal Trade Commission Act.

PARAGRAPH FOUR: Beginning in at least 1988, respondent has disseminated or has caused to be disseminated advertisements and promotions for its Camel brand cigarettes, including, but not necessarily limited to, the attached Exhibits A through E. The ads and promotions have as their central theme a cartoon camel sometimes referred to as "Old Joe" "Smooth Character" or as "Joe Camel" (hereinafter "Joe Camel"), and other similar cartoon characters.

PARAGRAPH FIVE: R.J. Reynolds claims to have designed its advertising and promotional campaign utilizing Joe Camel with a target audience described as "young adult smokers" over the age of 18. Because of the themes and techniques that it used in its Joe Camel campaign, R.J. Reynolds knew or should have known that its advertising and promotional campaign would have appeal to children and adolescents below the age of 18, as well as to its target audience.

PARAGRAPH SIX: R.J. Reynolds' Joe Camel advertising and promotional campaign for Camel cigarettes did appeal to children and adolescents below the age of 18, with the result that many of those children and adolescents did begin to smoke Camel cigarettes. Since the initiation of the Joe Camel advertising and promotional campaign in 1988, the percentage of smokers under the age of 18 who smoke Camel cigarettes has become larger than the percentage of all adult smokers 18 and older, including the percentage of young adult smokers over the age of 18, who smoke those cigarettes.

PARAGRAPH SEVEN: Cigarette smoking causes a number of adverse health effects including, but not limited to, coronary heart disease, lung and laryngeal cancer, oral cancer, esophageal cancer, chronic obstructive pulmonary disease, and low-birth-weight babies. Some, but not all, of these risks are known by the general population, including children and adolescents.

PARAGRAPH EIGHT: People who begin to smoke as children or adolescents are more likely to develop severe levels of nicotine addiction than those who start to smoke at a later age. Children and adolescents who smoke daily can become addicted to nicotine. Some children and adolescents do not adequately comprehend the extent and consequences of the addictiveness of cigarettes.

PARAGRAPH NINE: Respondent's actions, as set forth in PARAGRAPHS FOUR, FIVE AND SIX, have caused substantial and ongoing injury to these consumers that is not outweighed by any countervailing benefits to consumers or competition and is not reasonably avoidable by these consumers.

PARAGRAPH TEN: The acts and practices of respondent as alleged in this complaint constitute unfair acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act.

ORDER

For the purposes of this Order:

1. "Advertising to children" shall mean any advertising or promotion that: (1) either appears in magazines, publications or in other media or in any promotional forms directed to children and adolescents under 18 years of age or, in light of its subject matter, visual content, young models or cartoon characters, language, character or tone, respondent knows or should know will appeal disproportionately to children and adolescents under 18 years of age; and (2) results in disproportionate sales to children and adolescents under the age of 18.

2. "Disproportionate sales" shall mean that a greater percentage of smokers (as measured by share of smokers) under 18 years of age purchase or smoke the cigarette brand than do all adult smokers age 18 and over (as measured by share of smokers) during any calendar quarter, with the first quarter beginning January 1 of each year.

I.

IT IS ORDERED that respondent, R.J. Reynolds Tobacco Company, a corporation, its successors and assigns, and its officers, agents, representatives and employees, directly or through any corporation, subsidiary, division or other device, in connection with the manufacturing, labelling, advertising, promotion, offering for sale, sale or distribution of Camel cigarettes in or affecting commerce, as "commerce" is defined in the Federal Trade Commission Act, do forthwith cease and desist from advertising its Camel brand cigarettes through the use of the images or themes relating or referring to Old Joe, Smooth Character or Joe Camel and/or any companion figure or illustration associated with, used in conjunction with or resembling the Joe Camel figure.

II.

IT IS FURTHER ORDERED that respondent, R.J. Reynolds Tobacco Company, a corporation, its successors and assigns, and its officers, agents, representatives and employees, directly or through any corporation, subsidiary, division or other device, in connection with the manufacturing, labelling, advertising, promotion, offering for sale, sale or distribution of cigarettes in or affecting commerce, as "commerce" is defined in the Federal Trade Commission Act, do forthwith cease

and desist from advertising to children any brand of cigarettes.

### III.

IT IS FURTHER ORDERED that respondent, or its successors and assigns, shall collect, maintain and make available to the Federal Trade Commission for inspection and copying competent and reliable data for each brand of its cigarettes compiled at no less frequency than monthly, consisting of:

- (a) the number of cigarettes (or packages of cigarettes) sold to all persons under the age of 18;

- (b) the share of smokers under the age of 18 for each brand of cigarettes, by one year age categories (e.g., 11, 12,....17); and

- (c) the total share of smokers of each brand of cigarettes under the age of 18.

### IV.

IT IS FURTHER ORDERED that, for a period of ten (10) years from the date of entry of this Order, respondent R.J. Reynolds Tobacco Company shall notify the Commission at least thirty (30) days prior to any proposed change in its corporate structure, including but not limited to dissolution, assignment or sale resulting in the emergence of a successor corporation, the creation or dissolution of subsidiaries or affiliates, or any other corporate change that may affect compliance obligations arising out of this Order.

### V.

IT IS FURTHER ORDERED that respondent R.J. Reynolds Tobacco Company shall:

- A. Within thirty (30) days of service of this Order, provide a copy of this Order to each of its current principals, officers, directors and managers, and to all personnel, agents, and representatives having sales, advertising, or policy responsibility with respect to the subject matter of this Order; and

- B. For a period of five (5) years from the date of entry of this Order, provide a copy of this Order to each of its principals, officers, directors, and managers, and to all personnel, agents, and representatives

      having sales, advertising, or policy responsibility with respect to the subject matter of this Order who are associated with it or any subsidiary, successor, or assign, within three (3) business days after the person assumes his or her position.

VI.

IT IS FURTHER ORDERED that respondent R.J. Reynolds Tobacco Company shall, within sixty (60) days after service of this Order, and at such other times as the Federal Trade Commission may require, file with the Commission a report, in writing, setting forth in detail the manner and form in which it has complied with this Order.

IN WITNESS WHEREOF, the Federal Trade Commission has caused this complaint to be signed by its Secretary and its official seal to be hereto affixed at Washington, D.C. this day of             , A.D., 19   .

By the Commission.

                                              Donald S. Clark
                                              Secretary

SEAL

ISSUED: