

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Division of Advertising Practices

March 2, 1994

BY MESSENGER

Judith L. Oldham, Esquire
Collier, Shannon, Rill & Scott
3050 K Street, N.W.
Suite 400
Washington, D.C. 20007

Dear Ms. Judy Oldham:

    Enclosed please find a copy of a revised draft complaint and order concerning the R.J. Reynolds Tobacco Company's "Joe Camel" advertising campaign for Camel cigarettes. These documents have been circulated to the Commission for consideration.

    If you have questions, please feel free to call me.

                        Sincerely,

                        Judith P. Wilkenfeld
                        Assistant Director

Enclosure

DEPOSITION EXHIBIT
Beales 6
6-20-02  OJ

UNITED STATES OF AMERICA
BEFORE FEDERAL TRADE COMMISSION

|  |  |
|---|---|
| In the Matter of<br><br>R.J. REYNOLDS TOBACCO COMPANY,<br>a corporation. | DOCKET NO. |

COMPLAINT

The Federal Trade Commission, having reason to believe that R.J. Reynolds Tobacco Company, a corporation ("respondent"), has violated the provisions of the Federal Trade Commission Act, and it appearing to the Commission that a proceeding by it in respect thereof would be in the public interest, alleges:

PARAGRAPH ONE: Respondent R.J. Reynolds Tobacco Company is a New Jersey corporation, with its office and principal place of business located at 401 North Main Street, P.O.B. 2959 Winston-Salem, North Carolina 27102.

PARAGRAPH TWO: Respondent has advertised, promoted, offered for sale, sold, and distributed cigarettes and other tobacco products.

PARAGRAPH THREE: The acts or practices of respondent alleged in this complaint have been in or affecting commerce, as "commerce" is defined in Section 4 of the Federal Trade Commission Act.

PARAGRAPH FOUR: Beginning in at least 1988, respondent has disseminated or has caused to be disseminated advertisements and promotions for its Camel brand cigarettes, including, but not necessarily limited to, the attached Exhibits A through E. The ads and promotions have as their central theme a cartoon camel sometimes referred to as "Old Joe," "Smooth Character" or as "Joe Camel" (hereinafter "Joe Camel"), and other similar cartoon characters.

PARAGRAPH FIVE:  R.J. Reynolds designed its advertising and promotional campaign utilizing Joe Camel with a target audience described as "young adult smokers" aged 18 and older; 18 is the age at which, in most states, cigarettes may lawfully be sold to consumers.

PARAGRAPH SIX:  R.J. Reynolds' Joe Camel advertising and promotional campaign for Camel cigarettes was successful in appealing to many children and adolescents under the age of 18 and induced many of them, who had not previously smoked, to begin smoking or significantly increased the risk that they would do so.

PARAGRAPH SEVEN:  In fact, since the initiation of the Joe Camel campaign in 1988, the percentage of smokers under the age of 18 who smoke Camel cigarettes has become larger than the percentage of all adult smokers aged 18 and older who smoke Camel cigarettes.

PARAGRAPH EIGHT:  The choice of many of these children and adolescents to smoke Camel cigarettes was also a choice to begin smoking.

PARAGRAPH NINE:  Because of the themes and techniques that it used in its Joe Camel campaign, R.J. Reynolds knew or should have known that its advertising and promotional campaign would have a substantial appeal to children and adolescents below the age of 18, as well as to its target audience.

PARAGRAPH TEN:  Consumers who smoke cigarettes risk addiction (_i.e._, nicotine dependency) and a number of immediate and long term adverse health effects including, but not limited to, coronary heart disease, lung and laryngeal cancer, oral cancer, esophageal cancer, chronic obstructive pulmonary disease, and low-birth-weight babies.

PARAGRAPH ELEVEN:  Many children and adolescents do not adequately comprehend the nature of the risk or the seriousness of nicotine addiction and the other dangerous health effects of smoking cigarettes.

PARAGRAPH TWELVE:  R.J. Reynolds's actions, as set forth in PARAGRAPHS FOUR, FIVE, SIX, SEVEN, EIGHT and NINE have caused or were likely to cause substantial and ongoing injury to the health and safety of children and adolescents under the

age of 18 that is not offset by any countervailing benefits and is not reasonably avoidable by these consumers.

PARAGRAPH THIRTEEN: The acts and practices of respondent as alleged in this complaint constitute unfair acts or practices in or affecting commerce in violation of Section 5(a) of the Federal Trade Commission Act.

## NOTICE

Notice is hereby given to the respondent hereinbefore named that the          day of              , A.D., 19   , at    a.m. o'clock is hereby fixed as the time and the Federal Trade Commission Offices, 6th Street & Pennsylvania Avenue, N.W., Washington, D.C. 20580, as the place when and where a hearing will be had before an Administrative Law Judge of the Federal Trade Commission, on the charges set forth in this complaint, at which time and place you will have the right under said Act to appear and show cause why an order should not be entered requiring you to cease and desist from the violations of law charged in the complaint.

You are notified that the opportunity is afforded you to file with the Commission an answer to this complaint on or before the thirtieth (30th) day after service of it upon you. An answer in which the allegations of the complaint are contested shall contain a concise statement of the facts constituting each ground of defense; and specific admissions. denial, or explanation of each fact alleged in the complaint or, if you are without knowledge thereof, a statement to that effect. Allegations of the complaint not thus answered shall be deemed to have been admitted.

If you elect not to contest these allegations of fact set forth in the complaint, the answer shall consist of a statement that you admit all of the material allegations to be true. Such an answer shall constitute a waiver of hearings as to the facts alleged in the complaint, and together with the complaint provide a record basis on which the Administrative Law Judge shall file an initial decision containing appropriate findings and conclusions and an appropriate order disposing of the proceeding. In such answer you may, however, reserve the right to submit proposed findings and conclusions and the right to appeal the initial decision to the Commission under Section 3.52 of the Commission's Rules of Practice for Adjudicative Proceedings.

Failure to answer within the time above provided shall be deemed to constitute a waiver of your right to appear and contest the allegations of the complaint and shall authorize the Administrative Law Judge, without further notice to you, to find the facts to be alleged in the complaint and to enter an initial decision containing such findings, appropriate conclusions and order.

The following is the form of order which the Commission has reason to believe should issue if the facts are found to be as alleged in the complaint. If, however, the Commission should conclude from record facts developed in any adjudicative

proceeding in this matter that the proposed order provisions as to R.J. Reynolds Tobacco Company, a corporation, might be inadequate to fully protect the consuming public, the Commission may order such relief as it finds necessary or appropriate.

ORDER

For the purposes of this Order:

1. "Advertising to children" shall mean any advertising or promotion that: (1) either appears in magazines, publications or in other media or in any promotional forms directed to children and adolescents under 18 years of age or, in light of its subject matter, visual content, young models or cartoon characters, language, character or tone, respondent knows or should know will appeal to children and adolescents under 18 years of age; and (2) results in disproportionate sales to children and adolescents under the age of 18.

2. "Disproportionate sales" shall mean that a greater percentage of smokers (as measured by share of smokers) under 18 years of age purchase or smoke the cigarette brand than do all adult smokers age 18 and over (as measured by share of smokers) during any calendar quarter, with the first quarter beginning January 1 of each year.

I.

IT IS ORDERED that respondent, R.J. Reynolds Tobacco Company, a corporation, its successors and assigns, and its officers, agents, representatives and employees, directly or through any corporation, subsidiary, division or other device, in connection with the manufacturing, labelling, advertising, promotion, offering for sale, sale or distribution of Camel cigarettes in or affecting commerce, as "commerce" is defined in the Federal Trade Commission Act, do forthwith cease and desist from advertising to children its Camel brand cigarettes through the use of the images or themes relating or referring to Old Joe, Smooth Character or Joe Camel and/or any companion figure or illustration associated with, used in conjunction with or resembling the Joe Camel figure

II.

IT IS FURTHER ORDERED that respondent, or its successors and assigns, shall collect, maintain and make available to the Federal Trade Commission for inspection and copying competent and reliable data for each brand of its cigarettes compiled at no less frequency than monthly, consisting of:

> (a) the number of cigarettes (or packages of cigarettes) sold to all persons under the age of 18;

Page 6 of 8

    (b)    the share of smokers under the age of 18 for each brand of cigarettes, by one year age categories (e.g., 11, 12,....17); and

    (c)    the total share of smokers of each brand of cigarettes under the age of 18.

### III.

IT IS FURTHER ORDERED that, for a period of ten (10) years from the date of entry of this Order, respondent R.J. Reynolds Tobacco Company shall notify the Commission at least thirty (30) days prior to any proposed change in its corporate structure, including but not limited to dissolution, assignment or sale resulting in the emergence of a successor corporation, the creation or dissolution of subsidiaries or affiliates, or any other corporate change that may affect compliance obligations arising out of this Order.

### IV.

IT IS FURTHER ORDERED that respondent R.J. Reynolds Tobacco Company shall:

A.    Within thirty (30) days of service of this Order, provide a copy of this Order to each of its current principals, officers, directors and managers, and to all personnel, agents, and representatives having sales, advertising, or policy responsibility with respect to the subject matter of this Order; and

B.    For a period of five (5) years from the date of entry of this Order, provide a copy of this Order to each of its principals, officers, directors, and managers, and to all personnel, agents, and representatives having sales, advertising, or policy responsibility with respect to the subject matter of this Order who are associated with it or any subsidiary, successor, or assign, within three (3) business days after the person assumes his or her position.

### V.

IT IS FURTHER ORDERED that respondent R.J. Reynolds Tobacco Company shall, within sixty (60) days after service of this Order, and at such other times as the Federal Trade Commission may require, file with the Commission a report, in writing, setting forth in detail the manner and form in which it has complied with this Order.

IN WITNESS WHEREOF, the Federal Trade Commission has caused this complaint to be signed by its Secretary and its official seal to be hereto affixed at Washington, D.C. this day of              , A.D., 19   .

By the Commission.

Donald S. Clark
Secretary

SEAL

ISSUED: