FOR RELEASE: JUNE 7, 1994

    FTC CLOSES INVESTIGATION OF R.J. REYNOLDS TOBACCO COMPANY

    The Federal Trade Commission has closed its investigation of a possible violation of the Federal Trade Commission Act through the use of unfair advertising practices in connection with the sale of Camel cigarettes -- the "Joe Camel" advertising campaign -- by the R.J. Reynolds Tobacco Company. The Commission has determined that no further action is warranted at this time.

    The Commission vote to close the investigation was 3-2, with Commissioners Mary L. Azcuenaga, Deborah K. Owen and Roscoe B. Starek, III, forming the majority. FTC Chairman Janet D. Steiger and Commissioner Dennis A. Yao voted against closing the investigation, and issued separate statements. The majority responded in a joint statement.

    Copies of the letter closing the investigation and the Commissioners' statements are available from the FTC's Public Reference Branch, Room 130, 6th Street and Pennsylvania Avenue, N.W., Washington, D.C. 20580; 202-326-2222; TTY for the hearing impaired 1-866-653-4261.

                              # # #

MEDIA CONTACT:      Howard Shapiro, Office of Public Affairs
                            202-326-2176

    File No. 932 3162)

(camel)


                 STATEMENT OF CHAIRMAN STEIGER
    IN R.J. REYNOLDS TOBACCO COMPANY -- CAMEL CIGARETTES

                     File NO. 932 3162 (I06)


    I recommended to the Commission that we issue an administrative complaint against R.J. Reynolds' use of the Joe Camel advertising campaign. I have reason to believe that the Camel campaign induced underage people to start smoking, and that a proceeding against such ads would be in the interest of the public. This conclusion is based on an exhaustive analysis of the investigational record, which I believe contains sufficient factual information on which to base my decision. I am disappointed that a majority of my colleagues rejected my recommendation to submit the matter to a full hearing on the merits before an administrative law judge.


      JOINT STATEMENT OF COMMISSIONERS MARY L. AZCUENAGA,
        DEBORAH K. OWEN, AND ROSCOE B. STAREK, III,
            in R.J. Reynolds, File No. 932-3162



DEPOSITION EXHIBIT
Beales 8
6·20·02  D.J.

Today, the Commission closes its investigation of the Joe Camel advertising campaign after voting not to issue a complaint. Although it is unusual to comment on our reasons for taking such action, we have decided to explain our decision in light of the statements of our dissenting colleagues and the widespread public interest the matter has generated.

Although it may seem intuitive to some that the Joe Camel advertising campaign would lead more children to smoke or lead children to smoke more, the evidence to support that intuition is not there. Our responsibility as commissioners is not to make decisions based on intuition but to evaluate the evidence and determine whether there is reason to believe that a proposed respondent violated the law. The Commission has spent a great deal of time and effort reviewing the difficult factual and legal questions raised by this case, including a comprehensive review of relevant studies and statistics. Because the evidence in the record does not provide reason to believe that the law has been violated, we cannot issue a complaint.

If intuition and concern for children's health were a sufficient basis under the law for bringing a case, we have no doubt that a unanimous Commission would have taken that action long ago. The dispositive issue here, however, was whether the record showed a link between the Joe Camel advertising campaign and increased smoking among children, not whether smoking has an effect on children or whether the health of children is important. Indeed, our concern about the health of children led us to consider every possible avenue to a lawsuit before reaching today's decision.

DISSENTING STATEMENT OF COMMISSIONER DENNIS A. YAO
IN R.J. REYNOLDS TOBACCO COMPANY -- CAMEL CIGARETTES
File No. 932-3162 (I06)

I support bringing an administrative complaint against R.J. Reynolds Tobacco Company. I have reason to believe that its use of a cartoon character, Joe Camel, as the centerpiece of a cigarette advertising and marketing campaign, has increased the consumption of cigarettes among those least able to understand the heavy costs involved in smoking: minors under 18. By refusing to bring such a case, the majority has implicitly downplayed strong circumstantial evidence of an effect on minors, evidence that I believe warrants full fact-finding in an administrative trial. There is evidence that the cartoon character has appeal to minors and that Camel has increased its market share among minors. There is also evidence that the decade and a half decrease in smoking among minors has slowed down in the time since the Joe Camel campaign began.

Admittedly, the evidence is circumstantial -- it is not surprising that it would be difficult to produce direct evidence that Joe Camel was the decisive factor in increasing smoking among minors. In my view, however, given the tremendous potential for the loss of human life, the issues presented in this case are central to the agency's consumer protection mission. I am most disappointed that the majority is not willing to bring this matter to trial.

R.J. Reynolds Tobacco Company - 6/94                                                                 Page 3 of 3