

**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or it's contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given below.

| | | | |
|---|---|---|---|
| **FROM:** | Department of Justice<br>Civil Division, Torts Branch | | |
| **DATE:** | July 11, 2003 | | |
| **SENT BY:** | Stephen D. Brody<br>Deputy Director<br>Tobacco Litigation Team | **PHONE:**<br>**FAX:** | 202-616-1438<br>202-353-7661 |
| **TO:** | Thomas J. Frederick, Esquire<br>Winston & Strawn | **PHONE:**<br>**FAX:** | 312-558-5600<br>312-558-5700 |
| | Jonathan M. Redgrave, Esquire<br>Jones, Day, Reavis & Pogue | **PHONE:**<br>**FAX:** | 202-879-3483<br>202-626-1700 |
| | Leonard A. Feiwus, Esquire<br>Kasowitz, Benson et al. | **PHONE:**<br>**FAX:** | 212-506-1785<br>212-506-1800 |

**NUMBER OF PAGES SENT (INCLUDING COVER PAGE): 3**



**U.S. Department of Justice**

Civil Division, Torts Branch

---

*Post Office Box 14524*  *Telephone: (202) 616-1438*
*Washington, D.C. 20044-4524*  *Telecopier: (202) 353-7661*

**By facsimile**

July 11, 2003

Thomas J. Frederick, Esquire
Winston & Strawn
35 West Wacker Drive
Chicago, Illinois 60601-9703

    Re: *United States v. Philip Morris, Inc., et al.*, Civil No. 99-CV-2496 (GK) (D.D.C.)

Dear Mr. Frederick:

    We received joint defendants' Amended Notice of Deposition dated July 8, 2003. The Amended Notice is mistakenly captioned as a notice of "Plaintiff the United States of America." The text of the notice, however, correctly indicates that joint defendants "will take the deposition upon oral examination of the Executive Office of the President," as we agreed during March of this year. As you are aware, the United States is designating three witnesses to testify on behalf of the Executive Office of the President.

    The first two witnesses, Barry Clendenin and Patrick Locke, will testify both as fact witnesses pursuant to Rule 30(b)(1) and as Rule 30(b)(6) designees on matters known or reasonably available to the Office of Management and Budget. For the Rule 30(b)(6) deposition, Mr. Locke will testify concerning "sources" of funds and Mr. Clendenin will testify concerning the "uses" of those funds. More specifically, Mr. Locke will testify concerning: the analysis of financial mechanisms in the June 1997 proposed settlement and alternatives to those mechanisms; the analysis of financial mechanisms in the McCain tobacco legislation, proposed amendments thereto and related comprehensive tobacco legislation; estimates of revenue impact of legislative proposals in the FY 1999 Budget; and estimates of revenue impact of legislative proposals in the FY 1999 Budget. Mr. Clendenin will testify concerning regulatory and legislative proposals considered in 1997 and 1998 in conjunction with the proposed 1997 settlement and the McCain and related legislation; funding proposals and policies in the FY 1999 Budget; and recoupment proposals.

Thomas J. Frederick, Esquire
July 11, 2003
Page 2

      To reiterate what David Klontz told you in his March 27, 2003 letter, we understand that the "litigation" referred to in the notice of deposition is not intended to cover any matters relating directly to this lawsuit, including the decision to file the lawsuit, the funding of the lawsuit or the conduct of the lawsuit. Rather, that word refers to the lawsuits between the states and tobacco company defendants. Further, to the extent that the Department of Justice participated with the Executive Office of the President in the "evaluation, review or construction of any . . . litigation resolution of claims relating to activities or alleged liabilities of any defendant for health care expenditures allegedly associated with smoking," we will instruct the witnesses not to answer any questions the answers to which are exempt from disclosure as privileged or protected.

      We reserve the right and will instruct witnesses not to answer any deposition questions that seek information protected by the attorney-client, deliberative process and presidential communications privileges, the work product doctrine and any other applicable restriction on disclosure.

      In addition, we specifically object to the noticed deposition on the ground that the topic is irrelevant to the claims and defenses in this action, as more fully explained in both my letters of March 3 and 8, 2003 to Jonathan M. Redgrave and our transcribed meet and confer session of March 20, 2003. As we previously discussed, we are designating witnesses for the deposition subject to and without waiving this objection.

      Finally, we expect the deposition to be limited to documents produced after February 1, 2002, as required by Order #302.

      Thank you for your attention to this matter.

                                                          Very truly yours,

                                                          Stephen D. Brody

cc:    Jonathan M. Redgrave, Esquire (by facsimile)
       Leonard A. Feiwus, Esquire (by facsimile)