UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 99-CV-2496 (GK) |
| | ) | |
| v. | ) | Next Scheduled Court Appearance: |
| | ) | July 15, 2004 |
| PHILIP MORRIS USA INC. (f/k/a | ) | |
| PHILIP MORRIS INCORPORATED), et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS'[1]**
**AUTHENTICITY AND PRIVILEGE OBJECTIONS TO**
**PLAINTIFF'S DESIGNATED MAY 3, 2004 TRIAL EXHIBITS**

Pursuant to Order Nos. 51, 470 and 508, and the Court's various orders regarding exhibits, objections and privilege, Defendants hereby jointly submit their Objections to Plaintiff's May 3, 2004 Trial Exhibit List.

## I. OVERVIEW OF DEFENDANTS' AUTHENTICITY AND PRIVILEGE OBJECTIONS

Defendants assert the following authenticity and privilege objections to certain of Plaintiff's proposed trial exhibits:

Authenticity: Altered - Marginalia
Authenticity: Altered - Interlineations and/or Underlining
Authenticity: Altered - Receipt Stamp
Authenticity: Altered - Fax Lines
Authenticity: Altered - Added Coversheets Or Other Pages
Authenticity: Altered - Cut-Off Page(s)
Authenticity: Altered - Incomplete Document Obtained From Third Party Source
Authenticity: Altered - Other

[1] Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to The American Tobacco Company), Lorillard Tobacco Company, Altria Group, Inc. (f/k/a Philip Morris Companies Inc.), British American Tobacco (Investments) Ltd., The Council for Tobacco Research-U.S.A., Inc., The Tobacco Institute, Inc., and Liggett Group Inc.

Authenticity: Illegible
Authenticity: Incomplete or Missing Document - Missing Page(s)
Authenticity: Incomplete or Missing Document - Partial Document
Authenticity: Incomplete or Missing Document - Missing Exhibit
Authenticity: Incomplete or Missing Document - Other
Authenticity: Genuineness - Disputed Document
Authenticity: Multiple Documents In One Exhibit From Same Party
Authenticity: Multiple Documents In One Exhibit From Various Defendants
Authenticity: Multiple Documents In One Exhibit That Include Some Defendant Documents Plus Additional Non-Defendant Documents
Authenticity: Other Non-Original Combinations Of Documents
Authenticity: Advertisement - Incomplete Publication
Privileged: Attorney-Client Privilege
Privileged: Work Product Protection
Privileged: Defense Privilege
Privileged: Compelled Release
Privileged: Privilege Claim Pending Resolution of Challenge
Privileged: Privilege Claim Sustained by the Court
Privileged [U.K.]: Legal-Professional Privilege

## II. BRIEF STATEMENT ON AUTHENTICITY AND PRIVILEGE OBJECTIONS ASSERTED

**Authenticity Objections:**

1. Authenticity: Altered. Defendants object to any alteration of a document "deemed" and "presumed" authentic under Order #51, III.D.2.a. and assert the "Authenticity: Altered" objection when Plaintiff's proposed exhibit has been or appears to have been altered from the original document produced by a Defendant, Plaintiff, or a third party. The objection is made, including but not limited to instances, where the document improperly bears (i) marginalia; (ii) interlineations and/or underling; (iii) receipt stamp; (iv) fax lines; (v) added coversheet or other pages; (vi) cut-off page(s) or any other marking that alters the originally produced document. Defendants request the Court order Plaintiff to substitute an unaltered, complete, clean copy of the document as produced by the party for its proposed exhibit or present evidence that authenticates any alterations, notes, or markings when so specified in Defendants' objections.

2. Authenticity: Illegible. Defendants assert the "Authenticity: Illegible" objection where the trial exhibit provided by Plaintiff cannot be read. This objection is used where the document as produced was legible. There may be trial exhibits that are difficult to read because of the condition of the original document. Defendants have endeavored not to object to such documents on the grounds of illegibility.

3. Authenticity: Incomplete or Missing Document. Defendants assert the "Authenticity: Missing Page(s)," "Authenticity: Partial Document," "Authenticity: Missing Exhibit," or "Authenticity: Other" objection when Plaintiff has neglected to provide a copy or a complete copy of its proposed exhibit. Defendants must examine an exact copy of each exhibit Plaintiff intends to use to determine whether the exhibit is genuine or complete and whether it has been added to or altered. By making the "Authenticity: Missing Page(s)," "Authenticity: Partial Document," "Authenticity: Missing Exhibit," or "Authenticity: Other" objection, Defendants reserve any and all objections until Plaintiff provides a clean, complete copy of the exhibit.

4. Authenticity: Genuineness - Disputed Documents. Defendants assert the "Authenticity: Genuineness - Disputed Document" objection when Plaintiff has proposed an exhibit where Defendants cannot establish the genuineness, true identity, and/or confirm the origin of the document. Because of the discrepancy as to the genuineness, true identity, and origin of the document, Defendants request that this Court order Plaintiff to provide sufficient evidence to prove the exhibit is what Plaintiff purports it to be. *See* Fed. R. Evid. 901(a).

5. Authenticity: Multiple Documents. Defendants assert the "Authenticity: Multiple Documents" objection when Plaintiff has combined several documents into a single exhibit. By combining multiple documents into a single exhibit, Plaintiff is misrepresenting the meaning of each individual document and misleadingly attributing a common relationship among the multiple

documents. Defendants request the Court sustain Defendants' authenticity objection to these multi-document exhibits.

6. Authenticity: Advertisement - Incomplete Publication. Defendants assert the "Authenticity: Advertisement - Incomplete Publication" objection for Plaintiff's exhibits consisting of advertisements that are submitted without a clean, complete copy of the publication in which the advertisement was published. Recognizing printed materials, such as newspapers, magazines, and periodicals are deemed "self-authenticating" under Federal Rules of Evidence 902(6), Plaintiff's exhibits do not provide sufficient evidence to show the advertisement came from a magazine or other publication. Providing only the publication cover and/or the advertisement does not adequately establish the advertisement was in fact published or that it was published in the identified publication. Defendants, however, do not object to the authenticity of advertisements where Plaintiff submits a clean, complete copy of the publication wherein the proposed exhibit was published. Alternatively, Defendants do not object to the authenticity of the advertisement when Plaintiff offers sufficient authenticating evidence verifying the advertisement was actually published in the identified publication. Defendants adopt this objection for each exhibit on which there is an authenticity objection that states "Advertisement - Incomplete Publication."

**Privilege Objections:**

7. Privileged: Attorney-Client Privilege. Defendants assert the objection "Privileged: Attorney-Client Privilege" for Plaintiff's exhibits that are logged subject to the attorney-client privilege and on which the privilege has been sustained by the Court or for which no challenge to overcome the privilege in this case has been made.

8. Privileged: Work Product Protection. Defendants assert the objection "Privileged: Work Product Protection" for Plaintiff's exhibits that are logged subject to this protection and on which the privilege has been sustained by the Court or for which no challenge to overcome the privilege in this case has been made.

9. Privileged: Defense Privilege. Defendants assert the objection "Privileged: Defense Privilege" for Plaintiff's exhibits that are logged subject to this protection and on which the privilege has been sustained by the Court or for which no challenge to overcome the privilege in this case has been made.

10. Privileged: Compelled Release. Defendants assert the objection "Privileged: Compelled Release" where Plaintiff has listed an exhibit where the claims of privilege and/or protection have been overruled and ordered released in this case. Defendants use this designation to object to the use of any such exhibit without the appropriate legend as ordered by Order #344. Defendants adopt this objection for each individual exhibit on which there are the designations "Privileged" and "Privileged: Compelled Release."

11. Privileged: Privilege Claim Pending Resolution. Defendants assert the objection "Privilege: Privilege Claim Pending Resolution by Special Master and Court" when Plaintiff has listed as exhibits privileged documents that have been challenged in this case but that are currently pending before the Special Master and Court for resolution. Defendants maintain their claims of privilege and/or protection on these documents. Defendants reserve the right to raise authenticity objections on a privileged document ordered released to allow Defendants an opportunity to examine the document to determine whether the copy provided is genuine and complete or whether it has been added to or altered.

12. Privileged: Privilege Claim Sustained by the Court. Defendants assert the objection "Privileged: Privilege Claim Sustained by the Court" when Plaintiff has proposed exhibits on which Defendants' claims of privilege and/or protection have been upheld by this Court.

13. Privileged (U.K.): Legal-Professional Privilege. British American Tobacco (Investments) Limited ("BATCo") asserts the objection "Privileged (U.K.): Legal-Professional Privilege" for Plaintiff's exhibits that are logged subject to the U.K. legal-professional privilege and for which no challenge to overcome the privilege in this case has been made.

## III. DEFENDANTS' GENERAL OBJECTIONS

Defendants state the following general objections to Plaintiff's proposed trial exhibits:

1. An objection by any Defendant is an objection by all Defendants.

2. Each Defendant pursuant to the provisions of this Court's pre-trial orders and procedures reserves the right to assert additional or supplemental objections, including hearsay, relevancy and more prejudicial than probative objections to the admission of any statement made or authored by any individual or entity other than that Defendant. Defendants request that to the extent any such statements or exhibits are admitted into evidence, they be admitted conditionally, subject to a later determination by the Court at the conclusion of Plaintiff's case-in-chief as to the admissibility of such evidence as to any other Defendant. Defendants further request that the Court permit each Defendant a continuing objection to any statement made or authored by an individual or entity other than such Defendant.

3. Pursuant to the provision of this Court's pre-trial orders and procedures, Defendants reserve the right to assert other objections, including objections as to hearsay, relevancy, and more prejudicial than probative, to each exhibit as allowed by this Court's orders or at the time the exhibit is offered into evidence.

4. Privilege objections contained within include objections based on the attorney-client privilege, attorney work product doctrine, defense privilege and the U.K. legal-professional privilege. To the extent that one Defendant objects to an exhibit on the grounds of any privilege or protection, and that exhibit is subject to the claims of defense or common-interest privilege, all Defendants assert the same privilege objection.

5. Defendants object to the admissibility of any exhibit as to which any Defendant asserts a claim of privilege or protection.

6. Defendants object to any alteration of a document "deemed" or "presumed" authentic under Order #51, III.D.2.a. and assert an "Authenticity: Altered: [*identification of reason*]" objection when Plaintiff's proposed exhibit has been or appears to have been altered from the original document produced by Defendant, Plaintiff, or a third party. Defendants have no objection to the authenticity of a clean, complete, unaltered copy of the document as produced by that party. However, Defendants reserve any and all objections until Plaintiff provides a clean, complete, unaltered copy of the document.

7. Defendants object to any document that is illegible and assert an "Authenticity: Illegible" objection when Plaintiff's proposed exhibit is illegible. Defendants have no objection to the authenticity of a legible, clean, and complete copy of the document as produced by that party. However, Defendants reserve any and all objections until Plaintiff provides a clean, complete, unaltered, legible copy of the document.

8. Defendants object to any of Plaintiff's proposed exhibits when the exhibit is missing, is missing pages, or is only a partial document and assert "Authenticity: Incomplete or Missing Document - Missing Page(s)," "Authenticity: Incomplete or Missing Document - Partial Document," or "Authenticity: Incomplete or Missing Document - Missing Exhibit" objections,

etc. Defendants have no objection to the authenticity of a clean, complete, unaltered copy of the document as produced by that party. However, Defendants reserve any and all objections until Plaintiff provides a clean, complete, unaltered copy of the missing pages and/or a clean, complete, unaltered copy of the missing document.

9. Defendants object to all advertisements listed as exhibits that are submitted without a clean, complete copy of the publication in which the advertisement was published. Defendants recognize printed materials, such as newspapers, magazines, and periodicals are deemed "self-authenticating" under Federal Rules of Evidence 902(6), but Plaintiff's exhibits do not provide sufficient evidence to show the advertisement came from a magazine or other publication. Providing only the publication cover or the advertisement does not adequately establish the advertisement was in fact published or that it was published in the identified publication. Defendants, however, do not object to the authenticity of advertisements where Plaintiff submits a clean, complete copy of the publication wherein the proposed exhibit was published. Alternatively, Defendants do not object to the authenticity of the advertisement when Plaintiff offers sufficient authenticating evidence verifying the advertisement was actually published in the identified publication. Defendants adopt this objection for each exhibit on which there is an authenticity objection that states "Advertisement - Incomplete Publication."

10. Defendants object to the exhibits listed by Plaintiff that are privileged documents currently in challenge and pending resolution by the Court. Defendants reserve the right to raise authenticity objections on a privilege document ordered released to allow Defendants an opportunity to examine the document to determine whether the copy provided is genuine and complete or whether it has been added to or altered. Defendants adopt this objection for each

exhibit on which there is a privilege objection "Privileged Document: Privilege Claim Pending Resolution."

11. Defendants object to each exhibit listed by Plaintiff on which the Defendants' privilege claims have been or will be sustained by this Court. Defendants adopt this objection for each exhibit on which there is a privilege objection "Privileged: Privilege Claim Sustained by the Court."

12. Defendants object to the use of any document on which claims of privilege and protection have been overruled and ordered released in this case that are offered as a trial exhibit without the appropriate legend per Order #344. Defendants adopt this objection for each individual exhibit on which there are the designations "Privileged" and "Privileged: Compelled Release."

13. R.J. Reynolds Tobacco Company ("Reynolds") objects to the following Plaintiff's Proposed Trial Exhibits on the ground of authenticity to the extent Plaintiff seeks admission of the document to support a finding that the document, in fact, was created on the date set forth on the face of the document:

U.S. Exhibit 22,140,
U.S. Exhibit 22,188,
U.S. Exhibit 25,472,
U.S. Exhibit 54,418,
U.S. Exhibit 54,438,
U.S. Exhibit 54,455, and
U.S. Exhibit 54,462.

Reynolds' objection is based on the fact that the date appearing on the face of the document is not the date on which the document was created. The erroneous date, to the best of Reynolds' knowledge and belief, was placed on the document as produced by Reynolds due to the use of an "autodate" feature in the computer application employed to create the document or the insertion of the erroneous date when the document was created. In producing the document from its electronic

production, the “autodate” caused the insertion of the date when the document was printed or converted to image format for production. In interposing this objection, Reynolds does not contend that any party advertently altered the date of the creation of the document.

14. Certain U.S. designated trial exhibits are Liggett documents. To the extent Joint Defendants[2] have also identified any claims of privilege or protection in those Liggett documents produced in this action, those claims are described in the exhibit-specific objections.

Dated: June 1, 2004

Respectfully submitted,

/s/ Jonathan M. Redgrave

Peter J. Biersteker (D.C. Bar No. 358108)
Jonathan M. Redgrave (D.C. Bar No. 474288)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700

Robert C. Weber
Paul G. Crist
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Attorneys for Defendant
R.J. Reynolds Tobacco Company

[2] Joint Defendants are Philip Morris USA Inc. (f/k/a Philip Morris Incorporated), R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor by merger to The American Tobacco Company), Lorillard Tobacco Company, Altria Group, Inc. (f/k/a Philip Morris Companies Inc.), British American Tobacco (Investments) Ltd., The Council for Tobacco Research-U.S.A., Inc., and The Tobacco Institute, Inc.

/s/ Jonathan M. Redgrave *for*
Timothy M. Broas (D.C. Bar No. 391145)
WINSTON & STRAWN LLP
1400 L Street, N.W.
Washington, D.C. 20005-3502
Telephone: (202) 371-5700

Dan K. Webb
Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-6700

Theodore V. Wells, Jr. (D.C. Bar No. 468934)
James L. Brochin (D.C. Bar No. 455456)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000

Attorneys for Defendants
Philip Morris USA Inc.
(f/k/a Philip Morris Incorporated) and
Altria Group, Inc.
(f/k/a/ Philip Morris Companies Inc.)

/s/ Jonathan M. Redgrave *for*

Kenneth N. Bass (D.C. Bar No. 386070)
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Suite 1200
Washington, D.C. 200005
Telephone: (202) 879-5000

David M. Bernick
Stephen R. Patton
KIRKLAND & ELLIS LLP
200 East Randolph Drive, Suite 5900
Chicago, Illinois 60601
Telephone: (312) 861-2000

Attorneys for Defendant
Brown & Williamson Tobacco Corporation
(individually, and as successor in interest to
The American Tobacco Company)

/s/ Jonathan M. Redgrave *for*

J. William Newbold
Michael B. Minton
Richard P. Cassetta (D.C. Bar No. 457781)
THOMPSON COBURN LLP
One US Bank Plaza, Suite 3500
St. Louis, Missouri 63101-1693
Telephone: (314) 552-6000

OF COUNSEL:
Gene E. Voigts
Richard L. Gray
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550

Attorneys for Defendant
Lorillard Tobacco Company

/s/ Jonathan M. Redgrave *for*

David L. Wallace
Jessica L. Zellner
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza, 34th Floor
New York, New York 10112-0219
Telephone: (212) 408-5100

Attorneys for Defendant
British American Tobacco (Investments)
Limited (f/k/a British-American Tobacco
Company Limited)

/s/ Jonathan M. Redgrave *for*

Steven Klugman
Steven S. Michaels
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000

Attorneys for Defendant
The Council for Tobacco Research-U.S.A., Inc.

/s/ Jonathan M. Redgrave *for*

James A. Goold
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-6000

Attorneys for Defendant
The Tobacco Institute, Inc.

/s/ Jonathan M. Redgrave *for*

Aaron H. Marks
Leonard A. Feiwus
Nancy E. Straub
KASOWITZ BENSON TORRES
& FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700

Attorneys for Defendant Liggett Group Inc.