UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:99CV02496 GK |
| v. | ) | |
| | ) | Next Scheduled Court Appearance: |
| PHILIP MORRIS USA INC., Formerly | ) | April 30, 2004 |
| Known As Philip Morris Incorporated, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Joint Defendants' Trial Witness List

Pursuant to Order #'s 470 and 495, Joint Defendants[1] submit the following list of fact[2] and expert witnesses[3] to be called at trial, either live or by prior testimony. Joint Defendants have listed 26 expert witnesses whom they intend to call to testify live at trial.[4] Joint Defendants have listed 119 fact witnesses, including 24 "new" witnesses, as that term is defined under Order #470.

---

[1] Joint Defendants are Philip Morris USA, Inc., Altria Group Inc., R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation (individually and as successor in interest to The American Tobacco Company), Lorillard Tobacco Company, British American Tobacco (Investments) Ltd., The Council for Tobacco Research-U.S.A., Inc., and The Tobacco Institute.

[2] Attachment A.

[3] Attachment B.

[4] Currently pending before the Court is Joint Defendants' Motion for Clarification of Order #495. To the extent the Court rules that Joint Defendants are allowed to call 26 expert witnesses, including 2 expert witnesses on Environmental Tobacco Smoke, Joint Defendants expect to call all 26 witnesses listed on Attachment B. To the extent the Court rules that Joint Defendants are only allowed to call 25 witnesses, or are only allowed 1 witness to testify about ETS, Joint Defendants withdraw Dr. Joseph M. Scheller, M.D. from their list. Consistent with their pending motion for clarification of Order #495, Joint Defendants include on their witness list three of Plaintiff's experts, Drs. Kothari, Miller, and Zeger, who have been dropped from Plaintiff's witness list, for the purpose of offering into evidence limited admissions obtained from these witnesses in their depositions, including the as yet scheduled deposition of Dr. Zeger pursuant to R&R #152. Should the Court deny Joint Defendants' motion for clarification of Order #495 and count designations of the deposition testimony of an opposing party's dropped expert toward the overall limit on the number of experts the various parties may call, then Joint Defendants would withdraw the listing of these three experts.

Joint Defendants reserve the right to call any witness listed by the Government on its March 15, 2004 Trial Witness List and those witnesses it may list on its rebuttal list.  In particular, for those witnesses whom the Government has indicated that it will call through prior testimony, Joint Defendants reserve the right to call those witnesses either live or through any prior testimony that witness has given.[5]  Joint Defendants reserve the right to seek leave to add those witnesses who may be compelled to provide further deposition testimony pursuant to their pending Motion to Compel Answers to Deposition Questions Relevant to the Government's Youth Smoking and Disgorgement Claims.

Joint Defendants will be moving *in limine* to exclude any evidence relating to Environmental Tobacco Smoke ("ETS") on the grounds that such issues are not encompassed by the pleadings in this case and Joint Defendants expressly do not consent to trial on such issues under Fed. R. Civ. P. 15(b).  Nevertheless, based on the United States' trial witness list, Joint Defendants have identified witnesses on their trial witness list who would address ETS-related issues at trial, if necessary.  Joint Defendants do so without waiver of their position that ETS-related issues are not properly part of this case based on the pleadings and further expressly state that they do not consent to trial on such issues under Fed. R. Civ. P. 15(b).

In most instances, Joint Defendants have listed a witness as testifying either live or through prior testimony.  In other instances, however, Joint Defendants have listed a witness as testifying "Live/Prior," because they cannot know, at this point, whether it will be possible to compel the attendance of the witness at trial or whether it will be necessary to call the witness live in order to adequately present their case and rebut the allegations of the Government.  For

---

[5] Because the Government has not yet made its prior trial or deposition testimony designations, Joint Defendants do not know which deposition or trial transcripts the Government will designate from, and thus, cannot know whether they will need to separately list the witnesses.

example, certain witnesses on Joint Defendants' list were also listed by the Government on its list. To the extent the Government listed the witness as "live" or "live/prior," it is unclear whether the Government will be able to compel the witness's attendance at trial. Additionally, to the extent the Government ultimately calls the witness through prior testimony, Joint Defendants do not know, at this point, the portions of the prior testimony that the Government will seek to introduce, or even which prior testimony the Government will seek to introduce in those instances in which the witness has testified more than once. Accordingly, Joint Defendants have listed such witnesses as testifying "Live/Prior."

Dated:  April 5, 2004                    Respectfully submitted,

*Richard P. Cassetta*

Edward C. Schmidt, Esq., #199315
Matthew D. Schwartz, Esq., #436619
THOMPSON COBURN LLP
1909 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 585-6900 – phone
(314) 552-7597 – fax

J. William Newbold, Esq.
Michael B. Minton, Esq.
Richard P. Cassetta, Esq., #457781
THOMPSON COBURN LLP
One US Bank Plaza, Suite 3500
St. Louis, Missouri  63101-1693
(314) 552-6000 – phone
(314) 552-7597 – fax

Gene E. Voigts, Esq.
Richard L. Gray, Esq.
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
(816) 474-6550 – phone
(816) 421-2708 – fax

Attorneys for Defendant
Lorillard Tobacco Company

_Peter Biersteker (by RRC)_

Peter J. Biersteker (D.C. Bar No. 358108)
Jonathan M. Redgrave (D.C. Bar No. 474288)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

Robert C. Weber
Paul G. Crist
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Attorneys for Defendant
R.J. Reynolds Tobacco Company

_Thomas Frederick (by roc)_

Timothy M. Broas (D.C. Bar No. 391145)
WINSTON & STRAWN LLP
1400 L Street, N.W.
Washington, D.C. 20005-3502
Telephone: (202) 371-5700

Dan K. Webb
Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-6700

Theodore V. Wells, Jr. (D.C. Bar No. 468934)
James L. Brochin (D.C. Bar No. 455456)
PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3000

Attorneys for Defendants
Philip Morris, Inc. and Altria Group, Inc.

_Kenneth Bass (by DPC)_

Kenneth N. Bass (D.C. Bar No. 386070)
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Suite 1200
Washington, D.C. 200005
Telephone: (202) 879-5000

David M. Bernick
Stephen R. Patton
KIRKLAND & ELLIS LLP
200 East Randolph Drive, Suite 5900
Chicago, Illinois 60601
Telephone: (312) 861-2000

Attorneys for Defendant
Brown & Williamson Tobacco Company
(individually, and as successor in interest to
The American Tobacco Company)

_David Wallace (by DPC)_

David L. Wallace
Jessica L. Zellner
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza, 34th Floor
New York, New York 10112-0219
Telephone: (212) 408-5100

Attorneys for Defendant
British American Tobacco (Investments)
Limited (f/k/a British-American Tobacco
Company Limited)

Steven Klugman  *(by DBC)*
Steven Klugman
Steven S. Michaels
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000

Attorneys for Defendant
The Council for Tobacco Research-U.S.A, Inc.

James Goold  *(by DBC)*
James A. Goold
COVINGTON & BURLING
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-6000

Attorneys for Defendant
The Tobacco Institute, Inc.

I HEREBY CERTIFY that on this 5th Day of April, 2004, a true and correct copy of the foregoing was served upon counsel of record listed below, via electronic mail.

VIA ELECTRONIC MAIL:

**ATTORNEYS FOR PLAINTIFF:**

Sharon Y. Eubanks, Esq.
Stephen D. Brody, Esq.
U.S. DEPARTMENT OF JUSTICE
Civil Division/Torts Branch/Tobacco
National Place Building, Suite 1150-02
1331 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 616-4185

**ATTORNEYS FOR DEFENDANT LIGGETT GROUP INC.:**

Leonard A. Feiwus, Esq.
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York  10019-6799
(212) 507-1700

Joint Defendants' Trial Witness List – Fact Witnesses
April 5, 2004
United States v. Philip Morris USA Inc., et al, 99-CV-02496 (G.K.)(D.D.C.)

| Witness Name | Address | Brief Description of Topics To Be Covered | Type of Testimony to be Given |
|---|---|---|---|
| 30(b)(6) Witness re Actual or Potential Resolution of Tobacco Claims | c/o Sharon Y. Eubanks, Esq. / Stephen D. Brody, Esq. United States Department of Justice 1331 Pennsylvania Ave., N.W. Washington, DC 20044 | The witness who is designated to testify on behalf of the United States pursuant to Fed.R.Civ.P. 30(b)(6) on the topics set forth in Joint Defendants' notice of deposition is expected to testify at trial, either live or via deposition testimony, on the topics set forth in the notice of deposition, including, without limitation, the United States' evaluation, review, or construction of any actual or potential legislative or litigation resolution of claims related to activities or alleged liabilities of any defendant for health care expenditures allegedly associated with smoking, including the MSA and the 1997 proposed resolution of Attorneys General lawsuits involving the State Attorneys General. | Prior |
| Paul N. Adams | c/o British American Tobacco (Investments) Limited 4 Temple Place London, England WC2R 2PG | Mr. Adams is expected to offer testimony related to his position and duties as BATCo's Chairman, as well as matters known to him by virtue of his employment within the BAT group of companies, including the nature and structure of BATCo's business operations (including its past and current relationship with affiliates); BATCo's business values, practices, and policies, including, but not limited to, initiatives and programs; BATCo's position within the organizational structure of the BAT group of companies; and any other matters within his knowledge or experience to rebut the allegations of the United States. | Prior |
| Thomas Adams | c/o Jonathan Redgrave, Esq. Jones, Day, Reavis & Pogue 51 Louisiana, N.W. Washington, DC 20001-2113 | Mr. Adams is Senior Vice President and Controller of R.J. Reynolds Tobacco Company ("Reynolds"). Mr. Adams may address Reynolds' financial performance, assets and liabilities, including payments under the Master Settlement Agreement, market share loss and ability to pay an award of disgorgement. He may address the history and changes in corporate ownership and management of Reynolds, R.J. Reynolds Tobacco Holdings, Inc. and related entities. He may also address any other matters within his knowledge or experience to rebut the allegations of the United States. | Live |
| William Adams | c/o James A. Goold, Esq. Covington & Burling 1201 Pennsylvania Avenue, NW Washington, DC 20004-2401 | Mr. Adams is expected to testify to matters known to him as an employee of TI, including the shutdown and dissolution of TI, the structure, function and relationship between TI and its former members as typical of numerous trade associations, and any other matters within his knowledge or experience to rebut the allegations of the United States. | Live/Prior |

2296687

**Attachment A**

| Witness Name | Address | Brief Description of Topics To Be Covered | Type of Testimony to be Given |
|---|---|---|---|
| Richard H. Amacher | 1177 Cave Springs Tr. Las Cruces, NM 88011 | Mr. Amacher is expected to testify on matters related to his employment with KBM and its work with the National Cancer Institute and other Government organizations, including, without limitation, issues related to work done on NCI Monograph 13 and document retention issues related to documents created in connection with Monograph 13. | Prior |
| Murray G.C. Anderson | c/o British American Tobacco (Investments) Limited 4 Temple Place London, England WC2R 2PG | If called, Mr. Anderson is expected to testify about BATCo's corporate structure; the strict separateness maintained between BATCo and its affiliates, including Brown & Williamson; and any other matters within his knowledge or experience to rebut the allegations of the United States. | Prior |
| Bernard Scott Appleton, Ph.D. | c/o Kenneth N. Bass, Esq. Kirkland & Ellis LLP 655 Fifteenth Street, N.W. Suite 1200 Washington, DC  20005 | Scott Appleton is the Director of Scientific and Regulatory Affairs at Brown & Williamson.  He is expected to testify regarding matters known to him arising out of his employment with Brown & Williamson, including without limitation, smoking and health annals; external research concerning smoking and health; internal research related to smoking and health; internal research and development of products; manufacturing quality control; ingredient and material assessment, safety, and regulatory compliance; nicotine; addiction; smoker behavior and assays; smoke chemistry and assays; research related to indoor air quality contaminants and technology for contaminant removal; research related to environmental tobacco smoke; research and development of potential reduced exposure products ("PREP"); public health advocacy and regulatory reaction to, and consumer perceptions of, PREP; research on methods and tests for measuring smoke constituents such as tar and nicotine and applicability of such methods to human smoking; smoker compensation; tar/nicotine ratios; additives and ingredients; document retention, management and flow issues; company positions on smoking and health issues, including ETS; the roles of and interactions between scientists and lawyers in regulatory, legislative, litigation and public affairs settings; and any other matters within his knowledge or experience to rebut the allegations of the United States. | Live |
| Henry Armour, Ph.D. | c/o West Star Corporation and Epoch Corporation, 2404 Harrison Avenue, Olympia, WA  98502 | Henry Armour, Ph.D., is the President of West Star Corporation and Epoch Corporation. Dr. Armour is expected to testify regarding matters known to him by virtue of his involvement in and management of retail sales of tobacco products, including retail channels for tobacco products; retail advertising, marketing and promotion of cigarettes; programs and policies to prevent tobacco sales to minors; retail competition for tobacco sales; and any other matters within his knowledge or experience to rebut the allegations of the United States. | Live |

2296687

| Witness Name | Address | Brief Description of Topics To Be Covered | Type of Testimony to be Given |
|---|---|---|---|
| Robert B. Axelrad | USEPA Headquarters Ariel Rios Building 1200 Pennsylvania Avenue, N.W. Washington, DC 20460 | Robert Axelrad is expected to testify on issues related to environmental tobacco smoke. Mr. Axelrad may address the Environmental Protection Agency's Risk Assessment on ETS and the development of this Risk Assessment. Mr. Axelrad may also address commentary, including commentary by one or more defendants, pertaining to EPA's Risk Assessment on ETS. | Prior |
| Patrick Aylward | c/o Sharon Y. Eubanks, Esq. / Stephen D. Brody, Esq. United States Department of Justice 1331 Pennsylvania Ave., N.W. Washington, DC 20044 | Patrick Aylward is expected to testify on issues related to the Substance Abuse and Mental Health Services Administration's ("SAMHSA") work related to the Synar Amendment including, without limitation, the Office of Management and Budget's evaluation to ensure that SAMHSA's enforcement of the Synar Amendment was consistent with the United States' policies and efforts of the United States to reduce the incidence of youth initiation of smoking. | Prior |
| J. Howard Beales, III | c/o David C. Shonka, Assistant General Counsel for Litigation, Office of the General Counsel, Federal Trade Commission, 601 Pennsylvania Avenue NW, Washington, DC 20580 | Dr. Beales is the Director, Bureau of Consumer Protection, for the United States Federal Trade Commission. Dr. Beales may address matters related to research he conducted regarding the Joe Camel campaign, as more fully described in writings and testimony in this matter. He may also describe his interactions with employees of the Federal Trade Commission and others regarding his research and writings on that subject. If he appears live, he may also address the evidence relied upon by plaintiff's experts who testify regarding the Joe Camel campaign. | Prior |
| Lynn J. Beasley | c/o Jonathan M. Redgrave, Esq. Jones Day 51 Louisiana Avenue N.W. Washington, DC 20001-2113 | Ms. Beasley is President and Chief Operating Officer of R.J. Reynolds Tobacco Company ("Reynolds"). Ms. Beasley may address Reynolds' management and operation, including but not limited to, corporate mission and responsibilities, corporate governance, corporate policies, business operations and practices, regulations related to the marketing of cigarettes, external communications, research and development efforts and related matters.  She may also address the business environment in which Reynolds has operated during her employment. She may also address the Master Settlement Agreement ("MSA"), including but not limited to, the post-MSA business environment.  She may also  address Reynolds' advertising and marketing of cigarettes, including but not limited to the Joe Camel campaign, other marketing and promotional programs, other matters within her knowledge or experience at Reynolds, and any other matters within her knowledge or experience to rebut the allegations of the United States. | Live |

3

2296687

| Witness Name | Address | Brief Description of Topics To Be Covered | Type of Testimony to be Given |
|---|---|---|---|
| David Beran | c/o Thomas J. Frederick, Esq.<br>Winston & Strawn<br>35 West Wacker Dr.<br>Chicago, IL 60601 | Mr. Beran, Executive Vice President, Strategy, Communication and Consumer Contact with Philip Morris USA Inc. ("PMUSA") is expected to testify regarding matters known to him arising out of his employment with PMUSA, including without limitation the mission, values and objectives of PMUSA and their achievement; PMUSA's implementation of and compliance with the Master Settlement Agreement; PMUSA's operations and business planning; PMUSA's communications with the public regarding tobacco issues; PMUSA's retailing of cigarettes; the competitive nature of the tobacco industry; PMUSA's development and marketing of cigarette products; PMUSA's development of cigarettes with reduced ignition propensity; PMUSA's corporate policies and culture; PMUSA's financial obligations and past and anticipated future payments to the states under the Master Settlement Agreement and other litigation settlement agreements, the effect of certain court orders and related payments on PMUSA's assets and financial condition, and the effect that the disgorgement award sought by the government would have on PMUSA; and any other matters within his knowledge or experience to rebut the allegations of the United States. | Live |
| Sharon L. Blackie, Ph.D.* | c/o Kenneth N. Bass, Esq.<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Suite 1200<br>Washington, DC 20005 | Sharon Blackie was formerly employed in the Research & Development Department at Brown & Williamson. She is expected to testify regarding matters known to her arising out of her employment with Brown & Williamson and its affiliated companies, including without limitation internal and external research on smoking and health, including addiction and ETS; public positions on smoking and health issues; research and development of new products; research, development and promotion of potential reduced exposure products ("PREP"), including Advance; work in governmental and public affairs in developing, discussing, explaining and promoting positions on issues involving scientific questions; research, development and studies on lower tar and nicotine cigarettes, including test methods and smoker compensation; cigarette design; uses of nicotine in cigarette design; smoker behavior; smoke chemistry; ETS; addiction; disease causation; the interaction between and roles of scientists and lawyers in regulatory, legislative and litigation settings; interactions with Star Scientific, Inc.; and any other matters within her knowledge or experience to rebut the allegations of the United States. | Live |

4

| Witness Name | Address | Brief Description of Topics To Be Covered | Type of Testimony to be Given |
|---|---|---|---|
| Charles Blixt | c/o Jonathan M. Redgrave, Esq.<br>Jones Day<br>51 Louisiana Avenue N.W.<br>Washington, DC 20001-2113 | Mr. Blixt is Executive Vice President and General Counsel of R.J. Reynolds Tobacco Company ("Reynolds"). Mr. Blixt is also Executive Vice President and General Counsel of R.J. Reynolds Tobacco Holdings, Inc. ("Reynolds Holdings"). Mr. Blixt may address a variety of non-privileged matters within his experience or knowledge concerning Reynolds' management and operation, including but not limited to, corporate mission and responsibilities, corporate governance, corporate policies, business operations and practices, regulations related to the marketing of cigarettes, external communications, research and development efforts, youth smoking prevention programs and programs to reduce underage access to cigarettes, and other matters.  He may also address the Master Settlement Agreement ("MSA"), including but not limited to, matters related to compliance and litigation involving the MSA.  He may also address the history and changes in corporate ownership and management of Reynolds, Reynolds Holdings and related entities.  He may also address any other matters within his knowledge or experience to rebut the allegations of the United States. | Live |

5

2296687

| Witness Name | Address | Brief Description of Topics To Be Covered | Type of Testimony to be Given |
|---|---|---|---|
| Michele H. Bloch, M.D., Ph.D. | c/o Sharon Y. Eubanks, Esq. / Stephen D. Brody, Esq. United States Department of Justice 1331 Pennsylvania Ave., N.W. Washington, DC 20044 | Dr. Bloch is expected to testify on those topics for which she was designated as the United States' 30(b)(6) deposition representative, including, without limitation, the NCI Less Hazardous Cigarette Program (including the Tobacco Working Group); efforts to develop a "safer" or "less hazardous" cigarette and all conclusions reached or criteria developed to define "safer" or "less hazardous" cigarettes; the Government and public health community response(s) to the public statements by Dr. Gio Gori in or about 1977 and 1978 that smoking limited numbers of certain "less hazardous" cigarettes was "tolerable" from a health standpoint; the reasons for, and the circumstances surrounding, the termination of the Tobacco Working Group and the Less Hazardous Cigarette Program; NCI's development of Monograph 10, "Health Effects of Exposure to Environmental Tobacco Smoke: The Report of the California Environmental Protection Agency;" the Government's promotion, evaluation, and regulation of low yield cigarettes; the Government's actual, proposed, or contemplated standards, criteria, factors, tests or methodology for assessing and/or determining whether any cigarette is, can or could be considered or defined as "safer" or "less hazardous;" the involvement of employees and/or positions of the United States who served as members of the Scientific Advisory Board of the Council for Tobacco Research; the possible research, development, testing, and marketing of Liggett's "XA" cigarette as a potentially less hazardous cigarette, and the extent to which representatives of the United States either encouraged or discouraged Liggett from marketing the "XA" cigarette; contacts between employees or officials of the United States (including Drs. Cornfeld, Hueper, Russel and Kotin) with Geoffrey Todd, Dr. Felton, Dr. H.R. Bentley, and W.W. Reid during the period 1954-64 concerning the alleged link between smoking and disease; statements by employees and/or positions of the United States Department of Health Education and Welfare about smoking and health prior to the issuance of the 1964 Surgeon General Report; statements by employees and/or positions of the United States as of January, 1954, regarding smoking and health; research, publications, and statements by Dr. Wilhelm Hueper of the National Cancer Institute concerning research into the causes of lung cancer; research relating to tobacco or cigarettes conducted or funded by the United States which was terminated before it was published; allegations in the complaint and appendix relating to Dr. Oscar Auerbach; the United States Department of Health and Human Services ("DHHS") (formerly Health, Education, and Welfare) efforts to evaluate, and/or modify the "FTC Method" for measuring tar and nicotine; DHHS's policies promoting marketplace competition and its review of the FTC's policies promoting marketplace | Prior |

2296687