```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA,**          :
                                       :
        Plaintiff,     :
                                       :  **Civil Action No.**
    v.                           :  **99-2496 (GK)**
                                       :
**PHILIP MORRIS USA, Inc.,**           :
**f/k/a Philip Morris, Inc.**          :
**et al**.                             :
        Defendants.    :

## MEMORANDUM OPINION

This matter is before the Court on the Government's Motion in Limine to Exclude the Testimony of J. Howard Beales III, Ph.D. at Trial ("Motion"). Upon consideration of the Motion, the Opposition, the Reply, applicable case law, and the entire record herein, the Court concludes that the Motion should be **granted in part and denied in part.**

Dr. Beales is currently the director of the Bureau of Consumer Protection for the Federal Trade Commission ("FTC"). However, his proffered testimony relates to his tenure as a consultant to R.J. Reynolds during the FTC's investigation of its Joe Camel advertising campaign. See Defs.' Opp'n, at 1-2. Joint Defendants offer Dr. Beales as a fact witness regarding three topics: (1) his knowledge of the nature and scope of the FTC's investigations of the Joe Camel campaign; (2) his submissions of evidence on behalf of R.J. Reynolds to the FTC during the investigations; and (3) the research he conducted on the Joe Camel campaign and the conclusions he reached about its effect on teenage smoking. See id. at 5-6.

The Government argues that Dr. Beales' purported fact witness testimony concerning his research is actually improper expert opinion testimony and should be excluded under Federal Rules of Evidence 701 and 702.[1]  See Motion, at 2.  In their Opposition, Joint Defendants argue that Dr. Beales' testimony is based on his personal knowledge arising from his studies and research and is admissible as lay testimony under Rule 701.  See Defs.' Opp'n., at 5.

Any opinion testimony given by a fact witness must satisfy the requirement of Rule 701 that it be "rationally based on the perception of the witness."  Historically, "it has always been the rule that lay opinion testimony may be elicited only if it is based on the witness's first-hand knowledge or observations.  This foundational requirement helps to eliminate the risk that a party will circumvent the reliability requirement set forth in Federal Rule of Evidence 702 by adducing expert testimony in lay witnesses' clothing."  DIJO Inc. v. Hilton Hotel Corp., 351 F.2d 679, 685-86 (5th Cir. 2003).

---

[1] The Government also argues that Dr. Beales' testimony concerning his interactions with the FTC on the Joe Camel marketing campaign should be excluded in light of the Court's ruling in Order #356 that the jurisdiction and regulation of the tobacco industry by the FTC does not constitute a valid affirmative defense in this case.  Motion, at 11.  The Court has never held, however, that evidence of FTC regulation or involvement with the tobacco industry is completely irrelevant to other issues in this case.  Rather, Order #356 merely holds that such involvement does not preempt the Government's claims.  Accordingly, these grounds for exclusion of Dr. Beales' testimony are not persuasive.

In order to avoid that result, and to avoid a blurring of the line between expert and fact witnesses, Rule 701 was amended in 2000 to add subsection (c):

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[2]

Fed. R. Evid. 701.

The Advisory Committee Notes to Rule 701 emphasize, as did DIJO, Inc., that the 2000 Amendment was an attempt "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 Adv. Comm. Notes. Moreover, "[b]y channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert disclosure requirements set forth in Fed. R.

---

[2] Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Civ. P. 26 ... by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701 Adv. Comm. Notes ("any part of a witness' testimony that is based on scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules"); see also Mueller & Kirkpatrick, Federal Evidence § 347 (2d ed. Supp. July 2003).

Dr. Beales' testimony regarding the conclusions he drew from his research is precisely the type of evidence that the 2000 Amendment was intended to preclude. Dr. Beales' opinions on the complex issue of the effect of cigarette advertising on cigarette demand, particularly by youth, are not "rationally based" on his perceptions as contemplated by Rule 701; rather, they are based on a review of technical data and studies he conducted and his scientific and specialized knowledge. No such opinion or conclusions could have been reached without his having had a foundation of the kind of scientific, technical or specialized knowledge encompassed by Rule 702. See Gomez v. Rodriguez, 344 F.3d 103, 113-114 (1st Cir. 2003). In sum, testimony cannot be characterized as Rule 701 lay witness opinion if it is based on expertise and specialized knowledge and involves conclusions which could not have been reached by an ordinary lay person without such expertise and knowledge.

In <u>Giles v. Rhodes</u>, 2000 WL 1425046, *6-7 (S.D.N.Y. Sep. 27, 2000), an action for damages because of excessive use of force at Sing Sing prison, the district court excluded the testimony of a defense fact witness who did not work at Sing Sing prison at the time of the alleged incident but had extensive supervisory experience within the New York State Department of Correctional Services ("DOCS"). <u>Id.</u> at 5. The court found that the witness' testimony about policies and procedures governing the use of force in the DOCS, based on knowledge acquired over 20 years with that agency, to be "paradigmatic expert testimony." <u>Id.</u> Because the witness' testimony was not founded on any particularized personal knowledge about the facts of the case but rather on the specialized knowledge he developed in his years of experience, the court held that such testimony constituted inadmissible expert testimony by a lay witness. <u>Id.</u> <u>See</u> <u>Gomez</u>, <u>supra</u>, 347 F.3d at 113-14 ("a party need not identify a witness as an expert so long as the witness played <u>a personal role in the unfolding of the events at issue and the questioning seeks only to elicit knowledge of those events</u>.") (emphasis added).

Similarly, here, Joint Defendants offer Dr. Beales' research conclusions which are based on his scientific and specialized knowledge about teenage smoking, not on his personal knowledge of facts at issue in this case. Such testimony is classic expert testimony. <u>See</u> <u>United States v. Figueroa-Lopez</u>, 125 F.3d 1241,

5

1246 (9th Cir. 1997) ("the mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702").[3]

Federal Rule of Civil Procedure 26(a)(2)(B) requires a party to disclose the identity, reports and materials of its expert witnesses as directed by the court.  In Order #65, the Court directed the parties to make such disclosures no later than February 1, 2002.  Joint Defendants did not identify Dr. Beales as an expert witness and did not serve the requisite expert report.  Accordingly, under Federal Rule of Civil Procedure 37(c)(1), Dr. Beales' expert testimony about the conclusions he reached in his studies must be excluded at trial.

For all the foregoing reasons, the Government's Motion to exclude the testimony of J. Howard Beales III, Ph.D. is **granted in part and denied in part.**

An **Order** will accompany this opinion.

August 17, 2004                         /s/_____
                                        Gladys Kessler
                                        United States District Judge

**Copies via ECF to all
counsel of record**

---

[3] Defendants rely heavily on the holding in West Tennessee Ch. of Assoc. Builders v. City of Memphis, 219 F.R.D. 587 (W.D. Tenn. 2004).  Because that opinion does not seem to take into account the 2000 Amendment to Rule 701, the Court does not find its analysis persuasive.