UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 99-2496 (GK) |
| | : | |
| PHILIP MORRIS USA INC., f/k/a | : | |
| PHILIP MORRIS INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Four different Motions have been filed for leave to file amici curiae briefs in support of the Plaintiff United States. Three of them explicitly state that they wish to address only the issue of remedies. The fourth, on behalf of the Citizens Commission to Protect the Truth, may be addressing issues other than those of remedies. The Motions are brought on behalf of the Citizens Commission to Protect the Truth; the Regents of the University of California; the Tobacco Control Legal Consortium and 18 additional non-profit organizations; and Essential Action, the City and County of San Francisco, the Asian Pacific Island American Health Forum, San Francisco African-American Tobacco Free Project and the Black Network in Children's Emotional Health. The Defendants vigorously oppose submission of the amici briefs. Upon consideration of all the papers, the case law, and the entire record in this case, the Court concludes that the Motions should be **granted**.

There is no question that the "decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the court." Ellsworth Associates, Inc. v. United States, 917 F. Supp. 841, 846 (D.D.C. 1996). Interestingly, there is very little case law on this issue. In one of the few definitions of the phrase "amicus curiae," District Judge Glasser of the

Eastern District of New York, noted that the phrase "means, literally, 'friend of the court,' serving for the benefit of the court and for the purpose of assisting the court in cases of general public interest." United States v. Gotti, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991). The Third Circuit has described the manner in which an amicus may provide important assistance to the Court:

> Some amicus briefs collect background or factual references that merit judicial notice. Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group.

Neonatology Associates, P.A. v. Commissioner of Internal Revenue, 293 F.3d 128, 132 (3d Cir. 2002).

In examining the Motions filed by the four separate movants, it is clear that the briefs they offer fit into one or more of the categories mentioned by the Third Circuit. While the Court has a real concern about expanding the already overflowing record in this case with the addition of these briefs, and about any distraction they may present from the major issues, it has concluded that the possible benefits to be obtained from such submissions outweigh any possible disadvantages.

It must be noted that those seeking to present the amicus briefs include some of the most important, experienced, and knowledgeable entities in the fields of public health, smoking, and disease. For example, the Citizens' Commission to Protect the Truth includes all of the former Secretaries of Health & Human Services, former Surgeon Generals of the United States, and former Directors of the Centers for Disease Control and Prevention, who held those positions since 1963. As a further example, the Tobacco Control Legal Consortium includes the American Medical Association, the American Public Health Association, the American Academy of Pediatrics, the American College of Physicians, and the National Association of County and City Health Officials.

The wealth of knowledge, expertise, experience and devotion to the nation's public health represented by all of these groups simply cannot be ignored. There is no question that they may provide the "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." Cobell v. Norton, 246 F. Supp.2d 59, 62 (D.D.C. 2003). Indeed, it would be just plain foolish to reject such a resource.

Defendants argue at length that the Motions should be denied because the movants are trying to present new facts which were not litigated at trial, are attempting to bring in by the back door expert opinions which have not been reviewed for admissibility under the applicable legal standards, and are proposing remedies which are directly contrary to existing law. If any of these objections are well taken, the Court can easily identify them and ignore any recommendations or arguments based upon such inadmissible material.

**WHEREFORE**, for all these reasons, the Court hereby

**ORDERS**, that the Motions of the Citizens Commission to Protect the Truth; the Regents of the University of California; the Tobacco Control Legal Consortium and 18 additional non-profit organizations; and Essential Action, the City and County of San Francisco, the Asian Pacific Island American Health Forum, San Francisco African-American Tobacco Free Project and the Black Network in Children's Emotional Health shall be **granted** and the amici shall be subject to any subsequent Orders of the Court.

September 1, 2005                                /s/
                                                 Gladys Kessler
                                                 United States District Judge