# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

**David L. Wallace**
direct tel 212 408 5498
dwallace@chadbourne.com

November 5, 2010

**VIA EMAIL**

Ann M. Ravel
Deputy Assistant Attorney General
U.S. Department of Justice
Civil Division
Washington, D.C. 20530

Dear Ms. Ravel:

      Thank you for your response of 3 November to our correspondence of 18 October, in which we requested the government's position on whether RICO can be used to regulate extraterritorial activities under the "effects" test post-Morrison.

      Claiming that "Morrison does not affect this litigation," you suggest several independent bases for not "revisiting the Court of Appeals' decision," which "affirmed the District Court's findings as to BATCo's liability." The government raised these same alternative grounds for affirmance in the D.C. Circuit, the Supreme Court, or both, but (significantly) not in the district court. As you know, the D.C. Circuit declined to rely on several of these novel and far-reaching arguments and our position, as stated in the D.C. Circuit and Supreme Court submissions, is that these alternative arguments were not properly preserved, are therefore waived, and in any event, are meritless.

      You suggest that in invoking Morrison BATCo is "contesting the Court's jurisdiction in this case." Not so. Morrison makes crystal clear that the extraterritorial reach of a statute is a merits question, not one of the court's jurisdiction to adjudicate the question of whether RICO applies to BATCo's conduct. Morrison v. National Australia Bank, Ltd., 130 S. Ct. 2869, 2877 (June 24, 2010) ("[T]o ask what conduct [a statute] reaches is to ask what conduct [it] prohibits, which is a merits question," whereas "[s]ubject-matter jurisdiction . . . 'refers to a tribunal's power to hear a case'"). As for your reliance on supposed domestic conduct by BATCo, both the district court and the D.C. Circuit relied solely upon the "effects" test as the standard of measure for determining the supposed extraterritorial reach of the RICO statute, and on that basis found that BATCo was liable for violating RICO. See United States v. Philip Morris USA, Inc., 566 F.3d 1095, 1130 (D.C. Cir. 2009) (holding that "when a statute is applied to conduct meeting the effects test, the presumption against extraterritoriality does not apply"). In this regard, we note that the government does not deny that Morrison plainly invalidated the "effects" test that both the district court and the D.C. Circuit used as the sole rationale for their liability rulings in this case. See Morrison, 130 S. Ct. at 2879, 2881, 2887, 2891 (condemning the "effects" test and the "conduct" test as



CHADBOURNE
& PARKE LLP

Ann M. Ravel
Deputy Assistant Attorney General         -2-                    November 5, 2010

"judicial-speculation-made-law" that impermissibly "excised," "ignored," and "disregard[ed] the presumption against extraterritoriality"); Norex Petroleum Ltd. v. Access Industries, Inc., No. 07-4553-cv, 2010 WL 3749281 at *1 (2d Cir. Sept. 28, 2010) (holding that "RICO is silent as to any extraterritorial application" and therefore has no "extraterritorial effect"); Cedeno v. Intech Group, Inc., No. 09-Civ-9716, 2010 WL 3359468, *2 (S.D.N.Y. Aug. 25, 2010) (ruling that "[a]lthough Morrison does not address the RICO statute, its reasoning is dispositive here" and thus, the statute was "presumed not to apply to RICO claims that are extraterritorial in focus").

These are all strictly legal issues that will need to be resolved in connection with briefing on the motion for reconsideration that BATCo has from the first hearing on remand indicated it intends to file.

Finally, the last paragraph of your letter suggests that the government is either laboring under a misunderstanding or seeking to lay the groundwork for an effort to divert the Court's attention from the merits of the extraterritoriality issue. BATCo has no intention of not complying with any injunctive orders that Judge Kessler might enter once the remaining issues in this case have been fully adjudicated, a revised final judgment has been entered, and (assuming that judgment is adverse to BATCo) the injunction takes effect.

In regard to your demand for "a date certain for BATCo's compliance," BATCo's position is that until a final judgment is entered, or Judge Kessler orders otherwise, BATCo has no current compliance obligations. That is why the parties have been engaged in an effort to resolve outstanding issues on remand -- namely, to move this litigation to final judgment in an orderly fashion. We would appreciate your identifying the basis for your suggestion that Judge Kessler's injunction is already operative.

Very truly yours,

*DWallace*

David L. Wallace