UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                      )<br>         Plaintiff,     )<br>                                        )<br>        v.                 )<br>                                        )<br>PHILIP MORRIS INC., et al.,     )<br>                                        )<br>        Defendants.     )<br>                                        ) | Civil Action No. 99-CV-02496 (GK) |

STIPULATION OF DEFENDANT
BRITISH AMERICAN TOBACCO (INVESTMENTS) LIMITED

1. British American Tobacco (Investments) Limited ("BATCo") stipulates for all purposes in this action that the documents identified in Exhibit A and attached to this Stipulation were transmitted via U.S. mails as that term is used in 18 U.S.C. § 1341. All requirements for mailing pursuant to 18 U.S.C. § 1341 have been satisfied with respect to the documents identified in Exhibit A and attached to this Stipulation. This Stipulation may be offered by the United States at trial in lieu of evidence that the documents identified in Exhibit A and attached to this Stipulation were received, sent, or caused to be sent by BATCo by means of the United States Postal Service or the United States Post Office Department. BATCo reserves all of its rights to object to or offer countervening evidence with respect to any element of 18 U.S.C. § 1341 other than use of the U.S. mails.

2. BATCo stipulates for all purposes in this action that, on or about July 3, 1963, the information contained in the document attached to this Stipulation as Exhibit B was transmitted

U.S. Ex.
86,700

ARU129 0012

USX565 1

to BATCo by wire within the meaning of 18 U.S.C. § 1343. All requirements for transmission by means of wire, radio, or television communication pursuant to 18 U.S.C. § 1343 have been satisfied with respect to the information contained in the document attached to this Stipulation as Exhibit B. This Stipulation may be offered by the United States at trial in lieu of evidence that the information contained in the document attached to this Stipulation as Exhibit B was transmitted by means of wire, radio, or television communication in interstate or foreign commerce. BATCo reserves all rights to object to or offer countervening evidence with respect to any element of 18 U.S.C. § 1343 other than use of the wires, radio, or television.

3. BATCo stipulates for all purposes in this action that, on or about September 16, 1976, the information contained in the document attached to this Stipulation as Exhibit C was transmitted to BATCo by wire within the meaning of 18 U.S.C. § 1343. All requirements for transmission by means of wire, radio, or television communication pursuant to 18 U.S.C. § 1343 have been satisfied with respect to the information contained in the document attached to this Stipulation as Exhibit C. This Stipulation may be offered by the United States at trial in lieu of evidence that the information contained in the document attached to this Stipulation as Exhibit C was transmitted by means of wire, radio, or television communication in interstate or foreign commerce. BATCo reserves all rights to object to or offer countervening evidence with respect to any element of 18 U.S.C. § 1343 other than use of the wires, radio, or television

*DWallace*   *August 12, 2003*
David L. Wallace

2

ARU129 0013

USX565 1

**A**

ARU129 0014

**EXHIBIT A**

| Bates Number(s) | Racketeering Act No. | Date | Description |
|---|---|---|---|
| 680204115-680204117 | 11 | 02/28/1966 | Letter addressed to A. D. McCormick, Esq., BATCo, P.O. Box 482, 7 Millbank, London, SW1, England, from Addison Yeaman, Esq., General Counsel of Brown & Williamson |
| 680248768-680248765 | 30 | 05/19/1972 | Letter addressed to A.D. McCormick, Esq., BATCo, P.O. Box 482, 7 Millbank, London SW1P 3JE, England, from Addison Yeaman, Esq., General Counsel, Brown & Williamson |
| 680585135 | 50 | 11/09/1981 | Letter addressed to Mr. J. Kendrick Wells III, Esq., Brown & Williamson, 1600 West Hill Street, P.O. Box 35090, Louisville, Kentucky 40232, and signed by Sarah Mash, Secretary to M J. Leach, BATCo |
| 680584974-680584985 | 51 | 11/17/1981 | Letter addressed to J. Kendrick Wells III, Esq., Brown & Williamson, 1600 West Hill Street, P.O. Box 35090, Louisville, Kentucky 40232, and copied to Don Hoel, Esq., Shook, Hardy & Bacon, Kansas City, Missouri, from M.J Leach, BATCo and enclosed draft of "UK Parliamentary Brief" |
| 660913609-660913633 | 53 | 04/07/1982 | Letter addressed to W L. Telling, Esq , Brown & Williamson International Tobacco, 1600 West Hill Street, Louisville, Kentucky 40232, from G.O. Brooks, BATCo and enclosed a paper from a Product Knowledge Seminar entitled "Human Smoking Behaviour" |
| 680585743 | 54 | 04/08/1982 | Letter addressed to J Kendrick Wells III, Esq., Corporate Counsel, Brown & Williamson, 1600 West Hill Street, Louisville, Kentucky 40232, from L C F Blackman, BATCo |

Civil No. 99 CV 02496 (GK)

ARU129 0015

USX565 14

| | | | |
|---|---|---|---|
| 680583674; 680583693 | 57 | 07/20/1983 | Letter addressed to K. Wells, Esq., Brown & Williamson, 1600 West Hill Street, P.O. Box 35090, Louisville, Kentucky 40202, from Miss A. Johnson, BATCo. The mailing included "the T.I.'s Australian booklet on the Waxman Hearings" and a note that Johnson had written to "Public Affairs" Department |
| 103498901- 103498902 | 60 | 01/23/1984 | Letter addressed to Mr. E.E. Kohnhorst, Brown & Williamson, P.O. Box 35090, Louisville, Kentucky 40232, from C.I. Ayres, Group Research & Development Centre, BATCo, Southampton, England |
| 521016787- 521016788 | 63 | 08/28/1984 | Letter addressed to Mr. Ray Pritchard, Deputy Chairman, BATCo, P.O. Box 482, Westminster House, 7 Millbank, London, England, from Ernest Pepples, Esq., Senior Vice President and General Counsel of Brown & Williamson |

**B**

ARU129 0017

USX565 16

WESTERN UNION TELEGRAM

BROWNSON LVL

WUCXY TLX B
851 21122"
MOH

BROWNSON LVL

VEHICULAR LDN

MR MCCORMICK   LONDON 7/3 340P EST
PRIOR TO RECEIPT YOUR TELEX JULY 3 HOYT OF TIRC AGREED TO WITHHOLD
DISCLOSURE BATTELLE REPORT TO TIRC MEMBERS OR SAB UNTIL FURTHER
NOTICE FROM ME. FINCH AGREES SUBMISSION BATTELLE OR GRIFFITH
DEVELOPMENTS TO SURGEON GENERAL UNDESIRABLE AND WE AGREE CONTINUANCE
OF BATTELLE WORK USEFUL BUT DISTURBED AT ITS IMPLICATIONS RE
CARDIOVASCULAR DISORDERS.
WE BELIEVE COMBINATION BATTELLE WORK AND GRIFFITH'S DEVELOPMENTS
HAVE IMPLICATIONS WHICH INCREASE DESIRABILITY REEVALUATION TIRC
AND REASSESSMENT FUNDAMENTAL POLICY RE HEALTH. HOPE TO GET OFF
COMPREHENSIVE NOTE NEXT WEEK
    YEAMAN

IRA001  1371

ARU129 0018

C

ARU129 0019
USX565 18

**BROWN & WILLIAMSON TOBACCO CORPORATION**
**OUTGOING CABLE**

SEND TWO COPIES TO CABLE DEPT

DATE: SEPTEMBER 16, 1976

SENT BY: ERNEST PEPPLES

G. C. HARGROVE
ADDRESS: BRITISH-AMERICAN TOBACCO COMPANY LTD.
CITY: LONDON
COUNTRY: ENGLAND

RE MR. HENCHLEY'S NO. 52

WE DEFERRED TO BAT'S BEST JUDGMENT RE "TAR" LEAGUES AND OTHER TAC/HMG WORK IN RESPECT OF INFORMING THE PUBLIC ABOUT NON-BAT VIEWS, TESTS OR ALLEGED RISKS OF THE PRODUCT IN ITS TRADITIONAL FORM.

THIS COMMITTEE IS QUITE DIFFERENT, HOWEVER, BECAUSE IT CALLS FOR YOUR COOPERATION IN REACHING RECOMMENDATIONS IN RESPECT OF CHANGES TO THE PRODUCT ITSELF, AS OPPOSED TO MERELY REPEATING WHAT OTHERS ARE SAYING ABOUT THE PRODUCT. IT ALSO DIFFERS FROM THE HUNTER COMMITTEE WHICH IN THEORY TRIES TO PREDICT RISK FROM NEW SMOKING MATERIALS AND CLEARS THEM FOR USE BY CONSUMERS. HUNTER DOES NOT SET MINIMUM SAFETY STANDARDS FOR TRADITIONAL CIGARETTES.

650273641

IRA001 1401

ARU129 0020

USX51

THIS IS FIRST TIME TAC INVOLVEMENT WOULD ENCOMPASS ADMISSION REGARDING CLAIMED NEED TO TAKE STEPS TO SAFEGUARD CONSUMER. THUS IT CARRIES THE SAME DANGER FOR B&W AS WOULD YOUR COOPERATION WITH THE MINISTER'S PROPOSED USE OF THE SAFEGUARD POWER UNDER MEDICINES ACT. B&W WOULD SUFFER FROM EVEN AN ACQUIESCENCE BY BAT IN A FINDING BY THE MINISTER, AS HE WOULD HAVE TO FIND IN USING THE SAFEGUARD POWER, THAT THERE IS A HAZARD.

PRESENT PROPOSAL WOULD ASCRIBE TO BAT AND HENCE BY ATTRIBUTION TO B&W THE FOLLOWING FATA MORGANA:

STATE OF ART IN SMOKING AND HEALTH FIELD NOW SO ADVANCED THAT INDEPENDENT COMMITTEE CAN POSIT REASONABLE STEPS FOR A MANUFACTURER TO TAKE WHICH MAY REDUCE RISK TO HIS CONSUMERS.

B&W'S SUCCESS IN LITIGATION AND BEFORE LEGISLATIVE AND REGULATORY BODIES IN U.S. DEPENDS ON MAINTAINING AT MILLBANK AS WELL AS HERE THE FOLLOWING POSTURE RESPECTING PRESENT STATE OF THE ART:

RATHER THAN INDICATING THAT ANY USEFUL PRODUCT RECOMMENDATIONS WOULD LIKELY FLOW FROM A COMMITTEE WHICH CONCERNED ITSELF SOLELY WITH THE ONE FACTOR OF SMOKING, THE PICTURE EMERGING IS ONE OF EVER GREATER COMPLEXITY IN WHICH A PERCEIVED ONE-ON-ONE RELATION, AS IN A VIRUS ON DISEASE, IS MOST LIKELY TO BE MERELY AN ILLUSION. THE INDICATIONS FAVOR RESEARCH WHICH IS ORIENTED ON THE SPECIFIC HUMAN CONDITION OR DISEASE AND WHICH WORKS WITH MULTI-FACTORIAL IMPACTS ACCOUNTING FOR SUSCEPTIBILITY OR ONSET OF A DISEASE OR CONDITION.

THE STRONG CURRENT OF AUTHORITY IN U.S. COURTS SUPPORTS VIEW THAT THE CUSTOMARY USE OF TOBACCO IS NOT UNDULY DANGEROUS AND THUS THE MANUFACTURER IS NOT UNDER A DUTY TO CONSUMER TO WARN HIM OR TO SPECULATE ABOUT "HEALTHFUL" CHANGES IN THE PRODUCT. THE MANUFACTURER IS ONLY UNDER THE ORDINARY DUTY TO CONTINUE MAKING THE PRODUCT IN A MANNER CONSISTENT WITH

650273642

ARU129 0021

TRA001 1402

-3-

THE TRADITIONAL STANDARDS OF FITNESS FOR CONSUMPTION OF TOBACCO. ON THE OTHER HAND IF THE MANUFACTURER VOLUNTARILY TAKES THE VIEW OR APPEARS TO JOIN IN A VIEW THAT AN UNDUE HAZARD MAY EXIST HE CAN CREATE FOR HIMSELF A VERY HEAVY DUTY INDEED. FOR EXAMPLE, IN SEARCHING AROUND FOR APPROPRIATE STEPS TO SHIELD THE CONSUMER IT IS CONCEIVABLE THAT THE ONLY STEP WOULD BE TO PRODUCE A PRODUCT WHICH DOES NOT BURN. IF WE ADHERE TO THE VIEW THAT THE USE OF TOBACCO IS NOT UNDULY DANGEROUS THERE IS NO DUTY TO WARN THE CONSUMER OR TO MAKE AFFIRMATIVE CHANGES IN THE PRODUCT - SO-CALLED SAFEGUARDS.

IN SUM COOPERATION WITH THIS COMMITTEE IS OBJECTIONABLE WHETHER ITS ADVICE IS BINDING OR NOT BECAUSE IT PUTS BAT IN POSITION OF ACKNOWLEDGING THAT SOME HAZARD IN CIGARETTES NEEDS TO BE WORKED ON.

PEPPLES

CC: R. W. HENCHLEY, ESQ.
BAT
LONDON

680273643

IRA001 1403

ARU129 0022

USX5