# Crane-Hirsch, Daniel

| | |
|---|---|
| **From:** | Rubinstein, Ben [BRubinstein@chadbourne.com] |
| **Sent:** | Tuesday, November 09, 2010 7:51 PM |
| **To:** | Nelson, James; Crane-Hirsch, Daniel; Frederick, Tom; howardcrystal@meyerglitz.com; Ravel, Ann (CIV); Lisa, Gregory (CRM); Crow, Douglas (CRM); Thirolf, Eugene; Ralph.Tyler@fda.hhs.gov; Liazos, Theodore; Wilkinson, Beth (Outside Counsel - Paul, Weiss, Rifkind, Wharto); Noel J Francisco; mminton@thompsoncoburn.com; Andrew Bautista; gkbeach@jonesday.com; mleaonard@wcsr.com; Savell, Lawrence E. |
| **Subject:** | RE: US v. PM -- follow-up call re subsidiaries |

Jim,

In response to the government's request for information relating to the mandate issued by the D.C. Circuit on remand for "proceedings to determine whether inclusion of Defendants' subsidiaries, and which subsidiaries, satisfies Rule 65(d)," BATCo's position is that the inclusion of defendants' subsidiaries in Order #1015 is contrary to the plain language of Rule 65 and surplusage to the extent that subsidiaries (among others), whether named in the order or not, already fall within the ambit of that decree to the extent they might ever engage in "active concert or participation" with any of the defendants for purposes of violating the court's injunctive decree.  Put simply, subsidiaries do not need to be named in the revised final order to be covered by it.  As the D.C. Circuit correctly observed, "[l]ike any person with actual notice of the injunction, subsidiaries that act in concert with Defendants to violate the order would also be subject to contempt."

In brief, because Rule 65 is forward-looking and self-executing, and because there is not yet any currently operative injunction to enforce (least of all against BATCo given intervening change in controlling law), we see little to be gained by (and no authority for) conducting informal discovery into the nature of defendants' present relations with their subsidiary holdings for enforcement purposes.  The record in this matter, now closed, "does not reveal facts sufficient to evaluate over which subsidiaries, if any, Defendants exercise sufficient control or with which they so identify in interest . . . that they would legitimately fall within the purview of the injunction order" because the government made no effort at trial to prove such things.  As a consequence, the district court made no findings in this regard.  Critically, the district court would only need to travel this road in the event a future violation of the decree were alleged, which would require it to determine whether a subsidiary was in privity with (under Rule 65(d)(2)(B)) or "in active concert or participation" with (under Rule 65(d)(2)(C)) a defendant for purposes of violating the injunctive decree that ultimately issues in the case.

For these reasons, we do not believe it is appropriate for defendants' subsidiaries to "be identified by name as being bound by the court's injunction." See "Subcommittee Proposal for Discussing Some Remaining Issues in United States v. Philip Morris USA, Inc., et al." (Oct. 15, 2010).

Subject to and without waiver of these objections, BATCo states that none of its subsidiaries (a) manufactures, markets, sells, distributes, exports, imports, or licenses any cigarette brands for trade in the U.S. marketplace, or (b) provides services to, or acts on behalf of, BATCo in regard to activities covered by the injunctive decree. BATCo's subsidiaries are all organized under foreign laws and operate exclusively outside the territorial boundaries of the United States.

Regards,
Ben

Website | Vcard Info



**Benjamin C. Rubinstein**

30 Rockefeller Plaza, New York, NY 10112
**tel** 212-408-5100  **direct tel** 212-408-5566
**fax** 212-541-5369  **direct fax** 646-710-5566
brubinstein@chadbourne.com

Please consider the environment before printing this email.

---

**From:** Nelson, James [mailto:James.Nelson2@usdoj.gov]
**Sent:** Tuesday, November 09, 2010 6:31 PM
**To:** Frederick, Tom; howardcrystal@meyerglitz.com; Ravel, Ann (CIV); Lisa, Gregory (CRM); Crow, Douglas (CRM); Thirolf, Eugene; Ralph.Tyler@fda.hhs.gov; Liazos, Theodore; Wilkinson, Beth (Outside Counsel - Paul, Weiss, Rifkind, Wharto); Noel J Francisco; mminton@thompsoncoburn.com; Rubinstein, Ben; Andrew Bautista; Savell, Lawrence E.; gkbeach@jonesday.com; mleaonard@wcsr.com
**Cc:** Crane-Hirsch, Daniel
**Subject:** RE: US v. PM -- follow-up call re subsidiaries

All,

The dial-in information for our teleconference on subsidiaries at 4PM tomorrow is as follows:

Dial-In Number:

For DOJ participants:            3-0879

For local participants:          202-353-0879

For long-distance participants:  800-521-6079

Pass Code:



I look forward to our call.

Thanks,

Jim

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com