# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**UNITED STATES OF AMERICA,**          )
                 **Plaintiff,**          )
)
)          **Civil No. 99-CV-02496 (GK)**
    **v.**          )
)          **Next scheduled court appearance:**
**PHILIP MORRIS USA INC.,**          )          **Feb. 24, 2011**
      **f/k/a PHILIP MORRIS INC., et al.,**          )
                 **Defendants.**          )
_____)


## PARTIES' JOINT STATUS REPORT

The parties respectfully submit this joint status report pursuant to the Court's Order #7 (2d series) (R. 5846; issued 12/22/10).  Counsel for the United States, the Public-Health Intervenors, and Defendants have continued to meet and speak by telephone since the Court's December 20, 2010, status conference.  As set out below, the parties have reached agreement on several issues, and have made substantial progress in reducing disagreements on several further issues.  For those issues that remain unresolved, the parties state briefly below their proposed approach for reaching resolution.

Separately, Defendants intend to file by March 3, 2011, a motion concerning the impact of the Family Smoking Prevention and Control Act on Order #1015.

## 1.    SUBSIDIARIES

All defendants other than BATCo voluntarily provided detailed information and, in some instances, documentation, concerning their subsidiaries.  The United States and Defendants Altria, Philip Morris USA, R.J. Reynolds Tobacco, and Lorillard, have agreed on specific language to modify Section II ("Applicability") of the Court's Final Order.  This proposed

language from all parties other than BATCo, to replace Section II ("Applicability") of the

current Final Order, 449 F. Supp. 2d at 937, is provided below:

### II. Applicability

This Final Judgment and Remedial Order does not apply to defendants Liggett, The Council for Tobacco Research, Inc., or The Tobacco Institute.

This Final Judgment and Remedial Order applies to each of the other Defendants (hereinafter "Defendants"), and to each of their current and future directors, officers, agents, servants, employees, attorneys, assigns and successors.  It also applies to the following subsidiaries of Defendants to the extent that they are acting on behalf of, providing services to, in privity with, or in active concert or participation with, any Defendant named in the injunction with regard to a Defendant's conduct relating to cigarettes:

Altria Client Services Inc.; Altria Consumer Engagement Services Inc.; Altria Sales & Distribution Inc., and Altria Import Export Services LLC (subsidiaries of Defendant Altria); Philip Morris Duty Free Inc.; Trademarks LLC, Inc.; and TMLLC, Inc. (subsidiaries of Defendant Philip Morris USA); Reynolds Finance Company; Reynolds Innovations Inc.; Reynolds Technologies, Inc.; R.J. Reynolds Tobacco Co. ("RJR Delaware"); S.F. Imports, Inc.; and R.J. Reynolds Tobacco (CI), Co. (subsidiaries of Defendant R.J. Reynolds); Lorillard Licensing Company, LLC; and One Park Media Services (subsidiaries of Defendant Lorillard).

Defendants shall ensure that the subsidiaries identified above, and all officers and directors of Defendants and the subsidiaries identified above, have actual notice of this Order.

This Final Judgment and Remedial Order shall also apply to those persons in active concert or participation with Defendants and their current and future directors, officers, agents, servants, employees, attorneys, assigns and successors who have received actual notice of this Final Judgment and Remedial Order by personal service or otherwise (hereinafter "Covered Persons and Entities").

The Public Health Intervenors do not object to this modification.

Concerning BATCo's subsidiaries, the United States believes that it will need to pursue discovery about BATCo's subsidiaries as part of the D.C. Circuit's remand to this Court for proceedings about subsidiaries.

BATCo  maintains that given the pendency of its motion for reconsideration of the liability judgment against it based on changed law governing the extraterritorial reach of U.S. statutes, it is premature for the Court to decide (and for the government to demand discovery regarding) whether any of BATCo's subsidiaries should be named in a revised final order.  If BATCo is dismissed from the case, none of its subsidiaries will be covered by the revised final order.  BATCo also believes that because all of its subsidiaries are foreign, and none manufactures, markets, sells, distributes, exports, imports, or licenses any cigarette brands for trade in the U.S. marketplace, none of them should be named as covered parties in a revised final order.  See *Morrison v. Nat'l Austl. Bank Ltd.*, 130 S. Ct. 2869, 2878 (2010) ("When a statute gives no clear indication of an extraterritorial application, it has none.").  In the event BATCo does not prevail on its pending motion for reconsideration, BATCo, in the spirit of further compromise, proposes the following language for inclusion in a revised final order.  In BATCo's view, this language more accurately tracks the legal requirements of Federal Rule of Civil Procedure 65 than the language proposed by the government and the domestic defendants:

> This Final Judgment and Remedial Order applies to each of the other Defendants (hereinafter "Defendants"), and to each of their current and future directors, officers, agents, servants, employees, attorneys, assigns and successors.  It also applies to all non-parties with actual notice of the order in privity with, or in active concert or participation with, any Defendant named in the injunction with regard to a Defendant's conduct relating to cigarettes that is violative of the injunctions set forth in this Final Judgment and Remedial Order.

3

The United States observes that BATCo has failed to obtain a stay of the mandate or a stay of the Court's Order—and it has not even sought one—and that the pendency of any motion by BATCo does not amount to a stay or delay the Court's orderly resolution of the remaining matters in this case.  Furthermore, BATCo's statements regarding the status of its subsidiaries do not constitute discovery, and do not allow the United States to review, or for the Court to adjudicate, whether BATCo's subsidiaries should fall within the scope of the Court's Order.  The United States further submits that the Supreme Court's decision in *Morrison* is misunderstood by BATCo, and, in any event, *Morrison* (1) is inapplicable to RICO; (2) is inapplicable to the facts of this case; and (3) does not foreclose the possibility that BATCo's subsidiaries should fall within the scope of the Court's order.

In addition, the United States notes that BATCo's proposed subsidiaries language above is BATCo's first proposal of any language concerning subsidiaries, and that BATCo first proposed that language earlier today.

 The United States and BATCo previously set out their views on this topic in their November 24, 2010, status reports, at pages 20-21 of the United States' report (R. 5844), and pages 6-9 of BATCo's report (R. 5842).

## 2.    CODING

The parties have had extensive discussions about the contents and organization of their document websites.  These discussions have been fruitful and have not only reduced areas of disagreement, but on some issues, have generated new ideas acceptable to both sides, such as

coming close to an agreement on Defendants' having additional time to perform confidentiality redactions on sets of documents produced subject to confidentiality protection orders, in exchange for promptly posting lists of the documents they produce in litigation and will be posting to their websites under the Court's Final Order

Despite these good-faith discussions, though, it has become apparent that the parties will not fully resolve all of their differences.  For example, while the parties are in agreement as to coding certain fields on defendants' document websites, they disagree as to other coding fields. Similarly, while the parties have narrowed their disagreement regarding what may be redacted from documents for confidentiality concerns, they still disagree as to the scope of redactions that may be permitted.  The plaintiffs also disagree with BATCo's position that it is not required to provide access to a document website until after the Court resolves the pending Motion to Compel BATCo to comply with Order #1015.  Although the parties have reduced the number of issues still outstanding as of their November 24, 2010, status reports, those reports provide an indication of the complexity of the issues involved.  *See* pages 21-24 of the United States' status report; pages 19-30 of Certain Defendants' status report; pages 9-10 of BATCo's status report; and pages 3-4 of the Public-Health Intervenors' status report.

To resolve the parties' remaining disputes about the content and format of the materials that Defendants are obliged to post on their websites, the United States and Public-Health Intervenors recommend referring this issue to Magistrate Judge Facciola, due to his expertise in electronic-source information.  As set out at pages 4-5 of Certain Defendants' status report (R. 5841) and pages 9-10 of BATCo's status report, Defendants maintain that, to the extent there remains disagreement over the above items, which do not present legal questions, the Court

should designate a mediator/neutral to assist the parties in reaching resolution. Defendants recommend Judge Levie as special master based on his familiarity with the parties and discovery issues in the case.

---

**3.    WHETHER ONLY THE GOVERNMENT MAY MOVE TO ENFORCE THE ORDER**

The Defendants have urged that the Court should modify its Final Order to specify that, absent leave of Court, only the United States would be allowed to seek enforcement of the Order. The United States has urged that there is no need for this issue to be briefed and decided now, while the Public-Health Intervenors have urged both that the topic is premature and that the Defendants' position is mistaken. The parties have been unable to reach agreement. The parties' views on this topic were previously set out at pages 9-11 of Certain Defendants' status report (R. 5841); page 1 of BATCo's report; page 3 of the Public-Health Intervenors' report (R. 5843); and page 6 of the United States' report.

Because the parties agree that this issue involves a pure question of law, Defendants intend to ask at the February 24, 2011 status conference that the Court set an appropriate briefing schedule.

---

**4.    WHETHER ANY OTHER JUDGE MAY ENFORCE THE ORDER OR WHETHER ONLY THIS COURT MAY DO SO**

Defendants have urged that the Court should modify its Final Order to state that this case is before this Court, and that other courts do not have jurisdiction to enforce this Court's Final Order. The United States has stated it saw no need for the Court to make such a statement; the

6

Public-Health Intervenors have urged both that the topic is premature and that the Defendants'

position is mistaken.  The parties have been unable to reach agreement.  The parties' views on

this topic were previously set out at pages 8-9 of Certain Defendants' report; page 1 of BATCo's

report; page 3 of the Public-Health Intervenors' report; and pages 7-8 of the United States'

report.  Because the parties agree that this issue involves a pure question of law, Defendants

intend to ask at the February 24, 2011, status conference that the Court set an appropriate

briefing schedule.


5.      POINT-OF-SALE DISPLAYS

The Defendants (other than BATCo which has stated that it has no retail programs) have

given the United States exemplar copies of their retail-program contracts with retailers.  To

implement the D.C. Circuit's remand for this Court to "consider[] the rights of third parties and

existing contracts,"  *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1142 (D.C. Cir.

2009) (per curiam), *cert. denied*, 561 U.S. __, 130 S. Ct. 3501 (2010), the United States believes

that discovery will be necessary on the implementation of various terms in those contracts, such

as Defendants' apparently holding contractual authority to require retailers to place particular

marketing or promotional materials; and that discovery will likely also be necessary as to the

economic value of countertop and header-display space.  The Public-Health Intervenors have

stated that they also believe that further fact-finding will be necessary.  Defendants contend that,

prior to any party seeking discovery on this issue, the Court set a briefing schedule on how, as a

legal matter, any proposed injunction affecting retailers would be consistent with the D.C.

Circuit's opinion in this case.  Defendants urge that the Government should file an opening brief

7

explaining the basis for discovery, followed by opposition and reply briefs.  The Defendants

have urged that the exemplar retail-program contracts they have provided are irrelevant, and that

the Court should abandon the retail-outlet portion of its corrective-statement remedy.  The

parties have been unable to reach agreement.  The parties' views on this topic were previously

set out at pages 15-16 of Certain Defendants' status report; page 1 of BATCo's report; page 5 of

the Public-Health Intervenors' report; and pages 17-18 of the United States' report.

6.      MANDATORY MEET-AND-CONFER MEETINGS

        Defendants have proposed that, subject to a public-health-emergency exception, the

Court should order mandatory meet-and-confer procedures before the government could seek

enforcement of the Court's injunction.  The United States opposes the proposal, and the Public-

Health Intervenors maintain that there are no changed circumstances that would warrant such a

modification to the Court's Final Order.  The parties have been unable to reach agreement.  The

parties' views on this topic were previously set out at page 11 of Certain Defendants' status

report; page 1 of BATCo's report; page 3 of the Public-Health Intervenors' report; and pages 4-6

of the United States' report.  Because the parties agree that this issue involves a pure question of

law, Defendants intend to ask at the February 24, 2011, status conference that the Court set an

appropriate briefing schedule.

Dated: February 3, 2011
      Washington, D.C.

Respectfully submitted,

TONY WEST
Assistant Attorney General


____/s/_____
ANN RAVEL
Deputy Assistant Attorney General
Civil Division
United States Department of Justice
950 Pennsylvania Ave. NW, Room 3129
Washington, DC 20530
Telephone: 202-514-3045
Facsimile: 202-514-8071
E-mail address: Ann.Ravel@usdoj.gov


EUGENE M. THIROLF, Director
Office of Consumer Litigation


____/s/_____
DANIEL K. CRANE-HIRSCH
JAMES T. NELSON
Trial attorneys
Office of Consumer Litigation, Civil Division
United States Department of Justice
PO Box 386
Washington, DC 20004-0386
Telephone: 202-616-8242 (Crane-Hirsch)
        202-616-2376 (Nelson)
Facsimile: 202-514-8742
E-mail address: daniel.crane-hirsch@usdoj.gov
        james.nelson2@usdoj.gov


Attorneys for Plaintiff
United States of America

  /s/ Howard M. Crystal
Howard M. Crystal (D.C. Bar No. 446189)
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, Suite 700
Washington, DC 20009
202-588-5206
hcrystal@meyerglitz.com

Attorney for the
Public-Health Intervenors


          /s/
Beth A. Wilkinson (D.C. Bar No. 462561 )
PAUL, WEISS, RIFKIND, WHARTON &
 GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006-1047
Telephone:  (202) 223-7300
Fax:  (202) 223-7420

Miguel A. Estrada (D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  (202) 955-8257
Fax:  (202) 530-9016

Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-6700
Fax:  (202) 558-5700

*Attorneys for Defendants*
*Altria Group Inc. and Philip Morris USA Inc.*

_____/s/_____
Michael B. Minton
A. Elizabeth Blackwell
THOMPSON COBURN LLP
One US Bank Plaza, Suite 3500
St. Louis, Missouri 63101-1693
Telephone: (314) 552-6000
Facsimile: (314) 552-7597

Attorneys for Defendant
Lorillard Tobacco Company

_____/s/_____
Robert F. McDermott (D.C. Bar No. 261164)
Peter J. Biersteker (D.C. Bar No. 358108)
Noel J. Francisco (D.C. Bar No. 464752)
Geoffrey K. Beach (D.C. Bar No. 439763)
JONES DAY
51 Louisiana Avenue, N. W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Fax: (202) 626-1700

R. Michael Leonard
WOMBLE CARLYLE SANDRIDGE &
RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 721-3721
Fax: (336) 733-8389

Attorneys for Defendant R.J. Reynolds Tobacco Company,
individually and as successor by merger to Brown &
Williamson Tobacco Corporation

_____/s/_____

David L. Wallace
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

Alan E. Untereiner (D.C. Bar No. 428053)
ROBBINS, RUSSELL, ENGLERT, ORSECK,
UNTEREINER & SAUBER LLP
1801 K Street, N.W., Suite 411L
Washington, D.C. 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510

*Attorneys for Defendant*
*British American Tobacco (Investments) Limited*