UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>    and )<br>)<br>TOBACCO-FREE KIDS ACTION FUND, )<br>*et al.*, )<br>)<br>    Plaintiff-Intervenors, )<br>)<br>    v. )<br>)<br>PHILIP MORRIS USA, INC., *et al.*, )<br>)<br>    Defendants. )<br>) | Civil Action No. 99-CV-2496 (GK)<br>Next scheduled court appearance<br>February 24, 2011 |

**PUBLIC HEALTH INTERVENORS' RESPONSE TO THE UNITED STATES'
NON-FILING OF PROPOSED CORRECTIVE STATEMENTS**

The Public Health Intervenors strenuously object to Defendants' last-minute request that the results of the United States' extensive research and proposals concerning appropriate Corrective Statements be shielded from public view. In light of the vital public interest in these proposals, the objective scientific evidence on which they are based, and their key role as a remedy in light of Defendants' decades of misconduct, there is no basis – or precedent – for negotiating these Statements entirely behind closed doors, as Defendants suggest. Moreover, particularly given the strong presumption that court proceedings not be conducted in secret, Defendants' startling and delayed claim for secrecy should be rejected.

**Background**

In issuing the Final Judgment and Remedial Order in this case in 2006, the Court ordered that within sixty days of the Order the parties "shall each submit" proposals for corrective statements. Order # 1015 at 4 (DN 5733) (emphasis added). The parties subsequently filed – and on the public docket – extensive proposals. See, e.g., DN 5783 (Oct. 16, 2006).

After this case was remanded from the Court of Appeals, this Court issued an Order instructing that the "Parties shall submit" a Status Report concerning their discussion on certain issues. Order # 5 at 1 (DN 5834) (emphasis added). Again, those Reports were filed with the Court on the public docket.

At the December 20, 2010 Status Hearing, the United States explained that it would complete the process of developing revised Corrective Statements by February 3, 2011, at which point they "can be provided to the court . . . ." Tr. of Dec. 20, 2010 Hearing at 3. The Court subsequently ordered that the United States "shall submit" those Statements by February 3, 2011, and that the Defendants and the Public Health Intervenors "shall respond" to that submission by March 3, 2011. Order # 7 at 1 (DN 5846).

Pursuant to these directives, the Public Health Intervenors expected the government to file with the Court, on the public docket, its proposed Corrective Statements on February 3, 2011. However, the Public Health Intervenors did not learn until last evening that, despite the Court's Order, the United States did not intend to publicly file the proposed Corrective Statements, based on Defendants' contention that the Court did not intend a public filing. See United States Praecipe Re Non-Filing (DN 5842) at 3. Although the Defendants have now filed a response indicating that while they "do not oppose, or resist, the filing of the proposed

corrective statements in open court," they believe a period of negotiations before any public filing is appropriate, Defendants' Response (DN 5855), Defendants do not even try to meet the substantial burden required to demonstrate that judicial proceedings be conducted out of public view.

**Argument**

As the Supreme Court has explained, "[i]t is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). In light of this strong presumption, a party seeking to maintain the secrecy of materials in litigation has a significant burden to demonstrate that the information should not be in the public domain. E.g. U.S. v. Hubbard, 650 F.2d 293, 317 n. 89 (D.C. Cir. 1980) (noting "this country's strong tradition of access to judicial proceedings").

Defendants certainly cannot meet that heavy burden here. There is enormous public interest in the United States' proposals regarding the appropriate Corrective Statements that should be required to remedy defendants' decades of fraudulent claims to the public. The government's proposals in this matter represents the culmination of months of scientific and expert research. The public has the right to know what the government is proposing, and why. Wash. Post v. Robinson, 935 F.2d 282, 287-88 (D.C. Cir. 1991) ("The first amendment guarantees the press and the public a general right of access to court proceedings," a presumption that "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest"). Since Defendants are

suggesting the proposals could become public in the future, see Defendants' Response at 2 (DN 5855), there is certainly no basis to keep the government's filing a secret now.[1]

Moreover, irrespective of whether the Public Health Intervenors will ultimately endorse the United States' proposals, as reflected in the government's filing, DN 5852 at 3, the proposals are based on scientific evidence, the validity of which, again, should be aired publicly.  The notion that a scientific report of this nature should be kept secret is antithetical not only to presumptions about judicial secrecy, but to basic principles concerning the need for public understanding and airing of important public issues.  E.g., New York Times Co. v. U.S., 403 U.S. 713, 724 (1971) ("Open debate and discussion of public issues are vital to our national health") (Black, J., concurring); see also Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 905 (D.C. Cir. 1996) ("the public has a right of access, subject to the balance of public and governmental interests [in] a government document . . . recording an official action, decision, statement, or other matter of legal significance, broadly conceived [which] adequately protects the public's interest in keeping a watchful eye on the workings of public agencies") (citations omitted).

For their part, Defendants have no valid claim for secrecy here.  While they may not want the public to know what the research has revealed, or may wish for a period to be prepared to address public reaction to the proposals, those are certainly not reasons to keep the government's submission out of the public domain at this time.

---

[1]   Alternatively, if Defendants are suggesting that the parties might negotiate different statements than the ones the United States is proposing, that approach should also be rejected, as the public has the right to review the United States' proposals regardless.

Moreover, the notion that Defendants understood the Court to intend that the "Corrective Statement would be submitted to them without being filed to allow them . . . to meet and confer," DN 5852 at 2, makes no sense on several levels. While the parties have been engaged in negotiations concerning <u>other</u> issues, the Court has not directed the parties to make any of these proposals by a date certain, in sharp contrast to the Court's directions for the Corrective Statements. Rather, the Court has provided the parties a window to conduct negotiations, and a deadline to inform the Court on the status of their discussions. The Court has also repeatedly used the work "submit" to refer to matters to be <u>filed with the Court</u>. Order # 1015 at 4 (DN 5733); Order # 5 at 1 (DN 5834) (emphasis added) – which fatally undermines the contention that the Court intended something very different by using the word "submit" with reference to the Corrective Statements.[2]

Finally, if Defendants believed that there was some basis for keeping the government's Corrective Statements filing from public view, they should have raised the issue at the Status Hearing – where government counsel indicated that the submission would be "be provided to the court," Tr. of Dec. 20, 2010 hearing at 3 – or at least long before the filing date. Instead, they have put the Court in the position of addressing this issue on an expedited basis, insisting that the Corrective Statements proposals are intended to be non-public at this time. <u>See</u> Local Rule

---

[2] Defendants' view is also inconsistent with the Court's direction that the Public Health Intervenors be afforded an opportunity to review and "respond" to the proposed Corrective Statements. Order # 7 at 1. The Intervenors are not subject to any protective or confidentiality orders in this case, and, indeed, the Court previously directed that filings under seal should not be provided to the Intervenors. <u>See</u> Order # 997 (DN 5593). Moreover, the Public Health Intervenors likely will need to share the proposals with others in order to prepare their response.

5.1(j)(1) ("Absent statutory authority, no cases or documents may be sealed without an order from the Court").

## Conclusion

For the foregoing reasons, the Public Health Intervenors respectfully urge the Court to direct the United States to put its Corrective Statements filing on the public docket.

Respectfully submitted,

/s/ *Howard M. Crystal*
Howard M. Crystal
(D.C. Bar No. 446189)
Katherine A. Meyer
(D.C. Bar No. 244301)

MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, Suite 700
Washington, DC 20009
202-588-5206
hcrystal@meyerglitz.com

February 4, 2011                                Attorneys for the Public Health Intervenors