

**U. S. Department of Justice**

Civil Division

---

Deputy Assistant Attorney General        Washington, D.C. 20530

November 3, 2010

Benjamin Rubinstein, Esquire
Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, NY  10112

                Re:  BATCo

Dear Mr. Rubinstein:

     The government is in receipt of your recent correspondence regarding your client, British American Tobacco (Investments) Limited ("BATCo").

     In your correspondence, you assert that Morrison v. National Australia Bank Ltd., 130 S. Ct. 2869 (2010) "implicates BATCo's liability and certain remedial issues." However, it is the government's position that Morrison does not affect this litigation for several reasons. Notwithstanding BATCo's repeated characterization of its unlawful conduct as "wholly foreign," the district court properly found that BATCo participated in the alleged and proven scheme to defraud consumers and potential consumers of cigarettes in the United States. Indeed, BATCo never contested the Court's jurisdiction in this case; it admitted to selling cigarettes in the United States; and it stipulated that it had used the U.S. mails and wires as alleged in the complaint. Furthermore, as proven at trial and as detailed in the district court's decision, BATCo engaged in extensive additional domestic conduct in furtherance of the above-referenced scheme to defraud, and also engaged in the RICO conspiracy, in violation of 18 U.S.C. § 1962(d).

     As stated in our opposition to BATCo's petition for a writ of certiorari (see pp. 62-70), this case does not involve an extraterritorial application of the law because BATCo "used the interstate mails and wires-and engaged in other conduct within the United States-in furtherance of a scheme that was aimed at defrauding American consumers. Such an application of RICO presents no issue of extraterritoriality." (Govt's Cert. Opp. At 63) (citing Pasquantino v. United States, 544 U.S. 349, 371 (2005) and other cases). Of course, we have also had the opportunity to review your petition for rehearing of your July 2010 certiorari petition, which contains BATCo's view of whether Morrison should affect the outcome of this case. Like the Supreme Court (which denied BATCo's original petition for certiorari, as well as its petition for reconsideration), we believe that nothing in that petition or Morrison warrants revisiting the

Benjamin Rubinstein, Esquire
Page 2

Court of Appeals' decision which, among other things, affirmed the District Court's findings as to BATCo's liability.

Your electronic mail correspondence asks whether, in the governments's view, "the injunction on the sale of cigarettes with low tar descriptors can extend to sales outside the United States." Regardless of whether such injunction could reach such, the government is not pursuing such remedies-or other relief that exclusively applies to foreign sales of cigarettes to foreign consumers – in this case. However, the injunction was intended to (and does) reach overseas conduct that is a part of the alleged and proven scheme to defraud United States consumers and potential consumers, as well the proven RICO violations. Likewise, the injunction includes remedies related to overseas conduct where such remedies are appropriate to prevent and restrain ongoing and future violations. Accordingly, now that BATCo has been found liable of RICO violations, the Court may (for example) permissibly order that it maintain its Guildford Depository; may prohibit BATCo from marketing or selling cigarettes with low-tar descriptors in the United States, and may require that it produce documents on its website, even if such activities are conducted from overseas.

I understand that you have indicated your client's intentions not to comply with the Court's injunction. If this is the case, the government will seek to compel your client's compliance. If my understanding is incorrect, please advise me no later than November 8, 2010, as well as a date certain for BATCo compliance. If, however, BATCo does not intend to comply with any provision of the Court's Order, please also let me know so that we can seek appropriate relief to enforce the Court's Order.

Sincerely,

Ann M. Ravel

cc: Beth A. Wilkinson, Esq.
Noel J. Francisco, Esq.
Thomas J. Frederick, Esq.
Michael B. Minton, Esq.
Howard M. Crystal, Esq.
Ralph Tyler, Esq.
Gregory Lisa