UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 99-CV-2496 (GK) |
| ) | Next scheduled court appearance |
| and ) | February 24, 2011 |
| ) | |
| TOBACCO-FREE KIDS ACTION FUND, ) *et al.*, ) | |
| ) | |
| Plaintiff-Intervenors, ) | |
| ) | |
| v. ) | |
| ) | |
| PHILIP MORRIS USA, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PUBLIC HEALTH INTERVENORS' OPPOSITION TO THE UNITED STATES'
MOTION FOR LEAVE TO FILE PROPOSED CORRECTIVE STATEMENTS AND
SUPPORTING EXPERT REPORT UNDER SEAL**

Last week the government filed a Praecipe notifying the Court that it was not filing its proposed Corrective Statements and associated Expert Report as directed by the Court's December 22, 2010 Order because Defendants maintained that they should not be publicly filed. DN 5852. Nonetheless, the United States provided both the "Submission of Proposed Corrective Statements" and the associated Expert Report to the Defendants and the Public Health Intervenors.

Although Defendants response to the government's Praecipe stated that defendants "do not oppose, or resist," the public filing of materials that have now been received by Defendants and Intervenors, Defendants continue to maintain that the Court's December 22, 2010 Order

contemplated a private "meet-and-confer" on this issue, after which defendants would "inform the Court" of their position on the proposals. DN 5855 at 1-2.

In opposing this approach, the Public Health Intervenors explained that in light of, *inter alia*, the vital public interest in these proposals, they should be publicly available. DN 5857. Nonetheless, the United States filed a separate motion to file the propose Corrective Statements and Expert Report "under seal." DN 5858. The Public Health Intervenors oppose this request for the following reasons:

1. As Intervenors have explained, see DN 5857 at 3-4, there is no basis for keeping the proposed Corrective Statements and Expert Report a secret. There is enormous public interest in the United States' proposals, which reflect the results of rigorous and objective scientific study. The public – and the entire public health community, not just the Intervenors – have the right to know the specific statements the government is proposing, and the expert basis for those proposals. Moreover, defendants have never suggested that the proposals would be forever a secret, and have not explained what legitimate purpose is served by keeping them out of the public domain now. See, e.g., New York Times Co. v. U.S., 403 U.S. 713, 724 (1971) ("Open debate and discussion of public issues are vital to our national health") (Black, J., concurring); U.S. v. Hubbard, 650 F.2d 293, 317 n. 89 (D.C. Cir. 1980) (noting "this country's strong tradition of access to judicial proceedings").

2. As Intervenors have also explained, DN 5857 at 5, defendants' contention that this is what the Court intended is plainly wrong; the Court has previously used the word "submit," even in the context of corrective statements, to refer to public filings, not a secret exchange –

e.g., Order # 1015 at 4 (DN 5733) (parties "shall each submit" proposals for corrective statements); Order # 5 at 1 (DN 5834) ("Parties shall submit" a Status Report).

3.  Now that the Public Health Intervenors have had an opportunity to initially review the proposed Corrective Statements and Expert Report, they have another pressing concern: the need to consult with others to prepare a response to the government's proposals, which is due only three weeks from tomorrow, on March 3, 2011. Order of Dec. 22, 2010 at 1. Indeed, the Public Health Intervenors are in a particularly awkward position at present, in part because the Court has previously ruled that they may not have access to materials in this case filed "under seal." See Order # 997 (DN 5593). Although Intervenors assume that – in light of the Court's direction that Intervenors respond to the proposed Corrective Statements – the Court intended Intervenors to obtain a copy of the proposals (a step Defendants have not opposed), at present Intervenors feel constrained not to widely disseminate the proposals both because Defendants have asked that they be treated as private settlement materials, and because the government has filed a motion seeking leave to file them under seal.

Should the Court clarify that the government's proposals are not subject to any Protective Order (a request for which has never been presented) or other limitation on their further dissemination, the Intervenors intend to share the proposed Corrective Statements and Expert Report with others to help prepare their response. First, other members of the public health community will want to review the proposals and likely will have views that Intervenors would be able to incorporate into their response. Second, Intervenors will want to consult with individuals with relevant expertise who can evaluate the government's Expert Report and meaningfully comment on its contents. Finally, as more fully explained in Intervenors' earlier

submission on corrective statements, see DN 5783 at 39-44 (Oct. 10, 2006), effective corrective statements must take into account design elements that will insure the intended message is conveyed, and will preclude defendants from diluting – or even reversing – the effect of the message through the manner in which they are presented.  Id.  Again, in order for Intervenors to prepare their response to the government's proposal in this regard, they need to be able to consult with relevant individuals who can provide additional expertise into these, and other, issues.  If the proposed Corrective Statements and Expert Report are filed under seal, the Intervenors may not be able to do so.

## Conclusion

For the foregoing reasons, the Public Health Intervenors respectfully urge the Court to deny the government's motion for leave to file proposed Corrective Statements under seal, and direct that the proposals and associated Expert Report be publicly filed.  At minimum, the Intervenors request that the Court clarify that there are presently no restrictions on the Intervenors public dissemination of the government's proposals.

Respectfully submitted,

/s/ *Howard M. Crystal*
Howard M. Crystal
(D.C. Bar No. 446189)

MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, Suite 700
Washington, DC 20009
202-588-5206
hcrystal@meyerglitz.com

February 10, 2011                                              Attorney for the Public Health Intervenors