UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 99-CV-2496 (GK) |
| | ) | Next scheduled court appearance |
| and | ) | February 24, 2011 |
| | ) | |
| TOBACCO-FREE KIDS ACTION FUND, | ) | |
| *et al.*, | ) | |
| | ) | |
| Plaintiff-Intervenors, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILIP MORRIS USA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**PUBLIC HEALTH INTERVENORS' RESPONSE TO DEFENDANTS' MOTION FOR
EXTENSION OF TIME TO RESPOND TO PROPOSED CORRECTIVE STATEMENTS**

Seeking to turn what they initially claimed would be a "meet-and-confer" process on corrective statements, DN 5855 at 1-2, into a lengthy and contested evidentiary proceeding, including what appears to be extensive fact discovery and even *a deposition*, Defendants have requested at least an additional sixty (60) days to respond to the government's corrective statements proposals. *See* Def. Extension Motion ("Def. Mtn.") at 1 (DN 5863). At the same time, Defendants apparently would have the proposed statements continue to be shielded from public view.

These positions are inconsistent and should be rejected. As a threshold matter, given the patently adversarial tenor of Defendants' request, there is plainly no genuine "meet and confer" process underway and no valid reason for the Court not to immediately Order the public filing of the government's proposed corrective statements and expert report. As the Public Health

Intervenors have explained, see DN 5862, there was never any basis for shielding the proposals from public view in any event, but since Defendants argument for keeping them secret was to allow an opportunity to "confer" on them, the Court should Order their release now that it is clear that the parties will not reach any agreement anytime soon.

As for Defendants' extension request, the Public Health Intervenors certainly disagree that Defendants need or are entitled to the long list of materials outlined in their filing in order to respond to the government's proposals. Accordingly, Intervenors do not believe that Defendants' insistence on having these materials should be the basis for extending the deadline to respond to those proposals.[1]

It has been almost five years since this Court's Final Judgment and Remedial Order was issued, and the text of the proposed corrective statements are not significantly altered from proposals the parties made in 2006. Further delay is unnecessary and counterproductive. The corrective statements remedy should be implemented as expeditiously as possible, and the Defendants will always have arguments for further delay. Therefore, the Intervenors oppose the Defendants' motion for further delay and discovery.

Nonetheless, if the Court determines that some extension should be given, the extension should apply to *both Defendants and Intervenors,* and should be for a short period of time not to exceed three weeks – i.e., until March 24, 2011. See Intervenors's Opp. to Mtn to File Under

---

[1] To the extent the government is able and willing to provide some of these materials to Defendants, Intervenors certainly have no objection – as long as any such materials provided to Defendants are also provided to the Intervenors. To that end, Intervenors anticipate submitting a proposed Stipulation to modify Order #977 (DN 5593) to permit Intervenors access to materials that pertain to the governments' corrective statements proposals but which have been designated as confidential. See Order # 997 (prohibiting the government or defendants from serving Intervenors with confidential materials).

Seal at 3-4 (DN 5862) (discussing Intervenors' request to share the government proposals with others in preparing their response).

Finally, Intervenors urge that whatever schedule the Court adopts for responses to the governments' proposals, it also provide the Intervenors with an opportunity to *respond* to Defendants' corrective statements submissions.  While the Court will certainly benefit from the public health perspective on the governments' proposals, it will also benefit from hearing from the Public Health Intervenors regarding whatever counter-proposals are ultimately recommended by Defendants.  Accordingly, the Intervenors request an opportunity to file a response to Defendants' proposals no later than two weeks after they are filed.

Respectfully submitted,

/s/ *Howard M. Crystal*
Howard M. Crystal
(D.C. Bar No. 446189)
Katherine A. Meyer
(D.C. Bar No. 244301)

Meyer Glitzenstein & Crystal
1601 Connecticut Avenue, Suite 700
Washington, DC 20009
202-588-5206
hcrystal@meyerglitz.com

February 18, 2011                           Attorney for the Public Health Intervenors