UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 99-2496 (GK) |
| | : | |
| **PHILIP MORRIS USA INC.,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER #11

Upon consideration of Defendants' Motion for Extension of Time to Respond to the United States' Submission of Proposed Corrective Statements and Expert Report [Dkt. #5863], the briefs in support, opposition, and reply, and the entire record in this case, the Motion will be **denied** for the following reasons.

At the December 20, 2010 Status Conference, Defendants suggested that they would be prepared to report to the Court about any discussions with the Government regarding the Government's proposed Corrective Statements, implementation of those Corrective Statements, and whether or not an evidentiary hearing and/or briefing was needed regarding those Corrective Statements. The Court then issued an Order on December 22, 2010 [Dkt. # 5846] embodying the procedure recommended by Defendants and agreed to by the United States. In a Status Report filed February 4, 2011, Defendants reiterated their willingness "that . . . by the first week in March . . . to report to [the Court] whether we would accept [the United States' recommended] communications . . . or whether then we need an evidentiary hearing and/or briefing on those."

The United States complied and on February 4, 2011, as promised, delivered its proposed Corrective Statements, its extremely long expert witness report, and accompanying exhibits under

seal to the Court and to the parties. Because Defendants are now, out of the blue,[1] making demands for extensive discovery, they have filed the present Motion to extend their time to respond to the Government's submission by 90 days. That 90 day request is somewhat disingenuous. It is clear that if the Defendants prevail in their request for discovery -- which includes a list of 18 broad document-request categories, a deposition of the expert witness, and other materials -- they will not be able to complete discovery and file their response to the Government's proposed Corrective Statements within that 90 day period. In short, not only are Defendants now asking to be relieved of the very deadline which they proposed and promised to meet but, as a practical matter, they are asking for an extension of time to respond which would clearly exceed the 90 days they request in this Motion.

This case was filed in 1999. After enormous amounts of discovery, a nine-month trial, the writing of a 987 page opinion, an appeal to the United States Court of Appeals for this Circuit and a 92-page Opinion remanding the case with instructions to consider four issues, and the filing and denial of a Petition for Certiorari to the Supreme Court, the Defendants are still trying to avoid entry of a final Remedial Order. Defendants will not be allowed to succeed in that endeavor; they will be held to their original proposal and promise to comply with that proposal.

**WHEREFORE,** it is this 23rd day of February, 2011, hereby

**ORDERED**, that Defendants' Motion for Extension of Time to Respond to the United States' Submission of Proposed Corrective Statements and Expert Report is **denied**; and it is further

---

[1] It should be noted that the United States' proposed Corrective Statements are very similar to those filed by the Government back in 2006, information which the Government had already conveyed to Defendants before delivering the proposed Corrective Statements.

**ORDERED**, that Defendants and Intervenors are to respond to the United States' recommended statements by **March 3, 2011**. The responses shall include, but are not limited to:

1. Any arguments that the United States' recommended statements are not factual or are improperly "controversial";

2. A specification of the issues, if any, that they believe require briefing, and proposed briefing schedules;

3. A specification of the factual disputes, if any, on which they believe this Court will need to make factual findings before being able to issue "appropriate orders" under the RICO statute, 18 U.S.C. § 1964(a), concerning the corrective-statement remedy; and

4. A specification of the topics, if any, on which they believe the Court should hold an evidentiary hearing to resolve factual disputes concerning the corrective-statement remedy, and an explanation of why an evidentiary hearing will be needed on those topics; and it is further

**ORDERED**, that each party shall have until **March 16, 2011,** to file replies, if any, to the responses filed March 3, 2011, by the other parties (i.e., the United States will have the opportunity to reply to the Defendants' and Intervenors' responses; the Defendants will have the opportunity to reply to the Intervenors' responses; and the Intervenors will have the opportunity to reply to the Defendants' responses).

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**