UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 99-2496 (GK) |
| v. | ) ) ) | |
| PHILIP MORRIS USA INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' REPLY TO PUBLIC HEALTH INTERVENORS' RESPONSE TO UNITED STATES SUBMISSION OF PROPOSED CORRECTIVE STATEMENTS AND EXPERT REPORT

Pursuant to this Court's Order #11, Defendants respectfully submit this reply to Public Health Intervenors' Response to United States Submission of Proposed Corrective Statements and Expert Report, D.E. 5883 ("Intervenors' Resp.").

The majority of Intervenors' Response is premature. Intervenors focus principally on the implementation of any corrective statements that this Court may order Defendants to disseminate. *See* Intervenors' Resp. 7-18. But the Government itself does not address implementation issues in its corrective statements submission, and the Court did not direct the parties to brief those issues in their responses. Order #11, D.E. 5873. Indeed, it would make little sense to address implementation of the corrective statements before this Court has determined the substance of any statements that Defendants may be required to make or ruled on Defendants' pending Motion for Vacatur, which may eliminate any basis for ordering Defendants to make such statements. If and when the Court determines the substance of any corrective statements, then further briefing (and possibly evidence) would be necessary on

implementation issues.[1]  It is also possible that, once the content of the communications is established, the parties could reach agreement on implementation issues without involvement by the Court.

Intervenors' limited treatment of the substance of the Government's proposed corrective statements is largely addressed by Defendants' Motion for Vacatur and Response to the Government's Proposed Corrective Statements ("Defendants' Resp."). Those submissions explain that this Court lacks jurisdiction to order any corrective statements and that, even if the Court possessed jurisdiction, the Government's proposed statements would contravene the D.C. Circuit's mandate and the First Amendment, exceed this Court's jurisdiction under RICO, and violate due process.  Defendants supplement those arguments with three additional points.

First, Intervenors are wrong to assert that "the proposed statements are entirely factual" and therefore "cannot legitimately be deemed controversial." Intervenors' Resp. 21.  The D.C. Circuit's mandate—and the settled First Amendment principles on which it rests—requires this Court to "confine" any corrective statements to information that is both "'purely factual *and* uncontroversial.'" *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1144-45 (D.C. Cir. 2009) (quoting *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 651 (1985)) (emphasis added). The Government's proposed corrective statements fail both of those independent requirements.  As explained in Defendants' Response, the corrective statements proposed by the Government cannot be characterized as "entirely factual" because a number of their provisions are unsupported by the findings of this Court.  *See* Defendants' Resp. 18-20.  Moreover, even if

---

[1] Needless to say, the resolution of implementation issues must take into account the availability and the practical limitations of the media involved and may itself raise First Amendment issues.

some components of the Statements were deemed factual, the confessional elements of Statements A – D are unquestionably controversial. That unprecedented, self-denigrating language—which would compel Defendants to make public admissions of past wrongdoing—is sufficient, standing alone, to invalidate the Government's proposed Statements A – D in their entirety. *See id.* at 6-10. The controversial nature of these Statements is further underscored by the fact that many of this Court's findings are inconsistent with the findings of numerous other courts. *See id.* at 10-11.

Second, although Intervenors purport to "address the factual accuracy" of the Government's proposed statements (Intervenors' Resp. 12), their annotations do not remedy any of the factual shortcomings identified by Defendants. *See* Defendants' Resp. 18-20. Tellingly, many of Intervenors' annotations do not even reference this Court's findings—a tacit admission that the statements cannot be substantiated on the record compiled in this case. *See, e.g.*, Intervenors' Resp. 24 n.iv (citing CDC publication to support the language in Statement A that "[s]moking kills 1,200 Americans. Every day."); *id.* at 24 n.v (citing transcript of Waxman Hearings to support the assertion in Statement B that Defendants lied to Congress); *id.* at 25 nn.xix & xx (citing journal article and industry document to support the language in Statement D that Defendants "add chemicals, such as ammonia, to enhance the impact of nicotine").

Moreover, even where Intervenors do cite this Court's findings, they do not remedy the factually inaccurate elements of the Government's proposed corrective statements. For example, Defendants attempt to substantiate the assertion in Statement B that Defendants "manipulated cigarettes to make them more addictive" and the similar assertion in Statement D that Defendants "control nicotine delivery to create and sustain smokers' addiction," but are unable to point to any finding by this Court that Defendants "spike" their cigarettes with additional nicotine to

3

sustain addiction.  *See* Final Opinion, D.E. 5732, at 654, 1512 (cited at Intervenors' Resp. 24 n.ix & 25 n.xviii).  Indeed, the Court made no such finding.  Intervenors similarly fail to identify support in this Court's findings for the contention in Statement D that "[c]igarettes are a finely tuned nicotine delivery device designed to addict people."  As Defendants have explained, such pejorative terminology cannot possibly satisfy the D.C. Circuit's "purely factual and uncontroversial" requirement.  Moreover, Defendants do not design or market cigarettes as "nicotine delivery device[s]" and any contrary finding would conflict with the Supreme Court's conclusion in *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 135, 137 (2000), that, until expressly afforded that authority by Congress in 2009, the Food and Drug Administration lacked the authority to regulate cigarettes.  *See* Defendants' Resp. 19.  Intervenors' citations to this Court's findings do not suggest otherwise.  *See* Intervenors' Resp. 25 n.xvii.

Finally, Intervenors' proposed corrective statement on environmental tobacco smoke ("ETS") should be rejected.  Intervenors' Resp. 21.  The Government's Proposed Statement E—which adopts R.J. Reynolds' proposed ETS statement—properly omits any confessional preamble similar to the inflammatory language included in the Government's proposed Statements A – D.  Intervenors' proposed statement, however, includes just such controversial language—"For decades we denied the harms of secondhand smoke" (Intervenors' Resp. 21)—and thus, like Statements A – D, violates the D.C. Circuit's mandate, the First Amendment, and due process, and exceeds this Court's jurisdiction under RICO.  Moreover, Intervenors' ETS proposal is also nonfactual because it includes statistics about the number of chemicals in ETS and the number of deaths attributable to ETS that are not supported by this Court's findings.  *See id.* at 20 n.13 (citing to reports post-dating this Court's opinion to substantiate statistics).  The

4

Government's Proposed Statement E—as well as the statements proposed by the other Defendants—share none of these legal shortcomings.[2]

For these reasons, and the reasons set forth in Defendants' Response and Defendants' Motion for Vacatur, this Court should reject the Government's proposed Corrective Statements A – D and Intervenors' proposed corrective statement on ETS.

Dated:  March 16, 2011                    Respectfully submitted,


/s/ Beth A. Wilkinson
Beth A. Wilkinson (D.C. Bar No. 462561)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C.  20006-1047
Telephone:  (202) 223-7300
Fax:  (202) 223-7420


Miguel A. Estrada (D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone:  (202) 955-8257
Fax:  (202) 530-9016

---

[2] Defendants believe that this Court should reject the Government's Proposed Corrective Statements A – D and Intervenors' Proposed ETS Statement as a matter of law.  To the extent the Court considers the Government's entire submission, however, the Blake Report indicates that the ETS statement proposed by Intervenors in 2006 (which is largely identical to the Statement proposed in their Response) was "positively associated with triggering smoking urges after exposure."  Blake Report ¶ 231.  In contrast, the Government's Proposed Statement E "was not associated with any unintended consequences, and performed as well as the other statements on constructs of interest when compared to the control condition."  *Id.*

Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-6700
Fax:  (202) 558-5700

*Attorneys for Defendants*
*Altria Group Inc. and Philip Morris USA Inc.*


/s/ Beth A. Wilkinson *for*
Robert F. McDermott (D.C. Bar No. 261164)
Peter J. Biersteker (D.C. Bar No. 358108)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Fax: (202) 626-1700

*Attorneys for Defendant*
*R.J. Reynolds Tobacco Company,*
*individually and as successor by*
*merger to Brown & Williamson*
*Tobacco Corporation*


/s/ Beth A. Wilkinson *for*
Michael B. Minton
THOMPSON COBURN LLP
One US Bank Plaza, Suite 3500
St. Louis, Missouri 63101-1693
Telephone: (314) 552-6000
Fax: (314) 552-7597

*Attorneys for Defendant*
*Lorillard Tobacco Company*

6

<u>/s/ Beth A. Wilkinson *for*</u>
David L. Wallace
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza, 34th Floor
New York, New York 10112-0219
Telephone: (212) 408-5100

*Attorneys for Defendant*
*British American Tobacco (Investments)*
*Limited (f/k/a British-American Tobacco*
*Company Limited)*