UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 99-2496 (GK) |
| v. | ) ) | |
| PHILIP MORRIS USA INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE AND ALTERNATIVE REQUEST FOR LEAVE TO FILE A SUR-REPLY

The content of any corrective statements this Court may order is among the most consequential and legally difficult issues that the Court must resolve on remand. Yet the Government contends that unlike on every other issue in this case—whether large or small—Defendants should have *no opportunity* to rebut the legal arguments advanced by the Government in support of its proposal. In other words, on this issue and this issue alone, the Government should have the right to respond to Defendants' legal arguments, as it has already done, but Defendants should have no right to respond to the Government's arguments. That assertion is unprecedented and should be rejected.

No one can dispute that Defendants have a right and need to challenge the legal basis for any corrective statement that the Government proposes. But until the Government disclosed the proposed statements, Defendants had no ability to present their legal challenges to those statements. On February 4, 2011, the Government provided its proposed statements. The Government's submission, however, contained no legal support—it was simply discovery, consisting of the content of the proposed statements and a related expert report. The

Government disclosed its legal basis for its proposed statements for the first time in its response to Defendants' brief challenging those statements.

Now, after disclosing its legal argumentation for the first time, the Government contends that its responsive brief—the only brief in which it has attempted to demonstrate the lawfulness of its proposal—must stand unrebutted.  But there is no basis for striking Defendants' reply brief, which was filed in accordance with all applicable rules and this Court's orders.  Striking the reply brief would deprive Defendants of their right to fully present their legal and factual challenges.  Furthermore, such a result would deprive this Court of a full and proper airing of the controlling legal issues.

Nor is there any justification for the Government's alternative motion to file a 20-page sur-reply—much less to do so nearly *six weeks* after its motion.  Defendants' 16-page reply introduced no new legal or factual matter and was limited to rebutting the assertions and case citations proffered by the Government in its response.  And it is certainly not the case that Defendants "are willing to agree" to such an unnecessary and unauthorized filing.  Mtn. to Strike 1.  Defendants *offered* to consent to a government motion to file a sur-reply on the express condition that the Government forgo a motion to strike to resolve the matter without Court involvement.  It is surprising that the Government would *reject* the offer, file a motion to strike, and then wrongly represent that Defendants have no objection to the alternative relief sought.

The only prejudice that the Government identifies in support of either form of relief—that it would have filed a brief that was 20 pages longer in response to Defendants' legal objections—results from its own misreading of the local rules in limiting the length of its responsive brief.  Even if credited, it scarcely justifies striking Defendants' reply, permitting the Government to file new evidentiary materials (as it now seeks to do), or granting the

Government *six weeks* to submit arguments that were supposedly left on the cutting-room floor when the Government was required to present them. In cases where they are permitted, sur-replies are strictly limited to addressing new matters that have been improperly raised in reply. *See Aguirre v. SEC*, 671 F. Supp. 2d 113, 117 n.2 (D.D.C. 2009) (sur-replies are limited to new matters raised in a reply brief); *Bigwood v. Defense Intelligence Agency*, _ F. Supp. 2d _, 2011 WL 988883, at *4 n.3 (D.D.C. Mar. 22, 2011) (discussing impropriety of raising arguments for the first time in a reply brief). Under no view of the conceivably applicable rules should any sur-reply be permitted if it would advance new arguments that Defendants will have no opportunity to rebut.

    1. Defendants' reply was authorized under the Local Rules and this Court's orders in this case. LCvR 7 provides that legal issues will be addressed through an opening statement of points and authorities, an opposing statement, and a memorandum replying to the opposing statement. *See* LCvR 7(a), (b), (d). The Government filed its proposed corrective statements and expert report under seal on February 4, 2011, without briefing in support of its proposed statements. D.E. 5858. Each subsequent submission regarding the Government's proposed corrective statements followed the framework set forth in LCvR 7: Defendants and Intervenors filed their opening objections to the Government's proposal—the first briefs presenting legal arguments regarding the Government's proposed corrective statements—on March 3, 2011. D.E. 5881, 5883. The Government and Intervenors then responded to Defendants' opening brief, and Defendants responded to Intervenors' opening brief, on March 16, 2011. D.E. 5889, 5890, 5891. On March 22, 2011, Defendants filed their reply in support of their opening brief, addressing solely those arguments and case citations in the Government's March 16 brief. D.E. 5893; *see id.* at 1 n.1.

The Government's motion to strike largely ignores this procedural history and instead contends that Defendants' reply should be stricken because "Defendants did not suggest" in status conferences or past briefing "that they were entitled to file a further 'reply' brief." Mtn. to Strike 4; *see also, e.g.*, *id.* at 3 (Defendants "kept to themselves their plans to file a 'reply'"); *id.* at 4 (same). But Defendants had no reason to alert either the Government or the Court to their intentions: The Local Rules unambiguously authorize a reply brief under the circumstances— and are equally unambiguous that a party need not give notice to the Court or opposing parties in advance of such a filing. Nor were Defendants wrong to believe a reply to an opposition was appropriate when there had been no simultaneous legal briefing, as has been true for other issues considered by this Court.

The Government also largely ignores the applicable rules, addressing them only in passing in a single footnote. The Government contends that LCvR 7 is inapplicable here because "Defendants were not 'the moving party.'" Mtn. to Strike 4 n.2. But the Government's submission of proposed corrective statements plainly provides no basis for identifying the Government as the moving party—its submission was essentially discovery, no more. Rather, Defendants were the first party to submit legal arguments to the Court in support of a request for relief regarding the Government's proposed corrective statements. Defendants requested that, for the reasons set forth in their opening brief, the Court reject the Government's proposed Statements A-D. The Government then responded to those legal arguments in its March 16 submission, and Defendants filed a duly authorized reply.

Moreover, nothing in this Court's orders purported to amend the standard briefing format set forth in LCvR 7. Both Order #11 and Order #14 authorized Defendants to begin the briefing regarding the Government's proposed corrective statements by filing an opening brief on March

4

3, and authorized the Government and Intervenors to respond to those arguments on March 16. Neither order gave any indication that the Court intended to abrogate Defendants' right to reply to the arguments of the Government and Intervenors. Nor did those orders require Defendants to disclose their intention to file a reply brief. The orders required a "specification of the issues, if any, that [Defendants] believe require briefing, and proposed briefing schedules." It is nonsensical for the Government to suggest that Defendants were required to "propose [a] briefing schedule[ ]" for their reply brief—when LCvR 7 plainly states that a reply brief is due seven days after the response.

Striking Defendants' reply brief would therefore strip them of a procedural right guaranteed by this Court's rules and preserved by this Court's orders, to say nothing of depriving the Court itself of a full airing of the legal arguments on this crucial issue. In so doing, on one of the most important remaining issues in this case, the Court would deny Defendants the opportunity to respond to the Government's legal argument and factual assertions in support of its proposed corrective statements. *See, e.g.*, D.E. 5891, at 2 (erroneously suggesting that the D.C. Circuit has "routinely" upheld corrective statements like those the Government has proposed); *id.* (inaccurately describing the inflammatory confessional language in the Government's proposed statements as "relatively circumspect"). The Government apparently wishes to insulate its argumentation from any response. But the Local Rules authorize a reply brief to prevent precisely such a result.

2. Nor should the Government be permitted to file a sur-reply. "[T]he Local Rules do not authorize surreplies." *Baptist Mem'l Hosp. v. Sebelius*, _ F. Supp. 2d _, 2011 WL 679910, at *10 (D.D.C. Feb. 28, 2011) (citing LCvR 7(b)). Indeed, "[a] surreply may be filed only by leave of Court, and only to address **new** matters raised in a reply to which a party would otherwise be

5

unable to respond." *Aguirre*, 671 F. Supp. 2d at 117 n.2 (internal quotation marks omitted). Defendants' reply brief raised no "new matters"; rather, it was carefully tailored to respond to the arguments the Government made in its brief—including the Government's unavailing effort to locate legal support for its unprecedented and unconstitutional proposed statements and its flawed reliance on the results of focus group studies to defend its selections.

The Government nevertheless contends that a sur-reply is appropriate because Defendants' reply purportedly "mis-states the voluntary discovery that the United States has provided Defendants (wrongly claiming, for example, that the United States had not given Defendants verbatim transcripts of focus-group sessions)." Mtn. to Strike 5.  But this Court need look no further than Exhibits 10-13 to the Government's *own* response brief—already on file— to see that the supposedly "verbatim" transcripts produced by the Government consist of a series of statements uttered by wholly unidentified persons in unknowable circumstances and time frames.  We surmise from the Government's motion that these documents supposedly "transcribed" some utterances by someone, though identifying information (even of a generic nature) is wholly absent for any speaker and nothing in the documents themselves suggests that every utterance was transcribed.  Without this omitted information, it is impossible to determine what probative value, if any, the focus group studies might have.

Rather than make a serious attempt to demonstrate that a sur-reply is warranted, the Government contends that "Defendants do not oppose the United States' filing an additional brief of up to 20 pages." Mtn. to Strike 5.  But as the Government's own Exhibit 1 demonstrates, that is simply wrong. As part of the meet-and-confer process, Defendants informed the Government that they

> are prepared to propose the following, ***subject to the Government's agreement not to file a motion to strike Defendants' reply brief***: 1.  Although defendants

> maintain their position that they had a right to file a reply brief under the local rules, Defendants are willing to consent to the Government's filing a motion for leave to file a surreply of 20 pages, provided that it would not submit or rely on any new or additional factual information (e.g., affidavits). . . .

Mtn. to Strike Ex. 1 (emphasis added). Defendants offered this proposal in good faith in order to obviate the need for the parties to burden this Court with briefing on whether their reply was properly filed and whether the Government is entitled to a sur-reply. The Government's rejection of Defendants' proposal and simultaneous invocation of that proposal before this Court makes a mockery of the meet-and-confer process. *Cf.* Fed. R. Evid. 408. The Court should not reward the Government's abuse of the meet-and-confer process by giving the Government the benefit of a conditional offer it expressly rejected.

If, despite the Government's utter failure to meet and confer in good faith, the Court nevertheless determines that a sur-reply brief is warranted, it should order the Government not to introduce any new factual material in that brief. A sur-reply is only appropriate, if at all, when it responds to new arguments presented in the reply. In any event, if the Government seeks to invoke Defendants' meet-and-confer offer in this Court, then it should be held to the terms of that offer—which would prohibit the Government from raising new arguments in its sur-reply.

## CONCLUSION

This Court should deny the Government's motion to strike and deny the Government leave to file a sur-reply.

Dated:  April 1, 2011                              Respectfully submitted,

/s/ Beth A. Wilkinson
Beth A. Wilkinson (D.C. Bar No. 462561)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C.  20006-1047
Telephone:  (202) 223-7300
Fax:  (202) 223-7420

Miguel A. Estrada (D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone:  (202) 955-8257
Fax:  (202) 530-9016


Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-6700
Fax:  (202) 558-5700

*Attorneys for Defendants*
*Altria Group Inc. and Philip Morris USA Inc.*


/s/ Beth A. Wilkinson *for*
Robert F. McDermott (D.C. Bar No. 261164)
Peter J. Biersteker (D.C. Bar No. 358108)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
Telephone: (202) 879-3939
Fax: (202) 626-1700

*Attorneys for Defendant*
*R.J. Reynolds Tobacco Company,*
*individually and as successor by*
*merger to Brown & Williamson*
*Tobacco Corporation*

/s/ Beth A. Wilkinson *for*
Michael B. Minton
THOMPSON COBURN LLP
One US Bank Plaza, Suite 3500
St. Louis, Missouri 63101-1693
Telephone: (314) 552-6000
Fax: (314) 552-7597

*Attorneys for Defendant*
*Lorillard Tobacco Company*