## R. J. REYNOLDS TOBACCO COMPANY

## RETAIL PARTNERS MARKETING PLAN CONTRACT
## 2010 AMENDED PACK OUTLET PLAN

R. J. Reynolds Tobacco Company ("RJRT") and the signatory retail account ("Retailer") enter into the following Retail Partners Marketing Plan Contract (the "RPMPC") effective March 29, 2010.

### BASE REQUIREMENTS (APPLICABLE TO ALL CONTRACTS)

- Tobacco products represent between 10% and 80% of All Commodity Volume (ACV). Typically these are retail outlets with few checkout lanes for product purchases and where purchases are intended to be quick and convenient.
- Outlet or account average Industry Cartons Per Week (CPW) must be 26 CPW or greater.
- Retailer will carry and maintain ongoing availability of RJRT brands and styles in all price tiers as requested by RJRT.
- Retailer will accept automatic pre-books from RJRT to correct out-of-stock conditions.
- Retailer will merchandise and offer for sale single packs of cigarettes in each of its outlets. The by-the-pack offerings for RJRT cigarettes will include a variety and quantity of brand styles in all price tiers adequate to satisfy local market demand as determined by RJRT.
- Retailer will merchandise and sell cigarettes in one of the following configurations:
  - A consolidated cigarette category section of merchandising located under a canopy or signage.
  - The category is merchandised in a backbar set, defined as in-line merchandising located behind the primary point of purchase. An agreed upon percentage of the backbar set must be within the primary line of sight and highly visible. Display presence for RJRT Full Price and Savings Brands will exist within the backbar set.
  - "Featured Space" is defined as merchandising space no less than 24" from the bottom shelf of the fixture or 27" from the floor and highly visible from the point of purchase. The 24/27" rule applies to all sets and configurations, but may be modified in "highly visible" low profile sets at the discretion of RJRT.

  OR

  - Cigarettes are merchandised on the primary selling counter or in the primary transaction area, as designated by RJRT, with displayed product accessible to retailer personnel only.
- Retailer will permit RJRT to choose the utilization of RJRT "Featured Space" with regard to display type and advertising size and configuration.
- If the retailer elects to designate an industry package merchandiser, then RJRT Brands must also occupy space on this fixture that is equal to RJRT outlet SOM or RJRT local trading SOM or 25%, whichever is highest. In no case will RJRT Brands be merchandised in less than the #2 position (as designated by RJRT).
- The customer checkout area will be a minimum of 6' wide with a profile of merchandising on the selling counter no higher than 12" to ensure clear visibility of the RJRT "Featured Space".
- RJRT will be allowed to place off-set price communication signage for up to six brands within the retail outlet in a highly visible location as determined by RJRT. If no competitive off-set price signage is present in the outlet, Retailer is not required to have off-set RJRT price signage provided that Retailer provides sufficient space (which in some circumstances may be space in addition to the normal requirements), to the satisfaction of RJRT, on the merchandising set for RJRT price communications.
- If the retailer elects to place competitive signage off of the merchandising set, RJRT will be allowed to place a percentage of comparable signage in an amount equal to RJRT's outlet SOM or the percentage of space allocated to RJRT in the merchandising plan, whichever is greater as determined by RJRT.
- RJRT will have a permanent location on the back bar for Value Added Promotions and/or communication that is highly visible to the consumer and retailer will accept and promptly place product and POS upon arrival.

Retailers not meeting the above requirements should discuss other available merchandising alternatives with an RJRT Representative.

### SPACE REQUIREMENTS FOR ALL CONFIGURATION TYPES (APPLICABLE TO ALL CONTRACTS)

- For backbar configurations, RJRT brands will occupy "Featured Space" that is equal to, as determined by RJRT, the higher of the RJRT outlet SOM, RJRT local trading SOM, or 25%. RJRT "Featured Space" shall be 6 square feet or greater.
- For traditional pack and kiosk configurations, RJRT space (size and number of pieces) on the Kiosk window or counter must, at a minimum, equal the higher of the RJRT outlet SOM, RJRT local trading SOM, or 25%. In no case will RJRT have less than three displays or be merchandised in less than the #2 position as determined by RJRT. One of the RJRT Priority Brand Displays will be maintained on the front selling counter if any competitive display(s) are on the front selling counter.

### POSITION REQUIREMENTS BY CONFIGURATION TYPE (APPLICABLE TO ALL CONTRACTS)

#### VERTICAL Merchandising Position Requirements

- "Featured Space" will be arranged vertically and contiguously with RJRT Brands occupying space in the #1 or #2 position, but in no case less than 2 linear feet. If RJRT elects to arrange a portion of its contiguous space horizontally, RJRT Brands must occupy space equal to that agreed upon by Retailer and RJRT representative.

- RJRT will occupy the fixture canopy in the #1 or #2 position. RJRT "Featured Space" will begin at the lowest edge of the fixture canopy continuing vertically down the fixture until RJRT % of space requirement is satisfied.

**OR**

- RJRT will occupy, at RJRT's discretion, canopy and "Featured Space" on either or both sides of the PM section of the fixture until RJRT % of space is satisfied.
- RJRT "Featured Space" will be no less than 2 linear feet in a Vertical contiguous merchandising reference on a minimum of one side of the fixture.
- RJRT "Featured Space" will be separated by no more than 6 linear feet.

**NON-VERTICAL Merchandising Position Requirements**

**Horizontal Position Requirements**

- RJRT Brands will be merchandised horizontally in the "Featured Space" in no less than the #2 position as defined by RJRT.
- RJRT must occupy a minimum height of 18" across the fixture beginning directly behind the primary point-of-purchase and spreading equilaterally until the space requirement is met.

**"T" MERCHANDISING POSITION REQUIREMENTS**

- RJRT Brands will be merchandised horizontally in the "Featured Space" in no less than the #2 position as defined by RJRT.
- RJRT must occupy a minimum height of 18" across both non-PM sides of the fixture or space directly below PM in closest proximity of the primary sales counter as designated by RJRT. RJRT reserves the right, as part of total space, to accept "Featured Space" below PM in the center portion of the fixture.
- RJRT space will be calculated directly below PM in a Vertical reference on either or both sides of the PM center section until RJRT % of space is satisfied.
- RJRT "Featured Space" will be separated by no more than 6 linear feet.

## MODERN SMOKE FREE TOBACCO PRODUCTS MERCHANDISING PROGRAM (APPLICABLE IF RETAILER CHOOSES TO PARTICIPATE)

Under the optional "Modern Smoke Free Tobacco" ("MSFT") products merchandising program ("MSFT Program"), Retailer agrees to the following requirements (each requirement is in addition to the other requirements of the RPMPC) for all current and future product offerings that RJRT designates as MSFT products (currently these products are Camel SNUS and Camel Dissolvables).

- Retailer shall carry and maintain adequate inventory of all types, brands, styles, and sizes (including trial sizes) of MSFT products as requested by RJRT.
- Retailer will merchandise and display MSFT products in a location that is highly visible to the consumer, as determined by RJRT, from each point of purchase in each Retailer location.
- Retailer shall allow RJRT to place highly visible point of sale materials for MSFT products. Size, type and position of point of sale material will be determined by RJRT representative.
- Retailer shall accept and participate in all MSFT products promotional programs and ensure placement of RJRT advertising and promotional materials as requested by RJRT. Retailer agrees to execute all promotions per any and all instructions provided by RJRT. The types and frequency of promotions, and promotional quantities, will be determined by RJRT.
- Retailer shall train employees with any and all materials provided by RJRT concerning MSFT products.
- Retailer shall rotate MSFT products on a first in first out basis and remove from sale any MSFT products that are past the "Best Before" date for RJRT inspection and authorization for return to wholesale for credit.
- Retailer will store, merchandise, and display MSFT products in a refrigerated condition on a continual basis as requested by RJRT.
- RJRT will provide a MSFT products refrigerator for Retailer's use in displaying and merchandising certain MSFT products. RJRT will pay all costs to purchase the refrigerator. Upon delivery of the refrigerator to Retailer's outlet, ownership of the refrigerator immediately transfers to Retailer. Retailer agrees to accept, upon receipt of the refrigerator at its outlet, ownership of the refrigerator.
- Either party may terminate participation in the MSFT Program without cause upon ten days written notice to the other party. RJRT may terminate immediately Retailer's participation in the MSFT Program if Retailer fails to meet in full the requirements of the program.

## CONSUMER PRICING FAIRNESS PROGRAM (APPLICABLE TO ALL CONTRACTS)

Retailer must comply with all general provisions of the Consumer Pricing Fairness Program ("CPF Program") and participate in and comply with the provisions of one of the three CPF Program Options.

- Retailer will maintain prominent and accurate price communication on and off the merchandising set as determined by RJRT.
- Retailer will not engage in deceptive or misleading price communications.
- Retailer will assure that the price charged to consumers is not greater than communicated prices.

DRAFT

- Retailer will prominently and accurately communicate prices on all RJRT discounted (off-invoice and/or retail discounts) and/or otherwise promoted brand styles.
- RJRT's ability to advertise price will be no less than parity with other tobacco companies.
- Retailer will perform price changeovers, and execute all pricing changes at the beginning date of all price promotion timeframes, as determined by RJRT.
- RJRT may offer price reductions or promotions to meet reductions or promotions made by RJRT's competitors. To assist with making such offers, RJRT requires accurate information about competitors' reductions and promotions. Retailer agrees to provide accurate information to RJRT, if requested by RJRT, concerning a competitive reduction or promotion as well as changes in those competitive reductions or promotions.
- Retailer may determine its own retail price levels, but Retailer shall price RJRT tobacco products competitively with other tobacco products and shall adhere to the requirements of the CPF Program option Retailer chooses. In addition, Retailer must pass through to purchasers no less than the full amount of all RJRT discounting (whether provided by RJRT through monthly or pulse discounting). Retailer must pass through the discounting regardless of unit configurations (e.g. packs, multi-pack specials, cartons, tins, sleeves) or loyalty/frequent shopper programs. Retailer must apply the discounting on a product by product, brand style-by-brand style, outlet-by-outlet, value-by-value basis.

## Option I

- *Maximum cigarette pricing*. Retailer shall price all styles of Camel and Pall Mall Box cigarettes competitively with the major brands in their respective price tiers. Retailer's maximum margin, markup, or penny profit (as applicable, depending on the pricing method used by Retailer as a business practice) for Camel must be no greater than Retailer's margin, markup, or penny profit for Marlboro and/or Newport, whichever is lower (if Retailer's margin, markup, or penny profit on Marlboro and Newport differs, the smaller amount of margin, markup, or penny profit shall be applied to Camel). Retailer's maximum margin, markup, or penny profit for Pall Mall (except as stated below under *Pall Mall Box exception*) must be no greater than Retailer's margin, markup, or penny profit for Basic and/or Maverick, whichever is lower (if Retailer's margin, markup, or penny profit on Basic and Maverick differs, the smaller amount of margin, markup, or penny profit shall be applied to Pall Mall). Retailer is always free to lower the prices on RJRT products.
- *Application of retailer funded multi-pack discounts to RJRT brands*. If Retailer offers a multi-pack price for any non-RJRT cigarette product(s) and funds a price reduction (from Retailer's single pack price) for any such multi-pack offer(s), then (i) Retailer must offer a multi-pack price on all styles of Camel and Pall Mall (except as stated below under Pall Mall Box exception) cigarettes; and (ii) the multi-pack offers for Camel and Pall Mall must include all unit configurations (e.g., two pack specials, three-pack specials, discounted cartons) that Retailer offers for the multi-pack priced non-RJRT cigarette product(s). Retailer's maximum margin, markup, or penny profit (as applicable, depending on the pricing method used by Retailer as a business practice) on the multi-pack price for Camel and Pall Mall must be no greater than Retailer's margin, markup, or penny profit for its multi-pack price for Marlboro, Newport, Basic and/or Maverick, whichever is lowest (if Retailer's margin, markup, or penny profit on Marlboro, Newport, Basic and/or Maverick differs, the smallest amount of margin, markup, or penny profit shall be applied to the multi-pack price for Camel and Pall Mall).
- *Pall Mall Box exception*: Retailer may choose not to offer a multi-pack price on Pall Mall. If Retailer chooses this option, then Retailer's maximum margin, markup, or penny profit (as applicable, depending on the pricing method used by Retailer as a business practice) for Pall Mall must be no greater than Retailer's lowest margin, markup, or penny profit (i.e., the smallest amount of margin, markup, or penny profit shall be applied to Pall Mall) for (a) Basic, (b) Maverick, and/or (c) the multi-pack price for Marlboro, Newport, Basic and/or Maverick (if by penny profit, measured by the penny profit per pack).
- *Pass through to consumer for VAP*. For all RJRT value added promotions ("VAP"), Retailer must pass through to purchasers a price reduction (on a percentage basis) for RJRT VAP that is no less than the largest price reduction (on a percentage basis) that Retailer passes through for any non-RJRT VAP.
- *Maximum MSFT pricing. Retailer's everyday selling price for Camel MSFT products will be no greater than 104% of RJRT's Manufacturer's Suggested Retail Price (which RJRT sets on a state by state basis). Retailer is always free to lower the prices on MSFT products.*

## Option II

- *Maximum cigarette pricing*. Retailer shall price all styles of Camel and Pall Mall Box cigarettes competitively with the major brands in their respective price tiers. Retailer's maximum margin, markup, or penny profit (as applicable, depending on the pricing method used by Retailer as a business practice) for Camel must be no greater than Retailer's margin, markup, or penny profit for Marlboro and/or Newport, whichever is lower (if Retailer's margin, markup, or penny profit on Marlboro and Newport differs, the smaller amount of margin, markup, or penny profit shall be applied to Camel). Retailer's maximum margin, markup, or penny profit for Pall Mall (except as stated below under *Pall Mall Box exception*) must be no greater than Retailer's margin, markup, or penny profit for Basic and/or Maverick, whichever is lower (if Retailer's margin, markup, or penny profit on Basic and Maverick differs, the smaller amount of margin, markup, or penny profit shall be applied to Pall Mall). Retailer is always free to lower the prices on RJRT products.
- *Application of retailer funded multi-pack discounts to RJRT brands*. If Retailer offers a multi-pack price for any non-RJRT cigarette product(s) and funds a price reduction (from Retailer's single pack price) for any such multi-pack offer(s), then (i) Retailer must offer a multi-pack price on all styles of Camel and Pall Mall (except as stated below under Pall Mall Box exception) cigarettes; and

DRAFT

(ii) the multi-pack offers for Camel and Pall Mall must include all unit configurations (e.g., two pack specials, three-pack specials, discounted cartons) that Retailer offers for the multi-pack priced non-RJRT cigarette product(s). Retailer's maximum margin, markup, or penny profit (as applicable, depending on the pricing method used by Retailer as a business practice) on the multi-pack price for Camel and Pall Mall must be no greater than Retailer's margin, markup, or penny profit for its multi-pack price for Marlboro, Newport, Basic and/or Maverick, whichever is lowest (if Retailer's margin, markup, or penny profit on Marlboro, Newport, Basic and/or Maverick differs, the smallest amount of margin, markup, or penny profit shall be applied to the multi-pack price for Camel and Pall Mall).

- *Pall Mall Box exception*: Retailer may choose not to offer a multi-pack price on Pall Mall. If Retailer chooses this option, then Retailer's maximum margin, markup, or penny profit (as applicable, depending on the pricing method used by Retailer as a business practice) for Pall Mall must be no greater than Retailer's lowest margin, markup, or penny profit (i.e., the smallest amount of margin, markup, or penny profit shall be applied to Pall Mall) for (a) Basic, (b) Maverick, and/or (c) the multi-pack price for Marlboro, Newport, Basic and/or Maverick (if by penny profit, measured by the penny profit per pack).
- *Pass through to consumer for VAP*. For all RJRT value added promotions ("VAP"), Retailer must pass through to purchasers no less than the full value of the RJRT price reduction. Retailer must pass through the price reduction regardless of unit configurations (e.g. packs, multi-pack specials, cartons, tins, sleeves) or loyalty/frequent shopper programs. Retailer must apply the price reductions on a product by product, brand style-by-brand style, outlet-by-outlet, value-by-value basis.
- *Maximum MSFT pricing*. Retailer's everyday selling price for Camel MSFT products will be no greater than RJRT's Manufacturer's Suggested Retail Price (which RJRT sets on a state by state basis). Retailer is always free to lower the prices on MSFT products.

### Option III

- *Maximum cigarette pricing*. Retailer's margin for all styles of Camel, Pall Mall Box, Winston, Salem, Kool, Doral and Misty cigarettes must be no greater than the margin on Marlboro or Newport, whichever is lower (if Retailer's margin on Marlboro and Newport differs, the smaller amount of margin shall be applied to the RJRT brands). Retailer is always free to lower the prices on RJRT products.
- *Application of retailer funded multi-pack discounts to RJRT brands*. If Retailer offers a multi-pack price for any non-RJRT cigarette product(s) and funds a price reduction (from Retailer's single pack price) for any such multi-pack offer(s), then (i) Retailer must offer a multi-pack price on all styles of Camel, Pall Mall Box, Winston, Salem, Kool, Doral and Misty cigarettes; and (ii) the multi-pack offers must include all unit configurations (e.g., two pack specials, three-pack specials, discounted cartons) that Retailer offers for the multi-pack priced non-RJRT cigarette product(s). Retailer's maximum margin for the Camel, Pall Mall Box, Winston, Salem, Kool, Doral and Misty multi-pack offers must be no greater than Retailer's margin for its multi-pack price for Marlboro, Newport, Basic and/or Maverick, whichever is lowest (if Retailer's margins on Marlboro, Newport, Basic and/or Maverick multi-pack offers differ, the smallest amount of margin shall be applied to the multi-pack prices for Camel, Pall Mall Box, Winston, Salem, Kool, Doral and Misty).
- *Pass through to consumer for VAP*. For all RJRT value added promotions ("VAP"), Retailer must pass through to purchasers no less than the full value of the RJRT price reduction. Retailer must pass through the price reduction regardless of unit configurations (e.g. packs, multi-pack specials, cartons, tins, sleeves) or loyalty/frequent shopper programs. Retailer must apply the price reductions on a product by product, brand style-by-brand style, outlet-by-outlet, value-by-value basis.
- *Maximum MSFT pricing*. Retailer's everyday selling price for Camel MSFT products will be no greater than RJRT's Manufacturer's Suggested Retail Price (which RJRT sets on a state by state basis). Retailer is always free to lower the prices on MSFT products.

## CONSUMER PRICING FAIRNESS PROGRAM PAYMENT (APPLICABLE TO ALL CONTRACTS)

If Retailer complies fully with the CPF Program, Retailer is eligible to earn payments (a "CPF Payment") per qualified carton/sleeve based on the option chosen (up to a maximum of $1,500.00 per month).

- Retailer will receive a CPF Payment only if Retailer meets fully the CPF Program requirements for a given month for the option chosen by Retailer. If Retailer fails to meet fully the requirements during a given month, Retailer will not receive any payment for that month. In addition, RJRT may elect in its discretion and at any time (i) to suspend any or all types of payments under this RPMPC, (ii) to change the CPF Program option applicable to Retailer, and/or (iii) immediately to terminate this RPMPC. RJRT's failure to take action at any particular time shall not act as a waiver of RJRT's rights hereunder.
- If Retailer sells Camel SNUS and/or Camel Dissolvables, and Retailer chooses not to participate in the MSFT Merchandising Program, Retailer nonetheless must meet the CPF Program pricing requirements for Camel SNUS and/or Camel Dissolvables in order to earn a CPF Payment on *any* products.
- Retailer must participate in the MSFT Merchandising Program in order to earn the Camel SNUS and/or Camel Dissolvables component of a CPF Payment.
- RJRT will pay Retailer on a quarterly basis. Payments will be based upon the "Rate Per Carton/Sleeve" and determined by multiplying the agreed upon rate by the total quantity of qualified cartons/sleeves purchased during a quarter. Qualified cartons/sleeves are based on the CPF Program option chosen (see option table for brands and rates). Only RJRT domestic products sold from a retail outlet in face-to-face transactions with adult tobacco consumers for personal consumption constitute qualified cartons or sleeves.



DRAFT

- RJRT will make CPF Program payments based upon the purchase information ("AIM" data) supplied to RJRT through MSA by the Retailer's supplier(s) of RJRT product. No other data will be accepted. AIM volume will be rounded to the nearest whole carton/sleeve in order to determine payments.
- RJRT will make earned payments as soon as practicable after the end of each calendar quarter.

| | Option I | Option II | Option III |
|---|---|---|---|
| **Camel Combustibles – Core Styles** Box, Light Box, Crush, Menthol Box, Light Menthol Box, Wides & Wides Lights. | $0.50/Carton | $0.75/Carton | $0.80/Carton |
| **Camel SNUS and/or Camel Dissolvables** (Retailer is eligible to receive payment for Camel SNUS and/or Camel Dissolvables purchases only if Retailer participates in the MSFT Program) | $0.75/Sleeve | $1.00/Sleeve | $1.00/Sleeve |
| **Pall Mall Box** (Retailer is eligible to receive payment for Pall Mall Box purchases only if Retailer participates in the EDLP Program) | $0.20/Carton | $0.35/Carton | $0.45/Carton |
| **Winston, Kool, Salem, Doral & Misty** | No payment | No payment | $0.50/Carton |

## EVERY DAY LOW PRICE ("EDLP") PROGRAM (APPLICABLE IF RETAILER CHOOSES TO PARTICIPATE)

- Retailer will maintain the requirements of the EDLP Program in the States specified by RJRT. RJRT may choose from time to time in its sole discretion those States in which it will conduct the EDLP Program. Unless otherwise specified in writing by RJRT, the EDLP Program applies in all fifty States.
- Retailer agrees to price and sell to consumers Pall Mall, 365 days per year, at the lowest price offered for a cigarette product in Retailer's outlets (i.e., an every day low price). The maximum price of Pall Mall will always be equal to or less than the next lowest priced cigarette brand(s) offered for sale or sold in Retailer's outlets *including cigarette brand(s) whose prices are lower due to discounting, promotions, or other price reductions offered on those brand(s).*
  - The italicized language is meant to ensure that the pricing requirement for Pall Mall applies with respect to all cigarette brands for which the majority of volume and styles in the brand are routinely priced (even if the manufacturer calls the pricing temporary or promotional) at savings brand levels. Pall Mall must always have the lowest price in the outlet as against such brands.
  - With respect to a legitimate temporary promotion on a full price brand (as examples, RJRT considers Marlboro and Newport to be full price competitive brands):
    - If eighty percent (80%) or more of a competitive brand's (i) volume and (ii) styles are being priced as a full price brand, and
    - If there is a temporary price reduction on twenty percent (20%) or less of that full price brand's styles and volume, and the temporary reduction results in a price on those styles/volume at a level below Pall Mall's price, then

    RJRT does not consider such a pricing promotion to violate the pricing requirement for Pall Mall.
  - Retailer may always price an RJRT cigarette brand at a price lower than Pall Mall.
- Retailer will feature, promote, and communicate Pall Mall as follows:
  - Treat Pall Mall favorably compared to other savings brands
  - Display and merchandise Pall Mall inventory at parity or superior to any other savings brands
  - Parity or superior distribution of Pall Mall styles compared to other savings brands
  - Advertising parity with any other savings brands (inside/outside outlet)
  - Clear price communication to consumers of Pall Mall pricing
- In connection with Retailer's participation in the EDLP Program, RJRT may provide certain promotional payments (for discounting, promotions, or otherwise) to Retailer. RJRT will specify from time to time the amount and nature of the promotional payments which Retailer can receive. Retailer is eligible to receive any such payments only if Retailer meets fully the requirements of the EDLP Program. If Retailer fails to perform in whole or part any requirement of the EDLP Program during a given month, RJRT has no obligation to make any payments to Retailer for that month.
- Either party may terminate participation in the EDLP Program without cause upon ten days written notice to the other party. RJRT may terminate immediately Retailer's participation in the EDLP Program if Retailer fails to meet in full the requirements of the Program.



DRAFT

## GENERAL MERCHANDISING/PRESENCE REQUIREMENTS (APPLICABLE TO ALL CONTRACTS)

- Retailer will provide the space required for RJRT distribution needs both on and off the primary merchandising fixture. RJRT total contracted space must be sufficient in size to maintain no less than 1.5 weeks inventory of RJRT designated brand styles.
- Retailer will provide sufficient space to allow a minimum of one tagged merchandising slot for each RJRT brand style as designated by RJRT.
- Retailer will maintain an adequate inventory of required RJRT brands and will accept new items as requested by RJRT.
- Retailer will permit RJRT to inspect and rotate RJRT products.
- Retailer will obtain advance approval from RJRT for any advertising or POS materials generated via RJRT supplied graphics or artwork.
- Retailer will not restrict RJRT's ability to display, promote or otherwise distribute RJRT brands during any period in which this RPMPC is in effect.
- If any competitive displays are maintained outside of the back bar tobacco set (e.g. on selling counter), RJRT full price and/or savings brand display(s) will be maintained to match the full price and/or savings competitive display(s).
- Retailer will not permit additional advertising of any kind, including advertising for retailer's own products, to be affixed to or interfere with RJRT contracted space.
- RJRT displays, advertising, and featured space may not be impaired or obstructed from view of adult consumers.
- RJRT merchandisers, displays, and other signage will be lighted as designated by RJRT.
- RJRT reserves the right for final approval of RJRT's display and advertising types, sizes and locations. Retailer will maintain display and advertising space according to RJRT authorized plan-o-gram. Changes in authorized location of displays and percentage of advertising, or effectiveness of location, will not be made without RJRT approval.
- If RJRT merchandisers, displays, signage or POS are moved from the agreed upon location or removed from Retailer's premises by any party other than Retailer or RJRT, Retailer will help RJRT investigate and fully cooperate with requests for relevant information (e.g., statements from employees, outlet surveillance tapes, etc.).

## GENERAL FINANCIAL PROVISIONS (APPLICABLE TO ALL CONTRACTS)

**Retailer Rights and Responsibilities**

- Retailer must purchase RJRT product only from wholesale supplier(s) that provide certain sales volume data, known as Account Information Management data ("AIM data"), to RJRT through the Management Science Associations, Inc. ("MSA") clearinghouse.
- Retailer will keep invoices for purchases and detailed sales data on hand for at least twelve (12) months after receipt of any payment from RJRT related to the purchases. Retailer must reimburse RJRT for any payments for which the Retailer does not have actual supporting invoices and data.
- RJRT has the right to audit all information of Retailer relating to payments requested or received by Retailer from RJRT under this RPMPC. Retailer will permit RJRT to make audits under this RPMPC during Retailer's normal business hours upon reasonable prior notice. Retailer shall cooperate with any audit and make available for inspection and copying all supporting invoices, detailed sales data, and/or other information that RJRT deems relevant to an audit. Retailer will provide RJRT with accurate and truthful invoices, data, and other information. Retailer also agrees to provide RJRT with copies of any licenses related to the sale of tobacco if requested by RJRT.
- Retailer must prepare a Payment Reconciliation Request Form if Retailer disputes the amount of any received payment. Retailer must submit the Payment Reconciliation Request Form within ninety (90) days following receipt of the payment in question or any amounts that RJRT might otherwise have owed in connection with the disputed payment are automatically forfeited. RJRT will deem Retailer to have received a payment on the earlier of the seventh (7) day after RJRT mails payment to Retailer or the day Retailer deposits (or cashes) the payment. RJRT will investigate all Payment Reconciliation Request Forms that a Retailer timely submits. RJRT may request original invoices, detailed sales data, or other information to evaluate the Payment Reconciliation Request Form.
- Retailer grants RJRT the right to obtain tobacco related information (including but not limited to purchase data, return data, brand data, promotions data, etcetera) directly from Retailer's supplier(s). Retailer hereby expressly authorizes its supplier(s) to provide information, and Retailer shall obtain any specific authorizations required by its supplier(s) for RJRT to obtain any such information. For purposes of this provision, the term "Retailer" includes the primary retail location(s) for Retailer plus any and all persons or entities engaged in the sale or shipment of cigarettes that Retailer owns in whole or in part, operates in whole or in part, is affiliated with directly or indirectly (including an affiliation because of common owners, officers, directors, managers, or shareholders), or holds a financial interest in any way whatsoever.
- Retailer must fully disclose to RJRT any and all persons or entities engaged in the sale or shipment of tobacco products that Retailer owns in whole or in part, that Retailer operates in whole or in part, with which Retailer is affiliated directly or indirectly (including an affiliation because of common principals) in any way whatsoever, or in which Retailer or its owners holds a financial interest in any way whatsoever. If requested by RJRT, the required disclosure shall also include, without limitation, names and addresses of owners, officers, directors, managers and shareholders of identified persons or entities and a full description of the

DRAFT

nature of that person's or entity's cigarette business and its relationship to Retailer. Any identified person or entity must participate in an RJRT Retail Marketing Plan if requested by RJRT (and at the same market plan level if requested by RJRT).

- Retailer must immediately notify RJRT in writing of any change in ownership (in whole or part) or control of Retailer's business. Unless otherwise agreed in writing by RJRT, this RPMPC automatically terminates on any change of ownership or control. Retailer may not assign its rights under this RPMPC to any third-party.
- Retailer will not deduct any amounts due under this RPMPC from amounts owed to RJRT or to Retailer's supplier(s) of RJRT products, nor will Retailer deduct any amounts due under this RPMPC from any retail discounts required to be passed on in full to adult consumers.
- If Retailer has a good faith belief that it is owed a monetary payment under this RPMPC or that RJRT has breached the RPMPC, Retailer may seek redress through arbitration under the terms stated in this RPMPC. Retailer agrees that seeking a monetary payment that is not owed (including a payment that RJRT is not obligated to pay because of Retailer's breach of, or failure to perform in whole or part any provision or requirement of, this RPMPC) constitutes a material breach of this RPMPC. Retailer agrees that if it files litigation about any claim or controversy arising out of or relating to this RPMPC, then (i) the filing of the litigation is a material breach of the RPMPC, (ii) Retailer waives and otherwise forfeits all claims it asserted or could have asserted against RJRT, and (iii) Retailer waives and otherwise forfeits all rights to any payments or damages (of any sort by any name) it claimed or could have claimed in the litigation.

**RJRT Rights and Responsibilities**

- RJRT may from time to time offer price reductions on products through retail discounting (monthly and/or pulse), off-invoice price reductions through wholesalers, value-added promotions (VAP), and/or otherwise. RJRT will determine in its sole discretion the products on which it offers price reductions, the method of delivering the price reductions, the rates for and durations of the reductions, and the geographic areas which will receive the reductions. RJRT reserves the right to modify or cancel any price reductions at any time.
- RJRT may, in its sole discretion, provide some or all notices related to this RPMPC electronically through the website located at EngageRJRT.com (the "Website"). Retailer agrees to receive notices electronically through the Website including, without limitation, notices related to offered RJRT price reductions and promotions. If Retailer does not currently have access to the Website, Retailer should contact its RJRT representative.
- RJRT shall make payments to reimburse Retailer for retail discounting passed on to adult consumers in connection with the purchase of promoted RJRT brand styles from Retailer's physical retail outlet(s).
- RJRT will make payments based upon the purchase information (AIM data) supplied to RJRT through MSA by Retailer's supplier(s) of RJRT product.
- RJRT makes contracts available for the different business models retailers utilize, and retailers have the opportunity to select from the available contracts and contract options for the business model they have chosen. Different contracts and/or contract options may provide different discounting and/or promotions levels.
- Payments made to Retailer for retail discounting on specified RJRT brand styles will be limited to no more than 110% of the greater of RJRT's average weekly volume on the specified brand styles in either the preceding 13 week period or the same time period for the previous year. In addition, the final two weeks of retail discounting under this RPMPC will be limited to 120% of Retailer's average weekly RJRT volume on specified brand styles from the start of Retailer's receipt of retail discounting from RJRT under this RPMPC or previous similar agreements.
- RJRT shall make payments to Retailer's owner of record based upon the RJRT maintained Voyager Connect database at the time the payment is made.
- RJRT reserves the right to suspend any payments that RJRT determines to be excessive. Payment shall be suspended to allow RJRT the opportunity to investigate the cause of the excessive payment.
- RJRT reserves the right to suspend any payment if the AIM information supplied by Retailer's supplier(s) is determined to be inaccurate.
- RJRT has the right to receive reimbursement from Retailer if an overpayment is made due to inaccurate AIM information being supplied to RJRT by Retailer's supplier(s) or if RJRT determines that the payment was otherwise inaccurate. RJRT may recoup or otherwise recover overpayments made to Retailer (i) by withholding retail discounting payments, CPF Payments, coupon payments, or any other payments, (ii) by non-litigation collection activities, or (iii) through arbitration.
- Retailer agrees that all of its obligations under this RPMPC are material, that full performance of all of its obligations under this RPMPC is essential, and that RJRT has no obligation to make *any* monetary payments (for retail discounting payments, CPF Payments, coupon payments, or any other payments) to Retailer if Retailer breaches or in any way fails to perform in whole or part any provision or requirement of this RPMPC.
- If Retailer breaches or in any way fails to perform in whole or part any provision or requirement of this RPMPC, Retailer specifically represents and agrees that RJRT is entitled (i) to repayment of all monetary payments (for retail discounting payments, CPF Payments, coupon payments, or any other payments) made to Retailer under this RPMPC and (ii) to effectuate repayment through deductions from future monetary payments to Retailer. RJRT may also seek repayment through non-litigation collection activities or arbitration. Retailer specifically represents and agrees that the fact that Retailer may have passed along payments (such as retail discounting payments) to consumers is not a defense to RJRT's right to recoup payments.

DRAFT

- If Retailer breaches or in any way fails to perform in whole or part any provision or requirement of this RPMPC, Retailer specifically represents and agrees that RJRT may (i) suspend indefinitely any or all payments under this RPMPC, (ii) change retail discounting, CPF Payment, or any payment levels applicable to Retailer, and/or (iii) immediately terminate this RPMPC.
- RJRT may elect in its discretion and at any time whether to seek repayment or take other actions under this RPMPC, and RJRT's failure to take action at any particular time or to enforce any requirement of this RPMPC at any particular time shall not act as a waiver of RJRT's rights hereunder.

## GENERAL REQUIREMENTS (APPLICABLE TO ALL CONTRACTS)

- Retailer will not buy, sell or trade promoted or discounted product with other retailers or wholesalers. Promoted or discounted product must be sold only in a face to face transaction with an adult tobacco consumer who is buying product for personal consumption.
- Retailer agrees to limit purchases to a total of five (5) RJRT discounted cartons per adult consumer per day. Selling to a single person more than five cartons by processing multiple transactions violates this rule. If Retailer violates the 5 carton limitation, Retailer specifically agrees to cooperate fully to help RJRT to identify the purchasers of such product, and Retailer shall make available for inspection and copying all information that RJRT deems relevant to identifying purchasers.
- By submitting a coupon for reimbursement, Retailer represents that the coupon was presented to Retailer for redemption during the course of an authorized sale of RJRT products in a face to face transaction with an adult tobacco consumer and that, to the best of Retailer's knowledge, the coupon was not sold, given or otherwise transferred prior to Retailer's acceptance for redemption.
- RJRT issues, from time to time, a Coupon Redemption Policy for retailers. Retailer agrees to abide by the terms of all applicable RJRT Coupon Redemption Policies.
- Retailer will not sell or distribute cigarettes not intended for domestic sale, nor will Retailer sell or distribute cigarettes intended for the duty-free market. Retailer will not traffic in counterfeit cigarettes.
- Retailer will maintain "We Card" materials at retail intended to aid in the elimination of sales to minors.
- Retailer will not sell tobacco products to underage persons. If Retailer is (or any of its outlet personnel are) convicted of selling tobacco products to an underage person, the Retailer must contact RJRT at 1-800-974-2227 or via e-mail at YouthAccessPrevention@rjrt.com and fully and accurately report information about the conviction within 14 days after the conviction.
- If Retailer is (or any of its outlet personnel are) convicted of selling tobacco products to an underage person, or RJRT otherwise becomes aware of a sale to an underage person, RJRT may suspend indefinitely any or all payments under this RPMPC and/or terminate this RPMPC.
- Retailer will not sell, distribute, merchandise, advertise, or promote RJRT tobacco products in a fashion that violates federal, state, or local law. RJRT may suspend indefinitely any or all payments under this RPMPC and/or terminate this RPMPC if Retailer sells a tobacco product in a fashion that violates law. RJRT may determine in its discretion whether a violation of law appears to have occurred.
- For retail outlets operated in the State of New York, including tribal lands located within the boundary surrounding the State of New York, a cigarette excise tax stamp authorized by the New York Department of Taxation & Finance will be affixed to each pack of cigarettes sold by Retailer.
- Retailer acknowledges that RJRT is required to comply with the terms of the Master Settlement Agreement. Retailer agrees not to sell, distribute, merchandise, advertise, or promote RJRT tobacco products in any way that RJRT may not (including but not limited to the posting of any billboard or any exterior cigarette advertisement in excess of 14 square feet) under the Master Settlement Agreement. RJRT may suspend indefinitely any or all payments under this RPMPC and/or terminate this RPMPC if Retailer violates this provision. RJRT may determine in its discretion whether a violation of this provision appears to have occurred.
- RJRT and designated agents of RJRT shall have access to Retailer's outlet(s) to conduct consumer engagements and/or name generation activities with tobacco consumers who are of legal age to purchase tobacco products. If requested by Retailer, Retailer and RJRT will coordinate in good faith to schedule the times when RJRT or its agents will conduct engagements.
- RJRT's failure to enforce any requirement of this RPMPC shall not act as a waiver of that requirement or as a general waiver.
- If any provision of this RPMPC, or the application of any such provision to any person or circumstance, shall be held invalid or unenforceable, the remaining provisions of this RPMPC shall not be affected thereby and shall remain binding.
- RJRT and Retailer agree that the terms of this RPMPC shall be construed fairly and not in favor of or against either party. The rule of construction to the effect that ambiguities are resolved against the drafting party shall not be employed in the interpretation of this RPMPC.
- Either party can terminate this RPMPC without cause upon ten (10) days notice to the other party. In the event Retailer fails to comply with any requirement of this RPMPC, RJRT may terminate the RPMPC immediately without prior notice to the Retailer.
- This RPMPC sets forth the entire agreement between the parties with regard to the subject matter hereof. The parties have made no oral or implied agreements with respect to the subject matter of this RPMPC. This RPMPC supersedes any and all previous contracts or agreements regarding the same subject matters.
- RJRT may amend this RPMPC upon 10 days written notice. Neither party shall be required to sign any such amendment. Retailer's continued participation in RJRT's programs at the end of such 10 days shall be deemed acceptance of the amendment.
- Retailer represents that it has taken all actions necessary, and is authorized, to enter into this RPMPC and that execution of this RPMPC will not conflict with, or result in a breach of, any other contract.

DRAFT

## ARBITRATION (APPLICABLE TO ALL CONTRACTS)

Retailer and RJRT agree that any claim or controversy arising out of or relating to this RPMPC shall be settled by arbitration administered by the American Arbitration Association ("AAA"). Retailer and RJRT explicitly agree to the arbitration rules set forth in this section of the RPMPC; these rules shall be supplemented by the Commercial Arbitration Rules of AAA. To the extent that a rule set forth in this section and one or more of the Commercial Arbitration Rules of AAA are inconsistent, the rule set forth in this section will govern. The award of the arbitrator shall be final, and judgment on the award rendered may be entered in any court having jurisdiction thereof. The following are the arbitration rules:

**Arbitrator:**

- Selection: Arbitration shall be conducted and awarded by one arbitrator. The party desiring arbitration shall initiate, at its own expense, a Demand For Arbitration with the AAA and serve the Demand on the opposing party. Within thirty (30) days following the service of the Demand, the Respondent shall propose three arbitrators. If Claimant fails to serve a response to this list within thirty (30) days thereafter (and a failure to follow the procedure set forth in this paragraph shall be deemed a failure to respond), AAA shall pick an arbitrator from the list of three. If the Claimant responds within thirty (30) days, the Claimant shall either (a) select one arbitrator from the three proposed by the Respondent or (b) request that the AAA appoint an arbitrator from its National Roster of arbitrators approved for commercial disputes. If AAA appoints the arbitrator, it shall do so in the manner outlined in the Commercial Arbitration Rules (R-11) with the following additions: (1) all proposed arbitrators must have at least five years of experience as an arbitrator of commercial disputes; (2) the AAA will attempt to propose arbitrators with judicial (ex-judges) experience; and (3) the AAA will attempt to propose arbitrators who are geographically proximate to the locale for the arbitration (which typically will be either Washington, D.C. or Winston-Salem, N.C.). Except for the expense of initiating the arbitration, RJRT and Retailer shall share equally in the fees and expenses of the arbitrator and any fees charged by the AAA.

- Qualifications: The arbitrator must be a licensed attorney with ten (10) years experience in commercial law practice or a retired judge. Prior to the commencement of hearings, the appointed arbitrator shall provide an oath or undertaking of impartiality.

- Judgment: Upon conclusion of the proceedings, the arbitrator shall render an award within thirty (30) days. The arbitrator shall not prepare a written opinion.

**Discovery:** Unless mutually agreed by the parties, discovery shall be limited to the following:

- Within sixty (60) days of the appointment of the arbitrator, Retailer and RJRT shall provide to the other:
  - the identity of each individual that the party intends to call as a witness and a summary of the witnesses' testimony;
  - a copy of all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; and
  - a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 of the Federal Rules of Civil Procedure the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

- There shall be no depositions. Discovery from third parties may be allowed at the discretion of the arbitrator and in accordance with applicable law and only upon a showing of special need or hardship. Commanding attendance of third party witnesses at the hearing shall be in accordance with Federal Arbitration Act.

- Discovery materials shall be treated confidentially by the parties and the arbitrator. The receiving party may use materials produced to it by the disclosing party solely for purposes of the arbitration and not for any other purpose whatsoever. Thirty (30) days following completion of the arbitration, all discovery materials shall be returned to the disclosing party, and the receiving party shall keep no copies.

**Location of Arbitration and Choice of Law:** Arbitration shall be conducted in Washington, D.C. or Winston-Salem, N.C. Claimant may choose either place (Washington, D.C. or Winston-Salem, N.C.) in its initial Demand; if Claimant does not so choose in its demand, Respondent may choose either place in its response. The parties may agree, during the course of the arbitration, to a different location for the arbitration. Arbitration shall be conducted in person. The arbitrator shall apply the laws of the State of North Carolina (conflict of law rules excluded) to all arbitrated claims.

**Remedies:** The arbitrator will have no authority to award punitive damages, or any other damages not measured by the prevailing party's actual damages, except as may be required by statute. The arbitrator shall award reasonable attorneys fees to the prevailing party.

DRAFT

**Service of Process:** The parties agree that service of process in any action shall be sufficient if served by certified mail, return receipt requested, at the receiving party's last address known to the serving party. The address for RJRT is:

R.J. Reynolds Tobacco Company
Attention: Law Department
Post Office Box 2959
Winston-Salem, NC 27102

After counsel appears for a party and the opposing party is aware of the appearance, service shall be on counsel.

**Confidentiality:** Except as may be required by law, neither a party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of both parties.

