

Dec 6 2010 4:19PM
34703937

Gregory P. Stone (State Bar No. 78329)
Martin D. Bern (State Bar No. 153203)
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071-1560
Telephone:  (213) 683-9100
Telecopier:  (213) 687-3702

Gerald L. McMahon (State Bar No. 36050)
Daniel E. Eaton (State Bar No. 144663)
SELTZER CAPLAN McMAHON VITEK
750 B Street, Suite 2100
San Diego, California  92101-8122
Telephone:  (619) 685-3003
Telecopier:  (619) 685-3100

Attorneys for Defendant
PHILIP MORRIS USA INC., and Liaison Counsel for Defendants

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| Coordination Proceedings<br>Special Title (Rule 1550(b))<br><br>In re TOBACCO CASES II<br><br>This document relates to:<br><br>*Willard R. Brown, et al. v. The American Tobacco Co., Inc. et al*<br><br>(San Diego Superior Court Case No. 711400)<br><br>**SERVICE LIST D** | JCCP NO. 4042<br><br>**DEFENDANT PHILIP MORRIS USA INC.'S RESPONSE TO PLAINTIFF JANEL ALVAREZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Dept.:       71<br>Judge:      Hon. Ronald S. Prager<br><br>Filed:        June 10, 1997<br>Trial Date: May 6, 2011 |

PROPOUNDING PARTIES:   PLAINTIFF JaNel Alvarez

RESPONDING PARTY:        DEFENDANT PHILIP MORRIS USA INC.

SET NO.:                              ONE

12473659.1

Philip Morris USA Inc. ("Philip Morris USA") responds to Plaintiff JaNel Alvarez's Request for Production of Documents, Set One, ("Requests"):

**PRELIMINARY STATEMENT**

Philip Morris USA's document websites are the most efficient method for Plaintiff to obtain the documents sought by certain of Plaintiff's Requests. Therefore, in response to Plaintiff's Requests, Philip Morris USA directs Plaintiff to its public document website, www.pmdocs.com, and to its confidential document website, www.pmlitdocs.com.

Philip Morris USA's public document website was created on February 27, 1998, when Philip Morris USA voluntarily began placing on that website documents responsive to extensive discovery requests in *The State of Minnesota (Humphrey) v. Philip Morris Incorporated*, Case No. C1-94-8565 (Ramsey County, Minnesota) ("the Minnesota Litigation").[1] Currently, the vast majority of the documents produced into the document depository in Minneapolis, Minnesota, known as the "Minnesota Depository," which was established by Court Order dated June 15, 1995, in the Minnesota Litigation are available on Philip Morris USA's public document website. In addition, documents "selected" for copying by Minnesota Plaintiff's counsel are specifically identified on the index available on the public document website. Certain oversized documents, videotapes, and other non-standard media are fully indexed on the public document website, and are available in image form from the Minnesota Depository, through www.tobaccoarchives.com.

Further, pursuant to section IV of the Master Settlement Agreement ("MSA") in the Attorneys' General cases, entered into on November 23, 1998, Philip Morris USA undertook to implement certain enhancements to its original public document website. These enhancements became available on January 7, 1999. They include the availability of additional documents, improved navigational tools, and an expanded computer-searchable index to documents, with up to 32 fields of information, as provided for by Exhibit I of the MSA.

In addition, pursuant to section IV of the MSA, documents produced by Philip Morris USA in certain Attorneys' General cases as of November 23, 1998, when the settlement was

---

[1] The document websites of Philip Morris USA, and other cigarette companies, are also available through www.tobaccoarchives.com.

12473659.1

entered into, have been placed on Philip Morris USA's public document website.[2] Further, documents produced by Philip Morris USA on or after October 24, 1998, in any federal- or state-court civil smoking-and-health action have been or will be placed on its public document website within 45 days after the production of such documents.

The documents available on Philip Morris USA's public document website are also available in the Minnesota Depository. In 1996, Philip Morris USA began producing documents responsive to discovery requests in United States smoking-and-health litigation into the Minnesota Depository. The first such documents were produced in response to document requests in the Minnesota Litigation. Pursuant to an order in the Minnesota Litigation dated March 28, 1998, the Minnesota Depository is open to the public at large, subject to certain priority access rules established therein, and documents produced into the Minnesota Depository are publicly available.[3] Subsequent to that Order, the Minnesota Litigation was settled, and on May 8, 1998, a consent judgment was entered in connection therewith by the Minnesota Court. Pursuant to that consent judgment, the public also has access in the Minnesota Depository to those documents produced by defendants in the Minnesota Litigation which were previously designated as "Confidential — Category I" under the Minnesota Protective Order.

Additionally, pursuant to that consent judgment, Philip Morris USA has produced and is continuing to produce into the Minnesota Depository all non-confidential, non-privileged documents produced by Philip Morris USA in other United States smoking-and-health litigation, but not previously produced in Minnesota, within 30 days of their production in such other

---

[2] Under the MSA, Philip Morris USA is not required to put on its public document website or otherwise disclose documents that it continues to claim (1) are privileged, (2) contain a trade-secret or confidential or proprietary business information, (3) contain certain personal and third-party information, and (4) are subject to any continuing protective order, sealing order, or other order or ruling that prevents or limits a litigant from disclosing such documents.

[3] The public availability provisions of the March 28, 1998 Order excluded trade-secret documents designated as "Confidential — Category I" under the Minnesota Protective Order and documents containing confidential personal and third-party information. During the Minnesota Litigation, Philip Morris USA also produced some documents and information to Plaintiff's counsel outside the Minnesota Depository, most of which have been produced into the Minnesota Depository. Any documents which are designated "Confidential — Category II" under the Minnesota Protective Order and contain trade-secret formula, ingredient, or specification information, however, have not been and will not be produced into the Depository.

litigation.  Plaintiff can access the "4B indices" at the Minnesota Depository, which give plaintiffs a searchable index to all of the documents produced into the Minnesota Depository to date.[4]

Philip Morris USA also maintains a confidential document website, www.pmlitdocs.com, which contains public documents that are on www.pmdocs.com and in the Minnesota Depository, and non-public, trade-secret, and confidential documents and information that have been produced under protective orders by Philip Morris USA in smoking-and-health cases in the United States.  Plaintiff's counsel in this action has been provided with access to Philip Morris USA's confidential document website.

Further, the Minnesota Depository and Philip Morris USA's public and confidential document websites include certain documents from Altria Group, Inc.[5] and Altria Client Services Inc.[6]  The Minnesota Depository and the document websites also contain certain documents produced, prior to March 28, 2008, from then-affiliates of Altria Group, Inc. that were spun-off from Altria Group, Inc. on March 28, 2008.  Those entities include Philip Morris International Inc., Institut für biologische Forschung GmbH,[7] Contract Research Center (CRC),[8] Fabriques de Tabac Reunies (FTR),[9] and Philip Morris Products S.A.

Plaintiff can also review on Philip Morris USA's public and confidential document websites and at the Minnesota Depository a comprehensive privilege log of documents that Philip

---

[4] The "4B indices" identify for each document the box number; Bates (document) number; title; author(s); recipient(s); person(s) copied; document type; date shipped to the Minnesota Depository; and, in many cases, at least one document request to which the document is responsive.  In some instances, where a document is responsive to multiple requests, not all requests are identified.

[5] Effective January 27, 2003, Philip Morris Companies Inc. changed its legal name to Altria Group, Inc.

[6] Effective January 27, 2003, Philip Morris Management Corp. changed its legal name to Altria Corporate Services, Inc.  Effective April 1, 2008, Altria Corporate Services, Inc. changed its legal name to Altria Client Services Inc.

[7] Effective November 19, 2002, Institut für biologische Forschung GmbH (INBIFO) changed its legal name to Philip Morris Research Laboratories GmbH.

[8] Effective January 13, 2003, Contract Research Center (CRC) changed its legal name to Philip Morris Research Laboratories, Belgium.

[9] On January 29, 2000, the research laboratory Fabriques de Tabac Reunies (FTR) became part of Philip Morris Products S.A.

Morris USA has withheld from production in litigation, from production into the Minnesota Depository, and from its public and confidential document websites on the grounds that they are protected from discovery by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common-interest privilege, or any other applicable privilege or exemption.

Philip Morris USA additionally states that documents containing information concerning cigarettes with reduced tar and nicotine yields as measured by the Cambridge Filter Method (formerly FTC Method), which were produced in other cases, including *Price v. Philip Morris Incorporated* (formerly known as *Miles v. Philip Morris USA Inc.*), *United States v. Philip Morris USA Inc.*, *Blue Cross and Blue Shield of New Jersey v. Philip Morris USA Inc.*, *Schwab v. Philip Morris USA Inc.*, and *Craft v. Philip Morris Incorporated, Inc.*, have been produced into the Minnesota Depository and placed on Philip Morris USA's public and/or confidential document websites.

Given that the document websites and the Minnesota Depository are accessible to Plaintiff, documents sought by certain of these Requests are as accessible to Plaintiff as they are to Philip Morris USA.

**GENERAL OBJECTIONS**

A.   Philip Morris USA objects to these Requests on the grounds that they are unduly burdensome, oppressive, overly broad, harassing, and improper to the extent that they seek documents in support of and/or pertaining to the basis for Philip Morris USA's denial of the "material allegations" of Plaintiffs' Tenth Amended Complaint. Philip Morris USA states that it will respond to these Requests to the extent and in the same manner that it is responding to Plaintiff JaNel Alvarez's Form Interrogatory 15.1, which is in the manner prescribed by the Notice of Rulings Made at September 14, 2004 Status Conference, ¶ 2. Pursuant to the Notice of Rulings Made at the September 14, 2004 Status Conference, Philip Morris USA states that it is responding to Plaintiff's Requests only as to the "affirmative defenses" asserted in Philip Morris USA's October 12, 2010 General Denial of and Affirmative Defenses to Plaintiffs' Tenth Amended Complaint.

B.       Philip Morris USA objects to these Requests on the grounds that they are vague and ambiguous and to the extent they attempt to impose obligations on Philip Morris USA other than those imposed or authorized by the California Code of Civil Procedure and/or any applicable order of this Court.

C.       Philip Morris USA objects to the terms "YOU" and "YOUR" as defined in these Requests on the grounds that they are vague, ambiguous, and overly broad. The responses to these Interrogatories are by and for Defendant Philip Morris USA Inc. only.

D.       Philip Morris USA objects to the term "DOCUMENTS" as defined in these Requests on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and it fails to describe the documents sought with reasonable particularity. Philip Morris USA also objects to the term "DOCUMENTS" as defined in these Requests to the extent it seeks documents contained in electronically stored data form, including, but not limited to, data and data compilations and electronic mail, which are neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence. Philip Morris USA further objects to the term "DOCUMENTS" as defined in these Requests on the grounds that it attempts to impose obligations on Philip Morris USA other than those imposed or authorized by the California Code of Civil Procedure.

E.       Philip Morris USA objects to these Requests to the extent they seek information protected from discovery by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common-interest privilege, and/or any other applicable privilege or exemption. Inadvertent disclosure of any privileged or otherwise protected information and/or documents shall not be a waiver of any claim of privilege, work product protection, exemption, and/or immunity.

F.       Philip Morris USA objects to these Requests to the extent they seek the disclosure of proprietary, trade secret, or other commercially protected information for which no necessity and relevance have been shown. The use and dissemination of all information, documents, or materials that are produced within this action and designated as "Confidential" or "Highly Confidential," as well as documents from Philip Morris USA's confidential document website that retain a "Confidential" designation or its equivalent, will be addressed pursuant to the terms of the May 23, 2001 Protective Order in this case.

G.      Philip Morris USA objects to these Requests to the extent they seek information concerning the conduct of Philip Morris USA upon which liability is sought to be imposed and that is alleged to have occurred between January 1, 1988, and December 31, 1997, as Philip Morris USA's conduct during this time is covered by the statutory immunity granted by California Civil Code section 1714.45 and, therefore, such information is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

H.      Philip Morris USA objects to these Requests to the extent they seek documents that are already in the possession of Plaintiffs.

These General Objections are incorporated into each of the following specific responses to the Requests; shall be deemed continuing as to each Request; and are not waived, or in any way limited, by the following objections and responses.

Philip Morris USA reserves the right to assert additional objections to these Requests as appropriate and to supplement these objections and responses.

## RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce all DOCUMENTS that refer or relate to YOUR response to Form Interrogatory No. 15.1. ("DOCUMENTS" shall have the meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, all "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form." Accordingly, the term "documents" is used herein in its broad customary legal sense, and shall include, for example, any and all of the following: written, typed, printed, recorded or graphic statements, communications, or other matter, however produced or reproduced; letters or other correspondence; e-mail communications; newspaper and magazine clippings or excerpts; pictures; photographs; films; videotapes; DVDs or CDs; phonograph records; tapes; microfilm; microfiche; messages; memoranda; notes; books; brochures; pamphlets; circulars; trade letters; press releases; stenographic, handwritten or any other notes; notebooks; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts;

Case 1:99-cv-02496-GK   Document 5911-2   Filed 04/05/11   Page 8 of 11

telegrams; telexes; cables; records; reports; summaries; diaries; invoices; purchase orders; change orders; proposed changes; schedules; plans; specifications; meeting minutes; sound recordings or transcripts of personal or telephone conversations; interviews; telephone records; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; diagrams; blueprints; estimates; bid preparation; tables; indexes; charges ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; committee or other meetings or conferences; reports or summaries of investigations; claims; opinions or reports of consultants or experts; appraisals; reports, or summaries of negotiations; projections; court or arbitration papers or pleadings; working papers; checks (front and back); check stubs or receipts; invoice vouchers; and any other document, writing, or other data compilation of whatever description, including, but not limited to, any information contained in any computer, although not yet printed out, or in the memory units containing such data from which information can be obtained or translated into reasonably usable form, and all drafts and non-identical copies of the foregoing.)  ("YOU" and "YOUR" will mean or refer to defendant Phillip Morris USA Inc. and/or any employees, agents, representatives, attorneys, insurers, affiliates, divisions, subsidiaries, parents, predecessors or successors-in-interest, including but not limited to Altria Group, Inc.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Philip Morris USA objects to this Request and to the phrase "refer or relate" as used in this Request on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome, and they fail to describe the documents sought with reasonable particularity.  Philip Morris USA objects to having to search exhaustively for and review a large volume of documents, many of which have no possible relevance to the pending action, in an attempt to locate each and every document that might possibly contain information regarding the subject matter addressed by a particular affirmative defense.  Philip Morris USA also objects to this Request on the grounds that it attempts to impose obligations on Philip Morris USA other than those imposed or authorized by the California Code of Civil Procedure and/or any applicable order of this Court.  Philip Morris USA further objects to this Request on the grounds that it is premature, as discovery is ongoing.  Philip Morris USA has not yet had a meaningful opportunity

12473659.1

PHILIP MORRIS USA INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

1  to ascertain and develop the evidence regarding all of Plaintiffs' claims, and, therefore, to

2  designate "all DOCUMENTS" in support of the special or affirmative defenses it has plead.

3      Subject to and without waiving its specific and General Objections, Philip Morris USA

4  refers to and incorporates herein its Response to Plaintiff JaNel Alvarez's Form Interrogatory

5  15.1. Philip Morris USA's bases for its responses are adequately set forth in its Response.

6  **REQUEST FOR PRODUCTION NO. 2:**

7      Produce all DOCUMENTS that refer or relate to the basis for YOUR denial of each

8  material allegation and each affirmative defense, as referenced in YOUR response to Form

9  Interrogatory No. 15(a).

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

11     Philip Morris USA objects to this Request and to the phrase "refer or relate" as used in

12 this Request on the grounds that they are vague, ambiguous, overly broad, and unduly

13 burdensome, and they fail to describe the documents sought with reasonable particularity. Philip

14 Morris USA objects to having to search exhaustively for and review a large volume of

15 documents, many of which have no possible relevance to the pending action, in an attempt to

16 locate each and every document that might possibly contain information regarding the subject

17 matter addressed by a particular affirmative defense. Philip Morris USA also objects to this

18 Request on the grounds that it attempts to impose obligations on Philip Morris USA other than

19 those imposed or authorized by the California Code of Civil Procedure and/or any applicable

20 order of this Court. Philip Morris USA further objects to this Request on the grounds that it is

21 premature, as discovery is ongoing. Philip Morris USA has not yet had a meaningful opportunity

22 to ascertain and develop the evidence regarding all of Plaintiffs' claims, and, therefore, to

23 designate "all DOCUMENTS" in support of the special or affirmative defenses it has plead.

24     Subject to and without waiving its specific and General Objections, Philip Morris USA

25 states that the documents supporting Philip Morris USA's affirmative defenses are too numerous

26 to identify individually, but may include documents that are available on Philip Morris USA's

27 public document website, www.pmdocs.com, and/or its confidential document website,

28 www.pmlitdocs.com.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all DOCUMENTS that refer or relate to the identity of the person(s) referenced by YOU in YOUR response to Form Interrogatory No. 15.1(b) who YOU contend has knowledge of the facts relating to the basis of YOUR denial of each material allegation and each affirmative defense which YOU have asserted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Philip Morris USA objects to this Request and to the phrase "refer or relate" as used in this Request on the grounds that they are vague, ambiguous, overly broad, and unduly burdensome, and they fail to describe the documents sought with reasonable particularity. Philip Morris USA also objects to this Request on the grounds that it attempts to impose obligations on Philip Morris USA other than those imposed or authorized by the California Code of Civil Procedure and/or any applicable order of this Court. Philip Morris USA further objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Philip Morris USA additionally objects to this Request on the grounds that it is premature, as discovery is ongoing. Philip Morris USA has not yet had a meaningful opportunity to ascertain and develop the evidence regarding all of Plaintiffs' claims, and, therefore, to identify "all" facts or to designate "all PERSONS" and "all DOCUMENTS" in support of the special or affirmative defenses it has plead.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all DOCUMENTS which YOU have identified in YOUR response to Form Interrogatory 15.1(c) that YOU contend support each of YOUR affirmative defenses and the basis for YOUR denial of the material allegations in the COMPLAINT. ("COMPLAINT" shall mean the operative complaint in this action, currently the Tenth Amended Complaint filed with the Court on September 10, 2010.)

//

//

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Philip Morris USA objects to this Request on the grounds that it is overly broad and unduly burdensome, and it fails to describe the documents sought with reasonable particularity. Philip Morris USA also objects to this Request on the grounds that it is duplicative to the extent it seeks the production of documents that are already in the possession of Plaintiff or Plaintiff's counsel. Philip Morris USA further objects to this Request on the grounds that it is premature, as discovery is ongoing. Philip Morris USA has not yet had a meaningful opportunity to ascertain and develop the evidence regarding all of Plaintiffs' claims, and, therefore, to designate "all DOCUMENTS" in support of the special or affirmative defenses it has plead.

Subject to and without waiving its specific and General Objections, Philip Morris USA states that the documents supporting Philip Morris USA's affirmative defenses are too numerous to identify individually, but may include documents that are available on Philip Morris USA's public document website, www.pmdocs.com, and/or its confidential document website, www.pmlitdocs.com.

DATED:  December 6, 2010            MUNGER, TOLLES & OLSON LLP

By:      /s/ *Martin D. Bern*
            MARTIN D. BERN

Attorneys for Defendant Philip Morris USA Inc. and Liaison Counsel for Defendant