

Dec 6 2010
4:33PM

1 | WILLIAM S. BOGGS (Bar No. 53013)
BRIAN A. FOSTER (Bar No. 110413)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

CRAIG E. GUSTAFSON (*Pro Hac Vice*)
**SHOOK HARDY & BACON**
2555 Grand Blvd.
Kansas City, MO 64108
Tel: 816.474.6550
Fax: 816.421.5447

Attorneys for Defendant
LORILLARD TOBACCO COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| Coordination Proceedings<br>Special Title (Rule 1550(b))<br><br>In re TOBACCO CASES II<br><br>This document relates to:<br><br>*William R. Brown, et al. v.*<br>*The American Tobacco Co., Inc., et al.*<br><br>(San Diego Superior Court Case No. 711400)<br><br>**SERVICE LIST D/G** | JCCP NO. 4042<br><br>**DEFENDANT LORILLARD TOBACCO COMPANY'S RESPONSES TO PLAINTIFF JANEL ALVAREZ'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Dept.:  71<br>Judge:  Hon. Ronald S. Prager |

**PROPOUNDING PARTY:**       **PLAINTIFF JANEL ALVAREZ**

**RESPONDING PARTY:**        **DEFENDANT LORILLARD TOBACCO COMPANY**

**SET NUMBER:**              **ONE**

Lorillard Tobacco Company ("Lorillard") responds to Plaintiff JaNel Alvarez's Request for Production of Documents, Set One, to Defendant Lorillard Tobacco Company ("Requests") as follows:

/////

**DEFINED OBJECTIONS**

The Defined Objections are set forth below to avoid restating objections to certain of Plaintiff's Requests and, as appropriate, are specifically incorporated into Lorillard's responses to Plaintiff's Requests. The underlined heading of each Defined Objection is provided only for ease of reference, is not intended to define or limit the scope of the Defined Objection, and is not to be considered a substantive part of the Defined Objection.

A.   <u>Documents Available on the Internet</u>: Lorillard objects to these Requests on the grounds that they are overly broad and unduly burdensome to the extent they seek to impose upon Lorillard the burden of engaging in a massive duplicative document review or production when other available sources exist. Those sources are (1) Lorillard's public document website available on the Internet through www.lorillarddocs.com, (2) Lorillard's litigation document website available, to authorized users, on the Internet through https://www.lorilitdocs.com, and (3) the document depository in Minneapolis, Minnesota, known as the "Minnesota Depository." Lorillard believes that its public document website and litigation document website are the most efficient locations for Plaintiff to begin to search for and to obtain documents to be used in this case.

Lorillard has placed on its public document website, www.lorillarddocs.com, documents responsive to extensive discovery requests propounded in smoking and health litigation. The documents available on Lorillard's public document website are linked to a searchable index containing up to thirty fields of information for each document, as provided for in the Master Settlement Agreement ("MSA").[1] Pursuant to the MSA, documents produced by Lorillard, as of November 23, 1998, in state attorney general cases have been placed onto Lorillard's public document website[2]. Further, documents produced by Lorillard on or after October 24, 1998, in

---

[1] On November 23, 1998, Lorillard, R.J. Reynolds Tobacco Company, Philip Morris Incorporated and Brown & Williamson Tobacco Corporation, among other parties, executed an agreement with 52 states, territories or their political subdivisions to settle the reimbursement litigation brought by those states, territories or their political subdivisions.

[2] Under the MSA, Lorillard is not required to put on its website or otherwise disclose documents that: (1) it continues to claim to be privileged, a trade secret, confidential or proprietary business information or that contain other information not appropriate for public disclosure because of personal privacy interests or contractual rights of third parties; or (2) continue to be subject to any protective order, sealing order or other order or ruling that prevents or limits a litigant from disclosing such documents.

any federal or state civil action concerning smoking and health have been and will continue to be placed onto its public document website within 45 days after the production of such documents. In addition, other documents produced by Lorillard and listed by plaintiffs as trial exhibits in certain specified cases have been placed onto Lorillard's public document website[3]. Also identified for each document posted, as applicable, is (a) the case triggering the posting of the document, and (b) a document request number. In addition, documents selected for copying by the Plaintiff in the Minnesota AG Case (defined below) are identified. Lorillard's public document website currently contains more than 5,000,000 pages from over 750,000 documents.

Plaintiff may also access Lorillard's litigation document website (accessible to authorized users through https://www.lorilitdocs.com), provided that an appropriate Protective Order is entered. The litigation document website contains not only the documents made available on the public document website, but also contains the confidential documents produced subject to protective orders in various smoking and health cases. As on the public document website, documents made available on Lorillard's litigation document website, including the confidential documents, are linked to a searchable index containing up to thirty fields of information for each document. In addition, the text of the documents on Lorillard's litigation document website is searchable to the extent that the documents could be converted to searchable text using available technology. Plaintiff may also access a searchable version of Lorillard's privilege log on the litigation website. The privilege log available on the litigation website is generated to correspond to the searches. Lorillard will provide additional information regarding access to the litigation document website upon request.

The Minnesota Depository was established by Court Order dated June 15, 1995, in *State of Minnesota, et al. v. Philip Morris Incorporated, et al.*, State of Minnesota, County of Ramsey, District Court, Second Judicial District, Court File No. C1-94-8565 ("Minnesota AG Case"). Since September 1995, Lorillard has produced into the Minnesota Depository over 5 million pages of documents, including documents produced by Lorillard in response to discovery requests

---

[3] A privilege log is available on the public document website for Lorillard documents withheld from production in smoking and health litigation based upon Lorillard's claim(s) (and continued claims) of attorney-client privilege, work product protection and/or the joint defense/common legal interest privilege.

propounded by plaintiffs in more than 25 smoking and health cases. The documents produced by Lorillard in the Minnesota litigation alone were produced in connection with over 150 discovery requests propounded by those plaintiffs. In addition to the documents themselves, the Minnesota Depository has an electronically searchable index (the "4B Index") containing the following information for each document produced to the Minnesota Depository by Lorillard: box number; Bates (document) number; title; author; recipient; copyee; document type; date shipped to the Minnesota Depository; and identification of one or more discovery requests to which the document is responsive. Almost all of the publicly available documents produced by Lorillard into the Minnesota Depository have also been posted on Lorillard's public document website and Lorillard's litigation document website.[4]

On March 28, 1998, pursuant to a motion filed by Lorillard, Philip Morris, Incorporated, R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Corporation, The Council for Tobacco Research - U.S.A., Inc. and The Tobacco Institute, Inc., the Minnesota court issued an order granting public access to the vast majority of the documents that were produced into the Minnesota Depository. A small number of documents containing certain personal or third-party confidential information are not available to the public.

On May 8, 1998, the parties in the Minnesota action reached a settlement agreement. The Consent Judgment, entered by the Minnesota court on May 18, 1998, provides for continued public access to the Minnesota Depository, including confidential and highly confidential documents produced into the Depository in the Minnesota litigation pursuant to a protective order. As noted above, a small number of documents containing certain personal and third-party confidential information are exempted from this requirement. Lorillard did not agree, as part of this settlement, to disclose any document for which Lorillard continues to assert a claim of privilege or work product protection.[5] The Minnesota court, however, ordered, over defendants'

---

[4] Certain oversized documents, audio and video tapes and other non-standard media are indexed on Lorillard's document website, but are not available in image form. These documents can be requested from the Minnesota Depository.

[5] A privilege log is available in the Minnesota Depository for Lorillard documents withheld from production in smoking and health litigation based upon Lorillard's claim(s) (and continued claims) of attorney-client privilege, work product protection and/or the joint defense/common legal interest privilege.

objections, that certain of defendants' privileged and protected documents be placed into the Minnesota Depository.

Further, the Consent Judgment requires that any documents produced by Lorillard after May 8, 1998, in U.S. smoking and health litigation, be placed into the Minnesota Depository within thirty days after such production. This requirement does not apply to privileged documents,[6] documents subject to protective orders, or documents previously placed into the Minnesota Depository. As a result of the Consent Judgment, the Minnesota Depository has become a national depository for Lorillard documents.

Below, in response to certain of these Requests, Lorillard has stated whether documents containing information responsive to the Requests are available on Lorillard's public document website or Lorillard's litigation document website or produced into the Minnesota Depository. This information is identified in lieu of responding to certain of these Requests because the burden of deriving, ascertaining or identifying responsive information or documents is substantially the same for Plaintiff as it is for Lorillard.

B. <u>Publicly Available Documents</u>: Lorillard objects to these Requests as unduly burdensome to the extent that they seek information from or production of publicly available documents. The burden of obtaining such information is substantially the same for Plaintiff as it is for Lorillard.

C. <u>Privileges</u>: Lorillard objects to these Requests to the extent that they seek the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege or common legal interest privilege, and/or any other applicable privileges or exemptions.

D. <u>Reasonable Particularity</u>: Lorillard objects to these Requests to the extent that they fail to describe the information requested with reasonable particularity such that Lorillard is unable to identify the information sought by Plaintiff.

/////

---

[6] As noted above, a privilege log for documents withheld from production in smoking and health litigation is available in the Minnesota Depository.

E.  <u>Third Parties</u>: Lorillard objects to these Requests to the extent that they purport to require Lorillard to search the files of third parties, on the grounds that such Requests are overly broad or unduly burdensome.

F.  <u>Premature</u>: Lorillard objects to these Requests to the extent that they are premature. Discovery in this case is ongoing, and Lorillard has not yet had an adequate opportunity to designate witnesses and documents in support of its defenses in this case.

G.  <u>Scope of Discovery</u>: Lorillard objects to these Requests to the extent that they seek documents regarding Lorillard's denial of each material allegation and information regarding witnesses and documents that support Lorillard's affirmative defenses on the grounds that they are overly broad and unduly burdensome and beyond the scope of discovery permitted by this Court. At the September 14, 2004 Status Conference, the Court ruled that "Defendants shall respond to Judicial Council Form Interrogatory 15.1 . . . by providing Plaintiffs with the contentions upon which their affirmative defenses are based." *See* Notice of Rulings Made at September 14, 2004 Status Conference, ¶ 2. The rationale underlying the Court's ruling that limited the scope of Lorillard's responses remains applicable. Lorillard, therefore, was required to respond to the Form Interrogatories by providing only the contentions upon which its affirmative defenses are based. Lorillard further states that, because it filed and served a general denial to Plaintiffs' Tenth Amended Complaint ("Complaint"), as was its right under California Code of Civil Procedure section 431.30(d), its pleading does not identify any specific denials of specific allegations contained in the Complaint.

## GENERAL OBJECTIONS

The General Objections, set forth below, are incorporated into the following responses and shall be deemed continuing as to each Request, and are not waived, or in any way limited, by the specific responses.

A.  Lorillard objects to Plaintiff's Requests to the extent that they attempt to impose obligations upon Lorillard other than those imposed or authorized by the California Code of Civil Procedure.

/////

B.  Lorillard objects to these Requests to the extent that they seek information concerning the conduct of Lorillard upon which liability is sought to be imposed and that is alleged to have occurred between January 1, 1988, and December 31, 1997, as Lorillard's conduct throughout that period is covered by the statutory immunity granted by California Civil Code section 1714.45 and, therefore, such information is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

C.  Lorillard objects to Plaintiff's definition of the term "DOCUMENTS" in Request No. 1 on the grounds that it is overly broad and unduly burdensome to the extent that it purports to impose obligations on Lorillard other than those imposed or authorized by the California Code of Civil Procedure.  Lorillard will be guided by the California Code of Civil Procedure and applicable case law in determining what materials are properly included in the definition of "documents."

D.  Lorillard objects to Plaintiff's Requests on the grounds that they are overly broad, unduly burdensome, and beyond the scope of what is required by the California Code of Civil Procedure to the extent that they purport to require Lorillard to produce "any information contained in any computer, although not yet printed out, or in the memory units containing such data from which information can be obtained or translated into reasonably usable form."  Such a proposed requirement raises complex licensing, copyright, and technical issues.  In addition, some electronic information is confidential, trade secret, highly competitively sensitive, and proprietary in design as well as content, and subject to special legal protection, and Lorillard objects to the production of such information without the entry of an appropriate Protective Order.  Lorillard reserves the right to produce in printed form any electronic documents which may contain responsive information.

E.  Lorillard objects to Plaintiff's definition of the terms "YOU" and "YOUR" Request No. 1 on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome to the extent that it purports to include persons or entities other than Lorillard.  Responses to these Requests are by and for Lorillard Tobacco Company and its predecessors.  Lorillard further objects to the definition to the extent that it requires the disclosure of information protected from

1  discovery by the attorney-client privilege, the work product doctrine, the joint defense privilege
2  or common legal interest privilege and/or any other applicable privileges or exemptions.

## RESPONSE TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Produce all DOCUMENTS that refer or relate to YOUR response to Form Interrogatory No. 15.1. ("DOCUMENTS" shall have the meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, all "writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form." Accordingly, the term "documents" is used herein in its broad customary legal sense, and shall include, for example, any and all of the following: written, typed, printed, recorded or graphic statements, communications, or other matter, however produced or reproduced; letters or other correspondence; e-mail communications; newspaper and magazine clippings or excerpts; pictures; photographs; films; videotapes; DVDs or CDs; phonograph records; tapes; microfilm; microfiche; messages; memoranda; notes; books; brochures; pamphlets; circulars; trade letters; press releases; stenographic, handwritten or any other notes; notebooks; studies; analyses; tabulations; evaluations; reports; reviews; agreements; contracts; telegrams; telexes; cables; records; reports; summaries; diaries; invoices; purchase orders; change orders; proposed changes; schedules; plans; specifications; meeting minutes; sound recordings or transcripts of personal or telephone conversations; interviews; telephone records; desk calendars; appointment books; forecasts; work papers; drawings; graphs; charts; maps; diagrams; blueprints; estimates; bid preparation; tables; indexes; charges ledgers; accounts; cost sheets; financial statements or reports; statistical or analytical records; committee or other meetings or conferences; reports or summaries of investigations; claims; opinions or reports of consultants or experts; appraisals; reports, or summaries of negotiations; projections; court or arbitration papers or pleadings; working papers; checks (front and back); check stubs or receipts; invoice vouchers; and any other document, writing, or other data compilation of whatever description, including, but not limited to, any information contained in any computer, although not yet printed out, or in the memory units containing such data from which information can be obtained or translated into

reasonably usable form, and all drafts and non-identical copies of the foregoing.)  ("YOU" and "YOUR" will mean or refer to defendant Phillip Morris USA Inc. and/or any employees, agents, representatives, attorneys, insurers, affiliates, divisions, subsidiaries, parents, predecessors or successors-in-interest, including but not limited to Altria Group, Inc.)

**RESPONSE:**  Lorillard incorporates by reference Defined Objections A ("Documents Available on the Internet"), B ("Publicly Available Documents"), C ("Privileges"), D ("Reasonable Particularity"), E ("Third Parties"), F ("Premature"), and G ("Scope of Discovery"). Lorillard further objects to this Request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving these or the General Objections stated above, Lorillard states that it does not have sufficient information regarding all of Plaintiffs' allegations and has not had a meaningful opportunity to designate witnesses and documents in support of the affirmative defenses it has plead.  Lorillard states that it will comply with the California Rules of Civil Procedure and any applicable orders of the Court regarding disclosures of witnesses and exhibits.

**REQUEST NO. 2:**  Produce all DOCUMENTS that refer or relate to the basis for YOUR denial of each material allegation and each affirmative defense, as referenced in YOUR response to Form Interrogatory No. 15(a).

**RESPONSE:**  Lorillard incorporates by reference Defined Objections A ("Documents Available on the Internet"), B ("Publicly Available Documents"), C ("Privileges"), D ("Reasonable Particularity"), E ("Third Parties"), F ("Premature"), and G ("Scope of Discovery"). Lorillard further objects to this Request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving these or the General Objections stated above, Lorillard incorporates its response to Request No. 1 above.

**REQUEST NO. 3:**  Produce all DOCUMENTS that refer or relate to the identity of the person(s) referenced by YOU in YOUR response to Form Interrogatory No. 15.1(b) who YOU

/////

contend has knowledge of the facts relating to the basis of YOUR denial of each material allegation and each affirmative defense which YOU have asserted.

**RESPONSE:** Lorillard incorporates by reference Defined Objections A ("Documents Available on the Internet"), B ("Publicly Available Documents"), C ("Privileges"), D ("Reasonable Particularity"), E ("Third Parties"), F ("Premature"), and G ("Scope of Discovery"). Lorillard further objects to this Request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving these or the General Objections stated above, Lorillard incorporates its response to Request No. 1 above.

**REQUEST NO. 4:** Produce all DOCUMENTS which YOU have identified in YOUR response to Form Interrogatory 15.1(c) that YOU contend support each of YOUR affirmative defenses and the basis for YOUR denial of the material allegations in the COMPLAINT. ("COMPLAINT" shall mean the operative complaint in this action, currently the Tenth Amended Complaint filed with the Court on September 10, 2010.)

**RESPONSE:** Lorillard incorporates by reference Defined Objections A ("Documents Available on the Internet"), B ("Publicly Available Documents"), C ("Privileges"), D ("Reasonable Particularity"), E ("Third Parties"), F ("Premature"), and G ("Scope of Discovery"). Lorillard further objects to this Request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving these or the General Objections stated above, Lorillard incorporates its response to Request No. 1 above.

Dated: December 6, 2010

DLA PIPER LLP (US)


By  /s/ Brian A. Foster
WILLIAM S. BOGGS
BRIAN A. FOSTER
Attorneys for Defendant
LORILLARD TOBACCO COMPANY

## VERIFICATION

Vincent M. Losito, being first duly sworn, deposes and states that he is the Assistant Treasurer of Lorillard Tobacco Company ("Lorillard"), that he signs the foregoing DEFENDANT LORILLARD TOBACCO COMPANY'S RESPONSES TO PLAINTIFF JANEL ALVAREZ/S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, TO DEFENDANT LORILLARD TOBACCO COMPANY on behalf of Lorillard and is duly authorized to do so, that he has read the foregoing Responses and knows the contents thereof, that the matters stated in such Responses are not all within his personal knowledge, and there is no one individual employee of Lorillard who has personal knowledge of all such matters. Mr. Losito further states that these Responses were prepared with the assistance of employees of and counsel for Lorillard upon which he has relied, and the Responses, subject to inadvertent and undiscovered error, are based upon and necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of preparation of such Responses. Mr. Losito further states that Lorillard reserves the right to make any changes in the Responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available, and that subject to the limitations set forth herein, such Responses are true to the best of his knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct. This verification was executed on this 6 day of December, 2010, at Greensboro, North Carolina.

_____
Vincent M. Losito
Assistant Treasurer
Lorillard Tobacco Company

RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE

817331 V1