UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>PHILIP MORRIS USA INC., *et al.*,<br>　　　　　　　　Defendants. | Civil Action No. 99-2496 (GK) |

### SUPPLEMENTAL DECLARATION OF KIM KLAUSNER, MA

1. My name is Kim Klausner. I submit this declaration to supplement the March 24, 2011, declaration that I previously submitted in this action ("Klausner 3/24/11 Decl."). The information here was not known to me when I prepared the previous declaration.

2. As described in my previous declaration, as the manager of the Legacy Tobacco Documents Library (LTDL) at the University of California, San Francisco (UCSF), I oversaw a large project last year to have my staff compare the Minnesota 4(b) Index against the documents available on the tobacco company websites. Klausner 3/24/11 Decl., paragraphs 13-17.

3. It has long been my understanding that all documents listed on the Minnesota 4(b) Index are publicly available at the Minnesota Depository. My long understanding has also been that staff at the Minnesota Depository carefully compare the contents of each new box that arrives against the Defendants' electronic updates to their 4(b) Indices, to make sure that there is a perfect match between the documents that are publicly available at the Depository lists and those listed on the 4(b) Index. In my years of experience working with the 4(b) Index, as updated by the tobacco companies from time to time, I have never

1

seen any indication that the 4(b) Index lists documents that are confidential, subject to claims of privilege, or otherwise unavailable to the public. For example, in my experience, none of the companies' 4(b) Indices indicates that any listed documents are confidential or privileged or otherwise unavailable to the public.

4. This understanding was the basis for my directing my limited staff, and spending considerable effort of my own, to compare the contents of the 4(b) Indices against the contents of the tobacco companies' document websites.

5. I am well aware that the tobacco companies are not required to post documents that are confidential or that they claim are privileged onto their document websites. However, not until the past few months (and as I understand it, only in response to this Court's order) have the tobacco companies provided any confidentiality indices or regularly updated privilege logs on their document websites. If there had been, I would of course have directed my staff to compare the discrepancies we found between the 4(b) Indices and the document websites against such confidentiality indices and updated privilege logs.

6. My previous declaration summarized the responses that the tobacco companies provided to the California Attorney General's office ("CA AG"). Klausner 3/24/11 Decl., paragraphs 15, 17.

7. In Defendants' brief and supporting declarations filed March 24, 2011, Defendants assert that tens of thousands of documents that my staff and I identified as being on the 4(b) Index, from a March 2010 copy of the Index, were actually confidential or subject to privilege claims, and were not required to be publicly disclosed on their websites.

8. Mr. Kline for Philip Morris and Altria, and Ms. Talbert for Lorillard, claim that their companies' 4(b) Indices included both publicly available documents, and also confidential and privileged documents. As explained above, this is wholly contrary to my long-standing experience and understanding.

9. In an effort to understand Defendants' assertions and better understand the contents of the 4(b) Index database that the Depository sent me in April 2010, I initiated recent correspondence with Carol Smith, Minnesota Depository General Manager, and another Minnesota Depository staff member.

10. Specifically, yesterday on April 4, 2011, I inquired whether Bates numbers representing 8 documents listed on Philip Morris' 4(b) Index as of April 2010 were still on the current 4(b) Index. A true and correct copy of this email is attached as Exhibit 1. These Bates numbers represent 8 Philip Morris documents that Philip Morris reported to the CA AG were confidential and therefore not publicly available on its websites or at the Minnesota Depository. These documents were among the tens of thousands of documents that my staff and I determined last year were on the Minnesota 4(b) Index, but not on the tobacco companies' websites.

11. In response to my email, Carol Smith advised that all eight of the documents Philip Morris asserted did not need to be posted to their website because they were confidential, were in fact still listed on the 4(b) Index and were in their appropriate hard-copy boxes at the Minnesota Depository. A true and accurate copy of this email is attached as Exhibit 2.

12. Based on my long understanding, this meant that documents that Philip Morris is currently claiming are not subject to public disclosure on grounds of confidentiality are

3

listed to this day on the Minnesota 4(b) Index as being publicly available at the Minnesota Depository.

13. To make absolutely sure there was no misunderstanding, I e-mailed Ms. Smith back, asking if she could confirm that, "[w]hen you say the documents with those Bates numbers are in the appropriate box, do you mean that they are in publically accessible boxes at the depository?" Ex. 2. Ms. Smith responded, "Yes - appropriate box means available to the public as indicated on the 4(b)." Ex. 2.

14. This information indicates to me that substantial work will have to be done to investigate Defendants' responses to the CA AG. For at least eight specific documents, it appears that when Philip Morris claims that a document listed on the 4(b) Index is not publicly available because it is confidential, and does not need to be posted to its document website for that reason, the document is in fact publicly accessible at the Minnesota Depository.

15. Now that I know that at least eight of the documents that are publicly available at the Minnesota Depository are claimed by Philip Morris to be confidential and/or privileged, and thus need not be on their websites, my staff and I will need to go, company by company, through the list of documents on the 4(b) Index that we initially found to be missing on the company websites and determine which ones the companies are now claiming as confidential or subject to privilege.

16. If the eight documents checked by the Minnesota Depository constitute a representative sample, it seems highly likely that there may be tens of thousands of documents that are publicly available at the Minnesota Depository but that the tobacco companies are not

putting onto their public websites because of asserted confidentiality or privilege concerns.

I hereby sign this declaration under penalties of perjury pursuant to 28 U.S.C. § 1746.

Dated: April 5, 2011            Respectfully submitted,

*Kim Klausner*
_____
Kim Klausner, M.A.
Manager, Legacy Tobacco Documents Library
University of California, San Francisco
530 Parnassus Avenue
San Francisco, CA 94143

Klausner Supplemental Declaration Exhibit 1

| | |
|---|---|
| **From:** | Klausner, Kim |
| **To:** | "mndepo@aol.com"; |
| **Subject:** | 4b index and confidential documents -- Carol & Dave |
| **Date:** | Monday, April 04, 2011 4:00:00 PM |

I spoke with Dave today and he informed me that the copies of the 4b index that he sent me in April 2010 did not contain privileged or confidential document records.  From that data dump we created a list of bates numbers on the 4b that were not available on the companies' document websites.  Several of the companies, Lorillard and Philip Morris in particular, said that thousands of those documents shouldn't have been available on their websites because they are either privileged or confidential.

I'm trying to understand what's going on here.  I can only think of two possible explanations: 1. the 4b index that was sent to me did contain privileged/confidential records or 2. the companies took many documents that were listed in the 4b (as publically accessible) and made them confidential or privileged after receiving our request.  Neither of these two explanations seem likely, though.  I have listed a few of the documents that were on the 4b list that now appear as confidential records on the PM web site.  Perhaps you can figure out what's going on.

Are, for example, these bates numbers still on the 4b index?  If not, how/why were they removed?

1005021804/1005021849
2000000235
2000000837/2000000838
2030001910
2030453330/2030453333
2031050776A
2051417250
2058109356

Thanks for your help in unraveling this mystery.

--Kim


Kim Klausner
Industry Documents Digital Libraries Manager
University of California, San Francisco
530 Parnassus Avenue, Room 512

San Francisco, CA 94143-0840
(415) 514-0507
kim.klausner@ucsf.edu

|  |  |
|---|---|
| **From:** | csmithdepo@aol.com |
| **To:** | Klausner, Kim; |
| **Subject:** | RE: |
| **Date:** | Tuesday, April 05, 2011 10:23:43 AM |

Klausner Supplemental Declaration
Exhibit 2

Yes - appropriate box means available to the public as indicated on the 4(b).

-----Original Message-----
From: Klausner, Kim <Kim.Klausner@ucsf.edu>
To: 'csmithdepo@aol.com' <csmithdepo@aol.com>
Sent: Tue, Apr 5, 2011 11:25 am
Subject: RE:

Carol,
Thanks so much for the speedy response.  When you say the documents with those bates numbers are in the appropriate box, do you mean that they are in publically accessible boxes at the depository?

--Kim

-----Original Message-----
From: csmithdepo@aol.com [mailto:csmithdepo@aol.com]
Sent: Tuesday, April 05, 2011 9:08 AM
To: Klausner, Kim
Subject:

Kim:

We compared the list of bates numbers forwarded to us in your 4/4/2011 email and report the following:

1)  They are included in the 4(b) database;

2)  They are on the bates index in the appropriate box; and

3)  The documents bearing those bates numbers are in the appropriate boxes.

Please let us know if you need any additional information.

Carol Smith
Depository General Manager