UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>             Plaintiff,          )<br>                                    )<br>        v.                          )<br>                                    )<br> PHILIP MORRIS USA INC.,             )<br>    f/k/a PHILIP MORRIS INC., et al.,)<br>             Defendants.            )<br>                                    ) | Civil No. 99-CV-02496 (GK)<br><br>Next scheduled court appearance:<br>None |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STRIKE
DEFENDANTS' MARCH 22, 2011, FILING ON CORRECTIVE STATEMENTS;
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY**

**INTRODUCTION**

The Court twice ordered Defendants to include a proposed briefing schedule in their March 3, 2011, response brief, for whatever legal issues they believed the Court needed to decide. Defendants chose not to do so; and then chose to file a so-called "reply" on March 22 in support of their earlier objections to the United States' proffered corrective statements. Defendants now suggest that it would violate their due process rights if they suffer any consequences for disregarding the Court's instructions. This is not the case.

**DISCUSSION**

On December 22, 2010, the Court ordered Defendants to respond to the United States' proffered corrective statements by March 3, 2011. Order #7 (R. 5846; issued 12/22/2010). On February 23 and 25, 2011, this Court twice denied Defendants' bid to push that date back by several months, and ordered that their March 3 "responses shall include, but are not limited to . . . (2) A specification of the issues, if any, that they believe require briefing, *and proposed briefing*

*schedules*." Order #11 at 3 (R. 5873; issued 2/23/2011) (emphasis added); Order #14 at 1 n.1 (R. 5878; issued 2/25/2011).

Contrary to these requirements, Defendants' March 3 response brief did not include any proposed briefing schedules. As authorized by the Court's scheduling orders, *see* Order #11 at 3, the United States filed its reply in support of its proffered corrective statements on March 16. The United States confined its filing to replying to the arguments in Defendants' March 3 opposition brief, and complied with the Local Rules' page limits for reply briefs.

Defendants then filed what they called a "reply" on March 22, citing a Local Civil Rule that allows "the moving party" to file a reply to "the memorandum in opposition." Defs.' Reply in Supp. of Resp. to Gov't's Proposed Corrective Stmts. at 1 n.1 (R. 5893; filed 3/22/2011) (hereafter "Defs.' Reply to U.S. Reply") (citing LCvR 7(d) (D.D.C. 2010)). Defendants' current brief asserts that "[t]he Local Rules unambiguously authorize a reply brief under the circumstances—and are equally unambiguous that a party need not give notice to the Court or opposing parties in advance of such a filing." Defs.' Opp'n at 4 (R. 5904; filed 4/1/2011). However, the Court's order provides as follows:

> . . . and it is further
>      ORDERED that Defendants and Intervenors are *to respond* to
> the United States' recommended statements by March 3, 2011.
>      . . . .
>      . . .; and it is further
> ORDERED, that each party shall have until March 16, 2011, *to file replies, if any, to the responses* filed March 3, 2011, by the other parties . . . .

Order #11 at 2-3 (emphases altered). Here is what this Order means, according to Defendants:

> Defendants [are] *to begin the briefing* regarding the Government's proposed corrective statements by filing an opening brief on March 3, and
>
> . . . the Government and Intervenors [are] *to respond to those arguments* on March 16.

Defs.' Opp'n at 4-5 (paragraph break and emphases added). Defendants thus rewrite "to respond" in the Court's order to become "to begin the briefing," and "to file replies" becomes "to respond."[1]

Defendants combine their attempt to rewrite the Court's Orders with the mistaken notion that all briefing is necessarily "motion" briefing, so that if there are briefs, one of them must be an "opening brief," followed by a "memorandum in opposition," followed by a "reply"—all under Local Civil Rule 7, which is entitled "Motions." *Compare* Defs.' Opp'n at 3-5 *with* LCvR 7. Defendants' misconception might be more understandable if they had not taken part in a nine-month trial governed by detailed Orders that required proffering parties to proffer documents of one form or another, followed by objections from the other side, followed by responses from the proffering party —all without a "motion" or a "moving party," and none with a "reply" by the objecting party to support its objections. The Court ordered this procedure regularly. *See, e.g.*, Order #471 § IV(B) at 4-5 (R. 2911; issued 1/16/2004) (written notice of exhibits for the following week); § IV(B)(1) at 6 (same); § V at 9 (prior testimony). Objections to proffered exhibits and prior-testimony designations were then filed, *id.* § V at 9; and the proffering party's responses to the opposing party's objections ended the briefing, *id.* A similar rule governed proffered written direct testimony for

---

[1] As the Court will recall, Defendants have also recently claimed that when the Court ordered the United States to "submit" recommended statements and related documents by a particular date, the Court meant "submit to other parties but not to the Court." *Cf.* Order #9 at 1 (R. 5871; issued 2/23/2011) ("should the Court ever again use the word 'submit' in an Order, the parties shall understand that the word 'submit' is synonymous with the word 'file' ").

adverse live witnesses, with a proffer objections, and responses. Order #471A at 1 (R. 3823; issued 10/1/2004) (creating § IV(B)(3)(c) of Order #471).

In each instance, there were just three filings: The proffer, the objections, and the proffering party's response. There was no "motion"; there was no "moving party"; and there was no "reply in support of objections" from the objecting party. Defendants understand and largely complied with these Orders. The parties proffered tens of thousands of exhibits, prior testimony for hundreds of witnesses, and written direct testimony for dozens of adverse witnesses under these Orders.

The Court used exactly the same form of Order here: The Court ordered the United States to "submit" its recommended statements and related documents; ordered the Defendants to "respond" by March 3; and ordered that "each party shall have until March 16, 2011, to file replies, if any, to the responses filed March 3, 2011, by the other parties." Order #11 at 3.

Defendants finally suggest that striking their improper "reply" would deprive them of due process, or at the very least, "of a procedural right guaranteed by this Court's rules and preserved by this Court's orders, to say nothing of depriving the Court itself of a full airing of the legal arguments on this crucial issue." *Id.* at 5. As already discussed, the Local Civil Rule 7 governs motions, not proffers. Moreover, the Court has the authority to control its own docket; even for genuine motions, there is no requirement that reply briefs be allowed. (Indeed, in its Trial Procedure Order, the Court ordered that any motions in limine or other evidentiary motions during trial were to be filed by 5 p.m. each Wednesday, followed by opposition briefs by 5 p.m. the next day—with no provision for reply briefs. Order #471, § XII at 13-14.) Even if Defendants' March 3 filing had been a motion (rather than an opposition to the United States' proffer), it would not have been reversible error for the Court to refuse to accept a reply. *Floret, LLC v. Sendecky (In re Sendecky)*, 315 F.3d 904, 906

(8th Cir. 2003); *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001). At least one federal court's local rules *prohibit* reply briefs. Local Civil Rule 7.1(B)(3) (C.D. Ill. 2010) ("No reply to the response is permitted."). The inability to file a reply brief in support of a genuine motion is not a denial of due process. *Malizzio v. United States*, 46 F.3d 1133 (7th Cir. 1995) (unpublished table decision), *available at* 1995 WL 42339, at *5 ("The filing of a reply brief is neither required by the Constitution nor essential for appellate review."); *NLRB v. Eclipse Lumber Co.*, 199 F.2d 684, 686 (9th Cir. 1952) ("The Company claims that it is a denial of due process not to give a mandatory right to file a reply brief. We know of no such requirement.").

The Court established a briefing schedule for the United States to submit its recommended statements; for Defendants to file their objections; and for the United States to reply. Defendants wrongly seek to convert all briefing into "motion" briefing; their objection to the United States' proffer into the "begin[ning of] the briefing"; and the United States' "reply" into a "response." Defs.' Opp'n at 4-5. Defendants complain that if the Court does not accept their improper "reply," they would be unable to reply to the United States' reply to their objections—but ignore that the fault would be due to their failure to comply with two Court Orders to include proposed briefing schedules in their March 3 responses.

Finally, in the event that the Court permits Defendants' improper "reply" to remain on the docket, Defendants seek to restrict what the United States' further brief should be allowed to discuss. The United States previously pointed out that Defendants' "reply" wrongly claimed that the United States had not voluntarily provided Defendants focus-group transcripts that could be responded to only by raising what Defendants call "new facts"; Defendants now retreat into chain-of-custody and other evidentiary issues instead. If the Court decides to provide the United States with a further brief

5

rather than to strike Defendants' "reply," the United States should be allowed to use the space to support its proffered corrective statements as it believes most appropriate.

## CONCLUSION

For the reasons set forth above and in our opening motion, the United States respectfully urges the Court to strike Defendants' March 22 filing; or, in the alternative, to allow the United States to file a further brief of up to 20 pages, due Tuesday, May 10, 2011, in support of its recommended corrective statements.

Dated: April 7, 2011  
       Washington, D.C.

Respectfully submitted,

TONY WEST  
Assistant Attorney General

MAAME EWUSI-MENSAH FRIMPONG  
Acting Deputy Assistant Attorney General

EUGENE M. THIROLF, Director  
Office of Consumer Litigation

\_\_\_/s/_____  
DANIEL K. CRANE-HIRSCH  
Trial Attorney  
Office of Consumer Litigation, Civil Division  
United States Department of Justice  
PO Box 386  
Washington, DC 20004-0386  
Telephone: 202-616-8242  
Facsimile: 202-514-8742  
E-mail address: daniel.crane-hirsch@usdoj.gov