**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PHILIP MORRIS USA, INC., (f/k/a Philip Morris, Inc.), *et al.*,**<br><br>**Defendants.** | **CIVIL ACTION NO. 99-2496(GK)** |

## DEFENDANTS' SURREPLY IN OPPOSITION TO THE UNITED STATES' MOTION FOR CLARIFICATION REGARDING DEFENDANTS' OBLIGATION TO DISCLOSE DISAGGREGATED MARKETING DATA

Defendants submit this short, 3-page surreply to clarify three fundamental points that the Government has confused in its reply brief.

First, the Government's reply argues—for the first time—not that this Court's Order #1015 was unclear, but rather that the Court misunderstood the underlying facts. This is simply wrong. Instead, the Government is seeking to re-assert an argument that has already been rejected by this Court. At trial, the Government's expert, Dr. Michael Eriksen, made quite clear that the Government was seeking a marketing data disclosure remedy that was quite different from the data compilations submitted by various Defendants to the FTC. *See* Written Direct Examination of Michael Eriksen, Sc.D. at 14-18 (Document 5371); Trial Tr. at 11909-11911, 21053-21055, 21131-21136, 21138-21139, 21215-21216. In its proposed final judgment and order submitted following trial in June 2005, the Government included a broad definition of "Disaggregated Marketing Data" not tied to the data compilations annually produced by certain Defendants to the Federal Trade Commission ("FTC") and sought disclosure of such "Disaggregated Marketing Data" pursuant to a schedule set forth in that proposed final judgment

and order. *See* United States' [Proposed] Final Judgment and Order at 2, 29-31 (Document 5531). Further, in its post-trial brief supporting this remedy, the Government in no way tied the remedy it sought to the data compilations disclosed by the Defendants to the FTC. *See* Post-Trial Brief of the United States of America at 245-247 (Document 5606); Reply Memorandum in Support of the Post-Trial Brief of the United States of America at 77, 94-95 (Document 5674). For their part, Defendants strenuously objected to the Government's marketing data disclosure remedy including providing FTC data compilations to DOJ. *See, e.g.,* Joint Defendants' Offer of Proof at 4-5 (Document 5657-2); Corrected Post-Trial Brief of Joint Defendants at 12, 208-213 (Document 5666).

This Court ***rejected*** the position of Defendants yet also ***denied*** the broad data disclosure remedy sought by the Government. Instead, it ordered "Defendants to provide their disaggregated marketing data to the Government according to the same schedule on which they provide it to the FTC." *United States v. Philip Morris, Inc.*, 449 F. Supp. 2d 1, 196 (D.D.C. 2006), *aff'd in part, rev'd in part,* 566 F.3d 1095 (D.C. Cir. 2009). This requirement is reflected in paragraphs 16-19 of Order #1015.

The Government should not be able to seek in the guise of "clarification" what this Court has already rejected. The Court previously considered and rejected the precise remedy that the Government now seeks to impose on Defendants. The Government's attempted "second bite at the apple" should be rejected.

Second, the Government states in its reply that Defendants seek to limit the dissemination of disaggregated marketing data produced pursuant to Order #1015 "to the United States' lawyers and their supporting personnel in the Justice Department, without the ability to consult with economic, marketing, communications, statistical, and other experts in other Executive

Branch components, or even Department of Justice expert witnesses." United States' Reply at 6. However, Defendants position, as stated in Defendants' response, is the following:

> This Court previously held that, given the sensitive nature of this information, it "will be disclosed only to the Department of Justice, the enforcing agent of this decree." 449 F. Supp. 2d at 197. DOJ's request to amend the Order to permit it [to] share such information with any other executive agency for any reason is thus contrary to the Order and should be rejected. In any event, it is overbroad. At most, DOJ should be permitted to disclose Defendants' disaggregated marketing data to other Executive Branch agencies only to the extent necessary to enforce Order #1015. Further, any individuals with access to such information should be required to execute a Confidentiality Agreement pursuant to Order #36. Such an information sharing procedure would allow DOJ to share Defendants' disaggregated marketing information for purposes of enforcement while also recognizing Defendants' interests in protecting the confidentiality of their disaggregated marketing information.

Defendants' Response at 10. Thus, Defendants agree that the Department of Justice may disseminate such information to the extent necessary to enforce Order #1015.

Finally, the Government asserts that Defendants' position is that, because Order #1015 was stayed for four years pending appeal, they need only provide disaggregated marketing data for six years instead of the ten years required by Order #1015. United States' Reply at 7. What Defendants said was that, "[a]t most, the ten-year period should run from Defendants' initial production of FTC reports pursuant to the Order, which took place in October 2010." Defendants' Response at 2 n.1.

In sum, the Government's motion should be denied, except that Defendants do not object to amending paragraph 16 of Order #1015 as follows: (1) by striking "for a period of ten years from the date of this Final Judgment and Remedial Order" and adding "until October 31, 2020"; and (2) by adding a final sentence stating, "Subject to paragraph 19, the Department of Justice may share this data with other Executive Branch agencies to the extent necessary to enforce this Order."

Dated: March __, 2011

Respectfully submitted,

/s/

Beth A. Wilkinson (D.C. Bar No. 462561)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420

Miguel A. Estrada (D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8257
Fax: (202) 530-9016

Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-6700
Fax: (202) 558-5700

Attorneys for Defendants
Altria Group Inc. and Philip Morris USA Inc.

/s/

Robert F. McDermott (D.C. Bar No. 261164)
Peter J. Biersteker (D.C. Bar No. 358108)
Noel J. Francisco (D.C. Bar No. 464752)
Geoffrey K. Beach (D.C. Bar No. 439763)
JONES DAY
51 Louisiana Avenue, N. W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Fax: (202) 626-1700

R. Michael Leonard
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 721-3721
Fax: (336) 733-8389

Attorneys for Defendant
R.J. Reynolds Tobacco Company, individually and as successor by merger to Brown & Williamson Tobacco Corporation

/s/__________________________________

Michael B. Minton
THOMPSON COBURN LLP
One US Bank Plaza, Suite 3500
St. Louis, Missouri 63101-1693
Telephone: (314) 552-6000
Fax: (314) 552-7597

Attorneys for Defendant
Lorillard Tobacco Company

/s/__________________________________

David L. Wallace
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza, 34th Floor
New York, New York 10112-0219
Telephone: (212) 408-5100
Fax: (212) 541-5369

Attorneys for Defendant
British American Tobacco (Investments) Limited
(f/k/a British-American Tobacco Company Limited)