UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 99-2496 (GK) |
| **PHILIP MORRIS USA INC.**, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

The United States has filed a Motion for Clarification Regarding Defendants' Obligation to Disclose Disaggregated Marketing Data [Dkt. No. 5854]. Upon consideration of the Motion, the Responses of Defendants and Public Health Intervenors, the Reply, Defendants' Surreply, and the entire record, the Court concludes that the Motion should be **granted** for the following reasons.

In its Motion, the United States indicates that the parties disagree about the meaning of certain language contained in paragraphs 16-19 of the Court's Final Order (Order #1015), United States v. Philip Morris USA Inc., 449 F. Supp. 2d 1, 944-945 (D.D.C. 2006) aff'd in part and vacated in part, 566 F.3d 1095 (D.C. Cir. 2009) (per curiam), cert. denied, 561 U.S. __, 130 S. Ct. 350 (2010) (hereafter "the Opinion"), and that their disagreement centers on two issues:

(1) what categories of data Defendants are required to provide; and

(2) whether the Department of Justice may share the data with other Government agencies.

After considering the parties' papers, it is clear that there is also a third area of disagreement and that is the period of time during which the Defendants are subject to the provisions of the Final Order. The Court will address each of these areas in turn.

l.	Paragraph 16 of the Final Order requires each Defendant "to disclose all disaggregated marketing data to the Government in the same form and on the same schedule which Defendants now follow in disclosing disaggregated marketing data to the Federal Trade Commission."  Id. at 944.  The dispute between the parties boils down to the issue of whether Defendants need disclose only the disaggregated marketing data that they are required to give the Federal Trade Commission or whether Defendants are required to provide all marketing data which is disaggregated by geographical region, type of marketing, and any categories of data that are collected or maintained on Defendants' behalf.

The term "disaggregated marketing data" is defined in the Glossary contained in Appendix I to the Opinion, id. at 946-47, as follows:

> **Disaggregated Marketing Data**:  Data that has been broken down by type of marketing (including sales data), brand, geographical region (to the smallest level of geographic specificity maintained by each Defendant), type of promotion or marketing used, number of cigarettes sold, advertising in stores and any other category of data collected and/or maintained by or on behalf of each Defendant.[1]

After concluding that "Defendants' suppression and concealment of information has been "integral to the Enterprise's overarching scheme to defraud," the Court ruled that disaggregated marketing data must be disclosed "in order to prevent and restrain such RICO violations in the future." Id. at 928.  As the Court noted, "[n]ot only have Defendants failed to publicly disclose all the information they internally held about their cigarettes, but they have created false controversies about the existence of such information." Id.

---

[1]    See also, id. at 932 n.90.

The Court explained that "[d]isclosing such information will allow the public to monitor what Defendants are doing internally and to assess the accuracy of future information they may make available about their activities and their products. Imposing such disclosure requirements will act as a powerful restraint on Defendants' future fraudulent conduct." Id. at 928-29.

While it is true, as Defendants argue, that they do disclose to the Federal Trade Commission a certain amount of marketing data, the amount is limited in scope, and does not include any sales information broken down by "type of marketing," "geographical region," or "type of promotion." Id. at 946-47.

When the language in paragraph 16 of the Final Order is read in conjunction with the definition of the term "disaggregated marketing data" contained in both the Glossary and footnote 90, and in conjunction with the purpose to be accomplished by the requirements set forth in paragraph 16, there is no question that the Glossary defines the term "disaggregated marketing data" used in paragraph 16 of the Final Order and establishes the parameters of the Defendants' obligation to produce such data to the Government. Defendants must therefore disclose data "broken down by type of marketing (including sales data), brand, geographical region (to the smallest level of geographic specificity maintained by each Defendant), type of promotion or marketing used, number of cigarettes sold, advertising in stores and any other category of data collected and/or maintained by or on behalf f each Defendant." Id.

2. The United States argues that the Department of Justice should be allowed to share whatever disaggregated marketing data Defendants are required to provide under the Final Order with other appropriate Executive Branch agencies. The United States totally agrees with Defendants

that any such disaggregated marketing data is subject to the confidentiality requirements of paragraph 19 of the Final Order and Orders #7 and #36.

Defendants oppose the clarification the Government seeks on the ground that it is overbroad. However, Defendants do agree that "[a]t most, DOJ should be permitted to disclose Defendants' disaggregated marketing data to other Executive Branch agencies only to the extent necessary to enforce Order #1015." Defs.' Response to Mot. for Clarification at 10.

The Court concludes that the disaggregated marketing data which Defendants must provide to the Government under paragraph 19 may be disclosed to other Governmental entities. Any such disclosures are, of course, subject to the confidentiality provisions contained in Final Order #1015 and Orders #7 and #36.

If read absolutely literally, as Defendants would do, paragraph 19 of the Final Order would preclude the Government from sharing such information with experts whose opinion they were seeking, as well as with other Government entities with an obvious interest in the data disclosed, such as the Centers for Disease Control, the Food and Drug Administration, entities within the National Institutes of Health, law enforcement agencies, and experts in the fields of marketing, statistics, communications, and other relevant disciplines.[2] Such a result would hamstring the Government's ability to ensure compliance with the Final Order and to understand, verify, and interpret all data disclosed by Defendants. Finally, the purpose for requiring submission of the disaggregated marketing data, "to ensure transparency of Defendants' marketing efforts, particularly

---

[2] Paragraph 16 requires submission of "all disaggregated marketing data <u>to the Government</u>" (emphasis added). There is no suggestion that there is any restriction on dissemination within "the Government."

those directed toward youth and what effect such efforts are having," id. at 932, would be seriously compromised.

3.   The Final Order provides that Defendants shall be subject to its provisions for 10 years from the date of its entry.  Defendants maintain that because the Order was filed on August 17, 2006, their obligations under it end on August 16, 2016.  The Government maintains that paragraph 16 of Order #1015 should be in effect for 10 years from the date Defendants first complied with it -- sometime in late 2010.

If the Final Order had been in effect since August 17, 2006, the Defendants might have a plausible argument.  However, as we all know, the Order has not been in effect -- due to Defendants' success in obtaining an emergency stay pending appeal from the Court of Appeals.  Defendants should not benefit from the emergency stay they sought, and obtained, given the fact that the Court's findings and conclusions, with a few exceptions, were affirmed on appeal. Moreover, not only has the Order not been in effect since 2006 to the present, but if Defendants' argument was accepted, they would be subject to its provisions for only another six years, in clear contravention of this Court's intention.  In short, in order to obtain full compliance with the intent of paragraph 16, the Defendants will be required to disclose the relevant disaggregated marketing data for a period of 10 years from the July 29, 2010, issuance of the Court of Appeals' Mandate giving this Court renewed jurisdiction.

For the foregoing reasons, the Government's Motion for Clarification is **granted**.


April 19, 2011                          /s/
                                        Gladys Kessler
                                        United States District Judge