UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 99-CV-2496 (GK) |
| | ) | |
| and | ) | Next scheduled court appearance: NONE |
| | ) | |
| TOBACCO-FREE KIDS ACTION FUND, *et al.*, | ) | |
| | ) | |
| Plaintiff-Intervenors, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILIP MORRIS USA, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PUBLIC HEALTH INTERVENORS' FURTHER BRIEF
ON THE MINNESOTA DEPOSITORY**

The Court has instructed the parties to brief "who, as between the Court in Minnesota and this Court, has jurisdiction to manage the Minnesota Depository now that the original order filed in Minnesota State Court, which created it has expired." Order of May 6, 2011. The answer to that specific question is that *this Court*, rather than the Court in Minnesota, has jurisdiction both to enforce Defendants' compliance with their obligations vis-á-vis the Depository, and to oversee operations there. Nonetheless, while this Court must be the ultimate decision-maker as to any disputes that may arise, as explained below, the Public Health Intervenors have no objection to the Court utilizing Federal Rule of Civil Procedure 53, or some other procedural vehicle, to authorize someone else, including a judicial officer such as Judge Guthmann, to assist in implementing this remedial measure. *E.g. Cobell v. Norton*, 334 F.3d 1128, 1143 (D.C. Cir.

2003) (noting that appointment of such an officer can be "appropriate in the implementation of complex equitable decrees which require ongoing judicial supervision").

## Discussion

As the Court has noted, now that Defendants' obligations pursuant to the order creating the Minnesota Depository have expired, Defendants' continuing duties to fund and produce documents to the Minnesota Depository arise from *this* Court's Order. Order # 1015, § II.C.11. Indeed, while the parties are presently disputing whether the Court should add some kind of *exclusive* jurisdiction clause to Order # 1015, *see* DN 5896, the parties agree that *this Court* has jurisdiction to enforce compliance with Order # 1015. *See, e.g.* DN 5928 (Defendants arguing that "this Court [has] jurisdiction to enforce its injunctions").

However, the Public Health Intervenors certainly have no objection to the Court appointing a Special Master, under Federal Rule of Civil Procedure 53, to assist in implementing this aspect of the Remedial Decree. Indeed, Intervenors have suggested such an approach for implementation of corrective statements, *see* DN 5883 at 18, and utilizing such outside expertise for the Depository may also be appropriate. *See* Fed. R. Civ. P. 53(a)(1)(C) (a special master may be appointed to "address pretrial and postrial matters that cannot be addressed effectively and timely by an available district judge . . . ."); *see also Cobell*, 334 F.3d at 1142 (noting "the practice of a federal district court appointing a special master pursuant to Rule 53 to supervise implementation of a court order . . . ."); *United States v. Microsoft Corp.*, 147 F.3d 935, 954 (D.C. Cir. 1998) (noting the "well-recognized category of references [under Rule 53] for purely remedial determinations"); *see also Ellis v. Gallatin Steel Co.*, 390 F.3d 461, 469 (6th Cir. 2004)

(noting appointment of "a court-appointed expert to monitor [Defendants'] compliance with the injunction").

Among the possible individuals who might serve this role would be Judge Guthmann – who is already familiar with Defendants' obligations, having presided over the Depository most recently – as well as any of the other former Minnesota Judges who played the same role during the term of the Minnesota order.  *See also Louisiana v. Mississippi*, 466 U.S. 921, 921 (1984) (noting appointment of senior state court judges as special masters).  There may also be others with relevant expertise who could play this role, such as perhaps the prior special master from either the Minnesota litigation,  *see, e.g., State ex rel. Humphrey v. Philip Morris Inc.,* 606 N.W.2d 676, 683 (Minn. App. 2000) (special master appointed), or this case.  *See* DN 5878, Order # 14 (referring remedial issue concerning websites to Judge Levie, who served as a special master before the trial).

Should the Court determine that such an appointment is appropriate, the Public Health Intervenors have no objection to such a judicial offer resolving any interpretive questions that the Minnesota Depository staff may pose and initially hearing any disputes that might arise as to Defendants' compliance with their Minnesota Depository obligations – so long as any contested issue decided by that official is reviewable by this Court.  *See* Fed. R. Civ. P. 53(f) (concerning review of special master's decisions and recommendations).  Although we have already identified the most likely candidates, Intervenors can provide a specific list of "suggested

candidates for appointment," Fed R. Civ. P. 53(b)(1), should the Court desire further guidance on who should be appointed for this role.

                    Respectfully submitted,

/s/ *Howard M. Crystal*
Howard M. Crystal
(D.C. Bar No. 446189)
Katherine A. Meyer
(D.C. Bar No. 244301)

MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, Suite 700
Washington, DC 20009
202-588-5206
hcrystal@meyerglitz.com

June 15, 2011                    Attorneys for the Public Health Intervenors