UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>TOBACCO-FREE KIDS )<br>ACTION FUND, *et al.* )<br>)<br>Plaintiff-Intervenors )<br>)<br>v. )<br>)<br>PHILIP MORRIS USA INC., *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 99-CV-2496 (GK)<br>Next scheduled court appearance: NONE |

## (Proposed) ORDER #27-REMAND:
## CONSENT ORDER BETWEEN THE UNITED STATES, THE PUBLIC HEALTH INTERVENORS, PHILIP MORRIS USA INC., ALTRIA GROUP, INC., AND R.J. REYNOLDS TOBACCO COMPANY CONCERNING DOCUMENT DISCLOSURE OBLIGATIONS UNDER ORDER #1015

Upon consideration of the Joint Motion for Consent Order Between the United States, the Public Health Intervenors (hereafter "Plaintiffs"), Philip Morris USA Inc., Altria Group, Inc., and R.J. Reynolds Tobacco Company (hereafter "Defendants") Concerning Document Disclosure Obligations Under Order #1015, and the entire record herein, it is hereby ORDERED that:

Defendants' document disclosure obligations under Order #1015 (DN 5733, Aug. 17, 2006), published as *United States v. Philip Morris USA Inc.*, 449 F. Supp. 2d 1, 940-44 (D.D.C. 2006), *aff'd in part & vacated in part*, 566 F.3d 1095 (D.C. Cir. 2009) (*per curiam*), *cert. denied*, 561 U.S. ___, 130 S. Ct. 3501 (2010), are MODIFIED as set forth below.

I.  **Effective Date**

The effective date of this Order is November 1, 2011. Unless otherwise specified, the requirements in this Order will be prospective. All documents posted to Defendants' websites on or after January 1, 2012 will conform to these prospective requirements when posted. If Defendants post any documents between November 1, 2011 and January 1, 2012 that are not in conformance with these coding requirements, they will have until May 1, 2012 to bring such documents into conformance and re-post them.

II. **Monetary Terms**

A.  Philip Morris USA Inc. and Altria Group, Inc. (collectively, hereafter "PM") and R.J. Reynolds Tobacco Company (hereafter "RJR"[1]) will each deposit, on or before the dates indicated below, the amounts indicated below with the Registry of the Court:

| | |
|---|---|
| Friday, December 30, 2011 | $200,000 |
| Wednesday, February 15, 2012 | $750,000 |
| Friday, February 15, 2013 | $750,000 |
| Friday, February 14, 2014 | $750,000 |
| Monday, February 16, 2015 | $675,000 |
| | |
| Total (PM and RJR each): | $3.125 million |
| Total (combined): | $6.25 million |

B.  The Registry of the Court will, upon receipt of each of these installments, disburse the funds to the University of California, San Francisco (hereafter "UCSF").

C.  PM and RJR will make these payments in lieu of their prior obligations under Order #1015 to code person mentioned, organization mentioned, and brand mentioned fields, and as part of a resolution of the scope of their coding obligations for documents posted on their public document websites as a result of production in court or administrative actions in the

---

[1] For purposes of obligations discussed in this Order, "RJR" shall refer to obligations associated with R.J. Reynolds Tobacco Company, Brown & Williamson, and American Tobacco.

United States concerning smoking and health, marketing, addiction, low-tar or low-nicotine cigarettes, or less hazardous cigarette research both prior to November 1, 2011, and on or after that date.

### III. Monetary Conditions and Technical Meetings with UCSF

A. The funds deposited with the Registry of the Court will be used by UCSF to improve access to and functionality of the Legacy Tobacco Documents Library, *e.g.*, through coding documents and providing enhanced search capabilities (with the understanding that the university may assess some percentage for indirect costs). UCSF will not use these funds for any other purpose.

B. As a condition for receipt of the payments provided in Paragraph A above, UCSF will file through the ECF system, by December 31 of each year (beginning in 2012) and up to and including the final year in which these funds are used, a certification confirming that these funds have been used only for the purposes described in the preceding paragraph and not for any other purpose.

C. If UCSF uses any of these funds in a manner inconsistent with Paragraph B, any such funds will be refunded to the Registry of the Court. In that event, the parties will have thirty (30) days to apply to the Court requesting that the funds either be refunded to Defendants, or used in some other manner related to document coding and/or document websites.

D. UCSF may use the monies received for the purposes specified in Paragraph B through December 31, 2025. UCSF will have until that date to use all the funds provided by this Consent Order, and will continue to file annual certifications until all funds are used. If any of the funds remain unused by that date, any remaining funds will be refunded to the Registry of the

Court. In that event, the parties will have thirty (30) days to apply to the Court requesting that these funds either be refunded to Defendants, or used in some other manner related to document coding and/or document websites.

E. PM and RJR will, at UCSF's request, each participate in separate monthly technical meetings with representatives from UCSF, during which PM and RJR will seek to provide meaningful and substantive responses to queries.

IV. **Coding Requirements for Bibliographic Fields on Defendants' Websites**

The following provisions replace Paragraph II.C.10.c of Order #1015:

c. The technical requirements for documents posted to Defendants' Internet Document Websites are as follows:

i. **Posting Requirements for Hardcopy and Electronic Documents**

A. For scanned hard-copy documents, Defendants will post to their websites searchable PDFs of the documents, with Optical Character Recognition (OCR) search capability, and will include OCR text in a separate text file.

B. For electronic-source documents (both email and non-email), Defendants will post to their websites searchable PDFs of the documents, with OCR search capability, and will provide the extracted electronic text in a separate text file, unless those documents are redacted, in which case OCR text will be provided.

ii. **Basic Bibliographic Coding Requirements for All Documents**

A. Bibliographic coding of all documents will be done by humans or be at least equivalent in accuracy to human coding.

4

B.  Defendants' Internet Document Websites will provide, and be searchable by, the following bibliographic fields (or fields with substantially similar names) for all documents (even those withheld on grounds of privilege or confidentiality): Document Title; Document ID; Master ID (to include Bates ranges for the document and all attachments; or if the document is an attachment, Bates ranges for the "parent" document to which it is attached and for all other attachments to that "parent" document); Other Number; Document Date; Primary Type; Person Author; Person Recipient; Person Copied; Organization Author; Organization Recipient; Organization Copied; File Name; Page Count; Date Loaded; Date Updated; Document Format; Characteristics; Redactions; and the four administrative fields. Certain of these fields are discussed further below. Hyperlink fields will also be included that will link to the actual document and to the separate text file.

C.  For all documents, Defendants will prospectively add a Document Format field that will indicate whether the document is (a) an email; (b) a non-email electronic document; or (c) a scanned hard-copy document.

D.  PM and RJR will also prospectively code documents with: (1) a "characteristics" field (or a separate "marginalia" field and "characteristics" field ) that will indicate information historically coded in this field (e.g. marginalia, illegible, draft) and (2) a "redactions" field that will indicate the nature of any redaction in a document (*e.g.* privilege redaction, confidential redaction). In addition, by January 1, 2012, PM and RJR will provide all pre-existing redaction information for all documents that is readily obtainable other than from the document itself in the "redactions" field, but will have no further retrospective obligation for this field.

E. For all documents, the person author, organization author, person recipient, organization recipient, person copyee, and organization copyee fields will be populated with separate "person name" (*i.e.,* last name, first name) and "organization name" (*e.g.* PM USA, RJRT) variants.

F. For emails, Defendants will code the person author, organization author, person recipient, organization recipient, person copyee (including bcc's), and organization copyee (including bcc's) fields to the extent such information appears in the metadata, the company's internal email address book, the header, the footer, or the signature block of the email. To the extent this information cannot be captured from their internal email address book or using automated technologies, Defendants will open and review the first page of all emails, including signature blocks, headers, and footers. Person and organization names will be provided as fully as possible from this information, but Defendants will not be required to do any external research. If person names cannot be determined through the means set forth above, the email address will be provided as set forth on the face of the document.

G. For all electronic documents other than emails, Defendants will provide objective coding of document date, document title, person author, organization author, person recipient, organization recipient, person copyee, and organization copyee. To the extent this information cannot be captured using automated technologies, Defendants will open the electronic document and review the first page.

H. For electronic documents dated after January 1, 2012, and for electronic documents dated prior to January 1, 2012 to the extent they were not collected or processed for litigation prior to January 1, 2012, Defendants will provide file path information (including all

folder and sub-folder information for emails if collected from systems that have such information) as part of the File Name field. Defendants will not be required to provide file path information generated as a result of processing following collection for litigation purposes.

### iii.  Coding Requirements for "Administrative Fields"

A.   Defendants prospectively will undertake, and retrospectively will undertake through their best efforts to the extent that such information is reasonably available (*e.g.*, is available on the Minnesota Depository 4B indices) to Defendants, to code documents required to be posted to the Defendants' websites for the following categories:

1.   the court or administrative case in which the document was produced or transcript taken, provided that (i) prospectively, Defendants will be required to code a document only for those cases in which Defendants produce a defined set of documents (as opposed to production via a general reference to their websites), and (ii) retrospectively, Defendants will post document production histories to their public document websites for documents produced in any court or administrative action in the United States concerning smoking and health, marketing, addiction, low-tar or low-nicotine cigarettes, or less hazardous cigarette research beginning with the Minnesota AG case, State of Minnesota v. Philip Morris, Inc., No. C1-94-8565 (Minn. Dist. Ct.) (with the mutual understanding that certain of these document production histories may be inaccurate or incomplete).

2.   the date on which the document was produced or transcript received, provided that (i) prospectively, Defendants will be required to code only for the first date of production, and (ii) retrospectively, for documents already coded to a date of production/posting, Defendants are not required to change that existing coding; for documents

lacking such existing coding, Defendants will be required to code a document only to the first date on which the document was produced to the extent such information is reasonably available to Defendants, and for transcripts may code the date upon which the deposition or other testimony was "taken" instead of the date upon which a Defendant "received" the transcript;

        3.    the date a hard copy was produced to the Minnesota Depository; and

        4.    the box number in which a hard copy was produced to the Minnesota Depository.

        B.    Defendants will have until May 1, 2012 to complete retrospective coding of these four categories.

**V.    Document Posting Requirements**

    The following provisions replace Paragraph II.C.10.b of Order #1015:

b.    Document posting requirements are as follows:

        i.    With the exception of documents that are subject to confidentiality review, each Defendant will add these additional documents referred to in the previous subparagraph (subparagraph II.C.10.a.), as well as any other data newly acquired by this Final Judgment and Remedial Order, to its Internet Document Website(s) within 45 days of the date of production, in the case of documents; and within 45 days of receipt of the final transcript, in the case of depositions and letters of request testimony. These requirements are subject to Paragraph II.C.14 concerning documents under court order or ruling.

        ii.    Beginning November 1, 2011, Defendants will post, within fourteen days of production, electronic indices including the following information for each document produced:

      A.    Sufficient information to uniquely identify each item. For example, for produced documents, Document ID (typically the first and last Bates numbers) is sufficient; for transcripts, the witness name and date of testimony is sufficient.

      B.    Identification of the litigation or administrative action in which the document production or transcript receipt triggers the duty to add the documents or transcripts under Paragraph II.C.10.a.

      C.    The date on which the document was produced or the final transcript was received (including any errata).

      D.    Identification of documents subject to confidentiality review.

    iii.    For documents identified as being subject to confidentiality review (*e.g.*, trade secret information; personal confidential information), PM and RJR will have 90 days from the production date to post such documents in conformity with the confidentiality review.

## VI. Minnesota Depository Requirement

    a.    The following provision replaces Paragraph II.C.11.b of Order #1015:

b.    These documents shall be produced to the Minnesota Depository within 45 days of being produced in the related judicial or administrative proceeding (or upon receipt of a final transcript). PM and RJR will have 90 days from the production date to send the Minnesota Depository documents subject to the confidentiality review provision set forth in Paragraph 13.

    b.    The following provision replaces Paragraph II.C.11.c of Order #1015:

c.    Each production of documents to the Minnesota Depository shall include a hard copy index of the Bates numbers of the documents in that production. Defendants will each update the electronic index of documents produced to the Minnesota Depository (historically known as

the Minnesota 4B Index) to reflect the documents in each production. The index shall include the fields specified in Paragraph II.C.10.c.ii.B. The 4B Index will be updated by May 1, 2012, to reflect any productions to the Minnesota Depository between November 1, 2011 and May 1, 2012. For all productions to the Minnesota Depository after May 1, 2012, the 4B Index will be updated at the same time that the documents are produced.

**VII.   Redaction Procedures for Personal Information**

The following provisions replace Paragraph II.C.13 of Order #1015:

13.a.   Defendants may redact from a document placed on their Internet Document Websites or produced to the Minnesota Depository the following information for any individual:

    1. All Social Security numbers

    2. All home addresses

    3. All personal telephone numbers (home or mobile)

    4. All financial account information (including last four numbers)

    5. All driver's license and other personal identification numbers (including last four numbers)

    6. Date of birth

    7. Mother's maiden name

    8. Names of minors (initials will be provided)

b.   Defendants may redact from a document placed on their Internet Document Websites or produced to the Minnesota Depository, the following personal information about Defendants' employees, employees' relatives and children, and consumers in their capacity as consumers:

1.  Redaction is authorized, prospectively, of personal email addresses for Defendants' employees, employees' relatives and children, and consumers in their capacity as consumers.

2.  Redaction is authorized, prospectively, of names of Defendants' employees, employees' relatives and children, and consumers in their capacity as consumers if the document or transcript personally links the person to any one or more of the following categories of information:

    A.  Sexual orientation information
    B.  Health or medical information
    C.  Religious/ethnic information
    D.  Political opinion/affiliation information
    E.  Trade union membership information
    F.  Marital status

    For deposition transcripts, Defendants may alternatively redact the information covered by this subsection rather than the name.

3.  For any document or transcript that personally links an employee, an employee's relative or child, or a consumer in their capacity as a consumer to employment-related information, redactions may be made as follows:

    A.  Redaction is authorized, prospectively, of names of Defendants' employees' relatives and children, and consumers in their capacity as consumers, if the document or transcript personally links the person to employment-related information. For transcripts, Defendants may

alternatively redact the employment-related information covered by this subparagraph (¶ 13.b.3.A) rather than the name.

B. Redaction is prohibited, prospectively, of either the names of employees or employment-related information where the document or transcript personally links the employee to background employment information such as job history, qualifications, and reporting relationships, or employment-related information that is related to smoking and health, marketing, addiction, low-tar or low-nicotine cigarettes, or less hazardous cigarette research. As examples, this category includes documents and transcripts concerning an employee being disciplined for marketing to youth, or concerning an employee receiving a bonus for testimony in smoking-and-health litigation.

C. Redaction is authorized, prospectively, of names of Defendants' employees if the document or transcript personally links the employee to any employment-related information about him or her that is not covered by subparagraph 13.b.3.B above. As examples, this category includes documents and transcripts concerning an employee being disciplined for tardiness or missing work. For transcripts, Defendants may alternatively redact the employment-related information covered by this subparagraph (13.b.3.C) rather than the name.

c. Limitation on Subparagraphs 13.b.2 and 13.b.3: Notwithstanding subparagraphs 13.b.2 and 13.b.3, redaction is prohibited under these subparagraphs when (1) it is clear, on the

face of the document, that the individual has publicly and intentionally associated him or herself with one of the categories listed, or (2) the document is publicly available or has been publicly disseminated, such as a newspaper article or a public court filing.

   d. Such redactions shall indicate that confidential personal information has been redacted.

   e. For up to 75 documents per 30-day period, Plaintiffs may invoke the following procedure: If Plaintiffs believe that specific personal information in a document posted to a Defendant's website on or after January 1, 2010, is not redacted in a manner consistent with Paragraphs 13.a or 13.b above, Plaintiffs may request a copy of the document with the personal confidential information unredacted. In addition, Plaintiffs may request a copy of a document with redactions for personal information loaded to a Defendant's website prior to January 1, 2010, but such requests are limited to a total of 100 documents from Defendants over the course of this agreement. Within 10 days of receiving such a request, Defendants will either lift the specific redaction(s) and repost the document on the website and notify plaintiffs, or, alternatively will provide Plaintiffs with a copy of the document with the personal confidential information unredacted, which may be designated as "Confidential" under Order #7 if that Order's criteria apply. If, after reviewing the document with the personal confidential information unredacted, Plaintiffs continue to believe that the redaction was improper, then Plaintiffs may raise the issue with the Special Master. If the parties are unable to reach agreement on redaction, then the Special Master will issue a report and recommendation to the Court. Either party may file a written objection, not to exceed 15 pages, to the report and recommendation, after which the opposing party may file a response not to exceed 15 pages,

followed by a reply not to exceed 5 pages.

  f. Apart from obligations arising under the challenge procedure in Paragraph 13.e above, Defendants will not be required to conduct a redaction review or otherwise conform redactions on documents posted to their public websites before November 1, 2011, to the requirements set forth in paragraphs 13.a through 13.c above.

  g. The redaction protocol set forth above governs the redaction of confidential personal information only and does not pertain to or otherwise modify requirements regarding the redaction of trade secrets set forth in Paragraph 13.

  h. Wherever less than the entirety of a document is subject to a claim of privilege or trade secret pursuant to Paragraph 14, Defendants shall produce the document in redacted form on their Internet Document Websites and the Minnesota Depository. Such redactions shall indicate that privileged or trade secret information, as appropriate, has been redacted.

## VIII. Miscellaneous Provisions

  A. This Consent Order is without prejudice to Defendants' argument that Order #1015 does not apply retrospectively, and no party will cite this Consent Order as a basis for arguing that any other part of Order #1015 applies retrospectively.

  B. This Consent Order modifies certain provisions of Order #1015. By agreeing to this Consent Order, Defendants are not waiving their rights to move to vacate or modify this Consent Order or seek other relief based on future events, including without limitation the outcome of Defendants' pending appeal in <u>United States v. Philip Morris USA Inc.</u>, No. 11-5145 (D.C. Cir.), which seeks to vacate Order #1015 in its entirety.

DATED: Dec 14, 2011

GLADYS KESSLER
U.S. District Judge

We consent to entry of the above consent order:

Dated: December 13, 2011

TONY WEST
Assistant Attorney General

MAAME EWUSI-MENSAH FRIMPONG
Acting Deputy Assistant Attorney General

MICHAEL BLUME, Director
KENNETH JOST, Deputy Director

/s/
DANIEL K. CRANE-HIRSCH
JOHN W. BURKE
Trial Attorneys
Consumer Protection Branch, Civil Division
United States Department of Justice
PO Box 386
Washington, DC 20004-0386
Telephone: 202-616-8242 (Crane-Hirsch)
    202-353-2001 (Burke)
Facsimile: 202-514-8742
E-mail address: daniel.crane-hirsch@usdoj.gov
josh.burke@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/ Howard M. Crystal
Howard M. Crystal (D.C. Bar No. 446189)
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, Suite 700
Washington, DC 20009
202-588-5206
hcrystal@meyerglitz.com

*Attorney for the Public-Health Intervenors*


/s/
Beth A. Wilkinson (D.C. Bar No. 462561)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420


Miguel A. Estrada (D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8257
Fax: (202) 530-9016


Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-6700
Fax: (202) 558-5700

*Attorneys for Defendants
Altria Group Inc. and Philip Morris USA
Inc.*

/s/ Noel J. Francisco
Noel J. Francisco (D.C. Bar No. 464752)
Robert F. McDermott (D.C. Bar No. 261164)
Peter J. Biersteker (D.C. Bar No. 358108)
JONES DAY
51 Louisiana Avenue, N. W.
Washington, D.C. 20001-2113
Telephone: (202) 879-5485
Fax: (202) 626-1700

R. Michael Leonard
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 721-3721
Fax: (336) 733-8389

*Attorneys for Defendant R.J. Reynolds Tobacco Company, individually and as successor by merger to Brown & Williamson Tobacco Corporation*