UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 99-2496 (GK) |
| v. | ) ) | |
| PHILIP MORRIS USA INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' RESPONSE TO ORDER OF NOVEMBER 17, 2011

Defendants respectfully submit this response to this Court's Order of November 17, 2011, which directed the parties "to submit their views on the following questions: (1) should this Court defer consideration of the issue of corrective action statements (as well as the issue of retail store advertising placement), (2) if so, for how long should such consideration be deferred?" D.E. 5950 at 2 (Nov. 17, 2011). In Defendants' view, this Court should defer its resolution of the pending corrective-statement and point-of-sale issues until the conclusion of the ongoing appellate proceedings in the D.C. Circuit, and any subsequent proceedings in the U.S. Supreme Court, in *R.J. Reynolds Tobacco Co. v. United States FDA*, _ F. Supp. 2d _, 2011 WL 5307391 (D.D.C. Nov. 7, 2011), *appeal pending* No. 11-5332 (D.C. Cir.). That appeal from Judge Leon's order preliminarily enjoining the FDA's graphic-warnings rule raises several issues that overlap with those before this Court, and is currently proceeding on an expedited briefing schedule. In the interests of judicial economy, this Court should therefore await the resolution of that appeal before deciding the pending corrective-statement and point-of-sale issues.

In *R.J. Reynolds*, Judge Leon issued a preliminary injunction against the implementation of an FDA rule that requires cigarette manufacturers to display a series of nine rotating graphic-warning labels on the top 50% of the front and back of every cigarette package and the top 20% of advertisements. *See* FDA, Required Warnings for Cigarette Packages and Advertisements, 76 Fed. Reg. 36,628 (June 22, 2011) (to be codified at 21 C.F.R. pt. 1141). Judge Leon concluded that the plaintiffs—R.J. Reynolds Tobacco Company, Lorillard Tobacco Company, and other manufacturers not parties to this case—were likely to prevail on the merits of their First Amendment challenge to the graphic-warning labels. In particular, Judge Leon found that the "ineffectiveness, size, placement, and content of the warnings . . . significantly increase[d] the likelihood that the graphic warnings cross the line from information to advocacy." 2011 WL 5307391, at *8 n.28. The images selected by the FDA, Judge Leon explained, were "more about shocking and repelling than warning" and were crafted not simply to inform consumers of the risks of smoking, but, rather, "to provoke the viewer to quit, or never to start, smoking: an objective wholly apart from disseminating purely factual and uncontroversial information." *Id.* at *1 n.1, *5. Judge Leon therefore held that "the Rule does not fit . . . into the *Zauderer* [v. *Office of Disciplinary Counsel*, 471 U.S. 626 (1985),] exception for purely factual and uncontroversial information[,]" and instead must "withstand strict scrutiny." 2011 WL 5307391, at *6. It was "easy," however, "to conclude that the content of the graphic images chosen are not likely to survive a 'narrowly tailored' analysis" because, among other reasons, "the sheer size and display requirements for the graphic images are anything but narrowly tailored." *Id.* at *7, *8.

The Government's proposed Corrective Statements A – D, and its proposal to require third-party retailers to disseminate these statements through point-of-sale displays, are

susceptible to many of the same objections as the FDA's proposed graphic-warning labels. Like those warning labels—which were designed to "'arouse fear,' 'provoke[ ] a highly emotional response,' . . . [and] confer negative feelings about smoking'" (2011 WL 5307391, at *7 n.23)—the Government's proposed corrective statements are designed to shame Defendants and inflame viewers by compelling Defendants to profess past wrongdoing based on disputed factual findings with which numerous other courts disagree. *See* Defs.' Resp. to Gov't's Proposed Corrective Statements at 5-13 (D.E. 5881 Mar. 3, 2011). Such statements bear no resemblance to the "'purely factual and uncontroversial information'" mandated by the D.C. Circuit and the First Amendment. *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1144 (D.C. Cir. 2009) (per curiam) (quoting *Zauderer*, 471 U.S. at 651). Moreover, just as Judge Leon found that the proposed graphic warnings were not narrowly tailored because the FDA could have used numerous less controversial means of providing smoking-related information to the public (2011 WL 5307391, at *6), the Government could use countless alternative formulations of its corrective statements to convey information about the health risks of smoking without requiring Defendants to make the unprecedented statements of self-condemnation found in Corrective Statements A – D. *See* Defs.' Resp. to Gov't's Proposed Corrective Statements at 20-23; *see also* Defs.' Resp. to United States' and Public Health Intervenors' Submissions Concerning Order #1015's Point-of-Sale Display Requirements at 14-15 (D.E. 5921 Apr. 15, 2011).

In addition, the "size and display requirements" of the graphic-warnings rule (2011 WL 5307391, at *7) are relevant to assessing similar requirements for the corrective statements, including point-of-sale displays, if any. Finally, like the FDA's graphic warnings, which Judge Leon found were designed to serve the improper purpose of "minimiz[ing], if not eradicat[ing], tobacco use in the United States" (*id.* at *11), the Government's own expert report confirms that

the proposed corrective statements were designed, at least in part, not simply to inform members of the public, but to encourage them to quit smoking or not to begin smoking, rather than to prevent and restrain future RICO violations.  D.E. 5875, Ex. 1 ¶¶ 11, 227 (Feb. 23, 2011).

Accordingly, the D.C. Circuit's resolution of the Government's pending appeal of Judge Leon's order could have a bearing on the propriety of the Government's proposed Corrective Statements A – D.  Moreover, as set forth in the briefing before this Court, the constitutionality of the Government's proposed corrective statements is directly relevant to the resolution of the point-of-sale issue.  *See, e.g.*, Defs.' Submission Concerning Order #1015's Point-of-Sale Display Requirements at 15-17 (D.E. 5906 Apr. 1, 2011); National Association of Convenience Stores' Submission Concerning Order #1015's Point of Sale Display Requirements at 21-24 (D.E. 5934 May 15, 2011).  The D.C. Circuit's resolution of the Government's pending appeal therefore could also affect this Court's ruling on the permissibility of requiring third-party retailers to disseminate corrective statements through point-of-sale displays.  In fact, not only does the Government's graphic-warnings appeal raise First Amendment questions that are similar in several respects to those pending before this Court, but the Government also expressly relies on this Court's factual findings as a basis for defending the FDA's graphic warnings in its D.C. Circuit briefing.  *See* Brief for Appellants at 10, No. 11-5332.  In light of this overlap, the D.C. Circuit's opinion in the graphic-warnings appeal may well be an important factor for this Court to consider in deciding what corrective statements are necessary to "prevent and restrain" future RICO violations, 18 U.S.C. § 1964(a), and any decision issued by this Court without the benefit of that opinion could ultimately result in the inefficient and unnecessary expenditure of this Court's resources.

Deferring resolution of the corrective-statement and point-of-sale issues until the D.C. Circuit rules is unlikely to generate significant delay. After noticing an appeal on November 29, 2011, the Government filed an Unopposed Motion to Set Expedited Briefing Schedule. Pursuant to that request, the D.C. Circuit expedited briefing of the appeal: The Government has already filed its opening brief and all briefing in the appeal will be completed by February 13, 2012; oral argument is scheduled for April 10, 2012. It is therefore possible that the D.C. Circuit will be in a position to issue an opinion in the spring of 2012. *See also* 28 U.S.C. § 1657(a) (requiring "each court of the United States" to "expedite the consideration of . . . any action for temporary or preliminary injunctive relief").

Deferring resolution of the pending corrective-statement and point-of-sale issues would therefore constitute a sound case-management decision that is likely to conserve this Court's resources without engendering significant delay.

## CONCLUSION

This Court should defer resolution of the pending corrective-statement and point-of-sale issues until the conclusion of appellate proceedings in the D.C. Circuit, and any subsequent proceedings in the U.S. Supreme Court, in *R.J. Reynolds Tobacco Co. v. United States FDA*.

Dated: December 20, 2011                    Respectfully submitted,

/s/ Miguel A. Estrada
Miguel A. Estrada (D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8257
Fax: (202) 530-9016

*Attorneys for Defendants*
*Altria Group, Inc. and Philip Morris USA Inc.*

Beth A. Wilkinson (D.C. Bar No. 462561)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C.  20006-1047
Telephone:  (202) 223-7300
Fax:  (202) 223-7420

Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601-9703
Telephone:  (312) 558-6700
Fax:  (202) 558-5700

*Attorneys for Defendants*
*Altria Group, Inc. and Philip Morris USA Inc.*


/s/ Miguel A. Estrada *for*
Noel J. Francisco (D.C. Bar No. 464752)
Robert F. McDermott (D.C. Bar No. 261164)
Peter J. Biersteker (D.C. Bar No. 358108)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

R. Michael Leonard
WOMBLE CARLYLE SANDRIDGE &
RICE, PLLC
One West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 721-3721
Fax:  (336) 733-8389

*Attorneys for Defendant*
*R.J. Reynolds Tobacco Company,*
*individually and as successor by*
*merger to Brown & Williamson*
*Tobacco Corporation*

/s/ Miguel A. Estrada *for*
Michael B. Minton
THOMPSON COBURN LLP
One US Bank Plaza, Suite 3500
St. Louis, Missouri  63101-1693
Telephone:  (314) 552-6000
Fax:  (314) 552-7597

*Attorneys for Defendant
Lorillard Tobacco Company*

7