**FILED**

DEC 2 7 2011

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,       )
                                )
      Plaintiff,               )       Civil Action No. 99-CV-2496 (GK)
                                )       Next scheduled court appearance:   NONE
      and                      )
                                )
TOBACCO-FREE KIDS               )
ACTION FUND, *et al.*           )
                                )
      Plaintiff-Intervenors    )
                                )
      v.                       )
                                )
PHILIP MORRIS USA, INC., *et al.*,   )
                                )
      Defendants.              )
_____)

(~~Proposed~~) ORDER #28-REMAND:
**CONSENT ORDER BETWEEN THE UNITED STATES, THE PUBLIC HEALTH
INTERVENORS, AND LORILLARD TOBACCO COMPANY CONCERNING
DOCUMENT DISCLOSURE OBLIGATIONS UNDER ORDER #1015**

Upon consideration of the Joint Motion for Consent Order Between the United States, the

Public Health Intervenors (hereafter "Plaintiffs"), and Lorillard Tobacco Company (hereafter

"Lorillard") Concerning Document Disclosure Obligations Under Order #1015, and the entire

record herein, it is hereby ORDERED that:

Defendant's document disclosure obligations under Order #1015 (DN 5733, Aug. 17,

2006), published as *United States v. Philip Morris USA Inc.*, 449 F. Supp. 2d 1, 940-44 (D.D.C.

2006), *aff'd in part & vacated in part*, 566 F.3d 1095 (D.C. Cir. 2009) (*per curiam*), *cert. denied*,

561 U.S. ___, 130 S. Ct. 3501 (2010), are MODIFIED as set forth below.

## I.    Effective Date

The effective date of this Order is November 15, 2011.  Unless otherwise specified, the requirements in this Order will be prospective, which means that they will apply only to documents that are posted to Lorillard's document website on or after November 15, 2011.  All documents posted to Lorillard's website on or after the effective date will conform to these prospective requirements.  Lorillard's obligations under this Order will expire on September 1, 2021.

## II.    Monetary Terms

A.    Lorillard will deposit, on or before the dates indicated below, the amounts indicated below with the Registry of the Court:

| | |
|---|---|
| Friday, January 13, 2012 | $217,000 |
| Monday, December 31, 2012 | $217,000 |
| Tuesday, December 31, 2013 | $216,000 |
| Total: | $650,000 |

B.    The Registry of the Court will, upon receipt of each of these installments, disburse the funds to the University of California, San Francisco (hereafter "UCSF").

C.    Lorillard will make these payments primarily in lieu of its prior obligations under Order #1015 to code the person mentioned, organization mentioned, and brand mentioned fields and as part of a resolution of the scope of Lorillard's coding obligations for documents posted on its public document websites as a result of production in court or administrative actions in the United States concerning smoking and health, marketing, addiction, low-tar or low-nicotine cigarettes, or less hazardous cigarette research both prior to November 15, 2011, and on or after that date.

### III.   Monetary Conditions and Technical Meetings with UCSF

A.   The funds deposited with the Registry of the Court will be used by UCSF to improve access to and functionality of the Legacy Tobacco Documents Library, e.g., through coding documents and providing enhanced search capabilities (with the understanding that the university may assess some percentage for indirect costs).   UCSF will not use these funds for any other purpose.

B.   As a condition for receipt of the payments provided in Paragraph A above, UCSF will file through the ECF system, by December 31 of each year (beginning in 2012) and up to and including the final year in which these funds are used, a certification confirming that these funds have been used only for the purposes described in the preceding paragraph and not for any other purpose.

C.   If UCSF uses any of these funds in a manner inconsistent with Paragraph B, any such funds will be refunded to the Registry of the Court.   In that event, the parties will have thirty (30) days to apply to the Court requesting that the funds either be refunded to Lorillard, or used in some other manner related to document coding and/or document websites.

D.   UCSF may use the monies received for the purposes specified in Paragraph B through December 31, 2025.   UCSF will have until that date to use all the funds provided by this Consent Order, and will continue to file annual certifications until all funds are used.   If any of the funds remain unused by that date, any remaining funds will be refunded to the Registry of the Court.   In that event, the parties will have thirty (30) days to apply to the Court requesting that these funds either be refunded to Lorillard, or used in some other manner related to document coding and/or document websites.

E.    Lorillard will, at UCSF's request, participate in monthly telephonic technical meetings with representatives from UCSF, during which Lorillard will seek to provide meaningful and substantive responses to queries about document website issues that may arise.

**IV.    Coding Requirements for Bibliographic Fields on Defendant's Website**

The following provisions replace Paragraph II.C.10.c of Order #1015:

c.    The technical requirements for documents posted to Lorillard's Internet Document Websites are as follows:

**i.    Posting Requirements for Hardcopy and Electronic Documents**

A.    For scanned hard-copy documents that are posted to its document website, Lorillard will post a searchable PDF of the document that provides Optical Character Recognition (OCR) text and support, as well as an accompanying text file.   The document website will include hyperlinks to the files that are posted pursuant to this paragraph.

B.    For electronic-source documents (both email and non-email), Lorillard will post a text-searchable PDF of the document that provides Optical Character Recognition (OCR) text and support, as well as the electronic text in an accompanying file.   If an electronic-source document contains redactions, searchable OCR text will be posted in lieu of electronic text.   The document website will include hyperlinks to the files that are posted pursuant to this paragraph.

**ii.    Basic Bibliographic Coding Requirements**

A.    Except for emails, which are covered in a separate section below, bibliographic coding of documents will be done by humans or be at least equivalent in accuracy to human coding.

B.    Lorillard's Internet Document Website (www.lorillarddocs.com) will provide, and be searchable by, the following bibliographic fields (or fields with substantially

similar names) for all documents (even those withheld on grounds of privilege or confidentiality): Document Title; Document ID; Master ID (if the document is a "parent" document, Bates ranges for the "parent" and all attachments that were attached at the time of collection; if the document is an attachment, Bates ranges for the "parent" document to which it is attached and all other attachments to that "parent" at the time of collection); Other Number (referring to non-Lorillard Bates numbers); Document Date; Primary Type; Person Author; Person Recipient; Person Copied; Organization Author; Organization Recipient; Organization Copied; File Name; Page Count; Date Loaded (only the first date the document was loaded); Date Updated (in no more than three separate fields with each containing one date); Redactions; Document Format; Text (OCR or electronic text, as appropriate) of the Document; and the four administrative fields discussed below.

C.     Lorillard will prospectively add a Document Format field that indicates the type of document, substantially equivalent to the following: (1) Scanned hard-copy document; (2) Non-email electronic document; (3) Email with only internal Lorillard authors, recipients, and copyees; (4) Email with some external authors, recipients, and copyees.

D.     Lorillard will also prospectively code documents with a "redactions" field that will indicate whether the redaction was a privilege redaction, trade secret redaction, or confidential personal information redaction.   In addition, by January 6, 2012, Lorillard will provide all pre-existing redaction information for all documents that is readily obtainable other than from the documents themselves in the "redactions" field, but will have no further retrospective obligation for this field.

### iii.    Coding for Emails

A.    Lorillard is not required to do any objective coding from the face of emails, but for all internal emails, will populate fields for the author, recipient and copyee with information that is available at the time of collection from Lorillard's main internal email address book.  For emails that were not wholly internal, Lorillard will populate the author, recipient and copyee fields with information that is available at the time of collection in its main internal address book and its industrial address book.

B.    Lorillard will code the above-described email documents as follows:  For all internal emails, Lorillard will code the person author, person recipient, person copyee (including bcc's), organization author, organization recipient, and organization copyee (including bcc's) fields to the extent such information appears in the email metadata, or within Lorillard's main internal email address book available at the time of collection.  For all authors, recipients, and copyees (including bcc's) with internal email addresses, Lorillard will populate relevant "organization" fields with "Lorillard."  For emails sent to or from email addresses outside of Lorillard, Lorillard will populate such fields with information that is available at the time of collection in its main internal and industrial email address books, or the email address if no such information exists.

C.    Lorillard will code the "personal" fields for the above-described emails in the format: Lastname, Firstname (email address); 2ndLastName, 2ndFirstName (2ndemail address); [etc.].

D.    For emails, Lorillard will code the File Name field as follows: for emails that are part of a container file, such as an NSF or PST file, Lorillard will provide the file path name and file name for the container file from which the emails are extracted.  For loose email

files, such as DXL, MSG, or EML files, Lorillard will provide the file path name and name of the file.   In all cases, the file path will be the location of the file in the electronic processing environment at the time of processing. If, during the pendency of the document disclosure obligations under Order 1015, Lorillard changes its email collection system so that employee email folder or subfolder information existing at the time of collection is collected in a way that will provide folder and subfolder paths for particular emails, Lorillard will provide that information in the email file name field.

  **iv.**  **Coding for Non-Email Electronic Documents**

  A.  For all non-email electronic documents, Lorillard will provide objective coding of the following bibliographic fields as they appear on the face of the non-email electronic document: person author, person recipient, person copyee, organization author, organization recipient, organization copyee, date, other number, primary type, and title.

  B.  For all non-email electronic documents, Lorillard will provide the File Name field with the entire file path name, including the file name.   For electronic source documents that are attachments to emails, the file path provided will be the file path of the email.

  **v.**  **Coding Requirements for "Administrative Fields"**

  A.  Lorillard prospectively will undertake, and retrospectively will undertake through their best efforts to the extent that such information is reasonably available (*e.g.*, is available on the Minnesota Depository 4B indices) to Lorillard, to code documents required to be posted to the Lorillard's websites for the following categories:

  1.  the court or administrative case in which the document was produced or transcript taken, provided that (i) prospectively, Lorillard will be required to code a document only for those cases in which Lorillard produces a defined set of documents (as opposed

to production via a general reference to their websites), and (ii) retrospectively, Lorillard will post

document production histories to their public document websites for documents produced in

lawsuits beginning with the Minnesota AG case, State of Minnesota v. Philip Morris, Inc., No.

C1-94-8565 (Minn. Dist. Ct.) (with the mutual understanding that certain of these document

production histories may be inaccurate or incomplete).

2.      the date on which the document was produced or transcript

received, provided that (i) prospectively, Lorillard will be required to code only for the first date of

production, and (ii) retrospectively, for documents already coded to a date of production/posting,

Lorillard is not required to change that existing coding; for documents lacking such existing

coding, Lorillard will be required to code a document only to the first date on which the document

was produced to the extent such information is reasonably available to Lorillard, and for

transcripts may code the date upon which the deposition or other testimony was "taken" instead of

the date upon which a Lorillard "received" the transcript;

3.      the date a hard copy was produced to the Minnesota Depository; and

4.      the box number in which a hard copy was produced to the

Minnesota Depository.

B.      Lorillard will have until May 15, 2012 to complete retrospective coding of

these four categories.

## V.      Document Posting Requirements

The following provisions replace Paragraph II.C.10.b of Order #1015:

b.      Document posting requirements are as follows:

i.      With the exception of documents that require redaction, Lorillard will add these

additional documents referred to in the previous subparagraph (subparagraph II.C.10.a), as well as

any other data newly acquired by this Final Judgment and Remedial Order, to its Internet Document Website(s) within 45 days of the date of production, in the case of documents; and within 45 days of receipt of the transcript, in the case of depositions and letters of request testimony.   These requirements are subject to Paragraph II.C.14 concerning documents under court order or ruling.

ii.      Beginning November 15, 2011, Lorillard will post, within fourteen days of production, electronic indices including the following information for each document produced:

A.      Sufficient information to uniquely identify each item. For example, for produced documents, Document ID (typically the first and last Bates numbers) is be sufficient; for transcripts, the witness name and date of testimony is sufficient.

B.      An identification of the litigation or administrative action in which the document production or transcript receipt triggers the duty to add the documents or transcripts under Paragraph II.C.10.a.

C.      The date on which the document was produced or the transcript was finally received (including any errata).

D.      Identification of documents subject to confidentiality review

iii.     For documents identified as being subject to redaction review (*e.g.*, trade secret information; personal confidential information), Lorillard will have 90 days from the production date to post such documents in conformity with the redaction review.

## VI.  Minnesota Depository Requirement

a.      The following provision replaces Paragraph II.C.11.b of Order #1015:

b.      These documents shall be produced to the Minnesota Depository within 45 days of being produced in the related judicial or administrative proceeding (or upon receipt of a final transcript).

Lorillard will have 90 days from the production date to send the Minnesota Depository documents subject to the confidentiality review provision set forth in Paragraph 13.

    b.   The following provision replaces Paragraph II.C.11.c of Order #1015:

c.   Each production of documents to the Minnesota Depository shall include a hard copy index of the Bates numbers of the documents in that production.   Lorillard will update the electronic index of documents produced to the Minnesota Depository (historically known as the Minnesota 4B Index) to reflect the documents in each production.   The index shall include the fields specified in Paragraph II.C.10.c.ii.B.   The 4B Index will be updated by May 1, 2012, to reflect any productions to the Minnesota Depository between November 1, 2011 and May 1, 2012.   For all productions to the Minnesota Depository after May 1, 2012, the 4B Index will be updated at the same time that the documents are produced.

## VII. Redaction Procedures for Personal Information

    The following provisions replace Paragraph II.C.13 of Order #1015:

    13.a. Lorillard may redact from a document placed on its Internet Document Website or produced to the Minnesota Depository, prospectively, the following information for any individual:

    1.   All Social Security numbers

    2.   All home addresses

    3.   All personal telephone numbers (home or mobile)

    4.   All financial account information (including last four numbers)

    5.   All driver's license and other personal identification numbers (including last four numbers)

    6.   Date of birth

7.      Mother's maiden name

8.      Names of minors (initials will be provided)

b.      Lorillard may redact from a document placed on its Internet Document Website or produced to the Minnesota Depository, the following information about Lorillard's employees, employees' relatives and children, and consumers in their capacity as consumers:

1.      Redaction is authorized, prospectively, of personal email addresses for Lorillard's employees, employees' relatives and children, and consumers in their capacity as consumers.

2.      Redaction is authorized, prospectively, of names of Lorillard's employees, employees' relatives and children, and consumers in their capacity as consumers if the document or transcript personally links the person to any one or more of the following categories of information:

A.      Sexual orientation information

B.      Health or medical information

C.      Religious/ethnic information

D.      Political opinion/affiliation information

E.      Trade union membership information

F.      Marital status

For deposition transcripts, Lorillard may alternatively redact the information covered by this subsection rather than the name.

3.      For any document or transcript that personally links an employee, an employee's relative or child, or a consumer in their capacity as a consumer to employment-related information, redactions may be made as follows:

11

A.   Redaction is authorized, prospectively, of names of Lorillard's employees' relatives and children, and consumers in their capacity as consumers, if the document or transcript personally links the person to employment-related information.   For transcripts, Lorillard may alternatively redact the employment-related information covered by this subsection (III.B.3.a) rather than the name.

B.   Redaction is prohibited, prospectively, of either the names of employees or employment-related information where the document or transcript personally links the employee to background employment information such as job history, qualifications, and reporting relationships, or employment-related information that is related to smoking and health, marketing, addiction, low-tar or low-nicotine cigarettes, or less hazardous cigarette research.   As examples, this category includes documents and transcripts concerning an employee being disciplined for marketing to youth, or concerning an employee receiving a bonus for testimony in smoking-and-health litigation.

C.   Redaction is authorized, prospectively, of names of Lorillard's employees if the document or transcript personally links the employee to any employment-related information about him or her that is not covered by subparagraph 13.b.3 above.   As examples, this category includes documents and transcripts concerning an employee being disciplined for tardiness or missing work.   For transcripts, Lorillard may alternatively

redact the employment-related information covered by this subparagraph (13.b.3.C) rather than the name.

c.      Limitation on Subparagraphs 13.b.2 and 13.b.3:   Notwithstanding subparagraphs 13.b.2 and 13.b.3, redaction is prohibited under these subparagraphs when (1) it is clear, on the face of the document, that the individual has publicly and intentionally associated him or herself with one of the categories listed, or (2) the document is publicly available or has been publicly disseminated, such as a newspaper article or a public court filing.

d. Such redactions shall indicate that confidential personal information has been redacted.

e.      For up to 75 documents per 30-day period, Plaintiffs may invoke the following procedure: If Plaintiffs believe that specific personal information in a document posted to a Lorillard's website on or after January 1, 2010, is not redacted in a manner consistent with Paragraphs 13.a or 13.b above, Plaintiffs may request a copy of the unredacted document.   In addition, Plaintiffs may request a copy of a document with redactions for personal information loaded to a Lorillard's website prior to January 1, 2010, but such requests are limited to a total of 100 documents from Lorillard over the course of this agreement.   Within 10 days of receiving such a request, Lorillard will either lift the specific redaction(s) and repost the document on the website and notify plaintiffs, or, alternatively will provide Plaintiffs with a copy of the unredacted document, which may be designated as "Confidential" under Order #7 if that Order's criteria apply.   If, after reviewing the unredacted document, Plaintiffs continue to believe that the redaction was improper, then Plaintiffs may raise the issue with the Special Master.   If the parties are unable to reach agreement on redaction, then the Special Master will issue a report and recommendation to the Court.   Either party may file a written objection, not to exceed 15 pages, to

13

the report and recommendation, after which the opposing party may file a response not to exceed 15 pages, followed by a reply not to exceed 5 pages.

f.     Apart from obligations arising under the challenge procedure in Paragraph 13.d above, Lorillard will not be required to conduct a redaction review or otherwise conform redactions on documents posted to their public websites before November 1, 2011, to the requirements set forth in paragraphs 13.a through 13.c above.

g.     The redaction protocol set forth above governs the redaction of confidential personal information only and does not pertain to or otherwise modify requirements regarding the redaction of trade secrets set forth in Paragraph 13.

h.     Wherever less than the entirety of a document is subject to a claim of privilege or trade secret pursuant to Paragraph 14, Lorillard shall produce the document in redacted form on its Internet Document Websites and the Minnesota Depository.   Such redactions shall indicate that privileged or trade secret information, as appropriate, has been redacted.

## VIII.  Miscellaneous Provisions

A.     This Consent Order is without prejudice to Lorillard's argument that Order #1015 does not apply retrospectively, and no party will cite this Consent Order as a basis for arguing that any other part of Order #1015 applies retrospectively.

B.     This Consent Order modifies certain provisions of Order #1015.   By agreeing to this Consent Order, Lorillard is not waiving their rights to move to vacate or modify this Consent Order or seek other relief based on future events, including without limitation the outcome of Defendants' pending appeal in United States v. Philip Morris USA Inc., No. 11-5145 (D.C. Cir.), which seeks to vacate Order #1015 in its entirety.

DATED: _Dec. 23_, 2011                           _Gladys Kessler_
                                                  GLADYS KESSLER
                                                  U.S. District Judge

We consent to entry of the above consent order:

Dated: December 21, 2011

                                                  TONY WEST
                                                  Assistant Attorney General

                                                  MAAME EWUSI-MENSAH FRIMPONG
                                                  Acting Deputy Assistant Attorney General

                                                  MICHAEL BLUME, Director
                                                  KENNETH JOST, Deputy Director


                                                  ___/s/_____
                                                  DANIEL K. CRANE-HIRSCH
                                                  JOHN W. BURKE
                                                  Trial Attorneys
                                                  Consumer Protection Branch, Civil Division
                                                  United States Department of Justice
                                                  PO Box 386
                                                  Washington, DC 20004-0386
                                                  Telephone: 202-616-8242 (Crane-Hirsch)
                                                           202-353-2001 (Burke)
                                                  Facsimile: 202-514-8742
                                                  E-mail address:
                                                  daniel.crane-hirsch@usdoj.gov
                                                  josh.burke@usdoj.gov

                                                  *Attorneys for Plaintiff United States of
                                                  America*


                                                  ___/s/ Howard M. Crystal_____
                                                  Howard M. Crystal (D.C. Bar No. 446189)
                                                  MEYER GLITZENSTEIN & CRYSTAL
                                                  1601 Connecticut Avenue, Suite 700
                                                  Washington, DC 20009
                                                  202-588-5206
                                                  hcrystal@meyerglitz.com

                                                  *Attorney for the Public-Health Intervenors*

15

Michael B. Minton
THOMPSON COBURN LLP
One U.S. Bank Plaza, Suite 3500
St. Louis, Missouri 63101-1693
Telephone: (314) 552-6000
Facsimile: (314) 552-7597

*Counsel for Lorillard Tobacco Company*

16