UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 99-2496 (GK) |
| v. | ) ) ) | Next Scheduled Court Appearance: None |
| PHILIP MORRIS USA INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this response to the United States' Notice of Supplemental Authority regarding *Belize Social Development Ltd. v. Government of Belize*, __ F.3d __, 2012 WL 104462 (D.C. Cir. Jan. 13, 2012). Nothing in *Belize* alters the fact that this Court should defer resolution of the pending corrective-statement and point-of-sale issues until the conclusion of appellate proceedings in the D.C. Circuit, and any subsequent proceedings in the U.S. Supreme Court, in *R.J. Reynolds Tobacco Co. v. United States FDA*, No. 11-5332.

The D.C. Circuit's conclusion in *Belize* that the district court erred in staying an action seeking enforcement of a foreign arbitration award was premised on a provision of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards "limit[ing] the grounds for deferral of a decision on enforcement" to narrow circumstances not satisfied by the defendant in *Belize*. 2012 WL 104462, at *1; *see also* at *3 ("Given the carefully crafted framework for the enforcement of international arbitration awards . . . , it is evident that the stay order as issued exceeded the proper exercise of authority of the district court.") (internal

quotation marks omitted). There is no analogous provision circumscribing the Court's discretion to issue a stay in this case.

Moreover, the D.C. Circuit's application of *Landis* and *Dellinger*—as well as the underlying decisions in those cases—confirms that this Court should defer consideration of the corrective-statement and point-of-sale issues. "In *Landis*, the Supreme Court instructed that a court abuses its discretion in ordering a stay 'of indefinite duration in the absence of a pressing need'" (*Belize Social Dev. Ltd.*, 2012 WL 104462, at *5 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)), and the D.C. Circuit therefore held in *Belize* that "staying . . . [a] petition [for enforcement of an arbitration award] pending *foreign* litigation of *indefinite* duration[ ] exceeded the proper exercise of discretion by the district court under *Landis*." *Id.* at *6 (emphases added); *see also id.* ("As this court has interpreted and applied *Landis*, a district court's issuance of an *indefinite* stay order must be supported by 'a balanced finding that such need overrides the injury to the party being stayed.'") (quoting *Dellinger v. Mitchell*, 442 F.2d 782, 787 (D.C. Cir. 1971)) (emphasis added). In contrast to a stay based on foreign proceedings of indefinite duration, deferring resolution of the corrective-statement and point-of-sale issues for the limited period of time it takes the D.C. Circuit and U.S. Supreme Court to conclude expedited appellate proceedings in *R.J. Reynolds* is well within this Court's "power . . . to control the disposition of the causes on its docket." *Landis*, 299 U.S. at 254. Indeed, it is well-settled that "situations favoring a stay include those where a higher court is close to settling an issue of law bearing on the action." *Lasala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 n.39 (S.D.N.Y. 2005); *see also Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues."). Because the *R.J.*

2

*Reynolds* appeal raises issues that overlap with those before this Court and is proceeding on an expedited basis, deferring resolution of the corrective-statement and point-of-sale issues would promote "economy of time and effort for [this Court], for counsel, and for litigants." *Landis*, 299 U.S. at 254.

Dated:  January 17, 2012                              Respectfully submitted,


/s/ Miguel A. Estrada
Miguel A. Estrada (D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone:  (202) 955-8257
Fax:  (202) 530-9016

Beth A. Wilkinson (D.C. Bar No. 462561)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C.  20006-1047
Telephone:  (202) 223-7300
Fax:  (202) 223-7420

Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601-9703
Telephone:  (312) 558-6700
Fax:  (202) 558-5700

*Attorneys for Defendants*
*Altria Group, Inc. and Philip Morris USA Inc.*

3

/s/ Miguel A. Estrada *for*
Noel J. Francisco (D.C. Bar No. 464752)
Robert F. McDermott (D.C. Bar No. 261164)
Peter J. Biersteker (D.C. Bar No. 358108)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

R. Michael Leonard
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 721-3721
Fax:  (336) 733-8389

*Attorneys for Defendant*
*R.J. Reynolds Tobacco Company,*
*individually and as successor by*
*merger to Brown & Williamson*
*Tobacco Corporation*


/s/ Miguel A. Estrada *for*
Michael B. Minton
THOMPSON COBURN LLP
One US Bank Plaza, Suite 3500
St. Louis, Missouri  63101-1693
Telephone:  (314) 552-6000
Fax:  (314) 552-7597

*Attorneys for Defendant*
*Lorillard Tobacco Company*