UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>PHILIP MORRIS USA INC.,<br>　　f/k/a PHILIP MORRIS INC., et al.,<br>　　　　Defendants. | Civil No. 99-CV-02496 (GK)<br><br>Next scheduled court appearance:<br>None |

**UNITED STATES' REPLY TO DEFENDANTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

The corrective-statement issues here were fully briefed and ripe for decision months before the *RJR v. FDA* case was filed on August 16, 2011.  The stay Defendants request in their Response (R. 5965; filed Jan. 17, 2012) would persist through two more levels of appellate review than the stay at issue in the D.C. Circuit's recent decision.  *Compare Belize Soc. Dev. Ltd. v. Gov't of Belize*, ___ F.3d ___, No. 10-7167, 2012 WL 104462, at *2, *5 (D.C. Cir. Jan. 13, 2012) (Belize Government explained that district-court stay "pending resolution of the parties' case before the Belize Supreme Court" in that matter would *not* encompass possible appeals), *with* Defs.' Resp. at 2 (requesting stay here to persist through appeals to "the D.C. Circuit and U.S. Supreme Court").  Defendants still make no claim that a prompt ruling on the corrective-statement issues before this Court would prejudice them; and still make no claim that a decision on the *format* of the warnings at issue in *RJR v. FDA* would help this Court resolve Defendants' objections to the *content* of the recommended corrective statements here.  Indeed, Defendants do not, and could not, claim that a stay would be warranted even under the standards of the Southern District of New York decision that their Response now asks the Court to apply:

To be sure, the movant "bears the burden of establishing its need" for such a stay. In particular, "if there is even a fair possibility that the stay for which he prays will work damage to some one else," the movant "must make out a clear case of hardship or inequity in being required to go forward." The factors considered in deciding whether to grant a stay were summarized in *Kappel v. Comfort:*

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (citations omitted; quoting

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (in turn quoting *Volmar Distribs.*

*v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)).


Dated: January 20, 2012           Respectfully submitted,
       Washington, D.C.
                                  TONY WEST
                                  Assistant Attorney General

                                  MAAME EWUSI-MENSAH FRIMPONG
                                  Acting Deputy Assistant Attorney General

                                  MICHAEL BLUME, Director
                                  KENNETH JOST, Deputy Director
                                  Consumer Protection Branch

                                  ___/s/_____
                                  DANIEL K. CRANE-HIRSCH
                                  Trial Attorney
                                  Consumer Protection Branch, Civil Division
                                  United States Department of Justice
                                  PO Box 386
                                  Washington, DC  20004-0386
                                  Telephone: 202-616-8242
                                  Facsimile: 202-514-8742
                                  E-mail address: daniel.crane-hirsch@usdoj.gov