## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 99-2496 (GK)** |
| | : | |
| **PHILIP MORRIS USA INC.,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

On November 17, 2011, the parties were ordered to submit their views on (1) whether the Court should defer consideration of the issue of corrective action statements (as well as the issue of advertisement placement in retail stores); and (2) if so, for how long such consideration should be deferred.   The parties have responded.

The Court has concluded, for the following reasons, that there will be no deferral of decision-making regarding the corrective action statements.

1.      It is perfectly clear from Defendants' Response that the litigation challenging the Regulations promulgated by the Food and Drug Administration ("FDA"), Required Warnings For Cigarette Packaging & Advertisements, 76 Fed. Reg. 36,628 (June 22, 2011), under the Tobacco Control Act, Pub. L. 111-31, 123 Stat. 1775 (2001), will not end (if ever) for an extremely long period of time.  The case now pending before our Court of Appeals will, unquestionably, take at least one or more years to get resolved and an additional one to two years if the Supreme Court decides

to grant certiorari which the loser before our Court of Appeals will undoubtedly request.  In short, the period of any such deferral of decision-making would be both lengthy and indefinite.[1]

2.     On January 13, 2012, the Court of Appeals for the District of Columbia Circuit decided <u>Belize Soc. Dev. Ltd. v. Gov't of Belize</u>, __ F.3d __, No. 10-7167, 2012 WL 104462, and reversed a district court order staying proceedings in a commercial case pending the outcome of related litigation in Belize, because "the stay order as issued exceeded the proper exercise of authority of the District Court."  <u>Id.</u> at *2.  Relying upon <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 252 (1936), the Court of Appeals noted that "a court abuses its discretion in ordering a stay 'of indefinite duration in the absence of a pressing need.'"  <u>Belize Soc. Dev. Ltd.</u>, 2012 WL 104462, at *11.  Emphasizing that <u>Landis</u> requires a finding of "pressing need," the Court concluded that the Government of Belize offered "no articulation of need pressing or otherwise," nor made any claim of prejudice.  <u>Id.</u> at *12.

3.     In <u>Landis</u>, the Supreme Court required district courts, in "the exercise of judgment," to "weigh competing interests and maintain an even balance" between the court's interests in judicial economy and any possible hardship to the parties.  299 U.S. at 254-55.  Defendants have failed to establish any serious hardship they would face by proceeding with consideration of the corrective action statements issue, and there is no question but that the public has a very substantial interest in having access to whatever corrective action statements may be adopted.  As this Court found in its original decision, a corrective action statement remedy is "necessary to prevent and restrain [Defendants] from making fraudulent public statements on smoking and health matters in the future"

---

[1]     The Court recognizes that Defendants are not at this moment requesting a stay pending a final ruling in that case.  The Court has no reason to doubt that Defendants will do so, once the Court of Appeals rules.

and would "prevent Defendants from continuing to disseminate fraudulent public statements and marketing messages." U.S. v. Philip Morris USA, Inc., 449 F. Supp. 2d 1, 926-27 (D.D.C. 2006) Thus, the public interest in obtaining such a remedy far outweighs any concern about judicial economy.

4.     The issues to be addressed on remand here are very different substantively from and are governed by different statutory standards than those raised in R.J. Reynolds Tobacco Co. v. U.S. Food & Drug Administration, __ F. Supp. 2d __, No. 11-1482 (RJL), 2011 WL 5307391 (D.D.C. Nov. 7, 2011).  The mere fact that First Amendment issues are being raised in both cases does not provide sufficient justification to delay the corrective action statements issue remanded to this Court by the Court of Appeals.

5.     This Court has already ruled in its Order denying Defendants' Motion for Vacatur that the arguments made by Defendants were "essentially a reworking" of previously made arguments, and that the need for corrective action remained.  United States v. Philip Morris USA, Inc., 787 F. Supp. 2d 68, 81 (D.D.C. 2011) ("Vacatur Decision"), appeal docketed , No. 11-5145 (D.C. Cir. June 3, 2011).  As the Court noted in that ruling, "regulation under the FDA Act and any injunctions issued by this Court target different conduct." Id. at 75.

6.     Finally, the Tobacco Control Act specifically stated in very clear language that "[n]othing in this Act . . . shall be construed  to . . . affect any action pending in Federal, State or tribal court, or any agreement, consent decree, or contract of any kind." Tobacco Control Act, § 4 (emphasis added).

For all these reasons, the Court will not defer a decision on the corrective action statements pending the outcome of R.J. Reynolds Tobacco Co. v. U.S. Food & Drug Administration.


January 26, 2012                          /s/_____
                                          Gladys Kessler
                                          United States District Judge


**Copies via ECF to all counsel of record**