UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>PHILIP MORRIS USA INC., *et al.*,<br><br>                Defendants. | Civil Action No. 99-2496 (GK) |

## DEFENDANTS' RESPONSE TO PUBLIC HEALTH INTERVENORS' NOTICE OF FILING

The public statements by Altria Group, Inc., appended to Intervenors' Notice of Filing (Dkt. 5972) underscore that the corrective statements proposed by the Government would fail to promote an antifraud objective and would therefore exceed this Court's jurisdiction under RICO and violate Defendants' First Amendment rights.

Intervenors do not contend that any aspect of Altria's public statements in *Roll Call*, *The Hill*, and *Politico* was untruthful. Nor could they plausibly have done so. There is nothing in this Court's injunctions that prohibits Defendants from making truthful public statements about their marketing practices, their underage-smoking prevention activities, or positions on the health risks of smoking—and their right to comment on these issues of "public concern" is unquestionably protected by the First Amendment. *Snyder v. Phelps*, 131 S. Ct. 1207, 1216 (2011).

Intervenors' invocation of Altria's truthful public statements to support their request for court-ordered corrective statements makes clear that, far from being "geared toward[ ] thwarting prospective efforts by Defendants" to mislead the public, *United States v. Philip Morris USA*

*Inc.*, 566 F.3d 1095, 1144 (D.C. Cir. 2009) (per curiam) (internal quotation marks omitted), those unprecedented corrective statements are intended to punish and shame Defendants.  To Intervenors, *any* public statement that would tend to cast Altria, PM USA, or any other Defendant in a positive light—irrespective of the accuracy of that statement—would be inconsistent with the purpose of their proposed corrective statements.  But court-ordered corrective statements designed to punish and shame Defendants are far beyond the reach of RICO and the jurisdiction of this Court.  In fact, in light of Defendants' public positions on smoking and health issues, and the FDA's extensive regulatory authority over virtually every aspect of Defendants' business, there is no reasonable likelihood that Defendants will in the future mislead the public about the health risks and addictiveness of smoking.  The Government's proposed corrective statements are therefore unwarranted under RICO and unconstitutional under the First Amendment.

Dated:  June 8, 2012                                     Respectfully submitted,


/s/ Miguel A. Estrada
Miguel A. Estrada (D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone:  (202) 955-8257
Fax:  (202) 530-9016

Beth A. Wilkinson (D.C. Bar No. 462561)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C.  20006-1047
Telephone:  (202) 223-7300
Fax:  (202) 223-7420

Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601-9703
Telephone:  (312) 558-6700
Fax:  (202) 558-5700

*Attorneys for Defendants*
*Altria Group, Inc. and Philip Morris USA Inc.*


/s/ Miguel A. Estrada *for*
Noel J. Francisco (D.C. Bar No. 464752)
Robert F. McDermott (D.C. Bar No. 261164)
Peter J. Biersteker (D.C. Bar No. 358108)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

R. Michael Leonard
WOMBLE CARLYLE SANDRIDGE &
RICE, PLLC
One West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 721-3721
Fax:  (336) 733-8389

*Attorneys for Defendant*
*R.J. Reynolds Tobacco Company,*
*individually and as successor by*
*merger to Brown & Williamson*
*Tobacco Corporation*


/s/ Miguel A. Estrada *for*
Michael B. Minton
THOMPSON COBURN LLP
One US Bank Plaza, Suite 3500
St. Louis, Missouri  63101-1693
Telephone:  (314) 552-6000
Fax:  (314) 552-7597

*Attorneys for Defendant*
*Lorillard Tobacco Company*