UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>TOBACCO-FREE KIDS )<br>ACTION FUND, *et al.*, )<br>)<br>Plaintiff-Intervenors, )<br>)<br>v. )<br>)<br>PHILIP MORRIS USA INC., *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 99-CV-2496 (GK)<br>Next scheduled court appearance:<br>January 15, 2014 |

**JOINT STATUS REPORT**

As directed by the Court in Order #40-Remand (DN 6013; issued Dec. 12, 2013), the United States and the Public Health Intervenors (collectively "Plaintiffs") and Philip Morris USA Inc., Altria Group, Inc., R.J. Reynolds Tobacco Company (in its own capacity and as successor in interest to Brown & Williamson Tobacco Corporation and American Tobacco Co.), and Lorillard Tobacco Company (collectively "Defendants") respectfully submit the following joint status report in advance of the status conference scheduled for January 15, 2014.

**I.    Mediation Regarding Implementation of Corrective Statements Remedy**

In Order #34-Remand (DN 5991; issued Nov. 27, 2012), this Court set forth the content of the corrective statements that Defendants are required to make under Order #1015 (DN 5733; issued Aug. 17, 2006), and referred the parties to mediation to see if they could resolve the manner in which the statements would be implemented. The Court included with Order #34-Remand an Appendix delineating some of the issues that the parties were to try to resolve

through mediation.  The parties commenced the mediation with Special Master Levie in December 2012.  Following numerous face-to-face, telephonic and written negotiations, including fifteen meetings with the Special Master, the parties have resolved the implementation issues.  The parties have prepared a joint motion seeking the entry of a proposed Consent Order, and filed it earlier today.

The parties believe that the proposed Consent Order is consistent with the intent of Order #1015.  It covers the four media that are currently the subject of Order #34-Remand, all the issues the Court identified in its Appendix, and other logistical issues that the parties identified during the mediation.

The proposed Consent Order contains the entire scope of the parties' agreement, and nothing in this Status Report modifies or otherwise impacts the plain language of the proposed Consent Order.  Mockups showing how the statements will appear in the various media are attached as exhibits to the proposed Consent Order.  For the Court's convenience, we set forth below a brief high level summary of the agreed-to terms:

*Wording*.  The proposed Consent Order spells out the specific names that will appear in the statements in place of "the Defendant tobacco companies," and includes two other agreed-upon changes to the text.

*Newspapers*.  Defendants will purchase full-page ads in the first section of five specified Sunday editions of the existing (or substitute) newspapers identified in the Court's Order #1015.  Each Sunday edition will contain a specified corrective statement.  Defendants also will concurrently run each Sunday's specified corrective statement in the newspapers' online versions.

*Television*.  Defendants will run the corrective statements on CBS, ABC or NBC five times per week (subject to any R.J. Reynolds Tobacco Company challenge to the requirement that it publish corrective statements on television in its capacity as successor to Brown & Williamson Tobacco Corporation, described below), between 7:00 PM and 10:00 PM, Monday through Thursday, for one year.  The "addictiveness of smoking and nicotine" statement is a 30-second spot; the other four statements are 45-second spots.

*Websites*.  Defendants will place the corrective statements on their corporate and brand websites, as well as any successor or replacement websites, and any new websites that promote or advertise cigarettes, including any websites or applications using social media to promote or advertise cigarettes.  The homepage of each covered website will contain a preamble that will link to a box containing the full text of all the corrective statements in English and Spanish.  The proposed Consent Order sets out standards for both desktop monitors and presentations designed for mobile devices. The website obligations do not expire under the terms of Order #1015.  Under the proposed Consent Order the amount of text on the homepage will reduce at year 6 and again at year 12, though at all times the homepage will link to the entire text of the statements.

The proposed Consent Order also provides standards that would apply should Defendants launch new covered websites or redesign their existing covered websites.

*Onserts*.  Three times a year for two years, Defendants will ship two-weeks' worth of their estimated annual cigarette volume to distributors with "onserts" that contain one of the corrective statements affixed to each cigarette pack.  Defendants will include each of the five corrective statements in at least one two-weeks' worth shipment of each brand, or may instead include an approximately equal number of all five corrective statements in each shipment.

*Other provisions*.  The proposed Consent Order preserves Defendants' right to challenge on appeal the content of the corrective statements and the requirement that the corrective statements appear in the multiple media referenced in Order #1015 and in the proposed Consent Order.  Defendants have agreed not to challenge on appeal the specific implementation executions in the proposed Consent Order, and Plaintiffs have agreed not to invoke Defendants' agreement to the specific implementation executions in response to Defendants' appellate challenge to the corrective statements.  Defendants will begin making the statements within a specified amount of time from a "trigger date," which is defined as the date on which appeals are exhausted.

R.J. Reynolds Tobacco Company disputes that it must publish corrective statements in its capacity as successor to Brown & Williamson Tobacco Corporation.  R.J. Reynolds Tobacco Company and Plaintiffs are currently negotiating on how this issue affects dissemination of the corrective statements on television.  If those negotiations do not reach an outcome satisfactory to all parties, R.J. Reynolds Tobacco Company intends to file a separate motion on this issue.

## II.     Reviewing Minnesota Depository Privilege Claims

Order #38-Remand (DN 6009; issued Apr. 23, 2012) and Order #39-Remand (DN 6010; issued Apr. 23, 2012) established procedures to address disputes over the privilege and confidentiality designations for certain documents in the Minnesota Depository Secure Room ("Minnesota Documents").  Discussions have proceeded company by company.  Plaintiffs and Philip Morris USA Inc., Altria Group, Inc., and R.J. Reynolds Tobacco Company (in its own capacity and as successor in interest to Brown & Williamson Tobacco Corporation and American Tobacco Co.) have completed their discussions and resolved their differences

regarding those companies' Minnesota Documents. Plaintiffs have now initiated discussions with Lorillard Tobacco Company regarding its Minnesota Documents.

### III. Further Briefing Regarding Retail Point-of Sale Displays

The parties previously briefed the issue of point-of-sale displays, and the proposed Consent Order does not address that issue. The Court previously set a separate hearing on the issue, and then, at the parties' joint request, due to the now-completed mediation, removed it from the Court's calendar. Order #35-Remand (DN 5999; issued Jan. 23, 2013); Order #37-Remand (DN 6005; issued Feb. 4, 2013). Now that the mediation is over, the parties request that the Court set a new hearing date on this issue.

In response to a prior Order, Order #19-Remand (DN 5916; issued Apr. 11, 2011), two trade associations -- the National Association of Tobacco Outlets (DN 5933; filed May 12, 2011) and the National Association of Convenience Stores (DN 5934; filed May 15, 2011) -- submitted briefs opposing corrective statements on point-of-sale displays. Plaintiffs seek an opportunity to respond to the trade associations' arguments, and to otherwise update the Court concerning this remedy. Defendants likewise request an opportunity to respond to Plaintiffs' submissions and also update the Court. The parties suggest that the Court permit the parties to submit short supplemental briefs (and responses) on this remedy, as it did in Order #33-Remand (DN 5982; issued Sept. 12, 2012), in advance of the hearing on the text of the corrective statements.

Dated:  January 10, 2014                         Respectfully submitted,

                                                            STUART F. DELERY
                                                            Assistant Attorney General

                                                            MAAME EWUSI-MENSAH FRIMPONG
                                                            Deputy Assistant Attorney General

                                                            MICHAEL BLUME, Director
                                                            ANDREW CLARK, Assistant Director

Consumer Protection Branch

\_\_\_/s/_____
DANIEL K. CRANE-HIRSCH
JOHN W. BURKE
LINDA M. McMAHON
Trial Attorneys
Civil Division
United States Department of Justice
PO Box 386
Washington, DC 20044-0386
Telephone: 202-616-8242 (Crane-Hirsch)
            202-353-2001 (Burke)
            202-307-0448 (McMahon)
Facsimile: 202-514-8742
E-mail address: daniel.crane-hirsch@usdoj.gov
josh.burke@usdoj.gov
linda.mcmahon2@usdoj.gov

*Attorneys for Plaintiff United States of America*


  */s/ Howard M. Crystal*
Howard M. Crystal (D.C. Bar No. 446189)
Katherine A. Meyer (D.C. Bar No. 244301)
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, Suite 700
Washington, DC 20009
202-588-5206
hcrystal@meyerglitz.com
*Attorneys for the Public-Health Plaintiff-Intervenors*



  */s/*_____
Anand Agneshwar
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690
Telephone:  (212) 715-1107
Fax:  (212) 715-1399

6

Miguel A. Estrada (D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone:  (202) 955-8257
Fax:  (202) 530-9016

Beth A. Wilkinson (D.C. Bar No. 462561)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, N.W.
Washington, D.C.  20006-1047
Telephone:  (202) 223-7300
Fax:  (202) 223-7420

Thomas J. Frederick
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601-9703
Telephone:  (312) 558-6700
Fax:  (202) 558-5700

*Attorneys for Defendants*
*Altria Group, Inc. and Philip Morris USA Inc.*

        */s/*
Noel J. Francisco (D.C. Bar No. 464752)
Robert F. McDermott (D.C. Bar No. 261164)
Peter J. Biersteker (D.C. Bar No. 358108)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:  (202) 879-3939
Fax:  (202) 626-1700

Geoffrey K. Beach
R. Michael Leonard
WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
One West Fourth Street
Winston-Salem, NC  27101
Telephone:  (336) 721-3721
Fax:  (336) 733-8389

*Attorneys for Defendant*
*R.J. Reynolds Tobacco Company,*
*individually and as successor by merger to*
*Brown & Williamson Tobacco Corporation*

        */s/*
Michael B. Minton
Elizabeth Blackwell
THOMPSON COBURN LLP
One US Bank Plaza, Suite 3500
St. Louis, Missouri  63101-1693
Telephone:  (314) 552-6000
Fax:  (314) 552-7597

*Attorneys for Defendant*
*Lorillard Tobacco Company*