UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 99-2496 (GK) |
| and | ) | |
| | ) | January 22, 2014 |
| TOBACCO-FREE KIDS ACTION FUND, *et al.,* | ) | (Hearing) |
| | ) | |
| *Plaintiff-Intervenors,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILIP MORRIS USA, INC., | ) | |
| (f/k/a Philip Morris, Inc.), *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

**AMICUS BRIEF OF
FOX BROADCASTING COMPANY**

Fox Broadcasting Company ("FBC"), operator of the FOX Network ("FOX"), hereby

files this amicus brief urging the Court to include FOX among the "major television networks"

on which Corrective Statements may be placed pursuant to Section III ("Corrective Statements

on Television") of the proposed Consent Order Implementing the Corrective Statements Remedy

Under Order #1015 and Order #34-Remand ("Proposed Consent Order").[1]  The Proposed

---

[1] The Proposed Consent Order as originally submitted would require Defendants to cause the
Corrective Statements to be broadcast on "one or more of the three major television networks,
i.e., CBS, ABC, or NBC."  Proposed Consent Order at 7.  That language appears to be derived
from the Court's Final Judgment and Remedial Order, Order #1015 (Doc. No. 5733, released
August 17, 2006), published as *United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1, 941
(D.D.C. 2006) ("Final Judgment and Remedial Order"), *aff'd in part & vacated in part*, 566 F.3d
1095 (D.C. Cir. 2009) (per curiam), *cert. denied*, 561 U.S. ___, 130 S. Ct. 3501 (2010).

Consent Order was submitted to the Court on January 10, 2014 in the above-captioned proceeding; a hearing on the Proposed Consent Order is currently scheduled for January 22, 2014.

In support of this brief, we are attaching a declaration of Toby Byrne, President of Ad Sales, FBC, describing the FOX television network operation, its status as a "major television network" and certain attributes of its audience.  Corrective Statements aired on FOX would reach as many, if not more, viewers as statements aired on the networks (*i.e.*, ABC, CBS, NBC) identified in the Proposed Consent Order.  Moreover, ratings establish that FOX is the most-watched network among teenagers and adults under the age of 35.  As a result, Corrective Statements aired on FOX-affiliated stations are more likely to reach the younger audience aggressively targeted by Defendants in their commercial campaigns promoting smoking.  Thus, inclusion of FOX among the "major television networks" not only will be consistent with FOX's established stature in the television broadcast industry, but will also provide a more effective means of redressing the Defendants' harmful conduct.

### FOX BROADCASTING COMPANY AND THE FOX NETWORK

FBC operates the FOX Network ("FOX"), one of the four major commercial broadcasting networks in the United States.  The network has been in operation since 1986.[2] Through more than 200 local station affiliates, FOX Network programming is broadcast over the airwaves to virtually any U.S. resident with a working antenna and a television, reaching 99.8% of the United States population, slightly more than ABC, CBS or NBC.  Consumers with paid subscriptions to cable, satellite, and telco television providers also receive FOX programming, which includes critically-acclaimed dramas and comedies, live sporting events such as the 2014 NFL Super Bowl, and, through its affiliates, locally-produced news programming, public service announcements, and emergency information.  FOX enjoys particular popularity among younger audiences, having been the preferred network among teenagers 12-17 and men 18-34 for 12 consecutive years.  It was also the top-rated network for 11 of the past 12 seasons among all adults under the age of 35.

### BACKGROUND

Having concluded that the Defendants made false, deceptive, and misleading public statements about cigarettes and smoking for decades, this Court has ordered the Defendants to issue Corrective Statements to prevent and restrain Defendants from making fraudulent public statements on smoking and health matters in the future.  Order #1015 (Doc. No. 5733, released

---

[2] Because tobacco advertising on U.S. broadcast stations has been prohibited since 1971 – 15 years before the FOX broadcast television network commenced operations – FOX has not aired any such advertising.  That, however, is not a bar to the relief FBC seeks in this brief.  As the Court has observed, the media through which Defendants have conveyed their commercial messages have changed dramatically over the years. *United States v. Philip Morris USA, Inc.*, 907 F. Supp. 2d 1, 27 (D.D.C. 2012) ("Memorandum Opinion and Order"). The mere fact that FOX did not exist when broadcast advertising of tobacco products was legal does not diminish the obvious desirability of utilizing the FOX broadcast network to deliver Corrective Statements to the Court's intended audience.

August 17, 2006), published as *United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1, 938-941 (D.D.C. 2006) ("Final Judgment and Remedial Order"), *aff'd in part & vacated in part*, 566 F.3d 1095 (D.C. Cir. 2009) (per curiam), *cert. denied*, 561 U.S. ___, 130 S. Ct. 3501 (2010). The media selected by this Court for dissemination of the Corrective Statements were chosen in order to "structure a remedy which uses the same vehicles which Defendants have themselves historically used to promulgate false smoking and health messages." *United States v. Philip Morris USA, Inc.*, 907 F. Supp. 2d 1, 27 (D.D.C. 2012) ("Memorandum Opinion and Order") (quoting Final Judgment and Remedial Order at 941).  As noted, one element of the remedies specifically ordered by the Court is the broadcast by Defendants of court-approved Corrective Statements on Television.  The Defendants are to cause the Corrective Statements to "to appear as an advertisement on one or more of the three major television networks, i.e., CBS, ABC, or NBC."  Final Judgment and Remedial Order at 941.[3]  The Proposed Consent Order tracks that provision. *See* Proposed Consent Order at 7.

Neither the Final Judgment and Remedial Order nor any other document FBC has been able to find explains the omission of FOX from the identified universe of "major television networks".  FBC believes that this omission was inadvertent because, as set out below, FOX is plainly a "major television network."  Further, in view of the overwhelming evidence that the Defendants directed false and deceptive advertising to young people, broadcast of the Corrective Statements on the FOX television network will particularly advance the remedial interests underlying the Proposed Consent Order because FOX provides the most effective way to reach a young television audience.

---

[3] Each Defendant must air its advertisements on one or more television networks of its choice for one year, with each Court-approved Corrective Statement to air at least ten times during the one-year period.  Final Judgment and Remedial Order at 941.

**ARGUMENT**

**I.      FOX is a "major television network".**

The Final Judgment and Remedial Order mandated the broadcast of the Corrective

Statements on "major television networks".  In so doing, however, this Court without

explanation omitted FOX from the networks so identified.  By any measure, FOX is a "major

television network".

FOX primetime network programming is available in 99.8% of the country.[4]  That

exceeds the geographical coverage of each of the three other major commercial broadcast – ABC

(99.6%), CBS (99.7%) and NBC (99.1%) – identified in the Final Judgment and Remedial

Order.[5]

Like ABC, NBC and CBS, FOX programming is broadcast free over-the-air via local

market station affiliates.  By this measure as well, FOX has broader coverage, via its affiliated

stations, than the three other networks.  FOX has 206 affiliates; in contrast, ABC has only 184,

CBS 188 and NBC 187.  FOX and its affiliates provide high-quality local and national

programming to virtually every American television household. [6]

Not only is the FOX Network available to a greater geographic area through more

affiliates nationally than the other three networks, but Nielsen ratings demonstrate that FOX

programming in fact is viewed by as many or more key adult viewing groups as the other three.

According to Nielsen ratings for the current television season (dated 9/23/13-1/5/14), FOX

---

[4] For supporting documentation concerning FOX's audience statistics, *see* Exhibit A, Declaration
of Toby Byrne, President of Ad Sales for FBC.

[5] *Id.*

[6] *Id.*

ranked second in primetime viewing among adults aged 18-49, with an average audience that exceeded that of CBS and ABC.[7]

FOX was the most-watched network among adult viewers aged 18-49 for eight consecutive seasons from 2004 through 2012, and was the second most-watched network in 2013. Importantly, FOX programming enjoys particular popularity among younger audiences. FOX has been the preferred network among teenagers aged 12-17 and men aged 18-34 for 12 consecutive years. It was also the top-rated network for 11 of the past 12 seasons among men aged 18-49 and among adults aged 18-34.[8]

The federal agency charged with regulation of communications, the Federal Communications Commission, has itself recognized FOX as being a "major television network" for more than a decade, *i.e.*, since several years *before* the Final Judgment and Remedial Order was issued.[9] Certainly such a characterization by the principal regulatory agency overseeing the broadcast industry is entitled to considerable deference.

It is therefore clear that FOX is a "major television network." If the goal of the television broadcast component of the Court's remedial order is to assure the presentation of the Corrective Statements to the widest possible audience using media previously utilized by the Defendants –

---

[7] *Id.*

[8] *Id.*

[9] *See, e.g., In the Matter of Amendment of Section 73.658(g) of The Commission's Rules - The Dual Network Rule*, Report and Order, 16 FCC Rcd 11114 (2001) (referring repeatedly to the "four major television networks - ABC, CBS, Fox and NBC"); *In re 2010 Quadrennial Regulatory Review*, 26 FCC Rcd 17489, 17506 (2011) ("the four major networks (i.e., ABC, NBC, CBS, and Fox)"); *In re Status of Competition in the Market for Delivery of Video Programming*, 28 FCC Rcd 10496, 10573 (2013) ("the four major networks (ABC, CBS, FOX, or NBC)").

in this case, broadcast television networks – FOX should plainly be included as one of the networks to be utilized.[10]

## II. The Defendants Successfully Targeted Young People With False, Misleading and Deceptive Advertisements.

Defendants have historically engaged in elaborate, extensive efforts to market their products to young people.[11] This was part of a strategy perceived by Defendants as necessary to their survival.[12] Defendants' marketing efforts were, and continue to be, remarkably successful, as youth smoking continues to be a major concern.

A 2012 study sponsored by the National Institutes of Health found that 40% of American youth have tried cigarettes by 12th grade, and nearly one in six (17%) 12th graders is a current

---

[10] Under the terms of the Proposed Consent Order, Defendants are not required to utilize any particular television network, as long as they utilize one of the "major television networks." Proposed Consent Order at 7. FBC does not propose any change on that score. But by specifically defining the universe of "major television networks" to include only ABC, CBS and NBC and, thus, to exclude FOX, the Proposed Consent Order unnecessarily – and inaccurately – ignores FOX's status as a "major television network". It thereby needlessly and ill-advisedly reduces the number of networks that Defendants may use to fulfill their obligations under the Court's Final Judgment and Remedial Order.

[11] *See, e.g.*, Final Judgment and Remedial Order at 691 ("Defendants' marketing activities are intended to bring new, young, and hopefully long-lived smokers into the market in order to replace those who die (largely from tobacco-caused illnesses) or quit. Defendants intensively researched and tracked young people's attitudes, preferences, and habits. As a result of those investigations, Defendants knew that youth were highly susceptible to marketing and advertising appeals, would underestimate the health risks and effects of smoking, would overestimate their ability to stop smoking, and were price sensitive. Defendants used their knowledge of young people to create highly sophisticated and appealing marketing campaigns targeted to lure them into starting smoking and later becoming nicotine addicts.").

[12] *See, e.g.,* Final Judgment and Remedial Order at 692 ("Defendants spent billions of dollars every year on their marketing activities in order to encourage young people to try and then continue purchasing their cigarette products in order to provide the replacement smokers they need to survive.")

7

smoker.[13] The majority of people who become addicted begin smoking before the age of 21.[14]

Today, nearly 40% of smokers in the United States are between the ages of 18 and 44.[15]

In other words, the epidemic of smoking spawned by the Defendants continues among

young people.  While other segments of the population also smoke, the Court has focused

considerable attention on youth smoking.  It is therefore appropriate, if not essential, that the

remedies imposed by the Court be designed to address with maximum effectiveness that

particular aspect of the problem.

**III.     Including FOX as a "Major Television Network" for Purposes of Disseminating
Corrective Statements Will Enhance the Effectiveness of the Remedies**.

As discussed above, FOX has consistently been the preferred network of all viewers

under the age of 35.  If the goal of the remedies is to maximize the likelihood that the Corrective

Statements will reach an audience historically targeted by the Defendants' promotional efforts,

inclusion of FOX among the "major television networks" is essential.  The FOX television

network reaches more viewers nationwide than the three other networks listed in the Proposed

Consent Order, and FOX's ratings demonstrate that it consistently has *more* young viewers than

---

[13] Johnston, L. D., O'Malley, P. M., Bachman, J. G., & Schulenberg, J. E. (2013). Monitoring the Future National Results on Adolescent Drug Use: Overview of Key Findings, 2012. Ann Arbor: Institute for Social Research, The University of Michigan, at 34.

[14] Final Judgment and Remedial Order at 562 ("The majority of people who become addicted smokers start smoking before the age of eighteen, and many more before the age of twenty-one.").

[15] CDC, *Current Cigarette Smoking Among Adults — United States, 2005–2012*, MMWR 63(2): 29-34, January 17, 2014, http://www.cdc.gov/mmwr/preview/mmwrhtml/mm6302a2.htm?s_cid=mm6302a2_w ("In 2012, an estimated 18.1% (42.1 million) of U.S. adults were current cigarette smokers. … In 2012, prevalence was significantly higher among males (20.5%) than females (15.8%) and among persons aged 18–24 years (17.3%), 25–44 years (21.6%), and 45–64 years (19.5%) than among those aged ≥65 years (8.9%).").

the other networks.  And beyond the youth audience, FOX's ratings regardless of age group establish that broadcast of the Corrective Statements on the FOX network would deliver the message to an overall audience compares favorably to, if not exceeds, the three networks already listed in the Proposed Consent Order.  Omitting FOX from that order would disserve the remedial goals the Court has set.

Inclusion of FOX would not impose any disadvantage on any party to this litigation.  In particular, Defendants would remain under the identical obligations the Court has already proposed.  But inclusion of FOX would benefit *all* parties.  From the Plaintiffs' perspective, broadcast of the Corrective Statements on FOX would maximize the audience for those Statements, with particular reach to young people.  From Defendants' perspective, inclusion of FOX would provide defendants one more option – and, given FOX's demonstrably large audience among key viewing groups, a particularly desirable option – for meeting their remedial obligations.

Inclusion of FOX would also not create any additional burden for the Court.  The Proposed Consent Order could be amended simply by revising the first sentence in the first paragraph of Section III ("Corrective Statements on Television") to read:

> Each Defendant will place the Corrective Statements ("spots") on its choice of the four major television networks – FOX, CBS, ABC, or NBC.

That is, the word "four" would be inserted in place of "three," and the word "FOX" would be included with CBS, ABC and NBC.

CONCLUSION

For the foregoing reasons, FBC urges the Court to include FOX among the "major

television networks" on which Defendants may place Corrective Statements to satisfy the

remedies ordered in the final Consent Order Implementing the Corrective Statements Remedy

Under Order #1015 and Order #34-Remand.


January 21, 2014                                        Respectfully submitted,

                                                       FOX BROADCASTING COMPANY


                                                       By: _____/s/_____
                                                       Tony S. Lee, Esq. (D.C. Bar No. 450706)
                                                       Harry F. Cole, Esq.
                                                       Davina S. Sashkin, Esq.

                                                       FLETCHER, HEALD & HILDRETH, PLC
                                                       1300 North 17th Street, 11th Floor
                                                       Arlington, VA 22209
                                                       703-812-0400

                                                       Its Attorneys

**CERTIFICATE OF SERVICE**

I, Tony S. Lee, hereby certify that on this 21st day of January, 2014, I caused a copy of the foregoing "Amicus Brief of Fox Broadcasting Company" to be served on counsel of record in the captioned proceeding through the Court's CM/ECF system.


/s/      Tony S. Lee

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 99-2496 (GK) |
| and | ) | |
| | ) | January 22, 2014 |
| TOBACCO-FREE KIDS ACTION FUND, *et al.,* | ) | (Hearing) |
| | ) | |
| *Plaintiff-Intervenors,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILIP MORRIS USA, INC., | ) | |
| (f/k/a Philip Morris, Inc.), *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**EXHIBIT TO AMICUS BRIEF OF
FOX BROADCASTING COMPANY**

Tony S. Lee
D.C. Bar No. 450706
Fletcher, Heald & Hildreth, P.L.C.
1300 N. 17th Street – 11th Floor
Arlington, Virginia  22209
703-812-0400

*Counsel for Fox Broadcasting Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action No. 99-2496 (GK) |
| and | ) | |
| | ) | January 22, 2014 |
| TOBACCO-FREE KIDS ACTION FUND, *et al.,* | ) | (Hearing) |
| | ) | |
| *Plaintiff-Intervenors,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILIP MORRIS USA, INC., | ) | |
| (f/k/a Philip Morris, Inc.), *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

**DECLARATION OF
TOBY BYRNE**

I, Toby Byrne, hereby declare under penalty of perjury that the following is true and correct:

1.      I am President of Ad Sales for Fox Broadcasting Company ("FBC"). I am preparing this Declaration for submission to the U.S. District Court for the District of Columbia in support of FBC's Amicus Brief relative to the above-captioned matter.

2.      FBC operates the FOX Network ("FOX"), one of the four major commercial broadcasting networks in the United States. The network has been in operation since 1986. Because tobacco advertising on U.S. broadcast stations has been prohibited since 1971, FOX has not aired such advertising.

3.      FOX primetime network programming is available in 99.8% of the country.  That

exceeds the geographical coverage of the three other major commercial broadcast networks –

ABC (99.6%), CBS (99.7%) and NBC (99.1%) – identified in the Final Judgment and Remedial

Order.

4.      Like ABC, NBC and CBS, FOX programming is broadcast free over-the-air via

local market station affiliates.  FOX has broader coverage, via its affiliated stations, than the

other networks.  FOX has 206 affiliates; in contrast, ABC has only 184, CBS 188 and NBC 187.

FOX and its affiliates provide high-quality local and national programming to virtually every

American television household.

5.      Not only is FOX network programming available to a greater geographic area

through more affiliates nationally than the other three networks, but Nielsen ratings demonstrate

that FOX's programming in fact is viewed by as many or more key adult viewing groups as the

other three.  According to Nielsen ratings for the current television season (dated 9/23/13-

1/5/14), FOX ranked second in primetime viewing among adults aged 18-49, with an average

audience that exceeded that of CBS and ABC.

6.      FOX was the top network among adult viewers aged 18-49 for eight consecutive

seasons from 2004 through 2012, was #2 in 2013, and has been the preferred network among

teenagers 12-17 and men 18-34 for 12 years.  FOX was also #1 for 11 of the past 12 seasons

among men aged 18-49 and adults aged 18-34.

7.      FOX is the broadcast network home of Major League Baseball including the

World Series, airs the NFC package of the National Football League including the NFC

Championship game, which routinely ranks within the year's top 3 programs, and rotates airing

the Super Bowl every three years with CBS and NBC.  FOX will broadcast the Super Bowl this year on February 2, 2014.   ABC does not air the Super Bowl.

_____

January 21, 2014