# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Civil Action No. 99-2496 (GK) |
| PHILIP MORRIS USA INC., *et al.*, : | |
| Defendants. : | |

## MEMORANDUM OPINION

This case was filed on September 22, 1999. In 2006, after a nine month trial, the Court ruled that the Defendant Cigarette Manufacturers had for decades conspired to deny the health effects of smoking in violation of RICO. USA v. Philip Morris, Inc., 449 F. Supp. 2d 1 (D.D.C. 2006) ("liability opinion").

This Court ordered in that Opinion, among many other Orders, that Defendants disseminate corrective statements relating to the health effects of smoking in newspapers, on TV, on cigarette packages, and web sites. Id. at 938-41. As Judge Sentelle pointed out in the Court of Appeals' most recent Opinion relating to corrective statements, "[f]or more than a decade the parties have battled over the precise language of those statements -- both in and out of court." United States of America, United States Department of Justice, et al., Appellees v. Philip Morris USA, Inc., formerly known as Philip Morris, Incorporated, et al., Appellants, and Brown & Williamson Tobacco Corporation, Directly and as Successor by Merger to American Tobacco Company, et al, Appellees, #16-5101, decided April 25, 2017. Once again, the case has been remanded to this Court, on June 20, 2017 (received June23, 2017), to address the issue of corrective statements.

Given the incredible amount of judicial time used, as well as lawyer time, and the actual findings of the Court of Appeals in its most recent Opinion, this Court will do her best to address them in the most efficient and succinct manner possible. The Court of Appeals focused on several separate issues.

A. First, the Court of Appeals agreed with Appellants that the preambles which had been approved by the District Court in an earlier round of this litigation did suggest prior misconduct by Defendants which, of course, is not permitted under RICO. See USA v. Philip Morris USA, Inc., 566 F.3d 1095, 1140 (D.C. Cir. 2009) ("2009 Opinion").

However, Judge Sentelle, writing for a unanimous court, concluded in its most recent Opinion that "[t]his problem is remedied by simply removing the phrase "Here is the Truth," so that the preambles read only:

> A federal court has ordered [Defendants] to make this statement about [the topic of the statement].

See, p. 7 of Court of Appeals Remand.

The Court of Appeals ruled that, modified in this fashion, the preamble would satisfy RICO notwithstanding other arguments offered by the Defendants.

B. Second, Defendants argue that even such modified preambles would violate their First Amendment rights. The Court of Appeals ruled, as it had in its earlier Opinions, that the present controversy is governed by Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626 (1985), and reminded the Parties that the Court had previously so held in its 2009 Opinion that Zauderer controlled the First Amendment issues in this case. 2009 Opinion, 566 F.3d at 1144-45. See also Revised Preamble Opinion, 164 F. Supp.3d at 126.

The Court of Appeals also noted that it "did not question the district court's ruling that Zauderer was the appropriate standard in this case." Moreover, because "a court involved in later phases of a law suit should not reopen questions [already] decided," Crocker v. Piedmont Aviation, Inc., 49 F.3d 735, 739 (D.C. Cir. 1995), "we continue to analyze the preambles under Zauderer." See, p. 11 of Remand.

The Court of Appeals also found that the preamble requirements were "reasonably related to the [Government's] interest in previous deceptions of consumers." Zauderer, 471 U.S. at 651. See p. 12 of Remand. The Court made it clear that the "modification discussed above removes any inference of past misconduct," and that mandating the inclusion of a one sentence preamble is not unduly burdensome.

C. Defendants also challenge the topic descriptions in the preambles to statements (C) and (D), arguing that they exceed the remedies' scope of RICO because they convey past wrongdoing.

As to Statement (C), Defendants also argue that statement (C)'s topic description, which requires Defendants to make the statement about selling and advertising low tar and light cigarettes as less harmful than regular cigarettes" is not acceptable. The Court of Appeals has determined that this language had not been previously considered and, therefore, is backward-looking after implying that Defendants previously sold and advertised cigarettes in such a way. After reaching that conclusion, the Court of Appeals offered the three following different statements each one of which would be permissible under RICO and the First Amendment. See p. 13 of Remand.

> A topic description requiring Defendants to make the statement "about low tar and light cigarettes being as harmful as regular cigarettes."

-3-

"The harmfulness of low tar and light cigarettes."

The "lack of significant health benefit from smoking low tar and light cigarettes."

With respect to statement (C), it states that "Defendants are required to make the following statement about selling and advertising low tar and light cigarettes as less harmful then regular cigarettes." The Court of Appeals has ruled that this language was not previously considered or presented to the Court and that it is definitely backward-looking, as it implied that Defendants previously sold and advertised in that fashion.

Again, the Court of Appeals offers several alternatives which would be permissible: requiring the topic description to make statement "about low tar and light cigarettes being as harmful as regular cigarettes," "the harmfulness of low tar and light cigarettes, or "the lack of significant health benefits from smoking low tar and light cigarettes."

It is this Court's strong view that the first topic description "about low tar and light cigarettes being as harmful as regular cigarettes" is simplest and clearest to understand and therefore will be easiest for the public to understand. Consequently, that is the topic description to be ordered.

D.  As to Statement (D), the Court of Appeals made it clear that Defendants could not challenge the preamble language because they had waived any challenge to language that they "manipulate[d] [the] design of cigarettes in order to enhance the delivery of nicotine" or "intentionally designed cigarettes to make them more addictive." Corrective Statements Opinion, 801 F.3d at 258-59.

## SUMMARY

In sum, the changes to be made will read as follows:

A.  **Adverse Health Effects of Smoking**

A Federal Court has ordered Altria, R.J. Reynolds Tobacco, Lorillard, and Philip Morris USA to make this statement about the health effects of smoking.

- Smoking kills, on average, 1,200 Americans. Every day.

- More people die every year from smoking than from murder, AIDS, suicide, drugs, car crashes, and alcohol, **combined**.

- Smoking causes heart disease, emphysema, acute myeloid leukemia, and cancer of the mouth, esophagus, larynx, lung, stomach, kidney, bladder, and pancreas.

- Smoking also causes reduced fertility, low birth weight in newborns, and cancer of the cervix.

B.  **Addictiveness of Smoking and Nicotine**

A Federal Court has ordered Altria, R.J. Reynolds Tobacco, Lorillard, and Philip Morris USA to make this statement about the addictiveness of smoking and nicotine.

- Smoking is highly addictive. Nicotine is the addictive drug in tobacco.

- Cigarette companies intentionally designed cigarettes with enough nicotine to create and sustain addiction.

- It's not easy to quit.

- When you smoke, the nicotine actually changes the brain -- that's why quitting is so hard.

C.  **Lack of Significant Health Benefit from Smoking "Low Tar," "Light," "Ultra Light," "Mild," and "Natural" Cigarettes**

A Federal Court has ordered Altria, R.J. Reynolds Tobacco, Lorillard, and Philip Morris USA to make this statement about low tar and light cigarettes being as harmful as regular cigarettes.

- Many smokers switch to low tar and light cigarettes rather than quitting because they think low tar and light cigarettes are less harmful. They are **not**.

- "Low tar" and "light" cigarette smokers inhale essentially the same amount of tar and nicotine as they would from regular cigarettes.

- **All** cigarettes cause cancer, lung disease, heart attacks, and premature death -- lights, low tar, ultra lights, and naturals. There is no safe cigarette.

### D. Manipulation of Cigarette Design and Composition to Ensure Optimum Nicotine Delivery

A Federal Court has ordered Altria, R.J. Reynolds Tobacco, Lorillard, and Philip Morris USA to make this statement about designing cigarettes to enhance the delivery of nicotine.

- Altria, R.J. Reynolds Tobacco, Lorillard, and Philip Morris USA intentionally designed cigarettes to make them more addictive.

- Cigarette companies control the impact and delivery of nicotine in many ways, including designing filters and selecting cigarette paper to maximize the ingestion of nicotine, adding ammonia to make the cigarette taste less harsh, and controlling the physical and chemical make-up of the tobacco blend.

- When you smoke, the nicotine actually changes the brain -- that's why quitting is so hard.

### E. Adverse Health Effects of Exposure to Second Hand Smoke

A Federal Court has ordered Altria, R.J. Reynolds Tobacco, Lorillard, and Philip Morris USA to make this statement about the health effects of secondhand smoke.

- Secondhand smoke kills over 38,000 Americans each year.

- Secondhand smoke causes lung cancer and coronary heart disease in adults who do **not** smoke.

- Children exposed to secondhand smoke are at an increased risk for sudden infant death syndrome (SIDS), acute respiratory infections, ear problems, severe asthma, and reduced lung function.

- There is no safe level of exposure to secondhand smoke.

June 27, 2017

*Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**