UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 99-2496 (PLF) |
| | ) | |
| PHILIP MORRIS USA INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

In 2006, Judge Gladys Kessler of this Court issued a 1,600-page opinion and a final judgment and remedial order in the above captioned case finding that the defendants had made false, deceptive, and misleading statements and mandating that they publish corrective statements as a remedy. See United States v. Philip Morris USA, Inc., 449 F. Supp. 2d 1 (D.D.C. 2006). These corrective statements were to be published in newspapers and on their corporate websites and disseminated through television, advertisements, onserts and retail displays. See id. at 925-41. Since that date, this case has been to the United States Court of Appeals for the District of Columbia Circuit on a number of occasions. The court of appeals has largely affirmed Judge Kessler's factual findings, legal conclusions, and remedial directives.

In its most recent opinion, the court of appeals directed two changes to the text of the corrective statements required by Judge Kessler in Order #64-Remand (Apr. 19, 2016) [Dkt. No. 6195]. See United States v. Philip Morris USA, Inc., 855 F.3d 321 (D.C. Cir. 2017). First, the court of appeals removed four words from the preamble to each of the five corrective statements: "Here is the truth." See id. at 325-26. As a result, the preamble now reads: "A

Federal Court has ordered [Defendants] to make this statement about [the topic of the statement]." See id. at 326.  Second, with respect to the corrective statement for low tar, light, ultra-light, mild, and natural cigarettes (referred to as "Statement C"), the court of appeals agreed with the defendants that the "statement about selling and advertising low tar and light cigarettes as less harmful than regular cigarettes" was impermissibly "backward-looking." See id. at 328-29.  It suggested three possible alternative descriptions that would be permissible under both the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the First Amendment. See id. at 329.  For these two reasons – and only these reasons – the court of appeals remanded the matter to this Court for further proceedings.  In doing so, the court explicitly noted: "[W]e see no reason why extensive proceedings will be required in the district court.  With the minor revisions mandated in this opinion, the district court can simply issue an order requiring the corrected statements remedy to go forward." See id.

And that is precisely what Judge Kessler did.  On remand, she deleted the text "Here is the truth" from the preamble language and selected one of the three alternatives proffered by the court of appeals – the one she considered to be the "simplest and clearest to understand and . . . easiest for the public to understand." See United States v. Philip Morris USA, Inc., 257 F. Supp. 3d 1, 4 (D.D.C. 2017).  And she ordered that the parties would be governed by these revised corrective statements. See Order #67-Remand (June 27, 2017) [Dkt. No. 6208].

Since that time, the parties have worked together to agree upon and propose a superseding consent order with respect to the corrective statements and each of the modes of communication.  They reported their progress first to Judge Kessler, and more recently to the undersigned, in periodic status reports.  The parties succeeded in negotiating a second

superseding consent order implementing the corrective statements for newspapers and television, but not for websites or cigarette package onserts. On October 5, 2017, the Court issued Order #72-Remand [Dkt. No. 6227] approving the second superseding consent order for newspapers and television.

It now appears that the parties have hit a snag in finalizing the implementation plans for websites and onserts, and the defendants and remedies parties have filed a motion seeking the aid of the Special Master in this case.[1] After months of negotiation, only a few issues remain to be resolved regarding the implementation of corrective statements for websites and onserts. The defendants and remedies parties explain:

> As to websites, the parties have agreed on updated mockups for 9 of the 14 websites at issue, including mockups for all websites presented by the Remedies Parties. All that remains in dispute is a narrow range of details regarding the mockups for five of Defendants' brand-specific websites, where outstanding items relate to issues such as font sizes and background colors. As to onserts, the parties have agreed on all mockups for Philip Morris USA. The parties disagree on a single discrete issue regarding mockups for R.J. Reynolds Tobacco Company and ITG Brands, LLC – namely, whether a solid, right-facing triangle needs to appear on the front of each onsert to indicate that the text continues on the back. Resolution of these few remaining issues is all that separates the parties from a final agreement on a superseding consent order for websites and onserts.

See Mot. at 3-4. The defendants and remedies parties ask the Court to refer these few remaining issues to the long-time Special Master in this litigation, retired Judge Richard A. Levie, and request that he mediate the parties' differences and help them reach agreement as quickly as

---

[1] In connection with the pending motion, the Court has reviewed the following filings and exhibits attached thereto: Defendants' and Remedies Parties' Motion for Referral to the Special Master for Mediation, or, in the Alternative for Clarification ("Mot.") [Dkt. No. 6245], Plaintiffs' Opposition to the Motion ("Opp'n") [Dkt. No. 6247], and the Reply Brief of Defendants and Remedies Parties in Support of the Motion ("Reply") [Dkt. No. 6248].

3

possible.[2]  "[C]ompared to the agreements already reached," the defendants and remedies parties explain, "these remaining issues are limited and the gaps can be bridged." See id. at 5.

In its opposition, the plaintiff argues that the Court does not have the authority to compel mediation before the Special Master – including under its inherent powers – absent all parties' consent, nor is there good reason to do so. See Opp'n at 10-15.  Furthermore, the plaintiff takes the position that the deadlines set forth in Order #64-Remand remain in full force with respect to websites and onserts and, as a result, that it may seek enforcement at any time. See id. at 18-22.[3]  The plaintiff thus asks that the Court not bar the plaintiff from seeking enforcement, as the alternative would amount to "mandatory and seemingly open-ended mediation." See id. at 9, 15-18.

---

[2] The motion makes clear that most of the unresolved issues involve the plaintiff and defendants, as the remedies parties do not have any remaining website implementation issues and have only one remaining issue regarding onserts.  The remedies parties join the defendants, however, in their request to have all remaining issues resolved by the Special Master.

[3] The parties propose conflicting interpretations of Order #64-Remand.  Although the plaintiff has engaged in negotiations with the defendants and remedies parties, it asserts that this fact does not negate the right to seek enforcement of the deadlines set forth in Order #64-Remand.  See Opp'n at 21.  If the defendants and remedies parties want certainty in the face of these deadlines (and protection from a threatened contempt motion), the government argues that they may implement mock-up designs that are substantially similar to the 2014 designs (under Order #64-Remand's safe harbor provision) or submit proposed new designs and ask the Court to determine whether these new designs meet the comparative prominence standard (after allowing the parties to brief the issue).  See id. at 17.  The defendants and remedies parties, on the other hand, point to the plain language of Order #64-Remand, which states:  "Should the language of the Corrective Statements be changed as a result of further litigation, the parties reserve the right to seek different requirements than those stated herein."  See Mot. at 9; Order #64-Remand at 32.  The defendants and remedies parties argue that this provision was written with the appeal to the D.C. Circuit in mind and, because the D.C. Circuit did subsequently strike down portions of the corrective statements' text, the plain language of Order #64-Remand now permits any party to seek different implementation requirements.  See Mot. at 9; Reply at 8-9. Furthermore, the defendants and remedies parties attach the current mock-ups to their reply brief, asking that if the Court will not order the parties to mediation before the Special Master, it permit the defendants and remedies parties to proceed with implementation without post hoc second guessing or the threat of a contempt motion.  See Reply at 13-14; Mot. at 12-14.

Having reviewed the parties' briefings and the record in this case, the Court does not believe that now is the time to seek enforcement or move to hold defendants in contempt of court. The parties have come too far. Continued good faith negotiations will provide the most expedient avenue for all parties to resolve the very few and discrete issues that remain. Such negotiations should resume promptly and proceed apace. If necessary, the Court will resolve whether resolution requires the assistance of Judge Levie.

Accordingly, it is hereby

ORDERED that the parties shall appear for a hearing at 10:00 a.m. on March 13, 2018. Should the parties resolve the remaining issues prior to the hearing, they may file a proposed second superseding consent order for websites and onserts or a motion to continue the hearing indicating that such a proposed consent order is forthcoming. Otherwise, the parties shall appear to explain to the Court why resolution of these issues has not yet occurred and argue their respective positions on the Court's referral of this matter to the Special Master.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 27, 2018