UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 99-2496 (PLF) |
| PHILIP MORRIS USA INC., et al., | ) | |
| Defendants. | ) | |

OPINION & ORDER #93 – Remand

Having considered the parties' separate proposals in their respective status reports for the upcoming evidentiary hearing, the Court will set forth in this opinion and order the procedures for the evidentiary hearing scheduled to begin on September 14, 2020.[1]

---

[1] In reaching its decision, the Court has reviewed the following filings: Plaintiffs' Status Report on Proposed Schedule for Pre-Hearing Procedures and the Evidentiary Hearing on Corrective Statements at Retail Points-of-Sale ("Plaintiffs' Status Report") [Dkt. No. 6314]; the Parties' Joint Statement on Burdens of Proof Regarding Evidentiary Hearing on Corrective Statements at Retail Points-of-Sale ("Joint Statement on Burdens of Proof") [Dkt. No. 6314-1]; the Parties' Joint Statement on the Conduct of the Evidentiary Hearing on Corrective Statements at Retail Point-of-Sale ("Joint Statement on the Evidentiary Hearing") [Dkt. No. 6314-2]; Plaintiffs' Proposed Order Setting Prehearing Schedule Ahead of Evidentiary Hearing on Corrective Statements at Retail Points-of-Sale ("Plaintiffs' Proposed Pre-Hearing Schedule") [Dkt. No. 6314-3]; Manufacturers and National Retailer Groups' Status Report and Proposal Regarding Procedural Deadlines Leading to the Evidentiary Hearing on Plaintiff's Point of Sale Proposal ("Manufacturers and Retailers' Proposed Pre-Hearing Schedule") [Dkt. No. 6315]; Plaintiffs' 2018 Supplemental Brief on Retail Point of Sale Remedy ("Plaintiffs' 2018 Retail Point of Sale Remedy") [Dkt. No. 6276]; and the June 19, 2019 Joint Status Report [Dkt. No. 6286].

## I. PRE-HEARING SCHEDULE

The parties disagree about what the pre-hearing schedule should be. See Plaintiffs' Proposed Pre-Hearing Schedule at 1-2; Manufacturers and Retailers Proposed Pre-Hearing Schedule at 3-4.[2] After considering both proposals, the Court now imposes the following pre-hearing schedule:

### A. POS Proposal

The plaintiffs shall disclose their proposed permanent injunction order specific to the point-of-sale remedy where corrective statements are displayed at retail points-of-sale ("POS proposal") on or before March 13, 2020, at the same time as they file their witness disclosures and expert reports and submit their proposed stipulated facts to the manufacturers and retailers.[3] The plaintiffs have represented that the POS proposal will be similar to prior consent orders entered for other corrective statement remedies in this case and will include detail about (1) the design and execution of the manufacturer's responsibilities regarding display of corrective statements at the point-of-sale and (2) an audit protocol to ensure adequate accountability for the manufacturers' compliance with the Court's permanent injunction. See Plaintiffs' Status Report at 3-4. In other words, the plaintiffs' POS proposal will likely be complex and detailed. But the

---

[2] The plaintiffs in this case are the United States of America and the Public Health Intervenors. The manufacturers are defendants Philip Morris USA Inc., Altria Group, Inc., R.J. Reynolds Tobacco Company and remedies parties ITG Brands, LLC, Commonwealth Brands, Inc., and Commonwealth-Altadis, Inc. Two national retail associations ("the retailers") plan to participate in the evidentiary hearing as amici: the National Association of Convenience Stores ("NACS") and the National Association of Tobacco Outlets, Inc. ("NATO").

[3] The parties use different terms to refer to the POS proposal in their status reports: "detailed proposed order," "detailed proposed permanent injunction order," "proposed order," "detailed POS proposal," "POS proposal," etc. See Plaintiffs' Status Report; Manufacturers and Retailers' Proposed Pre-Hearing Schedule. The Court interprets these terms as all referring to the same thing and the Court will use the term "POS proposal" in this opinion and order.

plaintiffs have been developing this new POS proposal for at least a year and a half, if not longer. See Plaintiffs' 2018 Point of Sale Remedy [Dkt. No. 6276]. The plaintiffs have known that the Court would schedule an evidentiary hearing, which would require them to finalize their POS proposal, and the Court expects it will be ready by the deadline set forth herein.

### B. Witness Disclosures and Expert Reports

The parties should follow Rule 26(a)(2)(B) and provide expert reports for retained experts. See FED. R. CIV. P. 26(a)(2)(B). That said, it seems appropriate that all witness rendering an opinion at the evidentiary hearing be treated similarly, whether a retained expert, a non-retained or in-house expert, or a lay witness giving an opinion. Rule 26(a)(2)(C) recognizes that the Court may order more fulsome disclosures than what is required by the Federal Rules. See FED. R. CIV. P. 26(a)(2)(C).

For those witnesses rendering an opinion at the evidentiary hearing who are not required to provide an expert report – whether a non-retained or in-house expert or a lay witness giving an opinion – the Court will order the parties to provide more substantial witness disclosures than what is ordinarily required under the Federal Rules.[4] The witness disclosures shall include the substance of every fact and opinion that the witness will testify to, including the basis and reasons for any opinions, as well as the foundation for the admissibility of the testimony. They shall include all exhibits and demonstratives expected to be introduced or used in conjunction with the witness's testimony. The witness disclosures shall also include the witness's current curriculum vitae, employer, compensation if employed or retained by a party,

---

[4] The plaintiffs pointed to the declaration submitted by economist Frank Cahloupka as an example of what the witness disclosures should look like, and the Court agrees that this is an appropriate model for the witness disclosures. See Plaintiffs' Status Report at 3, n.3 (citing Exhibit 1 in support of Plaintiffs' 2018 Supplemental Brief [Dkt. No. 6276-1]).

corporate affiliate or retailer, and previous testimony related to the subject matter of their disclosed testimony.

The plaintiffs shall file their witness disclosures and expert reports on or before March 13, 2020. The manufacturers and retailers shall file their witness disclosures and expert reports on or before April 27, 2020. The plaintiffs shall file any rebuttal witness disclosures or expert reports on or before June 12, 2020.

### C. Stipulated Facts

To the extent that facts can be stipulated and agreed to by the parties and submitted to the Court before the evidentiary hearing, this will narrow the testimony to be presented at the hearing and the evidentiary hearing will be shorter and more efficient. The parties therefore are required to propose stipulated facts and then respond to the other side's proposal before filing the stipulated facts on which they agree with the Court in advance of the evidentiary hearing. The exchanges of and responses to the proposed stipulated facts will take place at the same time as the parties file their witness disclosures and expert reports. The plaintiffs shall present proposed stipulated facts to the manufacturers and retailers on or before March 13, 2020. The manufacturers and retailers shall then present their proposed stipulated facts and respond to the plaintiffs' stipulated facts on or before April 27, 2020. The plaintiffs may respond to the manufacturers and retailers' stipulated facts on or before June 12, 2020. The parties shall then jointly file their agreed-to stipulated facts with the Court on or before June 26, 2020.

### D. Depositions

Due to the detailed nature of the witness disclosures and expert reports, the Court does not expect that the parties will need to depose every witness. The parties have indicated

that they do not expect the testimony of the witnesses at the hearing to be extensive. See June 19, 2019 Joint Status Report at 2-3. Accordingly, after each party submits its witness disclosures and expert reports there will be a two-week window during which the opposing party may depose those witnesses whom they deem necessary. A two-week window will allow the parties to prioritize the necessary depositions and prevent the pre-hearing schedule from becoming unduly delayed. Each side should take note of the respective deposition windows now and ensure that their witnesses are available during those timeframes.

Unless otherwise agreed by the parties, each side may only take depositions of up to four (4) witnesses. If either party determines it is absolutely necessary to depose more than four witnesses and the parties have not agreed to a larger number, then counsel shall arrange a telephone conference with the Court by contacting chambers. To arrange a telephone hearing, counsel for both parties shall contact Judge Friedman's chambers on a single line. If Judge Friedman is available, counsel seeking extra depositions should be prepared to present arguments as to why they are necessary. If Judge Friedman is not available, then the conference will be scheduled for the next day or the day after. The telephone conference must be scheduled within the first week of the deposition window because any extra depositions must still be conducted within the two week window provided for depositions.

Depositions of plaintiffs' witnesses may be conducted between March 30 and April 10, 2020. Depositions of manufacturers and retailers' witnesses may be conducted between May 18 and May 29, 2020. There will be no further depositions after plaintiffs submit their rebuttal witness disclosures and expert reports. Any further questions the manufacturers and retailers may have can be asked in cross-examination during the evidentiary hearing.

*E. Witness and Exhibit Lists*

The parties shall simultaneously file their respective witness and exhibit list for the evidentiary hearing on or before June 26, 2020. Any objections to the witness and exhibit lists shall be filed on or before July 10, 2020.

*F. Pre-Hearing Briefs*

The Court agrees with the manufacturers and retailers that pre-hearing briefs filed after the completion of discovery and the exchange of witness and exhibit lists can help identify and narrow the precise issues remaining in dispute. Accordingly, the Court will schedule deadlines for pre-hearing briefs. The briefs and reply briefs may be up to 25 pages in length. ITG Brands may file a separate 5 page opening brief and a 5 page response brief on ITG-specific issues consistent with the stipulation of July 3, 2019. See Stipulation [Dkt. No. 6292].

The parties shall simultaneously file their pre-hearing briefs on or before July 31, 2020. On or before August 14, 2020 the parties shall simultaneously file their reply briefs.

*G. Post-Hearing Proposed Findings of Fact and Conclusions of Law*

The parties both suggested that they simultaneously submit proposed findings of facts and conclusions of law after the conclusion of the evidentiary hearing. See Plaintiffs' Proposed Pre-Hearing Schedule at 2; Manufacturers and Retailers' Proposed Pre-Hearing Schedule at 4. The Court believes these submissions will be useful and will allow for the parties to respond to each other's proposed findings of fact and conclusions of law. The parties shall simultaneously submit proposed finds of fact and conclusions of law on or before October 16, 2020. The parties may then simultaneously respond to the proposed findings of fact and conclusions of law on or before October 30, 2020.

## H. Summary of Deadlines

For clarity, the deadlines discussed above are included in the following chart:

| Deadline | Description |
| --- | --- |
| March 13, 2020 | Plaintiffs file POS proposal, see supra section A. |
| | Plaintiffs file witness disclosures and expert reports, see supra section B. |
| | Plaintiffs provide proposed stipulated facts to manufacturers and retailers, see supra section C. |
| March 30 – April 10, 2020 | Window for manufacturers and retailers to depose 4 of plaintiffs' witnesses, see supra section D. |
| April 27, 2020 | Manufacturers and retailers file witness disclosures and expert reports, see supra section B. |
| | Manufacturers and retailers provide proposed stipulated facts to plaintiffs and respond to plaintiffs' proposed stipulated facts, see supra section C. |
| May 18 – May 29, 2020 | Window for plaintiffs to depose 4 of manufacturers and retailers' witnesses, see supra section D. |
| June 12, 2020 | Plaintiffs file any rebuttal witness disclosures and expert reports, see supra section B. |
| | Plaintiffs provide manufacturers and retailers with their response to the manufacturers and retailers' proposed stipulated facts, see supra section C. |
| June 26, 2020 | The parties jointly file agreed-to stipulated facts, see supra section C. |
| | The parties simultaneously file their exhibit and witness lists, see supra section E. |

| July 10, 2020 | The parties simultaneously file any objections to the exhibit and witness lists, see supra section E. |
|---|---|
| July 31, 2020 | The parties simultaneously file pre-hearing briefs, see supra section F. |
| August 14, 2020 | The parties simultaneously file reply briefs, see supra section F. |
| **September 14, 2020** | **Evidentiary hearing begins.** See February 3, 2020 minute order for full schedule. |
| October 16, 2020 | The parties simultaneously file proposed findings of fact and conclusions of law, see supra section G. |
| October 30, 2020 | The parties simultaneously file replies to the proposed findings of fact and conclusions of law, see supra section G. |

## II. BURDENS OF PROOF AND PERSUASION

The Court agrees with the various burdens of proof and persuasion for the evidentiary hearing on which the parties have agreed. See Joint Statement on Burdens of Proof at 1-2; Manufacturers and Retailers' Proposed Pre-Hearing Schedule at 5. The plaintiffs shall bear the initial burden to produce a detailed proposal for the corrective statements remedy to be implemented at retail points-of-sale ("POS proposal") and to produce admissible evidence showing how the proposed remedy will be implemented. The burden of proof then shifts to the manufacturers and retailers to produce admissible evidence establishing any specific adverse impacts on retailers' rights they claim would warrant either modifying or rejecting the plaintiffs' POS proposal, and to ITG Brands to produce admissible evidence establishing factors specific to ITG Brands that it claims would warrant modifying plaintiffs' POS proposal with respect to ITG

Brands, pursuant to Paragraphs 10 and 18 of Order #56-Remand.[5] The burden of proof then returns to the plaintiffs to produce admissible evidence, satisfying their ultimate burden of persuasion, namely, that their POS proposal (including potential modifications made during the hearing) is (a) sufficiently tailored to minimize the specific impacts on retailers' rights as to which evidence has been admitted, and (b) would not interfere with retailers' rights in ways as to which evidence has been admitted to such an extent as to make implementation of the proposed point-of-sale remedy improper.

## III. EVIDENTIARY HEARING

The evidentiary hearing is scheduled to begin on September 14, 2020. The Court largely adopts the schedule for the evidentiary hearing that the parties have proposed. See Joint Statement on the Evidentiary Hearing 1-2; Manufacturers and Retailers' Proposed Pre-Hearing Schedule at 5.[6] The evidentiary hearing shall follow the following schedule:

### A. Opening Statements

The plaintiffs may present an opening statement. The manufacturers and retailers may present opening statement(s).

---

[5] The plaintiffs shall have no burden to produce evidence addressing any alleged adverse impacts or factors specific to ITG Brands as to which no evidence has been admitted.

[6] The plaintiffs' status report indicates that an earlier draft of the manufacturers' and retailers' status report suggested that the evidentiary hearing would not fully resolve the POS remedy and that implementation issues would have to be resolved after the hearing. See Plaintiffs' Status Report at 2. The Court does not see any language in the status report submitted by the manufacturers and retailers that indicates that they believe the evidentiary hearing will not fully resolve the POS remedy. To be clear, the Court expects that the evidentiary hearing scheduled to begin on September 14, 2020 will allow the Court to fully resolve the POS remedy.

## B. Evidence

The plaintiffs shall present their POS proposal and evidence of how this proposed remedy would be implemented. During their opening case, plaintiffs may also present evidence concerning the extent to which their POS proposal is tailored to minimize adverse impacts on retailers' rights.

The manufacturers and retailers shall present evidence regarding (a) the practicability of the plaintiffs' POS proposal, and (b) the impact of plaintiffs' POS proposal on the retailers. This evidence shall include:

> i. The various rights the POS proposal may affect, and
>
> ii. The ways in which plaintiffs' POS proposal accommodates – or fails to accommodate – for the retailers' rights, including any factors specific to ITG Brands.

The plaintiffs may present evidence in rebuttal regarding:

(a) The practicability of the plaintiffs' POS proposal (or modifications made during the hearing in light of matters raised for the first time during the hearing), and

(b) How their POS proposal (or modifications made during the hearing in light of matters raised for the first time during the hearing) is tailored to minimize adverse impacts on retailers' rights as to which evidence has been admitted and the extent (if any) of such adverse impacts.

If plaintiffs make modifications to their POS proposal during the hearing in response to matters raised for the first time during the hearing, the manufacturers and retailers shall have an opportunity to respond to those modifications.

### C. Closing Arguments

The plaintiffs may present a closing argument. The manufacturers and retailers then may present closing argument(s). The plaintiffs may present a rebuttal argument.

## IV. CONCLUSION

This opinion and order sets forth the pre-hearing schedule, burdens of proof, and schedule for the evidentiary hearing scheduled to begin on September 14, 2020. Accordingly, it is hereby

ORDERED that on or before March 13, 2020 the plaintiffs shall file with the Court their (i) POS proposal and (ii) witness disclosures and expert reports; it is

FURTHER ORDERED that on or before March 13, 2020 the plaintiffs shall provide the manufacturers and retailers with their proposed stipulated facts; it is

FURTHER ORDERED that the manufacturers and retailer associations may depose any 4 of the plaintiffs' witnesses they so choose between March 30 and April 10, 2020; it is

FURTHER ORDERED that on or before April 27, 2020 the manufacturers and retailers shall file with the Court their witness disclosures and expert reports; it is

FURTHER ORDERED that on or before April 27, 2020 the manufacturers and retailers shall provide the plaintiffs with their (i) proposed stipulated facts and (ii) respond to the plaintiffs' stipulated facts; it is

FURTHER ORDERED that the plaintiffs may depose any 4 of the manufacturers and retailer associations witnesses they so choose between May 18 and May 29, 2020; it is

FURTHER ORDERED that on or before June 12, 2020 the plaintiffs may file with the Court any rebuttal witness disclosures and expert reports; it is

FURTHER ORDERED that on or before June 12, 2020 the plaintiffs shall provide the manufacturers and retailers with their response to the manufacturers and retailers' proposed stipulated facts; it is

FURTHER ORDERED that on or before June 26, 2020 the parties shall jointly file with the Court their agreed-to stipulated facts; it is

FURTHER ORDERED that on or before June 26, 2020 the parties shall simultaneously file their exhibit and witness lists; it is

FURTHER ORDERED that on or before July 10, 2020 the parties shall simultaneously file any objections to exhibit and witness lists; it is

FURTHER ORDERED that on or before July 31, 2020 the parties shall simultaneously file pre-hearing briefs; it is

FURTHER ORDERED that on or before August 14, 2020 the parties shall simultaneously file reply briefs; it is

FURTHER ORDERED that on or before October 16, 2020 the parties shall simultaneously file proposed findings of fact and conclusions of law; and it is

FURTHER ORDERED that on or before October 30, 2020 the parties shall simultaneously file replies to the proposed findings of fact and conclusions of law.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 20, 2020