# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 99-CV-2496 (PLF) |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILIP MORRIS USA INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

# JOINT STATUS REPORT
# IN RESPONSE TO ORDER #108-REMAND

In Order #108-Remand, the Court instructed the parties[1] and the national retailer groups to meet and confer before sharing proposed dates for the rescheduled evidentiary hearing.

## I.     Proposed dates for rescheduled evidentiary hearing.

The parties and the national retailer groups propose that the evidentiary hearing be conducted during the weeks of June 13, June 20, July 18, and July 25, 2022. We understand that during these four weeks the Court will sit for four days per week, and propose that those days be Monday through Thursday of each week.

---

[1] The parties are the United States and the Public Health Intervenors (collectively "Plaintiffs"); Philip Morris USA Inc., Altria Group, Inc., and R.J. Reynolds Tobacco Company (individually, as successor in interest to Brown & Williamson Tobacco Corporation, and as successor to Lorillard Tobacco Company) (collectively "Defendants"); and ITG Brands, LLC, Commonwealth Brands, Inc., and Commonwealth-Altadis, Inc. (collectively "Remedies Parties"). Defendants and Remedies Parties are collectively referred to as "Manufacturers."

The non-party national retailer groups that (to the knowledge of the parties) intend to participate in the hearing are the National Association of Convenience Stores ("NACS") and the National Association of Tobacco Outlets ("NATO").

## II.     Other proposed deadlines.

The parties and the national retailer groups also request a scheduling order including the following proposed deadlines:

| Deadline | Description |
|---|---|
| July 9, 2021 | Parties and national retailer groups file joint status report proposing procedures for using confidential materials at hearing. *See* Orders #638 and #997. |
| July 30, 2021 | Manufacturers and national retailer groups file any supplements to expert reports. |
| September 30, 2021 | Plaintiffs file any responses to Manufacturers and national retailer groups supplemented expert reports. Further supplementation permitted only in accord with Rule 26(e). |
| October 30, 2021 | Parties and national retailer groups simultaneously file any motions to exclude expert testimony. |
| December 6, 2021 | Parties and national retailer groups simultaneously file responses to any motions to exclude expert testimony. |
| April 11, 2022 | Parties and national retailer groups file joint appendix, including summaries of expert reports. *See* Order #106-Remand. |
| April 13, 2022 | Parties and national retailer groups file pre-hearing briefs. *See* Order #93-Remand, section F. |
| May 13, 2022 | Parties and national retailer groups file reply briefs. *See* Order #93-Remand, section F. |
| | Parties and national retailer groups simultaneously file written direct testimony for their expert witnesses or a statement indicating that an expert's previously submitted reports shall serve as that witness' direct testimony.[2] *See* Order #108-Remand. |

---

[2] See item III.B below.

| May 20, 2022 | Parties and national retailer groups deliver to chambers three bound copies each of the materials described below.[3] |
|---|---|
| **June 13, 2022** | **Evidentiary hearing begins.** |
| August 12, 2022 | Parties and national retailer groups simultaneously file proposed findings of fact and conclusions of law. *See* Order #93-Remand, section G. |
| August 26, 2022 | Parties and national retailer groups simultaneously file replies to proposed findings of fact and conclusions of law. *See* Order #93-Remand, section G. |

### III.    Requested Clarification.

Manufacturers and the national retailer groups respectfully request that the court confirm or clarify the following:

A.    Whether the court anticipates written direct testimony from either retailer witnesses or the Manufacturers' company witnesses. The parties and national retailer groups understand that only expert witnesses are providing written direct testimony, either in the form of their previously filed expert reports or written direct examinations to be submitted in advance of the evidentiary hearing.

B.    Whether written direct examinations (other than previously filed expert reports) will replace the summaries of the previously filed expert reports. If the Court seeks both a summary of the expert report and separate written direct testimony, the parties and the national

---

[3] The materials to be bound and delivered to chambers are the joint appendix, including summaries of expert reports; any further appendix materials made necessary by the pre-hearing reply briefs; the pre-hearing briefs and reply briefs; written direct testimony for the expert witnesses for whom such testimony has been filed; the expert reports for any expert witnesses for whom such reports shall serve as the expert's direct testimony; joint agreed-to stipulated facts; and Plaintiffs' POS proposal. *See* Order #106-Remand at 5.

retailer groups request an April 11, 2022 deadline to file summaries of the expert reports and a May 13, 2022 deadline to file written directs or statements that a party will offer the expert report as direct testimony. If, however, the Court considers the summaries and written direct examinations as interchangeable, we would propose an April 11, 2022 submission deadlines for both the summaries and the written direct examinations.

Plaintiffs respectfully request clarification on two issues:

C.      With regard to exhibits to which there is no objection, does the Court anticipate admitting all of those exhibits at the beginning of the hearing or only when they are introduced through witnesses?

D.      With regard to expert reports, the parties and national retailer groups identified their experts' reports as exhibits to be introduced at the hearing. Manufacturers and national retailer groups, however, objected to the introduction of plaintiffs' expert reports, but not their own, as hearsay.  Manufacturer and Retailers' Obj. to Pls.' Witness and Exhibit Lists, Docket no. 6415, filed Apr. 15, 2021. After receiving the Court's decision regarding written testimony from experts in Order #108-Remand, Manufacturers' and national retailer groups' position on this issue "is that the court has ordered written direct testimony for expert witnesses. To the extent that expert reports are offered for written directs, we believe the objections are no longer relevant, though they are not withdrawn. To the extent that some other writing is offered as written direct testimony, our objection to the reports themselves stand."

Plaintiffs believe that expert reports that are offered as direct testimony should be admitted into evidence, and if some other writing is offered as written direct testimony for a given expert, that expert's reports should not be admitted into evidence.  Plaintiffs further

believe that if our expert reports are not allowed into evidence (for example, on hearsay grounds), then Manufacturers' and national retailer groups' expert reports should likewise not be allowed into evidence. We request clarification on how the Court would like to resolve this issue.

Plaintiffs and ITG Brands respectfully request clarification on one issue:

E.     To accompany the pre-hearing briefs, the Court previously provided that "ITG Brands may file a separate 5 page opening brief and a 5 page response brief on ITG-specific issues consistent with the stipulation of July 3, 2019." Order #106-Remand at 6 (Dkt. No. 6316; issued 2/20/2020) (citing Stipulation [Dkt. No. 6292]). Plaintiffs and ITG Brands jointly request clarification that Plaintiffs may also file a separate 5-page opening brief and a 5-page reply brief on ITG-specific issues; or (if the Court prefers) that Plaintiffs may have an additional 5 pages for their opening and reply pre-hearing briefs.

### IV.     The Graphic Warnings Rule.

#### A.     The Manufacturers and Retailers View.

Manufacturers and national retailer groups wish to alert the Court that the delay in the evidentiary hearing pushes the window for implementing any POS remedy imposed beyond the currently scheduled implementation of the FDA's graphic warnings rule. The graphic warnings rule is currently facing litigation challenges in two separate courts. *R.J. Reynolds Tobacco Company et al. v. U.S. Food and Drug Administration et al*., No. 6:20-cv-00176, (E.D. Tex. Apr 3, 2020); *Philip Morris USA Inc., et al., v. U.S. Food and Drug Administration, et al.*, No. 1:20-cv-01181 (D.D.C. May 6, 2020). If the graphic warnings rule is upheld and implemented in its current form, it would provide that new graphic warnings must occupy at least 20 percent of the area of the top of cigarette advertisements, the same advertisements on which Plaintiffs' proposed

POS remedy would place court-ordered statements based upon the corrective statements. The graphic warnings rule could also be interpreted to penalize retailers who obscure the graphic warnings on packs by placing signage in front of packs. Manufacturers and national retailer groups propose that, by April 25, 2022 (which deadline could be changed in response to circumstances surround the graphic warnings rule or litigation over that rule), the parties and national retailer groups file simultaneous briefs updating the Court on the status of the FDA's graphic warnings rule and addressing any impact that rule and its anticipated implementation would have on the proposed POS remedy.

### B.    Plaintiffs' View

When the Manufacturers and national retailer groups proposed briefing the Court on the FDA rule and the Manufacturers' ongoing lawsuits against it, we requested that they clarify what relief they sought. They did not do so and do not appear to seek any relief, other than separate, stand-alone briefing. If Manufacturers and national retailer groups seek stand-alone briefing in *this* case, either in order to argue that the Court should not implement the POS remedy due to hypothetical conflicts with the FDA rule, or in the hope of obtaining some strategic advantage for their *other* lawsuits, we would oppose allowing them to do so; they may make their arguments against Plaintiffs' proposed POS order in their pre-hearing brief.

To the extent the Court deems stand-alone briefing on this issue to be appropriate, Plaintiffs request that the Court issue a date on which Manufacturers and national retailer groups file that brief, and give an appropriate period for Plaintiffs to respond, with reasonable page limitations for both filings.

Dated: May 21, 2021                    Respectfully submitted,

                                       BRIAN M. BOYNTON
                                       Acting Assistant Attorney General
                                       Civil Division

                                       ARUN RAO
                                       Deputy Assistant Attorney General
                                       Civil Division

                                       GUSTAV W. EYLER, Director
                                       LISA K. HSIAO, Assistant Director
                                       Consumer Protection Branch

                                       /s/ Daniel K. Crane-Hirsch
                                       _____
                                       DANIEL K. CRANE-HIRSCH
                                       Trial Attorney
                                       ADAM E. LYONS
                                       Senior Litigation Counsel
                                       Civil Division
                                       United States Department of Justice
                                       PO Box 386
                                       Washington, DC 20044-0386
                                       Telephone: 202-616-8242 (Crane-Hirsch)
                                       Facsimile: 202-514-8742
                                       daniel.crane-hirsch@usdoj.gov

                                       *Attorneys for Plaintiff United States of
                                            America*

                                       /s/
                                       _____
                                       Scott P. Lewis (pro hac vice)
                                       slewis@andersonkreiger.com
                                       Melissa C. Allison (pro hac vice)
                                       mallison@andersonkreiger.com
                                       Christina S. Marshall (D.C. Bar # MA0022)
                                       cmarshall@andersonkreiger.com
                                       ANDERSON & KREIGER LLP
                                       50 Milk, 21st Floor
                                       Boston, MA 02109

Telephone: 617-621-6500
Fax: 617-621-6660

*Attorneys for the Public Health Plaintiff-*
*Intervenors*


/s/
_____
Miguel A. Estrada (D.C. Bar No. 456289)
Amir C. Tayrani (D.C. Bar No. 490994)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8257
Fax: (202) 530-9016
mestrada@gibsondunn.com
atayrani@gibsondunn.com

George C. Lombardi
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5969
Fax: (312) 558-5700
glombard@winston.com

*Attorneys for Defendants Altria Group, Inc.*
*and Philip Morris USA Inc.*


/s/
_____
Michael A. Carvin (D.C. Bar No. 366784)
Mark A. Belasic (pro hac vice)
Jon G. Heintz (pro hac vice)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Fax: (202) 626-1700
macarvin@jonesday.com
mabelasic@jonesday.com
jheintz@jonesday.com

8

Jeffrey A. Mandell (D.C. Bar No. 999791)
STAFFORD ROSENBAUM LLP
222 West Washington Avenue, Suite 900
Madison, Wisconsin 53703
Telephone: (608) 256-0226
Fax: (608) 259-2600
jmandell@staffordlaw.com

*Attorneys for Defendant R.J. Reynolds
Tobacco Company (individually, as
successor in interest to Brown & Williamson
Tobacco Corporation, and as successor to
Lorillard Tobacco Company)*

/s/
_____

Robert J. Brookhiser, Jr. (D.C. Bar No. 202168)
Elizabeth B. McCallum (D.C. Bar No.451361)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Telephone: (202) 861-1500
Fax: (202) 861-1783

*Attorneys for Post-Judgment Parties
Regarding Remedies ITG Brands, LLC,
Commonwealth Brands, Inc. and
Commonwealth-Altadis, Inc.*

/s/
_____

Michael J. Baratz (D.C. Bar No. 480607)
Douglas S. Kantor (D.C. Bar No. 455895)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
(202) 429-3000

*Attorneys for National Association of
Convenience Stores*

/s/
_____

Thomas A. Briant
(Minnesota Bar No. 157764)

Thomas A. Briant, P.A.
17595 Kenwood Trail
Minneapolis, MN 55044
(952) 683-9270

*Attorney for National Association of Tobacco Outlets, Inc.*