UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,            )
                                    )
    Plaintiff,                       )
                                    )
and                                 )
                                    )
TOBACCO-FREE KIDS ACTION FUND,       )
*et al.*,                            )  Civil Action No. 99-CV-2496 (PLF)
                                    )
    Plaintiff-Intervenors,            )
                                    )
    v.                                )
                                    )
PHILIP MORRIS USA, INC., *et al.*,   )
                                    )
    Defendants.                       )
_____ )

**PUBLIC HEALTH INTERVENORS' EMERGENCY MOTION TO REQUIRE PM AND ALTRIA TO MAINTAIN THEIR DOCUMENT WEBSITE UNTIL THE COURT RULES ON THE INTERVENORS' MOTION TO CLARIFY AND AMEND ORDER #1015**

The Public Health Intervenors[1] move, on an emergency basis, that this Court temporarily require defendants Philip Morris USA, Inc. ("PM") and its parent, Altria Group, Inc. ("Altria"), to maintain PM's "Internet Document Website" (www.pmdocs.com) on and after September 1, 2021, as required by Order #1015 (Dkt. No. 5733; Aug. 17, 2006), as previously amended by Order #1021 (Dkt. No. 5765; Sep. 20, 2006) and Order #27-Remand (Dkt. No. 5953; Dec. 15, 2011), until the parties have fully briefed and this Court has considered and ruled upon the Public Health Intervenors' Motion to Clarify and Amend Order #1015 (Dkt. No. 6445; Aug. 19, 2021) ("Motion to Clarify"). It is important to keep PM's website open while the Court considers the

---

[1] The Public Health Intervenors are Tobacco-Free Kids Action Fund, American Cancer Society, American Heart Association, American Lung Association, Americans for Nonsmokers' Rights, and the National African American Tobacco Prevention Network.

Intervenors' Motion to Clarify, and it will impose no significant burden on PM to require it to do so. PM has maintained this website for decades; they are already required by Order #1015 as amended by Order #1021 to keep this website open and available to the public until September 1, 2021; and the Intervenors simply seek to extend that obligation for a short time to allow for orderly briefing and careful consideration of their Motion to Clarify.

In support of this motion, the Public Health Intervenors state as follows:

1. As detailed further in the Motion to Clarify, Order #1015 as amended by Order #1021 requires PM and Altria to maintain PM's "Internet Document Website" and to add to it all documents produced in "any court or administrative action in the United States concerning smoking and health, marketing, [or] addiction …," as well as transcripts of deposition testimony (and corresponding exhibits) given by any of their company witnesses until September 1, 2021.

2. On August 19, 2021, the Intervenors filed their Motion to Clarify, asking this Court to require PM and Altria to continue to maintain PM's Internet Document Website on and after September 1, 2021 and to post on PM's document website, for no fewer than 12 months, all documents and deposition testimony of company witnesses in a single court proceeding currently pending in the United States District Court for the Northern District of California: *In Re: Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, No. 19-md-02913-WHO ("Juul MDL Litigation").

3. As thoroughly explained in the Intervenors' Brief in Support of Their Motion to Clarify and Amend, the Juul MDL Litigation revolves around allegations of fraudulent RICO schemes by PM and Altria that undeniably concern "addiction" – in fact, nicotine addiction, just like this case. The Public Health Intervenors have brought their Motion to Clarify to ensure that

2

PM and Altria are required to add the PM's document website all the discovery materials produced in Juul MDL Litigation.

4. It would not be practical for the parties to complete briefing, and for this Court to hold a hearing and issue a decision on the Motion to Clarify prior to September 1, 2021.

5. The Intervenors have acted with reasonable diligence in bringing their Motion to Clarify. They are not parties to the Juul MDL Litigation. They were not aware of the RICO allegations in the MDL complaint until sometime after April 13, 2021, when the court in California denied the motions to dismiss the RICO claims by PM and Altria and other defendants in the Juul MDL Litigation. Subsequent efforts to learn about the course of discovery in the case were stymied by a Stipulated Protective Order, approved by the court, that has apparently prevented plaintiffs' counsel in California from disclosing any information about the documents that have been produced or deposition testimony given by PM and Altria in the Juul MDL Litigation.

6. The Intervenors recently discovered among the nearly 2,000 docket entries in the MDL proceeding a Joint Discovery Status Report from June 2021 where Altria represented to the court that, as of June 14, 2021, it had produced approximately 850,000 documents in the Juul MDL Litigation. *See* Joint Discovery Status Report at 3-4, Juul MDL Litigation, Case No. 19-md-02913-WHO, ECF No. 1975 (filed June 14, 2021) (attached as Exhibit 4 to the Brief in Support of the Motion to Clarify). That Status Report also noted that the MDL plaintiffs had already taken the depositions of ten current and former Altria employees, and had noticed an additional nine depositions of Altria witnesses. *Id.* at 4.

7. On August 16, 2021, the Intervenors confirmed that neither Altria nor PM have added *any* documents produced in the Juul MDL Litigation to PM's document website. *See*

Declaration of Monique E. Muggli, ¶¶ 4-5 (attached as Exhibit 3 to the Brief in Support of the Motion to Clarify).

8. The Intervenors promptly filed their Motion to Clarify after completing their duly diligent investigation into the Juul MDL Litigation and the implications of PM's failure to add any documents from that court action to its document website.

9. This emergency motion, if granted, would not impose any meaningful burden on PM or Altria. The Intervenors are not asking the Court to order PM and Altria to do *anything* while their Motion to Clarify is pending. All they ask is that PM be required to continue to keep its document website, www.pmdocs.com – which has been in existence for decades – open and running while the Court considers whether to clarify and amend Order #1015 as the Intervenors have proposed.

10. The transparency requirements of Order #1015 are of great public importance. As Judge Kessler found in her Final Judgment and Remedial Order in this case, PM and Altria were guilty of ongoing RICO violations, including the targeting of false and misleading marketing to young people in order to create a new generation of cigarette users despite being aware of the adverse health impacts of smoking. The issues in the Juul MDL Litigation follow the same pattern, replete with allegations that PM and Altria *continue* to violate RICO and illegally target youth populations with misleading marketing so that they can induce kids to become addicted to the nicotine in their e-cigarettes. Permitting PM to take down its document website on September 1 while the Public Health Intervenors' Motion to Clarify is pending – and thereby potentially allow their violation of Order #1015 to go unchecked – would be detrimental to the public interest.

11.     The public interest would best be served by granting this emergency motion to extend PM and Altria's obligation to maintain PM's document website for a short time while the Intervenors' Motion to Clarify is under consideration by this Court.

A proposed form of order has been filed with this motion.

August 19, 2021

By their attorneys,

*/s/ Christina S. Marshall*
Scott P. Lewis (admitted pro hac vice)
slewis@andersonkreiger.com
Melissa C. Allison (admitted pro hac vice)
mallison@andersonkreiger.com
Christina S. Marshall (Bar # MA0022)
cmarshall@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk Street, 21st Floor
Boston, MA 02109
T: 617-621-6500
F: 617-621-6660

*Attorneys for the Public Health Plaintiff-Intervenors*

## LCvR 7(m) CERTIFICATE

As required by LCvR 7(m), on August 16, 2021 counsel for the Intervenors notified counsel who are currently appearing for PM and Altria in this action of our intent to file this motion and sought their consent. We were advised by Winston & Strawn that they are not responsible for this aspect of the case, but would provide us with a proper contact at another law firm. No such information has yet been given. Gibson Dunn did not respond to our request to discuss this motion.

*/s/ Scott P. Lewis*
Scott P. Lewis

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of this document was filed through the Electronic Case Filing system, and will be served upon the attorney of record for each party registered to receive electronic service on this 19th day of August 2021.

*/s/ Christina S. Marshall*
Christina S. Marshall