UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 99-CV-2496 (PLF) |
| ) | |
| v. ) | |
| ) | |
| PHILIP MORRIS USA INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF KIMBERLY D. HARLOWE

I, Kimberly D. Harlowe, state as follows:

1. I am employed by Altria Client Services LLC ("ALCS"), a service company of Altria Group, Inc. I serve as Sr. Director, Litigation Technology and Support, in the Law Department of ALCS. I am responsible for managing litigation technology and e-discovery projects for litigation involving Philip Morris USA ("PM USA") and the other Altria family of companies.

2. I am familiar with the requirements under Order #1015 for PM USA to post documents to its Internet Document Website, www.pmdocs.com, and under Remand Order #27 for PM USA to include specific document metadata for the documents it posts to www.pmdocs.com (collectively, "the DOJ Orders"). I help manage PM USA's compliance with those requirements. PM USA has posted more than 4.7 million documents, amounting to approximately 22.6 million pages, in over 700 litigation matters to www.pmdocs.com since its inception.

3.  I understand that the Public Health Intervenors have sought to clarify or modify Order #1015 to require PM USA to post to www.pmdocs.com the document productions made by PM USA and Altria Group in the multidistrict litigation pending in the Northern District of California, *In re Juul Labs, Inc., Marketing, Sales Practices & Products Liability Litigation*, No. 19-md-02913-WHO ("Juul MDL").  The Juul MDL includes both putative class actions and individual personal injury actions stemming from the marketing and use of Juul, which is a closed e-vapor product, and not a traditional combustible cigarette.

4.  Currently I am overseeing document productions in litigation arising out of Altria Group's minority investment in JUUL Labs Inc. ("JLI"), including the Juul MDL.

5.  It would be very time consuming and expensive for PM USA to post the document productions from the Juul MDL to www.pmdocs.com.

6.  The document productions in the Juul MDL include approximately 739,000 documents (5.5 million pages) that Altria Group had produced to the Federal Trade Commission ("FTC"), in response to a so-called "Second Request" for information and documents with respect to the proposed acquisition by Altria Group of certain voting securities of JLI.[1]

7.  When making its production to the FTC, Altria Group designated the production as confidential in whole, and I understand the production is exempt from FOIA and other public disclosure.  Given this designation and the context of the production to FTC, Altria Group did not conduct the type of pre-production review that is typical in civil litigation, including to determine

---

[1] A Second Request is a procedure that allows the FTC to request additional materials as part of its review of a notification under the Hart-Scott-Rodino Act ("HSR").  On February 4, and March 8, 2019, Altria Group filed notifications under the HSR of its intent to convert Altria's 35% interest in JLI, consisting of shares of non-voting stock, into voting shares.

whether the documents were confidential or highly-confidential within the meaning of any applicable protective order. Nor did Altria Group provide metadata coding required by the DOJ Orders for these documents.

8. When Altria re-produced these materials in the Juul MDL, the MDL plaintiffs agreed to apply bulk confidentiality designations to these documents and accept the existing metadata coding.

9. In addition to the FTC Second Request production, Altria has produced approximately 136,000 additional documents in the Juul MDL. Thus, together with the FTC production, Altria has produced more than 875,000 documents and more than 6.5 million pages in the Juul MDL to date.

10. If PM USA were required to post all of these documents to www.pmdocs.com, Altria Group would have to undertake a confidentiality review and presumably generate the additional metadata coding required by the DOJ Orders. Having spoken with a vendor that performs this work for Altria, I understand that it would take approximately three months to complete a confidentiality review of the FTC documents, at a cost of between $2.2 and $2.4 million. That estimate does not include the time or cost for Altria personnel to conduct their own quality control check or the additional resources needed to upload the documents to the website. I further understand from my vendor discussions that it would take approximately seven months to complete the required manual metadata coding for those documents at a cost of over $400,000.

11. I understand that the Internet Document Website obligations in Order #1015 require PM USA to post to www.pmdocs.com documents that PM USA or Altria Group produced in court or administrative actions in the United States involving traditional combustible cigarettes but not

e-vapor products. Prior to the Public Health Intervenors' current request for PM USA to post to www.pmdocs.com the document productions made in the Juul MDL, I am not aware of either the federal government or the Public Health Intervenors having asked PM USA or Altria Group to post documents that they had produced in litigation involving tobacco products other than traditional combustible cigarettes.

12. In some court actions involving traditional cigarettes, PM USA has made document productions that include documents relating to e-vapor products. For example, in December 2019, PM USA posted to www.pmdocs.com documents related to Juul that had been produced in five cigarette smoking and health cases: *Bryan Rintoul E/O Edward Caprio v. R.J. Reynolds Tobacco Co.*, No. 07-036719 (Fla. Cir. Ct.) (posted Dec. 13, 2019); *Laura Feldman v. R.J. Reynolds Tobacco Co.*, Nos. CACE-08-000521, 2008-CV-000521 (Fla. Cir. Ct) (posted Dec. 20, 2019); *Paige Monterrosa e/o Polly Dawes v. R.J. Reynolds Tobacco Co.*, No. 07-036725 (Fla. Cir. Ct.) (posted Dec. 20, 2019); *Orlando Torres v. R.J. Reynolds Tobacco Co.*, No. 07-046475 CA 02 (Fla. Cir. Ct.) (posted Dec. 20, 2019); and *Martin and Debra Tully v. Philip Morris USA, Inc.*, No. A-19-807657-C (Nev. Dist. Ct.) (posted Dec. 20, 2019). In February 2021, PM USA posted to www.pmdocs.com a deposition transcript of a company witness who testified in a cigarette smoking and health case about the services Altria and its subsidiaries provided to Juul. *Paige Monterrosa e/o Polly Dawes v. R.J. Reynolds Tobacco Co.*, No. 07-036725 (09) (Fla. Cir. Ct.). PM USA posted these documents to www.pmdocs.com because they were produced in court or administrative actions in the United States involving traditional combustible cigarettes, as required by Order #1015.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on _____September 1_____, 2021.

*Kimberly D. Harlowe*
KIMBERLY D. HARLOWE