UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 99-2496 (PLF) |
| PHILIP MORRIS USA INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER #113 – REMAND

An evidentiary hearing on the United States' proposal for corrective statements at retail point-of-sale displays is scheduled to begin on June 13, 2022. See Order #109 – Remand [Dkt. No. 6434] at 2. The hearing was previously scheduled to begin on July 12, 2021, but on April 30, 2021, the Court cancelled that hearing date due to restrictions on courthouse proceedings related to the COVID-19 pandemic. See Memorandum Opinion and Order #108 – Remand [Dkt No. 6423].

On May 21, 2021, the parties and national retailer groups submitted a Joint Status Report [Dkt. No. 6427] ("Joint Status Report"), in which they proposed a new hearing schedule and asked the Court to address a series of questions about the hearing. On June 16, 2021, the Court entered a new hearing schedule. Order #109 – Remand [Dkt. No. 6434]. The Court now addresses in turn each of the additional questions raised in the Joint Status Report.

## I.  REQUESTS FOR CLARIFICATION

Through their Joint Status Report, the parties and national retailer groups sought clarification from the Court on the following issues:

### A.  *Written Direct Testimony*

The Court previously ordered "that all opinion witnesses shall provide their direct testimony in writing, and that the proponent of each witness shall decide whether the written report of that witness or some other writing shall serve as the direct testimony of that witness." Memorandum Opinion and Order #108 – Remand [Dkt. No. 6423] at 8.  The Manufacturers and the national retailer groups ask whether the Court "anticipates written direct testimony from either retailer witnesses or the Manufacturers' company witnesses."  Joint Status Report at 3.

In the Court's view, the proposed witness testimony for the evidentiary hearing falls into three categories:  (1) expert witness testimony; (2) fact witness testimony; and (3) opinion testimony by non-expert witnesses.  The requirement to provide written direct testimony applies to those three categories as follows:

1. Any expert witness shall provide direct testimony in writing.

2. Any witness who will testify to facts must provide direct testimony live and not in writing.  This includes any witness who will provide both fact testimony and non-expert opinion testimony.

3. To the extent any non-expert witness will provide only opinion testimony and no fact testimony, the proponent of that witness may choose either to provide that witness's direct testimony live or in writing.

### B.  *Expert Summaries*

In Order #106 – Remand, the Court directed the parties to submit written summaries of their expert witnesses "not to exceed fifteen pages" that "set[] forth who each expert is; the subject matter of the expert's anticipated testimony; what opinions the expert will

2

render (in summary); and the expert's methodology." Order #106 – Remand [Dkt. No. 6394] at 5. The Manufacturers and the national retailer groups ask whether a writing (other than an expert report) that serves as an expert's direct testimony may replace the expert summary. Joint Status Report at 3-4.

As the Court has explained, the purpose of the expert summaries is to educate the Court about who an expert is and what the expert will discuss on the stand. See March 19, 2021 Hearing Transcript [Dkt. No. 6447] 21:17-22:20. When the Court directed the parties to prepare expert summaries, it did not envision that these summaries would comprise the sum total of the expert's direct testimony. See id. 22:09-10; see also Order #106 – Remand [Dkt. No. 6394] at 5 ("These summaries would be intended only to assist the Court in preparing for the hearing and would not be intended as a substitute for or modification of previously filed formal expert reports."). At the same time, the Court recognizes that there might be the rare case with respect to a particular expert in which a fifteen-page expert summary could be sufficient to present the entirety of the expert's opinions.

The Court will therefore authorize the proponent of any expert witness to submit that expert's summary as that expert's direct testimony. If the proponent chooses to do so, it should ensure that this document meets the specifications in the Court's description of an expert summary in Order #106 – Remand [Dkt. No. 6394]. To the extent the proponent of any expert witness wishes to use some other writing as that expert's direct testimony that does not meet the Court's description of an expert summary, the proponent shall also file a separate expert summary for that witness. This Order affects neither the April 11, 2022 deadline for submission of expert summaries nor the May 13, 2022 deadline for submission of written direct testimony or

a statement indicating that a previously submitted writing shall serve as direct testimony.  See

Order #109 – Remand [Dkt. No. 6434] at 2-3.

### C.  Admission of Exhibits

The Court anticipates admitting each exhibit as to which there is no objection at the beginning of the hearing.  See Joint Status Report at 4.

### D.  Admission of Expert Reports in Evidence

The Court understands the parties to be in agreement that if the proponent of an expert witness chooses to use that expert's report as direct testimony, the report will be admitted in evidence in its entirety.  See Joint Status Report at 4-5.  The Court agrees.  All expert reports submitted as direct testimony will be admitted in evidence and all hearsay objections to those reports will be deemed waived.

Plaintiffs have asked whether expert reports that are not submitted as direct testimony will also be admitted in evidence, noting that the Manufacturers and the national retailer groups have objected to the admissibility of certain of plaintiffs' expert reports on hearsay grounds.  Joint Status Report at 4-5.  Expert reports often contain inadmissible hearsay. While Rule 703 of the Federal Rules of Evidence authorizes experts to present opinions based on inadmissible facts or data, the inadmissible information contained in expert reports is not automatically admissible by extension.  See FED. R. EVID. 703 advisory committee's note to 2000 amendments; Engebretsen v. Fairchild Aircraft Corp., 21 F.3d 721, 728 (6th Cir. 1994). At the same time, a court may decide to admit the materials upon which an expert relies "to assist the factfinder in assessing the basis of the expert's testimony."  1 STEPHEN A. SALTZBURG, MICHAEL M. MARTIN & DANIEL J. CAPRA, FEDERAL RULES OF EVIDENCE MANUAL § 703.02[4]

(12th ed. 2021); see also Engebretsen v. Fairchild Aircraft Corp., 21 F.3d at 729 ("Rule 703 [] permits such hearsay, or other inadmissible evidence, upon which an expert properly relies, to be admitted to explain the basis of the expert's opinion." (quoting Paddack v. Dave Christensen, Inc., 745 F.2d 1254, 1261-62 (9th Cir. 1984))).

Where, as here, the Court sits as the finder of fact, the typical concerns contemplated by rules of inadmissibility are diminished because "it is presumed that the judge will understand the limited reason for the disclosure of the underlying inadmissible information and will not rely on that information for any improper purpose." Williams v. Illinois, 567 U.S. 50, 69 (2012) (plurality opinion); see also Harris v. Rivera, 454 U.S. 339, 346 (1981) (per curiam) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions."). Courts therefore sometimes admit expert reports in evidence in bench trials, even if the admissibility of such reports "might be a closer question in the context of a jury trial," because where there is no jury, "there is no risk of tainting the trial by exposing a jury to unreliable evidence." DL v. District of Columbia, 109 F. Supp. 3d 12, 29 (D.D.C. 2015) (quotation marks omitted); see also Floyd v. City of New York, No. 08 Civ. 1034, 2013 WL 1955683, at *1 (S.D.N.Y May 13, 2013) (admitting expert report in evidence in a bench trial and explaining that the court "would not be swayed in the same way a jury might be, in the event it viewed evidence that was ultimately inadmissible").

The Court is inclined to admit all expert reports in evidence for this evidentiary hearing. Doing so will aid the Court in assessing the weight of expert testimony on technical and complex issues. The Court is capable of not relying on inadmissible information contained in the reports for improper purposes. In addition, both sides have already indicated through their proposed exhibit lists that they wish to offer their expert reports in evidence. See Manufacturers'

5

and Retailers' Exhibit List for Evidentiary Hearing on Display of Corrective-Statements at Point of Sale [Dkt. No. 6405]; Plaintiffs' Exhibit List [Dkt. No. 6406].

Before ruling that all expert reports will be admitted, however, the Court will consider whether the parties object to admitting the opposing side's expert reports on any grounds other than that they contain hearsay.  The Court therefore will direct counsel for the parties to meet and confer and file a joint status report indicating whether they stipulate to admission of all expert reports in evidence, and if they do not, explaining their reasons for objecting to this approach.

*E.  ITG-Specific Briefs*

Plaintiffs seek permission to file a separate five-page opening brief and five-page reply brief on ITG-specific issues, to correspond to the separate five-page opening brief and five-page reply brief that the Court already authorized ITG Brands to file on ITG-specific issues. See Opinion and Order #93 – Remand [Dkt. No. 6316] at 6; Joint Status Report at 5.  The Court will authorize plaintiffs to do so.

II.  GRAPHIC WARNINGS RULE

The Court has read and considered the representations of the parties concerning ongoing litigation related to the Graphic Warnings Rule.  The Court has previously stated that the scope of issues before the Court in this proceeding are restricted to:  (1) the United States' proposed remedy for displaying corrective statements at point of sale and (2) "the impact of that remedy on retailers, including (a) the various rights the proposal may affect, and (b) the ways in which the [] proposal accommodates – or fails to accommodate – for the retailers' rights." Opinion and Order # 92 – Remand [Dkt. No. 6308] at 25; see also United States v. Philip Morris

6

USA, Inc., 566 F.3d 1095, 1150 (D.C. Cir. 2009) ("[We] remand to the district court regarding only four discrete issues.").

In the Court's view, the issues identified in the Joint Status Report concerning the Graphic Warnings Rule do not fall within the scope of this proceeding and are not before the Court. These issues are being considered by other judges in two other proceedings. The Court does not anticipate a need to consider the Graphic Warnings Rule and will not authorize the parties to file briefs on that matter.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the requirement to provide written direct testimony is clarified as follows: (1) all expert witnesses shall provide direct testimony in writing; (2) all witnesses who offer fact testimony, or a combination of non-expert opinion testimony and fact testimony, shall provide direct testimony live and not in writing; (3) any non-expert opinion witnesses who offer only opinion testimony and no fact testimony shall have the option of providing either written direct testimony or live direct testimony; it is

FURTHER ORDERED that the proponent of any expert witness may submit a document meeting the specifications of an expert summary described in Order #106 – Remand [Dkt. No. 6394] as that expert's direct testimony, but if the proponent wishes to submit some other writing as the expert's direct testimony, it shall also submit a separate expert summary; it is

FURTHER ORDERED that if the proponent of an expert witness chooses to use that witness's expert report as direct testimony, all hearsay objections to that expert report are waived, and the report shall be admitted in evidence; it is

FURTHER ORDERED that the parties are directed to meet and confer and file a joint status report on or before October 14, 2021, explaining whether they stipulate to admission of all expert reports in evidence, and if they do not, explaining any reasons for objecting to this approach other than that the reports contain hearsay; it is

FURTHER ORDERED that Plaintiffs are authorized to file a separate five-page opening brief and five-page reply brief on ITG-specific issues; and it is

FURTHER ORDERED that the parties are not authorized to file briefs concerning the Graphic Warnings Rule.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  September 23, 2021