UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 99-2496 (PLF) |
| PHILIP MORRIS USA INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

MEMORANDUM OPINION AND ORDER #114 – REMAND

The Minnesota Tobacco Document Depository ("the Depository"), established in 1995, has for years served as a third-party custodian of documents produced by tobacco companies and research institutions ("tobacco entities") in connection with smoking and health-related lawsuits.  See MINNESOTA TOBACCO DOCUMENT DEPOSITORY, https://www.mtddonline.org/ (last visited Oct. 8, 2021).  The Depository closed to the public on August 31, 2021.  In the coming months, all materials currently housed at the Depository will be relocated and the Depository will be shut down.  The Minnesota Historical Society ("MHS") will take custody of many of these materials.  The tobacco companies that are defendants in this litigation will take custody of certain remaining materials that MHS does not take.  In addition, the University of California, San Francisco ("UCSF") is prepared to take custody of certain additional documents and store them in their "Truth Tobacco Industry Documents" archive.

According to the Administrator of the Depository, the Depository currently houses approximately 851 boxes of secured documents, over which the tobacco entities have

asserted privilege during the course of this litigation and Minnesota state court proceedings. These documents have never been accessible to the public or to the Depository staff. They are stored in a secure room that the Depository staff may not access, except in the presence of a tobacco entity representative. MHS will not take custody of these privileged documents after the Depository shuts down. The Court therefore must determine what to do with these privileged documents.

Following consultation with the Administrator of the Depository, the Court is considering several options for disposing of the privileged documents. First, the documents could be returned to the tobacco entities. The Court understands that the tobacco companies currently in existence are prepared to take custody of their own privileged documents and to preserve those documents in perpetuity if the Court so orders. Second, UCSF could take custody of some or all of the privileged documents. The Court understands that UCSF has informed the Depository that it would like to take custody of these documents and can keep them in a secure location that is inaccessible to the public. Third, the privileged documents could be destroyed.

One consideration in evaluating these options is whether the privileged documents might be relevant to future litigation. If not, the documents presumably could be destroyed. If there is any significant likelihood that the privileged documents would be relevant to future litigation, however, they should be preserved. This may weigh in favor of the tobacco entities taking possession of the documents. As the parties who asserted privilege over the documents, they are best situated to identify materials responsive to any future subpoena or court order. Any other custodian, such as UCSF, would lack authority to review the privileged documents or retrieve them in response to such an order.

Another consideration relates to the tobacco companies and research institutions that are no longer in existence; namely, Liggett Group, Inc., Tobacco Institute, Inc., and the Council for Tobacco Research. Some of the privileged documents belong to these former entities. The existing tobacco companies are prepared to take custody of their own privileged documents, but it is unclear whether they can also take custody of the former entities' documents. The Court understands that the existing tobacco companies have identified points of contact for each of these former entities whom they can contact regarding the privileged documents. The Court also notes that if the existing tobacco companies take custody only of their own privileged documents, UCSF might be able to take custody of any remaining documents for which no existing entity claims ownership.

Under any approach that involves the tobacco entities taking custody of particular boxes of privileged documents, the entities would need to undertake a review of the materials in the secured documents room. The following table summarizes the breakdown of boxes of privileged documents according to the Depository's records. This table suggests that there are at least 24 boxes associated with Liggett Group, Inc., Tobacco Institute, Inc., and the Council for Tobacco Research, which are no longer in existence, and at least 131 boxes that cannot currently be associated with a single identifiable entity. The Court also understands that there are additional documents in the secured documents room that the Depository staff has not had the opportunity to review and categorize, due to restrictions on accessing the room. The Depository staff therefore cannot provide a precise accounting of the materials in that room.

| Description | Number of boxes |
|---|---|
| Liggett Tobacco Company | 8 |
| Tobacco Institute, Inc. | 12 |
| Council for Tobacco Research | 4 |

3

| | |
|---|---|
| American Tobacco Company | 42 |
| Lorillard Company | 22 |
| Brown & Williamson Tobacco Company | 271 |
| British American Tobacco Company | 97 |
| British American Industries | 22 |
| R.J. Reynolds Company | 136 |
| Philip Morris Company | 105 |
| Trial Exhibits | 23 |
| Dr. Huber | 12 |
| Glossaries | 4 |
| R.J. Reynolds Company Bates Number Lists | 1 |
| Multi-party | 3 |
| Archived Diskettes, etc. | 4 |
| Blue (privileged) / Green (unredacted) folders | 48 |
| Secured Document Room Notebooks | 2 |
| Miscellaneous | 35 |
| **Total:** | **851** |

The Court wishes to receive the views of all parties to this litigation concerning the disposition of privileged documents currently housed in the Depository. The Court therefore will direct counsel for the parties to meet and confer and file a joint status report on or before October 29, 2021. Counsel for the tobacco companies are directed to contact the representatives of the former tobacco companies and research institutions and solicit their views on the disposition of the documents over which they asserted privilege. The joint status report should address the three approaches discussed in this order for disposing of the privileged documents, or any alternatives that the parties might suggest; the considerations identified in this order bearing on those approaches; and the views of the entities no longer in existence. It should set forth the parties' proposed approach for disposing of the privileged documents and any procedures or

requirements the parties recommend that the Court impose. The parties should also indicate in the joint status report whether they believe a status conference would be useful.

        In light of the foregoing, it is hereby

        ORDERED that counsel for the parties are directed to meet and confer concerning the disposition of the privileged documents currently housed at the Minnesota Tobacco Document Depository; it is

        FURTHER ORDERED that counsel for the tobacco companies shall contact representatives of Liggett Group, Inc., Tobacco Institute, Inc., and the Council for Tobacco Research to solicit their views on the disposition of privileged documents housed at the Minnesota Tobacco Document Depository over which they have asserted privilege; and it is

        FURTHER ORDERED that on or before October 29, 2021, counsel for the parties shall file a joint status report that addresses the approaches discussed in this order for disposing of the privileged documents, or any alternatives that the parties might suggest; the considerations identified in this order bearing on those approaches; the views of the tobacco entities no longer in existence; the parties' proposed approach for disposing of the privileged documents; any procedures or requirements the parties recommend that the Court impose in disposing of the privileged documents; and whether a status conference would be useful.

        SO ORDERED.

        \_\_\_\_/s/_____
        PAUL L. FRIEDMAN
        United States District Judge

DATE: October 8, 2021