STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF RAMSEY                              SECOND JUDICIAL DISTRICT

                                                   Case Type: Other Civil

THE STATE OF MINNESOTA,
                                              COURT FILE NO. C1-94-8565
BY HUBERT H. HUMPHREY, III,
ITS ATTORNEY GENERAL,

and

BLUE CROSS AND BLUE SHIELD
OF MINNESOTA,

            Plaintiffs,

      vs.

PHILIP MORRIS INCORPORATED,
R.J. REYNOLDS TOBACCO COMPANY,
BROWN & WILLIAMSON TOBACCO CORPORATION,
B.A.T. INDUSTRIES P.L.C.,
LORILLARD TOBACCO COMPANY,
THE AMERICAN TOBACCO COMPANY,
LIGGETT GROUP, INC.,
THE COUNCIL FOR TOBACCO RESEARCH - U.S.A., INC., and
THE TOBACCO INSTITUTE, INC.,

            Defendants.
_____

**ADDENDUM TO PROTECTIVE ORDER**
**FOR HIGHLY SENSITIVE MATERIAL OR INFORMATION**

   The above matter came on for hearing before the Honorable Kenneth J. Fitzpatrick on May 7, 1996. Roger Milgrim, Esq., presented arguments and authority in support of Defendants' Motion for an Addendum to the Protective Order. Michael Ciresi, Esq., presented arguments and authority in opposition to Defendants' proposal and in support of Plaintiffs' Proposed Addendum to Protective Order. The following counsel appeared and identified themselves as appearing on behalf of the party or parties set forth:

| Name | Party |
|---|---|
| Michael V. Ciresi | State of Minnesota and Blue Cross and Blue Shield of Minnesota |
| Roberta Walburn | State of Minnesota and Blue Cross and Blue Shield of Minnesota |
| Gary Wilson | State of Minnesota and Blue Cross and Blue Shield of Minnesota |
| Mary Yelenick | The American Tobacco Company |
| Larry Savell | The American Tobacco Company |
| Byron Starns | The American Tobacco Company |
| John Getsinger | The American Tobacco Company |
| Robert McDermott | R. J. Reynolds Tobacco Company |

```
Jeffrey Jones              R. J. Reynolds Tobacco Company
J. S. Simonson             R. J. Reynolds Tobacco Company
Jonathan Redgrave          R. J. Reynolds Tobacco Company
John C. Gustafsson         B.A.T. Industries, p.l.c.
Roger Milgrim                     "Defendants"
Peter Sipkins              Philip Morris Incorporated
Larry Purdy                The Council for Tobacco Research -
                                  U.S.A., Inc.
Steven Kelley              Liggett Group, Inc.
John Monica                Lorillard Tobacco Company
David Martin               Lorillard Tobacco company
Tom Silfen                 Philip Morris Incorporated
Hal Shillingstad           The Tobacco Institute, Inc.
```

Based on the file, arguments, and representations of counsel, it appearing that the provisions of this Addendum are justified and supported by good cause

**IT IS HEREBY ORDERED:**

1. This Addendum (hereafter "Addendum") supplements this Court's Protective Order dated June 15, 1995, and filed June 16, 1995 (hereafter "Protective Order"), in order to provide additional protection for Highly Sensitive Trade Secret material or information. See Protective Order at ¶ 16. All of the terms of this Court's Protective Order apply with equal force to the material or information described in the present Addendum except to the extent that the present Addendum specifically provides further protection to certain material or information.

2. The further protections of this Addendum are limited to material or information which are both Trade Secret and Highly Sensitive. "Trade Secret" shall be as defined in Minn. Stat. § 325C.01, Subd. 5. "Highly Sensitive" shall be defined as material or information which is so proprietary or competitively sensitive that its disclosure to a competitor would cause irreparable competitive injury.

3. Any party may designate material or information as Highly Sensitive Trade Secret upon a good faith determination that the material or information meets the criteria of paragraph 2 above. Nothing in this Addendum, however, creates a presumption or implies that any material or information designated by a party as Highly Sensitive Trade Secret actually meets the criteria of paragraph 2, and such determination may be made at a later time by this Court. See Protective Order at ¶ 12.

4. Unless the additional protections of paragraph 10 of the Addendum are sought, the producing party shall designate material or information as Highly Sensitive Trade Secret by placing or affixing on the material or information in a manner which will not interfere with its legibility the words "CONFIDENTIAL - CATEGORY I: MINNESOTA TOBACCO LITIGATION."

5. Category I material or information shall be produced in the following manner:

>    a. Category I material or information shall be placed and maintained within the trebly secured areas in the Minnesota depository and, with respect to defendant B.A.T. Industries, p.l.c., a similarly secure area in the Guildford, England, depository; or
>
>    b. As an alternative to subparagraph (a) above, any party may at its option produce one true and correct copy of Category I material or information directly to opposing liaison counsel in Minnesota; provided, however, that if a party chooses to produce material or information in this manner (as opposed to placing the material or information in the appropriate depository), the producing party shall bear the cost of producing the material or information (i.e. the cost of copying or reproducing).
>
>    c. Nothing herein shall relieve any party of any of the requirements for the production of documents as set forth in the prior orders of this Court, including but not limited to the Case Management Order of March 29, 1995, and the Order of July 14, 1995.

6. No person shall disclose or permit the disclosure, in any form whatsoever, of any Category I material or information to any other person or entity, except in the following circumstances:

>    a. Disclosure may be made to the Court and its personnel. Paragraphs 14 and 15 of the Protective Order shall apply to any such filing of Category I information except that the cover page of the filed document shall be marked: "Confidential - Category I/(_designate identity of producing party, i.e. Philip Morris_) - Subject to Minnesota Protective Order and Addendum."
>
>    b. Disclosure may be made to counsel in this action and staff persons employed by such counsel; provided that prior to disclosure, each such person must agree to be bound by the terms of the Protective Order and this Addendum by executing the Confidentiality Agreement annexed hereto as Exhibit AA.
>
>    c. Disclosure may be made to any officer, director, or employee of any party who is providing assistance in connection with this litigation, to the extent necessary to render such assistance; provided that:
>
>>       i. Prior to disclosure, each such person must agree to be bound by the terms of the Protective Order and this Addendum by executing the Confidentiality Agreement annexed hereto as Exhibit AA; and
>>
>>       ii. Disclosure may <u>not</u> be made to any officer, director, or

employee of any party which is a manufacturer of cigarettes, or which is currently a corporate affiliate of a manufacturer of cigarettes, absent agreement of the party producing and designating the Category I material or information or order of the Court for good cause shown.

d. Disclosure may be made to persons whose depositions are taken by any party so long as such disclosure is made during the course of the deposition; provided that:

i. Prior to disclosure, each such person must agree to be bound by the terms of the Protective Order and this Addendum by executing the Confidentiality Agreement annexed hereto as Exhibit AA; and

ii. Disclosure of Category I material or information produced by one party may **not** be made to any deponent who is currently an officer, director, or employee of any other party which is a manufacturer of cigarettes, or which is currently a corporate affiliate of a manufacturer of cigarettes, absent agreement of the party producing and designating the Category I material or information or order of the Court for good cause shown.

e. Disclosure may be made to consultants, investigators, or experts (collectively hereinafter referred to as "experts") employed by the parties or their counsel to assist in the preparation and trial of this litigation; provided that:

i. Prior to disclosure, each such person must agree to be bound by the terms of the Protective Order and this Addendum by executing the Confidentiality Agreement annexed hereto as Exhibit AA; and

ii. Disclosure of Category I material or information produced by one party may **not** be made to any expert who is currently an officer, director, or employee of any other party which is a manufacturer of cigarettes, or which is currently a corporate affiliate of a manufacturer of cigarettes, absent agreement of the party producing and designating the Category I material or information or order of the Court for good cause shown.

f. Disclosure may be made to any attorney representing a party to any other lawsuit relating to smoking and health; provided that prior to disclosure, such party and attorney must agree to be bound by all of the provisions of the Protective Order and this Addendum by executing a Confidentiality Agreement and by executing, filing, and serving an Affidavit of Compliance with this Court, in the forms attached hereto as Exhibits AA and BB, respectively.  Such party and attorney shall thereafter be bound by all of the provisions of this Addendum and all of the terms of the Protective Order.

g. Disclosure may be made to any governmental agency or law enforcement agency; provided that prior to disclosure, an appropriate representative of the agency must agree to be bound by all of the provisions of the Protective Order and this Addendum by executing, filing, and serving an Affidavit of Compliance with this Court, in the form attached hereto as Exhibit CC.  Each such agency shall thereafter be bound by all of the provisions of this Addendum and all of the terms of the Protective Order.

h. The Confidentiality Agreements executed pursuant to this

paragraph shall be retained by liaison counsel for the non-producing party.

7. No material or information relevant to this action shall be withheld from production in this litigation on the basis that it is confidential or Highly Sensitive Trade Secret.

8. No material or information relevant to this action shall be withheld on the basis that such material or information is covered by a third-party confidentiality agreement. Such material is hereby ordered produced, subject to the protections of this Court's Protective Order and this Addendum.

9. No material or information shall be produced on paper which is specially treated in any manner so as to limit the ability of the receiving party to copy or image the material or information. Any copy or image made by any receiving party, however, shall contain in full the Confidential Category designation; and all copies and images shall be entitled to the same protections as the material or information originally produced.

10. The further protections of this paragraph shall apply to material or information produced any defendant which meets the definition of paragraph 2 herein for Highly Sensitive Trade Secret and which also relates to formulas for cigarettes, as detailed in paragraph 10(a) below:

   a. The designation "Trade Secret Formula" shall be limited to Highly Sensitive Trade Secret material or information which discloses formulas for cigarettes designed, manufactured or marketed by defendants or their corporate affiliates. The Trade Secret Formula designation shall **not** apply to material or information relating to testing that was, is, or could be performed by a third party on commercially-available cigarettes, including but not limited to quality control testing.

   b. This paragraph supplements this Court's Protective Order and the other provisions of this Addendum in order to provide additional protection for Trade Secret Formula material or information. All of the terms of this Court's Protective Order and this Addendum apply with equal force to Trade Secret Formula material or information except to the extent that this paragraph 10 specifically provides further protection to such material or information.

   c. Any producing defendant may designate material or information as Trade Secret Formula upon a good faith determination that the material or information meets the criteria of paragraphs 2 and 10(a). However, nothing in this Addendum creates a presumption or implies that any material or information designated by a defendant as Trade Secret Formula actually meets the criteria of paragraphs 2 and 10(a), and such determination may be made at a later time by this Court. See Protective Order at ¶ 12.

   d. The producing defendant shall designate material or information

as Trade Secret Formula by placing or affixing on the material or information in a manner which will not interfere with its legibility the words "CONFIDENTIAL - CATEGORY II: MINNESOTA TOBACCO LITIGATION."

  e. Within 14 days of filing of this Addendum, each party which has Trade Secret Formula material or information covered by a discovery request in this litigation shall notify the requesting party of the estimated volume of such material or information.

  f. No person shall disclose or permit the disclosure, in any form whatsoever, of any Category II material or information to any other person or entity, except in the following circumstances and after the execution of the appropriate Confidentiality Agreement or Affidavit of Compliance, attached hereto as Exhibits AA and BB:

    i. Disclosure may be made to the Court and its personnel. Paragraphs 14 and 15 of the Protective Order shall apply to any such filing of Category II material or information except that (1) the cover page of the filed document shall be marked: "Confidential - Category II/(*designate identity of producing party, i.e. Philip Morris*) -- Subject to Minnesota Protective Order and Addendum", (2) unredacted copies of such filing shall be served only upon counsel for the producing party, and (3) counsel for other parties shall be served copies of such filing with the Category II material or information redacted.

    ii. Disclosure may be made to attorneys and staff at Robins, Kaplan, Miller & Ciresi ("RKM&C") who are actively involved in this litigation as attorneys for the Plaintiffs. RKM&C shall be permitted to maintain <u>one</u> copy of Category II material or information at its Minneapolis offices. Such material or information shall be maintained in a locked filing cabinet(s) within a locked room(s) at RKM&C, except when being reviewed or utilized by a RKM&C attorney. Access to the filing cabinet(s) and room(s) at RKM&C shall be restricted to Michael V. Ciresi and Roberta B. Walburn; other attorneys and staff at RKM&C who are actively involved in the litigation may have access to the Category II material or information for review as necessary in the litigation only upon the express designation of either Mr. Ciresi or Ms. Walburn. A permanent record of individuals who have had access to these documents shall be maintained by RKM&C. Any notes by RKM&C relating to the Category II material or information shall be kept within the locked filing cabinet(s) within the locked room(s). Access to any computer indices or databases of the Category II material or information with substantive information beyond that included in defendants' "4B" indices shall be restricted to Mr. Ciresi and Ms. Walburn; other attorneys and staff at RKM&C who are actively involved in the litigation may have access to such portions of indices or databases as necessary in the litigation only upon the express designation of either Mr. Ciresi or Ms. Walburn. RKM&C shall not make additional copies of Category II material or information except (1) for filings with the Court, or (2) by consent of the producing party, or (3) by order of the Court.

    iii. Attorneys at RKM&C may discuss Category II material or information with attorneys employed by the State of Minnesota ("the State") and Blue Cross and Blue Shield of Minnesota ("Blue Cross") who are providing assistance in connection with this litigation, to the extent necessary to render such assistance; provided, however, that the actual Category II documents themselves shall not be shown to such attorneys for the State and Blue Cross.

    iv. Disclosure of Category II information may be made to consultants, investigators, or experts (collectively hereinafter referred to as "experts") employed by RKM&C to assist in the preparation and trial of this litigation provided that 1) such experts may review such material or information but may not be provided with nor make copies of such material or information absent consent of the producing party or further order of this Court, and 2) prior to disclosure, the identity and resume of any such expert shall be provided to the Court *in camera* and *ex parte*, along with an affirmation that such expert is not currently employed by a manufacturer of cigarettes or a corporate affiliate of a manufacturer of cigarettes.

    v. Disclosure may be made to persons whose depositions are taken by plaintiffs so long as such disclosure is made during the course of the deposition, provided that 1) the deponent is a current or former officer, director, or employee of the producing party or a corporate affiliate of the producing party, or 2) the deponent is an expert retained by the producing party (individually or jointly by defendants), or 3) by consent of the producing party, or 4) by further order of this Court. Any Category II documents used as deposition exhibits shall be retained only by RKM&C and counsel for the producing party.

    vi. Disclosure may be made to any other counsel of record in this litigation upon consent of the producing party (with notice to all other parties in this litigation) or by further order of this Court.

    vii. Disclosure shall *not* be made to any attorney representing a party to any other lawsuit or to any governmental agency or law enforcement agency absent the consent of the producing party or further order of this Court (or another court of appropriate jurisdiction).

    viii. No material or information shall be withheld from production or in any way redacted other than as expressly permitted above on the basis that they contain Trade Secret Formula material or information.

  11. Nothing in this Addendum shall prevent or otherwise restrict any counsel in this action from rendering legal, non-business advice to their clients and, in the course thereof, relying generally on an examination of Category I or Category II material or information, provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not directly or indirectly disclose any Category I or Category II materials or information.

  12. If any party or individual who has been given access to Category I or Category II material or information in accordance with this Addendum is served with a subpoena requiring disclosure or production of such material or information or documents containing or embodying it, such person shall

7

promptly notify the each party producing the Category I or Category II material or information and provide it with a copy of the subpoena.

13. If any attorney of record in this action or any attorney who has filed an Affidavit of Compliance becomes aware of any violation of, or facts constituting good cause to believe any violation of, this Addendum or the Protective Order may have occurred or is about to occur, such attorney shall report that they may have been such a violation to the Court.

14. This Addendum, the Protective Order, and the undertakings and agreements embodied therein shall survive Termination (as Termination is defined in paragraph 15 below) and continue in full force and effect thereafter absent further order of this Court.

15. Within thirty (30) days after conclusion of all aspects of this litigation (herein "Termination") (or, insofar as production is made for use in other litigation, that other litigation), all material and information, including but not limited to court papers, drafts, and notes containing Category I or Category II material or information and all copies thereof (other than exhibit to the official court record) shall be returned to the producing party or, at the sole option of the producing party, shall be destroyed.

Dated: June 4, 1996.               _____/s/_____
                                    Kenneth J. Fitzpatrick, Chief Judge

EXHIBIT AA

CONFIDENTIALITY AGREEMENT

STATE OF _____ )
                                                  ) ss
COUNTY OF _____ )

      Being duly sworn, I hereby attest to my understanding that material or information designated "Confidential - Category I" or "Confidential - Category II" will be provided to me pursuant to the terms and conditions and restrictions of the Protective Order dated June 15, 1995, filed June 16, 1995 ("Protective Order"), and the Addendum to Protective Order for Highly Sensitive Material or Information, dated June 4, 1996 ("Addendum"), in <u>State of Minnesota, et al v. Philip Morris Incorporated, et al</u>, in the District Court for the County of Ramsey, State of Minnesota (hereinafter "Court"); that I have been given a copy of and have read the Protective Order and Addendum and have had their meaning and effect explained to me by the attorneys providing me with confidential material or information, and that I hereby agree to be bound by the Protective Order and Addendum and their terms.  I further agree that I shall not disclose to others, except in accordance with these two orders, such confidential material or information.  I further agree and attest to my understanding that, in the event I fail to abide by the terms of the Protective Order and the Addendum, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court, for such a failure, and I hereby submit to the jurisdiction of the District Court for the County of Ramsey, State of Minnesota, for the purpose of enforcement of said Protective Order and Addendum.

Dated: _____                         _____
                                                                                                          Signature

                                                                                    _____
Subscribed and sworn to                                   Printed Name

before me this _____
day of _____, 199\_\_.
Witness my hand and

official seal.

_____
Notary Public

<u>EXHIBIT BB</u>

STATE OF MINNESOTA                                                  DISTRICT COURT

COUNTY OF RAMSEY                                           SECOND JUDICIAL DISTRICT

                                                                     Case Type: Other Civil

THE STATE OF MINNESOTA,

BY HUBERT H. HUMPHREY, III,        COURT FILE NO. C1-94-8565
ITS ATTORNEY GENERAL,

and

BLUE CROSS AND BLUE SHIELD
OF MINNESOTA,

       Plaintiffs,

  vs.

PHILIP MORRIS INCORPORATED,
R.J. REYNOLDS TOBACCO COMPANY,
BROWN & WILLIAMSON TOBACCO CORPORATION,
B.A.T. INDUSTRIES P.L.C.,
LORILLARD TOBACCO COMPANY,
THE AMERICAN TOBACCO COMPANY,
LIGGETT GROUP, INC.,
THE COUNCIL FOR TOBACCO RESEARCH - U.S.A., INC., and
THE TOBACCO INSTITUTE, INC.,

       Defendants.
_____

                      AFFIDAVIT OF COMPLIANCE
                    _____

STATE OF _____ )
                                       ) ss
COUNTY OF _____ )

      COMES NOW   _____, who being first duly sworn on oath, states the following:

      1.  I am an attorney licensed to practice in the State of _____.

      2.  I am one of the attorneys for the plaintiffs in the case of _____
_____(insert caption, venue and court file number).

      3.  I hereby acknowledge receipt of and agree to be bound by the terms thereof of the Protective Order dated June 15, 1995, filed June 16, 1995

11

("Protective Order"), and the Addendum to Protective Order for Highly Sensitive Material or Information, dated June 4, 1996 ("Addendum"), in <u>State of Minnesota, et al v. Philip Morris Incorporated, et al</u>, in the District Court for the County of Ramsey, State of Minnesota, C1-94-8565, and I hereby submit to the jurisdiction of this Court for the purpose of enforcement of said Protective Order and Addendum.

Dated: _____                    _____
                                                       (Attorney)


Subscribed and sworn to
before me this _____
day of _____, 199__.
Witness my hand and
official seal.

_____
Notary Public

EXHIBIT CC

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |
| | Case Type: Other Civil |

THE STATE OF MINNESOTA,
BY HUBERT H. HUMPHREY, III,
ITS ATTORNEY GENERAL,

and

BLUE CROSS AND BLUE SHIELD
OF MINNESOTA,

      Plaintiffs,

  vs.

PHILIP MORRIS INCORPORATED,
R.J. REYNOLDS TOBACCO COMPANY,
BROWN & WILLIAMSON TOBACCO CORPORATION,
B.A.T. INDUSTRIES P.L.C.,
LORILLARD TOBACCO COMPANY,
THE AMERICAN TOBACCO COMPANY,
LIGGETT GROUP, INC.,
THE COUNCIL FOR TOBACCO RESEARCH - U.S.A., INC., and
THE TOBACCO INSTITUTE, INC.,

      Defendants.
_____

COURT FILE NO. C1-94-8565

AFFIDAVIT OF COMPLIANCE
_____

STATE OF _____ )
                                       ) ss
COUNTY OF _____ )

     COMES NOW   _____, who being first duly sworn on oath, states the following:

     1. I am _____
_____[insert name and title] and I am authorized to represent _____ [insert name of agency] for purposes of this Affidavit of Compliance.

     2. I hereby acknowledge receipt and agree that _____ _____[insert name of agency] shall be bound by the terms of the Protective Order dated June 15, 1995, filed June 16, 1995 ("Protective Order") and the Addendum to Protective Order for Highly Sensitive

13

Material or Information, dated June 4, 1996 ("Addendum"), in <u>State of Minnesota, et al v. Philip Morris Incorporated, et al</u>, in the District Court for the County of Ramsey, State of Minnesota, C1-94-8565, and that _____ _____ [insert name of agency] hereby submits to the jurisdiction of this Court for the purpose of enforcement of said Protective Order and Addendum.

Dated: _____                   _____
                                                    (Authorized Agent)


Subscribed and sworn to
before me this _____
day of _____, 199__.
Witness my hand and
official seal.

_____
Notary Public