UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PHILIP MORRIS USA INC., et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 99-2496 (PLF) |

MEMORANDUM OPINION AND ORDER #115 – REMAND

PROCEDURES FOR HANDLING CONFIDENTIAL OR HIGHLY
SENSITIVE HEARING EVIDENCE

An evidentiary hearing on the United States' proposal for corrective statements at retail point-of-sale displays ("POS Hearing") is scheduled to begin on June 13, 2022. See Order #109 – Remand [Dkt. No. 6434] at 2. In anticipation of that hearing, the parties and national retailer groups have submitted a joint proposal for procedures to govern use of confidential and highly sensitive information at the POS Hearing. See Joint Status Report Regarding Procedures for Using Confidential Information at Evidentiary Hearing ("Joint Status Report") [Dkt. No. 6444]; see also Supplemental Joint Status Report Regarding Procedures for Using Confidential Information at Evidentiary Hearing ("Supplemental Joint Status Report") [Dkt. No. 6451]. Upon consideration of the Joint Status Report, the Supplemental Joint Status Report, and the attachments to both, the Court will adopt the substance of the parties' and national retailer groups' proposed procedures for the POS Hearing, with minor modifications. It therefore is hereby

ORDERED that the following procedures shall govern use of confidential and highly sensitive information in connection with the POS Hearing:

1. This Order shall supplement and add to the provisions of Order #7, "Protective Order Governing Confidential Information" ("Protective Order #7") [Dkt. No. 88] and Order #36, "Addendum to Protective Order for Highly Sensitive Information" ("Protective Order #36") [Dkt. No. 210]. Those prior orders remain in full force and effect except as modified by the provisions of this Order.

2. This Order applies to any document, material testimony, exhibit, or other information (collectively, "Information") protected from disclosure under Protective Order #7 or Protective Order #36, when it is used or referenced during any portion of the POS Hearing.

3. The following procedures shall apply to determining what Information must be sealed and kept from the public in relation to the POS Hearing:

(a) On or before May 25, 2022, any party that believes that any Information that will be used or referenced during any portion of the POS Hearing, including expert written testimony, qualifies for protection under Protective Order #7 or Protective Order #36, shall file a notice with the Court indicating the Bates number and/or Exhibit Number or, if no such number exists, sufficient identifying information, of the document; the portion of the document containing the designated Information; and the proposed designation (either Confidential pursuant to Protective Order #7 or Highly Sensitive pursuant to Protective Order #36). This obligation extends to Information that the Court has already granted leave to be filed under seal.

(b) The Court shall make an <u>in camera</u> determination concerning the appropriate sealing designation, if any, for all Information identified pursuant to subparagraph (a), above, and the proper restriction, if any, on the use of that Information. The Court shall make this determination irrespective of whether any party challenges a proposed sealing designation. The Court understands from the Supplemental Joint Status Report that the parties expect to narrow the number of documents for which the Court must make such a determination to fewer than thirty documents, although there may be additional rebuttal documents.

(c) On or before June 1, 2022, each designating party that has filed a notice pursuant to subparagraph (a), above, shall file with the Court (under seal, if necessary), and serve on the parties, any evidence and materials supporting each sealing designation that it seeks, along with proposed findings for the Court.

(d) A party opposing any proposed sealing designation shall indicate which sealing designation it intends to challenge no more than seven days after the designating party files the evidence and materials supporting the sealing designation, pursuant to subparagraph (c) above.

(e) In determining whether the designating party has met its burden to justify each proposed sealing designation and the proper restriction, if any, on the use of that Information, the Court shall apply the standard set forth in <u>United States v. Hubbard</u>, 650 F.2d 293, 317-22 (D.C. Cir. 1980), and its

progeny, and shall consider the evidence and materials submitted pursuant to subparagraphs (c) and (d), above.

    (f) Information that the Court determines is properly designated as Confidential pursuant to Protective Order #7 in relation to the POS Hearing will be referred to as "POS Hearing Sealed Confidential Information." Information that the Court determines is properly designated as Highly Sensitive pursuant to Protective Order #36 in relation to the POS Hearing will be referred to as "POS Hearing Sealed Highly Sensitive Information."

4. The following procedures shall apply to the storage and transportation of POS Hearing Sealed Highly Sensitive Information (but not to the less sensitive category of POS Hearing Sealed Confidential Information):

    (a) When any party has indicated that it intends to use specific exhibits containing POS Hearing Sealed Highly Sensitive Information on a given day of the POS Hearing, the designating party shall bring to the courthouse sufficient copies of all such exhibits on or before that day.

    (b) Prior to the disclosure of any POS Hearing Sealed Highly Sensitive Information in relation to the POS Hearing, the designating party shall confirm that any person to whom such disclosure is to be made shall have executed (1) the Confidentiality Acknowledgement attached as Exhibit A to Protective Order #7 and (2) the Confidentiality Agreement and Affidavit of Compliance attached as Exhibits A and B to Protective Order #36.

    (c) After use of the POS Hearing Sealed Highly Sensitive Information during the POS Hearing, the POS Hearing Sealed Highly Sensitive

Information shall be submitted to the Court in a sealed envelope that is marked: "HIGHLY SENSITIVE – DISSEMINATION RESTRICTED BY COURT ORDER."

(d) The Court shall keep all such POS Hearing Sealed Highly Sensitive Information in a locked room, in a locked container, in the courthouse until all POS Hearing proceedings are concluded, at which time counsel for the designating parties shall contact the Court and arrange to collect these materials. Each designating party shall provide the Court with a container that can be locked for the purpose of storing the POS Hearing Sealed Highly Sensitive Information. Upon conclusion of the POS Hearing proceedings, the designating party shall be responsible for removing for safekeeping every original version of POS Hearing Sealed Highly Sensitive Information brought to the Court pursuant to this Order, and any copy thereof, if not made part of the Court's official record under seal.

5. The portions of the transcripts of POS Hearing proceedings during which POS Hearing Sealed Confidential Information or POS Hearing Sealed Highly Sensitive Information are used or discussed shall be so marked by the Court Reporter, as either Confidential or Highly Sensitive, and such portions of the transcripts shall be subject to protection under Protective Order #7 or Protective Order #36, as applicable. It shall be the responsibility of counsel to state on the record when POS Hearing Sealed Confidential Information or POS Hearing Sealed Highly Sensitive Information is about to be used or discussed.

6. No member of the general public, including the press, shall be allowed to review or access any POS Hearing Sealed Confidential Information or any POS Hearing Sealed

5

Highly Sensitive Information unless the designating party has consented to such disclosure in writing, or as otherwise ordered by the Court.

7. POS Hearing Sealed Confidential Information may be disclosed during POS Hearing Proceedings only in accordance with the provisions of paragraph 7 of Protective Order #638 ("Protective Order #638") [Dkt. No. 3603], which concerns trial and pretrial proceedings.

8. Only those persons permitted access to Highly Sensitive Information under paragraph 8 of Protective Order #638 may remain in the Courtroom during the POS Hearing when POS Hearing Sealed Highly Sensitive Information is being used or discussed. It shall be the responsibility of counsel to notify the Court when POS Hearing Sealed Highly Sensitive Information is about to be used or discussed.

9. All provisions of this Order limiting access to POS Hearing Sealed Confidential Information or POS Hearing Sealed Highly Sensitive Information shall expire as provided in paragraph 9 of Protective Order #638.

10. Nothing in this Order shall preclude any interested person from moving to unseal and allow public access to any material protected by this Order.

SO ORDERED.

PAUL L. FRIEDMAN
United States District Judge

DATE: 12/20/21