UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 99-2496 (PLF) |
| PHILIP MORRIS USA INC., et al., ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER #119 – REMAND

The Minnesota Tobacco Document Depository ("the Depository") was established in 1995 in connection with a consent judgment reached in State of Minnesota v. Philip Morris Inc., et al., No. C1-94-8565 (Dist. Ct. Ramsey Cnty., Minn.). The Depository for years served as a third-party custodian of documents produced by tobacco companies and research institutions in connection with smoking and health-related lawsuits. See Order at 1, State of Minnesota v. Philip Morris Inc., et al., No. C1-94-8565 (Dist. Ct. Ramsey Cnty., Minn. July 17, 1995) (creating the Depository). This Court assumed jurisdiction and supervision over the Depository on August 18, 2011, as part of this case. See Order #26 – Remand [Dkt. No. 5949]. The Depository closed to the public on August 31, 2021, and is now in the process of being shut down.

On October 8, 2021, the Court instructed the parties, after meeting and conferring, to file a joint status report concerning the disposition of documents at the Depository. Memorandum Opinion and Order #114 – Remand [Dkt. No. 6457]. The parties' views were compiled in their Joint Status Report ("Joint Status Report") [Dkt. No. 6464], filed on November

29, 2021, and discussed at the status conference held on January 24, 2022. In response to issues raised at that status conference, on February 1, 2022, the Court ordered the parties to meet and confer to attempt to agree upon the length of time certain documents are to be retained once returned by the Minnesota Tobacco Document Depository, and directed the parties to file a joint status report with their views and a list of all ongoing tobacco-related litigation that may require the documents to be preserved. See Order #117 – Remand [Dkt. No. 6476]. The parties expressed their views on document retention and raised additional arguments relating to the disposition of documents in a responsive joint status report, filed February 15, 2022. See Joint Status Report in Response to Order #117-Remand ("Second Joint Status Report") [Dkt. No. 6478].

The parties have identified five categories of documents at issue. With the exception of the fifth category of documents, which are kept in a separate nonpublic area of the Depository, all documents at issue are currently held in a nonpublic, locked room (the "Secure Room"), which was set up to house documents designated as privileged or otherwise protected from public disclosure.[1] The documents at issue fall under the following five categories:

1. Defendants R. J. Reynolds Tobacco Company's and Philip Morris USA, Inc.'s documents ("Defendants' Documents");

---

[1] Plaintiffs express doubt that all documents in the Secure Room "have [] been adjudicated as privileged or confidential." Second Joint Status Report at 2. Plaintiffs state that "there has never been even one, much less two, 'page-by-page reviews' of tobacco industry claims of privilege. Instead . . . the Minnesota court made categorical determinations of privilege based upon a review of a small sample of documents in each category of documents." Id. at 2 n.2. Plaintiffs further assert that Judge Kessler "required Defendants to file a log in 2012 identifying documents that had been removed from the public collection and placed into the Secure Room," through which "more than 3,000 documents were identified as having been improperly placed in the Secure Room." Id. at 3. Plaintiffs allege that it is possible additional documents were improperly added to the Secure Room after this log was created. Id.

2. Liggett Group LLC, B.A.T. Industries p.l.c., and British American Tobacco Company Ltd.'s documents ("Other Tobacco Companies' Documents");

3. Council for Tobacco Research ("CTR") and Tobacco Institute ("TI") documents ("CTR/TI Documents");

4. The remaining Secure Room documents ("Uncategorized Documents"); and

5. The Chambers' Files from Judge Fitzpatrick's chambers in the Minnesota litigation ("Chambers' Files").

The parties have reached an agreement as to the disposition of the first three categories of documents. See Second Joint Status Report at 2, 4-5. The Court must determine what to do with the remaining two categories of documents: the Uncategorized Documents (Category 4) and the Chambers' Files (Category 5). Neither the Uncategorized Documents nor the Chambers' Files have ever been publicly accessible. The Court now addresses in turn each of the positions raised by the parties.

I. CATEGORY 4: UNCATEGORIZED DOCUMENTS

The parties disagree about the proper process for the disposition of the 48 boxes of Uncategorized Documents in the Secure Room. The United States and Public Health Intervenors ("plaintiffs") propose that "[t]he Depository Administrator, along with outside counsel for entities that have documents in the Secure Room as well as counsel for the Intervenors and the government, examine the uncategorized, Category 4 documents." Second Joint Status Report at 3. Defendants disagree. Id. at 6-7. Instead, defendants argue that "the only proper reviewers would be those approved by [the respective] companies for reviewing these kinds of sensitive information." Joint Status Report at 11. Defendants propose that each defendant tobacco company, as well as the non-party entities, should appoint outside counsel

3

who is familiar with the case and "will not waive privilege" to review the uncategorized documents.  Id. at 10.[2]

After considering the parties' positions, the Court concludes that the most expeditious and fair way to manage the Uncategorized Documents is through a multi-step process.  First, the Depository staff, led by the Administrator of the Depository, will review the 48 boxes of Uncategorized Documents and label each box based on an assessment of to which of the defendants or non-party entities the documents in the box belong.  The Court assumes that each box does not contain documents from multiple entities, and that it will be expeditious for Depository staff to look inside each box and clearly label the box to designate the relevant defendant or non-party entity.  Regardless of this fact, however, the Court believes that the Depository staff are in the best position to categorize these documents, which may necessitate moving documents between boxes if the boxes are not uniform.  Defendants and non-party entities may choose to have a representative from outside counsel present during this initial review if they wish to supervise Depository staff.[3]

---

[2]  For purposes of this memorandum opinion and order, "outside counsel" refers to attorneys who are retained by defendants and non-party entities and are not currently employed by those entities.

[3]  It is important to note that the Administrator of the Depository has been working with tobacco companies to supervise document retention and make materials available to the public for over two decades.  See Consent Judgment, State of Minnesota v. Philip Morris Inc., et al., No. C1-94-8565 (Dist. Ct. Ramsey Cnty., Minn. May 8, 1998).  The Depository Administrator does not represent the interests of any single party, but rather is "responsible for administration, staffing, and maintenance" of the Depository, and serves the parties equally.  Order at 2, State of Minnesota v. Philip Morris Inc., et al., No. C1-94-8565 (Dist. Ct. Ramsey Cnty., Minn. Sept. 27, 1995); cf. Order at 1, State of Minnesota v. Philip Morris Inc., et al., No. C1-94-8565 (Dist. Ct. Ramsey Cnty., Minn. July 17, 1995) ("The depository staff [is] mutually selected by the parties or appointed by the Court . . . .").

Second, after the boxes have been properly labeled by Depository staff, each defendant and non-party entity shall designate outside counsel to review the documents that belong to them, and decide whether any protection from public disclosure, including attorney-client privilege, work product doctrine, or trade secret information, exists. This step in the review process is consistent with the fact that privilege designations are routinely made by the party withholding information in litigation. See FED. R. CIV. P. 26(b)(5)(A) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim."). This process should be no different. The Depository staff will supervise this process. Each defendant and non-party entity shall create a privilege log, and all documents with privilege designations or otherwise containing confidential information shall be returned to their respective owners once they are so designated. Those entities shall provide copies of the privilege log, once completed, to plaintiffs and to Depository staff. Every document that is not designated as privileged or as containing confidential information shall be made available for public disclosure. Nothing in this order shall prevent plaintiffs from raising objections to the entities' designations.

The foregoing multi-step process reflects the Court's interest in efficiency and public disclosure of all materials that may be properly disclosed, as well as the interest of the defendants and non-party entities in maintaining confidentiality over their privileged documents.

## II. CATEGORY 5: CHAMBERS' FILES

The parties agree about the proper process for the disposition of the Chambers' Files currently housed in a separate nonpublic area of the Depository. Defendants request that, after the Court has reviewed and redacted the Chambers' Files for judicial notes or marginalia,

counsel for defendants and non-party entities "would then review the chambers files for privileged or confidential information and submit to this Court a log reflecting any materials within the chambers files that, in Defendants' view, need to be redacted or withheld on the basis of privilege or confidentiality prior to the chambers files being turned over to the Minnesota Historical Society and becoming part of the public record." Second Joint Status Report at 7. Plaintiffs agree that "[p]rovided they are given an opportunity to contest any claims of privilege or confidentiality, [plaintiffs] do not object to Defendants' proposal." Id. at 4.

The Court agrees with defendants' proposal and concludes, as with the Uncategorized Documents, that review of the Chambers' Files should proceed in a multi-step process to maximize efficiency and fairness to the parties. The Court has now completed the first step by reviewing the files for judicial notes and marginalia and has directed the Depository staff to make a very limited number of redactions based on sensitive information that should not be made available to the public under Rule 4(1)(c) of the Minnesota Rules of Access to Records of the Judicial Branch.

Next, each defendant and non-party entity shall designate outside counsel to review the documents that belong to them and to log the documents that they determine are privileged or otherwise shielded from public disclosure.

Finally, each defendant and non-party entity shall create a privilege log, and all documents with privilege designations or otherwise containing confidential information shall be returned to their respective owners once they are so designated. Those entities shall provide copies of the privilege log, once completed, to plaintiffs and to Depository staff. Every document that is not designated as privileged or as containing confidential information shall be

sent to the Minnesota Historical Society. Nothing in this order shall prevent plaintiffs from raising objections to the entities' designations.

### III.  DOCUMENT RETENTION

The parties agree that all documents returned to defendants and non-party entities in Categories 1, 2, and 3 shall be retained for at least five years, irrespective of their obligation "to comply with the court orders or rules governing retention of documents in all [smoking-and-health litigation] cases insofar as they may call for the preservation of the documents returned from the Secure Room.". See Second Joint Status Report at 2 (plaintiffs' position); id. at 4-5 (defendants' position). In response to the Court's order, defendants attached to the second joint status report an extensive list of such litigation that spans over 1,200 pages. See Exhibit B – List of Pending Tobacco-Related Cases [Dkt. No. 6478-2]. Defendants nonetheless state:

> Defendants believe documents located in the Secure Room that might be relevant to ongoing litigation are duplicate copies of document separately preserved by the companies under existing litigation holds. Defendants are not aware of any time the Secure Room files have been accessed in order to locate a document responsive to a discovery request in other smoking and health litigation. Defendants are aware of no ongoing litigation that would require the Secure Room files to be maintained as distinct set.

Second Joint Status Report at 8.

The Court concludes, based on the parties' agreement, that five years is a reasonable length of time for retention of documents returned from the Secure Room in Categories 1-3. The Court further concludes that the limited number of documents returned to owners from Categories 4 and 5 should be treated in the same manner as the documents from Categories 1-3 and retained for five years. Accordingly, all entities receiving documents belonging to them from Categories 1-5 at the Minnesota Tobacco Document Depository shall

7

maintain physical or electronically scanned copies of those documents in accordance with all applicable laws, as well as any court orders or rules governing litigation that is now ongoing or shall commence, and in no instance will any party dispose of such documents until at least five years from the date of this Court's order.  See id. at 5.

## IV.  RELOCATION OF DOCUMENTS

The parties agree that due to the closing of the Depository and expiration of the Depository's lease on April 1, 2022, the documents must be transported to a new location by March 27, 2022.  "Accordingly, Defendants propose—with consent from Plaintiffs—that the uncategorized materials in the Secure Room and the Chambers Files be moved to the JAMS office in Minneapolis, Minnesota."  Second Joint Status Report at 9.  The transfer and storage of documents at the JAMS office would be at Defendants' expense.  Id.  The Court and counsel have been advised, however, that JAMS has declined to perform this function.

The defendants and non-party entities should instead begin the process of reviewing the Uncategorized Documents and Chambers' Files <u>at the existing Depository location</u> as soon as practicable.  This process will be supervised by Depository staff, as detailed above, and must be completed before the Depository closes its doors on March 31, 2022.

## V.  CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Uncategorized Documents (Category 4) will be subject to the following review:

1. The Depository staff, led by the Administrator of the Depository, will review the 48 boxes of Uncategorized Documents and label each box based on an

assessment of which company or entity the documents in the box belong to. The Depository staff is authorized to move documents between boxes if the boxes are not uniform. Defendants and non-party entities may choose to have a representative from outside counsel present during this initial review if they wish to supervise Depository staff;

2. Each defendant and non-party entity shall designate outside counsel to review the documents that belong to them, and decide whether any protection from public disclosure, including attorney-client privilege, work product doctrine, or trade secret information, exists. The Depository staff will supervise this process;

3. Each defendant and non-party entity shall create a privilege log, and all documents with privilege designations or otherwise containing confidential information shall be returned to their respective owners once they are so designated. Those entities shall provide copies of the privilege log, once completed, to plaintiffs and to Depository staff. Every document that has not been designated as privileged or as containing confidential information shall be made available for public disclosure; it is

FURTHER ORDERED that the Chambers' Files (Category 5) will be subject to the following review:

1. Each defendant and non-party entity shall designate outside counsel to review the documents that belong to them and to log the documents that they determine are privileged or otherwise shielded from public disclosure;

9

2. Each defendant and non-party entity shall create a privilege log, and all documents with privilege designations or otherwise containing confidential information shall be returned to their respective owners once they are so designated. Those entities shall provide copies of the privilege log, once completed, to plaintiffs and to Depository staff. Every document that is not designated as privileged or as containing confidential information shall be sent to the Minnesota Historical Society; it is

FURTHER ORDERED that all entities receiving documents belonging to them from Categories 1-5 at the Minnesota Tobacco Document Depository shall maintain physical or electronically scanned copies of those documents in accordance with all applicable laws, as well as any court orders or rules governing litigation that is now ongoing or shall commence, and in no instance will any party dispose of such documents until at least five years from the date of this Court's order; and it is

FURTHER ORDERED that defendants and non-party entities shall begin the process of reviewing the Uncategorized Documents and Chambers' Files, under the supervision of Depository staff, as soon as practicable. This process shall take place at the existing Depository location, and must be completed before March 31, 2022.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 28, 2022