UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 99-2496 (PLF) |
| PHILIP MORRIS USA INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER #120 – REMAND

On February 28, 2022, the Court set forth instructions for the review and disposition of documents currently stored in the Minnesota Tobacco Document Depository ("the Depository"), which will be shut down by March 31, 2022.  See Memorandum Opinion and Order #119 – Remand ("Order #119") [Dkt. No. 6479].  That order determined, among other things, the review procedures for two categories of documents:  (1) the uncategorized documents held in a nonpublic, locked room at the Depository ("Uncategorized Documents"); and (2) the chambers' files from Judge Fitzpatrick's chambers in the Minnesota litigation ("Chambers' Files").  See id. at 3-7.  The order also directed defendants and the non-party tobacco entities to begin their review "as soon as practicable" and to retain privileged and otherwise confidential documents returned to them for at least five years.  See id. at 10.  The Court has been advised that there may be some confusion among the Depository staff and counsel regarding the finer details of the review procedure, and the Court now wishes to clarify Order #119 and provide further instructions to resolve any lack of clarity.

## I.  CHAMBERS' FILES

The Court recognizes that there may be some ambiguity in Order #119 regarding the Court's role in reviewing Chambers' Files that are designated as privileged or as containing confidential information.  Compare Order #119 at 6, with id. at 9-10.  The Court now wishes to clarify this language and amend the original order with additional instructions.

Order #119 included express instructions that "[e]ach defendant and non-party entity shall create a privilege log, [] all documents with privilege designations or otherwise containing confidential information shall be returned to their respective owners once they are so designated[,] [and] [t]hose entities shall provide copies of the privilege log, once completed, to plaintiffs and to Depository staff."  Order #119 at 10.  The Court now adds the following additional instructions for review of the Chambers' Files:  (1) defendants and the non-party tobacco entities shall complete their privilege logs on or before March 29, 2022; (2) each entity shall file its privilege log on the public docket on or before March 29, 2022; and (3) each entity shall securely transmit to the Court copies of all documents that have been designated as privileged or otherwise shielded from public disclosure for in camera review on or before March 29, 2022.

The Court's review of these documents will safeguard the unique institutional interests in making Judge Fitzpatrick's judicial papers publicly accessible, subject to defendants' and non-party tobacco entities' legitimate claims of privilege and confidentiality.  The Court will treat all such Chambers' Files as presumptively privileged or confidential and will raise any concerns regarding the entities' designations sua sponte at a later date.  In addition, the Court's in camera review will not preclude plaintiffs from making separate objections to defendants' and non-party tobacco entities' designations on their own accord after reviewing the privilege logs.

The Court also wishes to create a transparent record of the Chambers' Files that will not be transferred to the Minnesota Historical Society because of privilege or confidentiality. The Court therefore directs the Depository staff to insert some form of placeholder into the boxes of Chambers' Files for each document that has been withheld by a defendant or non-party tobacco entity.  Placeholders should help ensure that members of the public can learn which of Judge Fitzpatrick's files were not made available to the public and for what reason.  The Court further directs the defendants to file a status report on or before March 21, 2022, indicating their proposal for what these placeholders should say to best reflect the designations of the respective documents.  One option might be to create multiple sets of differently-colored placeholders, with each set designating a broad reason for withholding, such as "attorney-client privilege," "attorney work product," or "trade secrets."  Another option would be to include the privilege designations from the respective party's privilege log in the place of the withheld document.

## II.  SHREDDING CERTAIN UNWANTED DOCUMENTS

The Depository staff has identified for the Court certain documents that have not been designated as privileged or as containing confidential information, and therefore will not be returned to their respective owners, that the Minnesota Historical Society nevertheless does not want.  This small subset of documents is composed of the following:

- One box of patient records and medical authorizations, containing sensitive patient health information, and returned mail, containing personally identifiable information; and
- Two boxes of notebooks used by the Depository staff to track the movement of documents when the Depository moved to its current location.

To the Court's knowledge, none of the parties have raised the disposition of these "unwanted documents" as an issue or proposed of how they should be disposed.  The Depository staff has

3

volunteered, if the parties agree, to create a record of any such unwanted materials and then to shred or otherwise destroy them.

Before deciding how to dispose of these unwanted materials, the Court would like the parties to provide their suggestions for resolving this issue. The Court therefore directs the parties to meet and confer and to file a joint status report on or before March 21, 2022, addressing how to dispose of any unwanted documents, identified above or at a later date, and whether the Depository staff's proposal to shred these documents is acceptable.

## I.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendants and the non-party tobacco entities shall complete their privilege logs for the Chambers' Files on or before March 29, 2022; it is

FURTHER ORDERED that each entity must file its privilege log for the Chambers' Files on the public docket on or before March 29, 2022; it is

FURTHER ORDERED that each entity shall securely transmit to the Court copies of all documents from the Chambers' Files that have been designated as privileged or otherwise shielded from public disclosure on or before March 29, 2022; it is

FURTHER ORDERED that the Depository staff shall insert some form of placeholder into the boxes of Chambers' Files for each document that has been withheld because it was designated as privileged or as containing confidential information. The placeholders shall be labeled based on language designated by the Court at a later date; it is

FURTHER ORDERED that defendants shall file a status report on or before March 21, 2022, informing the Court of defendants' proposal for what the placeholders in the

boxes of Chambers' Files should say to best reflect the designations assigned to the respective documents; and it is

FURTHER ORDERED that the parties shall meet and confer and file a joint status report on or before March 21, 2022, informing the Court of the parties' joint views as to how to dispose of any documents, identified above or at a later date, that are unwanted by defendants, the non-party tobacco entities, and the Minnesota Historical Society.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE: March 17, 2022