UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    and<br><br>TOBACCO-FREE KIDS<br>ACTION FUND, *et al.*<br>    Plaintiff-Intervenors,<br><br>    v.<br><br>PHILIP MORRIS USA INC., *et al.*,<br><br>    Defendants,<br><br>    *and*<br><br>ITG BRANDS, LLC, *et al.*<br>    Post-Judgment Parties Regarding<br>    Remedies. | Civil Action No. 99-CV-2496 (PLF)<br>Next scheduled court appearance:<br>May 31, 2022 |

**JOINT MOTION FOR STATUS CONFERENCE**
**AND STAY OF DEADLINES**

After extensive, months-long discussions and negotiations, the Parties[1] have reached an agreement in principle to settle the point-of-sale messaging portion of the corrective-statements remedy. The Retailers participated in the Parties' discussions and negotiations. The Parties

---

[1] The Parties are the United States and the Public Health Intervenors (collectively "Plaintiffs"); Philip Morris USA Inc., Altria Group, Inc., and R.J. Reynolds Tobacco Company (individually, as successor in interest to Brown & Williamson Tobacco Corporation, and as successor to Lorillard Tobacco Company) (collectively "Defendants"); and ITG Brands, LLC, Commonwealth Brands, Inc., and Commonwealth-Altadis, Inc. (collectively "Remedies Parties"). Defendants and Remedies Parties are collectively referred to as "Manufacturers." The non-party national retailer groups ("Retailers") that intend to participate in the hearing are the National Association of Convenience Stores ("NACS") and the National Association of Tobacco Outlets ("NATO").

believe that the proposed settlement is a fair and equitable resolution, promotes judicial economy and the interests of justice and, if approved by the Court, will obviate the need for the scheduled evidentiary hearing.

The Parties' proposed settlement covers nine main components:

1) the placement and number of corrective-statement signs adjacent to the main cigarette merchandising display at participating retail locations;

2) the placement of corrective-statement signs near the main customer entrance at certain participating retail locations;

3) the design of corrective-statement signs;

4) the duration of the period during which participating retail locations must post the corrective-statement signs;

5) the rotation of corrective-statement signs at participating retail locations;

6) the display of corrective-statement signs in Spanish at participating retail locations that (i) are required to display two or more corrective-statement signs and (ii) are located in certain Census tracts;

7) an auditor to conduct in-person audits to review compliance with the settlement remedy at participating retail locations;

8) consequences for participating retail locations upon findings (via in-person audits) of minor and major noncompliance with the settlement remedy and separate consequences for Manufacturers if in-person audits reveal major noncompliance above a threshold percentage of audited participating retail locations; and

9) the establishment of a working group to address implementation and compliance issues.

The Parties, with continued input from the Retailers, are working diligently to reduce the agreement in principle into a proposed consent decree that complies with the requirements of Federal Rule of Civil Procedure 65 and can be submitted to, and adopted by, the Court. The Parties also have discussed a procedure and timeline for finalizing, and securing the Court's approval of, the proposed settlement, including the questions of (1) whether affected retailers should be provided notice of the proposed settlement and an opportunity to be heard and (2) how to maintain a trial schedule if settlement is ultimately not possible. The Parties would benefit from the Court's input on and resolution of these issues. Accordingly, the Parties jointly request that the Court convene a status conference in this matter at its soonest convenience and stay all pending deadlines pending the status conference. The Retailers have no objection to the Court granting the relief requested by the Parties in this Joint Motion.

WHEREFORE, the Parties jointly request that the Court convene a status conference in this matter and stay all pre-hearing and hearing deadlines pending the status conference and further order of the Court.

Dated: May 3, 2022                                     Respectfully submitted,

/s/
Miguel A. Estrada (D.C. Bar No. 456289)
Amir C. Tayrani (D.C. Bar No. 490994)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8257
Fax: (202) 530-9016
mestrada@gibsondunn.com
atayrani@gibsondunn.com

George C. Lombardi
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5969
Fax: (312) 558-5700
glombard@winston.com

*Attorneys for Defendants Altria Group, Inc. and Philip Morris USA Inc.*

/s/
John M. Gore (D.C. Bar No. 502057)
Jon G. Heintz (pro hac vice)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
jheintz@jonesday.com

Jeffrey A. Mandell (D.C. Bar No. 999791)
STAFFORD ROSENBAUM LLP
222 West Washington Avenue, Suite 900
Madison, Wisconsin 53703
Telephone: (608) 256-0226
Fax: (608) 259-2600
jmandell@staffordlaw.com

*Attorneys for Defendant R.J. Reynolds Tobacco Company (individually, as successor in interest to Brown & Williamson Tobacco Corporation, and as successor to Lorillard Tobacco Company)*

/s/
Elizabeth B. McCallum (D.C. Bar No. 451361)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Telephone: (202) 861-1500
Fax: (202) 861-1783

*Attorneys for Post-Judgment Parties Regarding Remedies ITG Brands, LLC, Commonwealth Brands, Inc. and Commonwealth-Altadis, Inc.*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

GUSTAV W. EYLER, Director
LISA K. HSIAO, Assistant Director
Consumer Protection Branch

/s/
ADAM E. LYONS
Assistant Director
JAMES NELSON
Senior Trial Attorney
ZACHARY A. DIETERT
MEREDITH B. HEALY
Trial Attorneys
Civil Division
United States Department of Justice
PO Box 386
Washington, DC 20044-0386
Telephone: 202-532-4406 (Lyons)
adam.e.lyons@usdoj.gov

*Attorneys for Plaintiff United States of America*

5

/s/
Scott P. Lewis (pro hac vice)
slewis@andersonkreiger.com
Melissa C. Allison (admitted pro hac vice)
mallison@andersonkreiger.com
Christina S. Marshall (D.C. Bar # MA0022)
cmarshall@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk, 21st Floor
Boston, MA 02109
Telephone: 617-621-6500
Fax: 617-621-6660

*Attorneys for the Public Health Plaintiff-Intervenors*