# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | ) | Civil Action No. 99-CV-2496 (PLF) |
| | ) | |
| and | ) | |
| | ) | |
| TOBACCO-FREE KIDS<br>ACTION FUND, *et al.*,<br>    Plaintiff-Intervenors | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILIP MORRIS USA INC., *et al.*,<br>    Defendants, | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| ITG BRANDS, LLC, *et al.*,<br>    Post-Judgment Parties Regarding<br>    Remedies. | ) | |

## (PROPOSED)
## ORDER #____-REMAND
## PROCEDURES FOR THE JULY 28 AND 29, 2022
## POINT-OF-SALE SETTLEMENT HEARING

In connection with the (Proposed) Order #____-Remand, Fourth Superseding Consent Order Implementing the Corrective-Statements Remedy at Point of Sale, filed jointly by the parties[1] on [_____] ("Proposed Point-of-Sale Consent Decree"), this Court will conduct a Point-of-Sale Settlement Hearing on July 28, 2022, starting at 10:00 a.m. (Eastern Daylight Time), and to continue if necessary on July 29, 2022, starting at 10:00 a.m. (Eastern Daylight Time).  The

---

[1] The parties are the United States and the Public Health Intervenors (collectively "Plaintiffs"); Philip Morris USA Inc., Altria Group, Inc., and R.J. Reynolds Tobacco Company (individually, as successor in interest to Brown & Williamson Tobacco Corporation, and as successor to Lorillard Tobacco Company) (collectively "Defendants"); and ITG Brands, LLC, Commonwealth Brands, Inc., and Commonwealth-Altadis, Inc. (collectively "Remedies Parties"). Defendants and Remedies Parties are collectively referred to as "Manufacturers."

Point-of-Sale Settlement Hearing will be held in the Ceremonial Courtroom (Courtroom 20) at 333 Constitution Avenue N.W., Washington, D.C. 20001 and virtually for those who cannot attend in person.  The Settlement Hearing will be governed by the following procedures.

1. The Manufacturers shall prepare a notice regarding the Proposed Point-of-Sale Consent Decree and this Order (the "Notice") that shall be sent to all Participating Retailer Locations (as defined in the Proposed Point-of-Sale Consent Decree).  Manufacturers shall provide Plaintiffs with this Notice for their review by June 29, 2022.  Plaintiffs shall provide any comments to this Notice by July 5, 2022.

2. The Manufacturers shall provide the Notice and a copy of the Proposed Point-of-Sale Consent Decree to all Participating Retailer Locations by July 8, 2022.

3. A Participating Retailer, as defined in the Proposed Point-of-Sale Consent Decree, may file a written statement with this Court opposing or supporting this Court's entering the Proposed Point-of-Sale Consent Decree by July 25, 2022.  The written statement should (i) indicate if the Participating Retailer wishes to be heard at the Point-of-Sale Settlement Hearing and (ii) be accompanied by any evidence, such as photographs, that the Participating Retailer intends to use at the Point-of-Sale Settlement Hearing or would like this Court to consider.

4. The parties shall respond orally as necessary at the Point-of-Sale Settlement Hearing to any written statements filed by a Participating Retailer.  If this Court needs further briefing on any written statement, it will request that the parties file a response to the written statement on a date after the Point-of-Sale Settlement Hearing.

5. During the Point-of-Sale Settlement Hearing, the following procedures shall be followed.

a. **Opening Statement**.  Plaintiffs and Manufacturers will each be given 20 minutes to present opening remarks in support of the Proposed Point-of-Sale Consent Decree.

b. **Objections**.

i. <u>Participating Retailer that files a written statement</u>.  If a Participating Retailer files a written statement and wishes to be heard at the Point-of-Sale Settlement Hearing, the Participating Retailer shall be allocated [___] minutes to present its argument.  The parties shall jointly have [___] to respond, divided equally between Plaintiffs and Manufacturers.

ii. <u>Participating Retailer that does not file a written statement</u>.  If a Participating Retailer does not file a written statement but wishes to be heard at the Point-of-Sale Settlement Hearing, the Participating Retailer shall be allocated [___] minutes to present its argument.  The parties shall jointly have [___] to respond, divided equally between Plaintiffs and Manufacturers.

c. **Closing Statement**.  Plaintiffs and Manufacturers will each be given 20 minutes to present closing remarks in support of the Proposed Point-of-Sale Consent Decree.

6. [<u>Plaintiffs' proposed language</u>: Virtual attendance at the Point-of-Sale Settlement Hearing will only be allowed in case of emergency that prevents travel to the Court.  In case of any emergency, any party, non-party national retailer group, or Participating Retailer can contact [___] at [___] requesting the credentials needed to attend the hearing virtually.  As the technology does not facilitate it, those participating virtually will not be able to see any

exhibits or demonstratives displayed in Court and will be unable to show exhibits or demonstratives to the Court.

Manufacturers' and Retailer Groups' proposed language: If any party, non-party national retailer group, or Participating Retailer would like to attend the Point-of-Sale Settlement Hearing virtually, they must contact [_____] at [_____] by July 25, 2022 requesting the credentials needed to attend the hearing virtually. As the technology does not facilitate it, those participating virtually will not be able to see any exhibits or demonstratives displayed in Court and will be unable to show exhibits or demonstratives to the Court.]

**SO ORDERED.**

Dated: _____, 2022                    _____
                                                PAUL L. FRIEDMAN
                                                United States District Judge

4