UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff,　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　)　　Civil Action No. 99-2496 (PLF)<br>　　　　　　　　　　　　　　　)<br>PHILIP MORRIS USA, INC., et al., )<br>　　　　　　　　　　　　　　　)<br>　　　　　Defendants.　　　　　　)<br>　　　　　　　　　　　　　　　) | |

ORDER #125 – REMAND

On May 3, 2022, the parties informed the Court that "[a]fter extensive, months-long discussions and negotiations, [they] have reached an agreement in principle to settle the point-of-sale messaging portion of the corrective-statements remedy." Joint Motion for Status Conference and Stay of Deadlines [Dkt. No. 6496] at 1.[1] The parties intend to jointly propose a consent order to govern the corrective-statements remedy at the point of sale (the "Proposed Point-of-Sale Consent Order"), and they seek the Court's review and approval of that consent order to implement the terms of any settlement. In deciding whether to approve the settlement, the Court will conduct a "Point-of-Sale Settlement Hearing" on July 28, 2022, beginning at 10:00 a.m. (Eastern Daylight Time), which will continue if necessary on July 29, 2022,

---

[1] The parties are the United States and the Public Health Intervenors (collectively, "plaintiffs"); Philip Morris USA Inc., Altria Group, Inc., and R.J. Reynolds Tobacco Company (individually, as successor in interest to Brown & Williamson Tobacco Corporation, and as successor to Lorillard Tobacco Company) (collectively, "defendants"); and ITG Brands, LLC, Commonwealth Brands, Inc., and Commonwealth-Altadis, Inc. (collectively, the "remedies parties"). Defendants and the Remedies Parties are collectively referred to as the "manufacturers."

beginning at 10:00 a.m. (Eastern Daylight Time). The Point-of-Sale Settlement Hearing will be held in the Ceremonial Courtroom (Courtroom 20) at the E. Barrett Prettyman Courthouse at 333 Constitution Avenue N.W., Washington, D.C. 20001. Accordingly, it is hereby

ORDERED that the Point-of-Sale Settlement Hearing will be governed by the following procedures:

1. The manufacturers shall prepare a proposed notice regarding the Proposed Point-of-Sale Consent Order (the "Proposed Notice") that, when finalized, shall be sent, along with this Order, to all participating retailers (as will be defined in the Proposed Point-of-Sale Consent Order) in accordance with any applicable provisions in participating retailer contracts and consistent with how the manufacturers regularly communicate with their participating retailers and participating retail locations (as will be defined in the Proposed Point-of-Sale Consent Order). The Proposed Notice shall include instructions for how the participating retailers may submit written statements to the Court with their views opposing or supporting the Proposed Point-of-Sale Consent Order, as well as details about how to attend the Point-of-Sale Settlement Hearing. The manufacturers sent the Proposed Notice to the plaintiffs via email on June 24, 2022.

2. Plaintiffs shall provide the manufacturers any comments or objections to the Proposed Notice via email on or before July 5, 2022. The manufacturers shall file a final, revised notice (the "Final Notice") on the public docket on or before July 8, 2022.

3. The manufacturers shall provide the Final Notice, this Order, and a copy of the

    Proposed Point-of-Sale Consent Order to all participating retailers on or before July 15, 2022. On or before that date, the manufacturers shall file on the public docket a confirmation of the method(s) by which they provided those items to participating retailers.

4. Any participating retailer, as will be defined in the Proposed Point-of-Sale Consent Order, may submit a written statement to this Court with its views opposing or supporting the Proposed Point-of-Sale Consent Order on or before July 25, 2022.  All written statements must be submitted to the Court at the following email address: DCD_PhilipMorrisSettlement@dcd.uscourts.gov.  Each written statement shall describe:  (a) whether the participating retailer opposes or supports the Proposed Point-of-Sale Consent Order, and the reasoning underlying its views; (b) whether the participating retailer wishes to be heard at the Point-of-Sale Settlement Hearing; and (c) if so, whether the participating retailer has any evidence, such as photographs, that it wishes to present at the Point-of-Sale Settlement Hearing or would like this Court to consider.

5. During the Point-of-Sale Settlement Hearing, the following procedures shall apply:

    a. Opening Statement.  Plaintiffs and the manufacturers will each be given twenty minutes to present opening remarks in support of the Proposed Point-of-Sale Consent Order.

    b. Objections.

        i. <u>Participating retailers that have submitted a written statement</u>.  If a participating retailer has submitted a written statement and wishes

        to be heard at the Point-of-Sale Settlement Hearing, the participating retailer shall be allocated ten minutes to present its argument.

    ii. <u>Participating retailers that have not submitted a written statement</u>. If a participating retailer has not submitted a written statement but wishes to be heard at the Point-of-Sale Settlement Hearing, the participating retailer shall be allocated five minutes to present its argument.

c. Responses to Objections. After all objections have been made by participating retailers, the plaintiffs and the manufacturers shall each have an opportunity to respond to the objections raised at the Point-of-Sale Settlement Hearing and in the written submissions. The time allotted to the parties for responding to objections will be determined by the Court at the hearing.

d. Closing Statement. Plaintiffs and the manufacturers will each be given twenty minutes to present closing remarks in support of the Proposed Point-of-Sale Consent Order.

6. <u>Virtual attendance at the Point-of-Sale Settlement Hearing</u> will be permitted only for the parties and the non-party national retailer groups, as well as any participating retailers that have submitted written statements to the Court in advance of the hearing. Zoom videoconference information will be made available upon request by the Courtroom Deputy Clerk, Tanya Johnson, who can be contacted at [Tanya_Johnson@dcd.uscourts.gov](mailto:Tanya_Johnson@dcd.uscourts.gov). Due to technology

constraints, those participating virtually will not be able to present any exhibits or demonstratives to the Court or view any that are physically displayed in the Ceremonial Courtroom during the hearing.  Virtual attendance at the Point-of-Sale Settlement Hearing will <u>not</u> be permitted for any participating retailer that has not submitted a written statement to the Court in advance of the hearing.  Any such participating retailers may attend in-person or listen to the hearing via the public phone line.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  June 28, 2022