RE: PLACEMENT OF CORRECTIVE STATEMENT SIGNS AT RETAIL

Dear Valued Retailer:

In 1999, the United States Government sued the major cigarette companies under various federal statutes asserting claims related to the marketing and sale of cigarettes. In 2006, a federal judge entered judgment in favor of the Government on certain claims and, among other things, ordered Altria, R.J. Reynolds Tobacco Company ("RJR"), and Philip Morris USA Inc. ("PM USA") to make "corrective statements" on certain topics. ITG Brands LLC ("ITG") became a party to the litigation for purposes of the remedies when it purchased four cigarette brands from RJR in 2015. As part of the remedy, the companies now have to amend their agreements with retailers to require the placement of corrective statement signs in retail stores.

PM USA, RJR, and ITG (the "Manufacturers") have now reached an agreement with the United States and several public health organizations, which intervened in the case, regarding how these court-ordered statements will be displayed in retail stores.

You are receiving this notice because the proposed consent order will impact your cigarette retail program agreement with one or more of the Manufacturers. Judge Paul L. Friedman of the United States District Court for the District of Columbia is considering whether to accept the proposed consent order and is considering whether the order makes due provision for the rights of innocent persons, including third party retailers. If the court approves, the consent order will require the following changes.

- The Manufacturers will be required to display corrective statement signs containing court-ordered messages about cigarettes and smoking at the point of sale in all retail locations under contract with one or more of the Manufacturers for a period of 21 months following a posting period.

- The Manufacturers will amend or supplement their agreements to require the retailer to agree to placement of the signs and compliance audits as required by the court order. If a retailer does not want to accept such amendment or supplement for the duration of the display period, the retailer can terminate the agreement pursuant to its terms.

- The amended agreements will include a graduated scale of consequences for repeatedly not complying with the sign placement requirements, beginning with the placement of additional signs, then the loss of promotional funds, and ultimately suspension from the programs for a period of 17 weeks.

- The Manufacturers will not offer new cigarette retail program agreements without these terms for the duration of the display period.

Accompanying this notice is the Court's recent order setting forth the procedures for the public hearing as well as the final version of the parties' proposed consent order, in the form it will be presented to the court for approval. You may, if you wish, comment on the proposed order in writing and/or address the court at the public hearing.

The hearing to approve the consent order is set for July 28 and 29, 2022, beginning at 10:00 AM (Eastern Daylight Time), before Judge Friedman in Courtroom 20 at the E. Barrett Prettyman U.S. Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001.  At that hearing, Judge Friedman will address any retailer comments on, support for, or objections to the consent order.

Written comments and requests to address the court during the hearing should be submitted to the following email address: DCD_PhilipMorrisSettlement@dcd.uscourts.gov.

All written comments must be received no later than **July 25, 2022**.  Any retailer that wishes to attend the hearing in person may do so.  Virtual attendance will be permitted only for retailers that have submitted written statements to the Court in advance of the hearing.  If you wish to attend the hearing virtually, after submitting a written statement, you must contact Courtroom Deputy Clerk, Tanya Johnson at Tanya_Johnson@dcd.uscourts.gov to request the necessary credentials.

Virtual attendance at the settlement hearing will not be permitted for any retailer who has not timely submitted a written statement regarding the proposed consent order.  Due to technology constraints, those participating virtually will not be able to present any exhibits or demonstratives to the Court or view any that are physically displayed during the hearing.  Other interested retailers and members of the public may listen to the hearing via the public phone line.

Once the Court makes its final determination on the consent order, we will communicate additional details regarding next steps.

Thank you for your continued support.