UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    and<br><br>TOBACCO-FREE KIDS<br>ACTION FUND, *et al.*,<br>    Plaintiff-Intervenors<br><br>    v.<br><br>PHILIP MORRIS USA INC., *et al.*,<br>    Defendants,<br><br>    *and*<br><br>ITG BRANDS, LLC, *et al.*,<br>    Post-Judgment Parties Regarding<br>    Remedies. | Civil Action No. 99-CV-2496 (PLF)<br>Next scheduled court appearance:<br>July 20, 2022 at 2:00 p.m.<br>(Motions Hearing) |

**SUPPLEMENTAL BRIEF OF ALTRIA GROUP, INC. AND PHILIP MORRIS USA INC.**

Defendants Altria Group, Inc. ("Altria") and Philip Morris USA Inc. (collectively "Defendants") respectfully submit this Supplemental Brief in response to this Court's Order of June 23, 2022, which directed the parties to "address[ ] the Food and Drug Administration's order to remove Juul e-cigarettes from the U.S. market." The order by the Food and Drug Administration ("FDA") has no bearing on the issues raised by the Public Health Intervenors' Motion to Clarify and Amend Order #1015, D.E. #6445, which impermissibly seeks to expand Defendants' Internet Document Website obligations under Order #1015 to encompass documents produced by Defendants in *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, No. 19-md-02913-WHO (N.D. Cal.) ("Juul MDL"). That litigation regarding e-cigarettes

manufactured and marketed by Juul Labs, Inc.—a company in which Altria holds a minority, non-controlling economic interest—is wholly unrelated to the RICO violations found in this case.

As explained in Defendants' Opposition Brief, D.E. #6450, this Court should reject the Public Health Intervenors' request to extend Defendants' Internet Document Website obligations to include the Juul MDL because the provisions of Order #1015, including the Internet Document Website obligations in Paragraph 10.a, are limited to traditional, combustible cigarettes and do not extend to Juul and other e-vapor products.  That conclusion is clear from the plain language of Paragraph 10.a, which requires Defendants to post on their Internet Document Website documents produced in litigation "concerning *smoking* and health, marketing, addiction, low-tar or low-nicotine *cigarettes*, or less hazardous *cigarette* research."  Order #1015 ¶ 10.a (emphases added); *see also Truck Trailers Mfrs. Ass'n, Inc. v. EPA*, 17 F.4th 1198, 1206 (D.C. Cir. 2021) (under the *noscitur a sociis* canon, "grouped words should be given meanings that are similar in nature").  It is also clear from Judge Kessler's underlying findings of fact, which found that Defendants committed RICO violations *only* with respect to combustible cigarettes, not e-cigarettes or other e-vapor products; indeed, those products had not even been invented at the time of trial in 2004. Judge Kessler's findings form the backdrop against which Order #1015 must be construed because an injunction must be interpreted "in the light of the circumstances surrounding the injunction's entry," *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1137 (D.C. Cir. 2009) (brackets and internal quotation marks omitted), and because those findings define the bounds of this Court's jurisdiction under Section 1964(a) of RICO to "prevent and restrain" future RICO violations, *see id.* at 1117 (injunctive relief under RICO must be "tailored to the violation found") (internal quotation marks omitted); *see also* 18 U.S.C. § 1964(a).

Accordingly, it would contravene the plain language of Order #1015 and exceed this Court's jurisdiction under RICO to expand Defendants' Internet Document Website obligations to encompass litigation regarding products that did not exist when Judge Kessler made her factual findings and that were not the basis for any of the RICO violations that culminated in the issuance of Order #1015.

The FDA's decision to deny Juul's Premarket Tobacco Product Applications has no relevance to construing the plain language of Order #1015 or to the limits on this Court's RICO jurisdiction, which are the decisive issues in resolving the Public Health Intervenors' motion. The FDA's marketing denial order was premised on its determination that Juul's "applications lacked sufficient evidence regarding the toxicological profile of the products to demonstrate that marketing of the products would be appropriate for the protection of the public health." FDA News Release, FDA Denies Authorization to Market JUUL Products, *at* https://www.fda.gov/news-events/press-announcements/fda-denies-authorization-market-juul-products (last visited July 13, 2022) ("FDA News Release").

The FDA's conclusion is irrelevant to the issues before this Court because it does not alter in any way the plain language of Order #1015 or the underlying factual findings that inform the interpretation of that language and that define the bounds of this Court's RICO jurisdiction. The FDA's marketing denial order does not change the fact that Order #1015 unambiguously imposes Internet Document Website obligations that are limited to litigation about combustible cigarettes or modify Judge Kessler's factual findings to encompass not only combustible cigarettes but also

3

e-cigarettes and other e-vapor products.  The Internet Document Website obligations thus continue to be limited to litigation about combustible cigarettes and to exclude the Juul MDL.[*]

For these reasons, as well as those set forth in Defendants' Opposition Brief, the Court should deny the Public Health Intervenors' Motion to Clarify and Amend Order #1015.

Dated: July 14, 2022

Respectfully submitted,

/s/ Miguel A. Estrada
Miguel A. Estrada (D.C. Bar No. 456289)
Amir C. Tayrani (D.C. Bar No. 490994)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8257
Fax: (202) 530-9016
mestrada@gibsondunn.com
atayrani@gibsondunn.com

George C. Lombardi
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5969
Fax: (312) 558-5700
glombard@winston.com

---

[*] Moreover, both the D.C. Circuit and the FDA have administratively stayed the FDA's marketing denial order, which has no legal force or effect at this time.  *See* FDA News Release (explaining that the agency has "administratively stayed the marketing denial order" because "[t]he agency has determined that there are scientific issues unique to the JUUL application that warrant additional review").

Anand Agneshwar
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY  10019
Telephone: (212) 836-8000
Fax: (212) 836-8689
anand.agneshwar@arnoldporter.com

*Attorneys for Defendants Altria Group, Inc.
and Philip Morris USA Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 14th day of July 2022, a copy of the foregoing Supplemental Brief for Defendants was filed electronically with the Clerk of Court, using the CM/ECF system, which sent notification of the filing to counsel of record in this case.

/s/  Miguel A. Estrada
Miguel A. Estrada