UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PHILIP MORRIS USA INC., *et al.*,

    Defendants.

Civil Action No: 99-2496 (PLF)

---

**NATIONAL ASSOCIATION OF CONVENIENCE STORES' RESPONSE TO THE PARTIES' JOINT MOTION TO ENTER FOURTH SUPERSEDING CONSENT ORDER IMPLEMENTING THE CORRECTIVE-STATEMENTS REMEDY AT POINT OF SALE**

The National Association of Convenience Stores ("NACS"), through counsel, respectfully submits this response to the parties' Joint Motion to Enter Fourth Superseding Consent Order Implementing the Corrective-Statements Remedy at Point of Sale (ECF No. 6507) ("Joint Motion").  NACS is an international trade association representing the convenience industry.  In the United States, there are more than 148,000 convenience stores and more than sixty percent of these retailers are single-store operators.  The proposed Fourth Superseding Consent Order Implementing the Corrective-Statements Remedy at Point of Sale ("Proposed Order"), which is attached as Exhibit 1 to the Joint Motion will impact a significant number of NACS's members that have contracts with at least one of the defendant manufacturers.  As the Court is well-aware, NACS has participated in this case as *amicus* for several years at the Court's invitation.  *See* Order #19-Remand, Dkt. No. 5916 (Apr. 11, 2011); Opinion & Order No. 92 Remand, Dkt. No. 6308 (Dec. 20, 2019).

NACS participated in the parties' negotiations regarding the settlement and the Proposed Order.  NACS has no objection to the Court entering the Proposed Order.  In light of the unique facts and history of the manufacture and use of cigarettes as well as the particular circumstances of this litigation, the Proposed Order fulfills the Court's responsibilities as described in the D.C. Circuit's decision in *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1142 (D.C. Cir. 2009) (per curiam).

NACS, as a non-party friend of the court, will voluntarily participate in a working group that the Proposed Order will establish and will inform its members of the provisions of the Proposed Order as well as how to comply with its terms.  NACS' position is that objections to the Proposed Order would not be in the best interests of the convenience industry.

For the foregoing reasons, NACS does not object to the Court's acceptance of the parties' Joint Motion and Proposed Order.

Dated:  July 18, 2022                              Respectfully submitted,


  /s/ Michael J. Baratz
Michael J. Baratz (D.C. Bar # 480607)
Scott A. Sinder (D.C. Bar # 421474)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036-1795
(202) 429-3000
mbaratz@steptoe.com
ssinder@steptoe.com