UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PHILIP MORRIS USA, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 99-2496 (PLF) |

ORDER #126 – REMAND: PROCEDURES FOR SETTLEMENT HEARING

On June 13, 2022, the Court set a hearing to consider and approve the parties' jointly proposed consent order to govern the corrective-statements remedy at the point of sale (the "Proposed Point-of-Sale Consent Order"). See Minute Order (June 13, 2022); see also Order #125–Remand ("Order #125") [Dkt. No. 6503] (setting forth the procedures for the "Point-of-Sale Settlement Hearing").[1]  The Court will conduct the Point-of-Sale Settlement Hearing on July 28, 2022, beginning at 10:00 a.m. (Eastern Daylight Time); and the hearing will continue if necessary on July 29, 2022, beginning at 10:00 a.m. (Eastern Daylight Time).  The Point-of-Sale Settlement Hearing will be held in the Ceremonial Courtroom (Courtroom 20) at the E. Barrett Prettyman Courthouse at 333 Constitution Avenue N.W., Washington, D.C. 20001.

---

[1]  The parties are the United States and the Public Health Intervenors (collectively, "plaintiffs"); Philip Morris USA Inc., Altria Group, Inc., and R.J. Reynolds Tobacco Company (individually, as successor in interest to Brown & Williamson Tobacco Corporation, and as successor to Lorillard Tobacco Company) (collectively, "defendants"); and ITG Brands, LLC, Commonwealth Brands, Inc., and Commonwealth-Altadis, Inc. (collectively, the "remedies parties"). Defendants and the Remedies Parties are collectively referred to as the "manufacturers."

The Court hereby notifies the parties, participating retailers, and other interested persons that the following additional procedures and restrictions will govern the proceeding, consistent with the practices outlined in Appendices 7 and 8 of the Continuity of Operations Plan During the COVID-19 Pandemic.  See Continuity of Operations Plan During the COVID-19 Pandemic (July 15, 2020), https://www.dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements; id., Appendix 7 (updated Oct. 27, 2020); id., Appendix 8 (updated Mar. 2, 2022).

      1.      All persons who attend the Point-of-Sale Settlement Hearing must wear face masks covering the mouth and nose throughout the entire proceeding, except as directed by the Court.  The Court may provide attendees with a clear protective facial mask.  See Appendix 7 ¶ 4; Appendix 8 ¶ 2(c)(iii).  Attendees are reminded that, pursuant to Standing Order No. 21-45, "[a]ll individuals, regardless of vaccination status, are required to wear a face mask, which must completely cover the nose and mouth, at all times while in the public and non-public areas" of the courthouse.  In Re: Reinstatement of Mask Requirement for All Individuals in Public and Non-Public Areas of Courthouse, Standing Order No. 21-45 (BAH) (July 30, 2021), at 1-2, available at: https://www.dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements; see also Mask Requirements in the Public Areas of the Courthouse and Courtrooms (Apr. 4, 2022), https://www.dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements.

      2.      There will be a maximum of five individuals permitted at each counsel table.  A lawyer or a representative of a participating retailer may remove their mask when addressing the Court.

3. It is anticipated that it will not be necessary to limit the number of individuals in the courtroom, provided that all attendees wear a mask and sit at least three feet apart from other attendees.

4. Any individual who has tested positive for COVID-19, is experiencing symptoms consistent with COVID-19, or learns of exposure to an individual who has tested positive for COVID-19, should not come to the courthouse and should contact the courtroom deputy clerk for further instructions. If during the proceeding any attendee experiences symptoms consistent with COVID-19 or learns of exposure to an individual who has tested positive for COVID-19, that person should notify the courtroom deputy clerk immediately. See Appendix 7 ¶ 6; Appendix 8 ¶ 2(c)(i)-(ii).

5. The parties and participating retailers may present exhibits and/or demonstratives to the Court during the Point-of-Sale Settlement Hearing. Parties and participating retailers should contact John Cramer, who can be contacted at John_Cramer@dcd.uscourts.gov, in advance of the hearing to coordinate any IT issues, including with regard to the presentation of exhibits and demonstratives.

6. As previously ordered, see Order #125 at 3-5, the following procedures will govern the Point-of-Sale Settlement Hearing:

    a. Opening Statements. Plaintiffs and the manufacturers will each be given twenty minutes to present opening remarks in support of the Proposed Point-of-Sale Consent Order.

    b. Objections.

        i. Participating retailers that have submitted a written statement. If a participating retailer has submitted a written

     statement and wishes to be heard at the Point-of-Sale Settlement Hearing, the participating retailer shall be allocated ten minutes to present its argument.

   ii. <u>Participating retailers that have not submitted a written statement</u>.  If a participating retailer has not submitted a written statement but wishes to be heard at the Point-of-Sale Settlement Hearing, the participating retailer shall be allocated five minutes to present its argument.

c. <u>Responses to Objections</u>.  After all objections have been made by participating retailers, the plaintiffs and the manufacturers shall each have an opportunity to respond to the objections raised at the Point-of-Sale Settlement Hearing and in the written submissions. The time allotted to the parties for responding to objections will be determined by the Court at the hearing.

d. <u>Closing Statements</u>.  Plaintiffs and the manufacturers will each be given twenty minutes to present closing remarks in support of the Proposed Point-of-Sale Consent Order.

e. <u>Virtual attendance at the Point-of-Sale Settlement Hearing</u> will be permitted only for the parties and the non-party national retailer groups, as well as any participating retailers that have submitted written statements to the Court in advance of the hearing.  Zoom videoconference information will be made available upon request by the Courtroom Deputy Clerk, Tanya Johnson, who can be

contacted at Tanya_Johnson@dcd.uscourts.gov. Due to technology constraints, those participating virtually will not be able to present any exhibits or demonstratives to the Court or view any that are physically displayed in the Ceremonial Courtroom during the hearing. Virtual attendance at the Point-of-Sale Settlement Hearing will <u>not</u> be permitted for any participating retailer that has not submitted a written statement to the Court in advance of the hearing. Any such participating retailers may attend in-person or listen to the hearing via the public phone line.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: July 21, 2022