UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>and<br><br>TOBACCO-FREE KIDS<br>ACTION FUND, *et al.*,<br>    Plaintiff-Intervenors<br><br>v.<br><br>PHILIP MORRIS USA INC., *et al.*,<br>    Defendants,<br><br>*and*<br><br>ITG BRANDS, LLC, *et al.*,<br>    Post-Judgment Parties Regarding<br>    Remedies. | Civil Action No. 99-CV-2496 (PLF) |

**JOINT RESPONSE TO AUGUST 31, 2022 NOTICE (D.N. 6515)**

On August 18, 2022 the Court emailed the parties[1] a series of questions regarding the role of the Adjudicator in the proposed consent order (D.N. 6507-3). On August 31, 2022 the Court docketed a notice with those questions (D.N. 6515). This response contains the parties' joint answers to the questions posed by the Court.

---

[1] The parties are the United States and the Public Health Intervenors; Philip Morris USA Inc., Altria Group, Inc., and R.J. Reynolds Tobacco Company (individually, as successor in interest to Brown & Williamson Tobacco Corporation, and as successor to Lorillard Tobacco Company); and ITG Brands, LLC, Commonwealth Brands, Inc., and Commonwealth-Altadis, Inc. (collectively "Remedies Parties").

The non-party national retailer groups are the National Association of Convenience Stores ("NACS") and the National Association of Tobacco Outlets ("NATO"). The non-party national retailer groups were consulted and have no concerns with these responses.

1) **When do the parties anticipate the Adjudicator's work will actually start? Once the work begins, for how many months will it last? And will most of the work be early in the time period following the Effective Date or later?**

   We anticipate that the Adjudicator's work will start during the Ramp-Up Period, shortly after the Consent Order becomes effective. We expect the Adjudicator's workload during the Ramp Up Period to be relatively limited, as the Working Group will largely be addressing implementation questions. We expect that the pace of Working Group meetings, and the Adjudicator's workload, will increase during the Posting Period and will likely ebb and flow within the Implementation Period. We also anticipate that the Adjudicator may have some responsibilities that extend past the end of the final Audit (the last portion of the Implementation Period). In total, from the beginning of the Ramp-Up Period through the end of the Implementation Period is a period of 30 months, to which we would add an additional estimated 2 months for work arising from the final Audit.

2) **Under the consent order, must the Adjudicator be present at <u>every</u> Working Group meeting? <u>See</u> Consent Order § VII.2 ("Attendance of six members of the Working Group . . . and <u>attendance of the Adjudicator</u> constitutes a quorum for the transaction of business." (emphasis added)).**

3) **If so, why is the Adjudicator's presence required at every meeting? The Court assumes that there may be several meetings, especially during the Ramp-Up Period, at which Noncompliance Appeals will not be at issue.**

   Joint answer to 2 and 3:

   We would like the Adjudicator to be present at most Working Group meetings. If the Adjudicator attends the Working Group meetings, then when it comes time for him or her to resolve a dispute, s/he will be up to speed on the relevant issues and would not require briefing that would only slow down the adjudication process. (Additionally, as anticipated by #5 below, there may be non-appeal circumstances in which the parties ask the Adjudicator to play a facilitating role.)

   We expect, however, there will be instances (particularly during the Ramp Up Period) where the Working Group agenda includes only implementation issues or similar topics such that the Adjudicator need not attend. In such instances, we would not want the Adjudicator's absence to deprive the Working Group of a quorum, so that language in the proposed consent order should be revised, as follows: "Attendance of six members of the Working Group . . . and attendance of the Adjudicator constitutes a quorum for the transaction of business, *except in those circumstances where six members of the Working Group agree that the Adjudicator's attendance is not required to constitute a quorum for a given meeting.*"

4) **Relatedly, what is the Adjudicator's role when it comes to Working Group discussions outside of Noncompliance Appeals? For example, the consent order states that "[t]he Adjudicator may be asked to resolve issues including Noncompliance Appeals on the terms provided in Section V.7 above, or <u>other tie votes</u> of the Working Group." Consent Order § VII.4.a (emphasis added). Specifically, what do "other tie votes" entail?**

The Working Group may need to resolve issues other than those that arise through a Noncompliance Appeal, including but not limited to those described in the Proposed Order at Sections III.1.a.v, (requests for alternative placement of signs), Section III.4 (same), and Section III.3 (requests for exemptions). In such circumstances, we would request that the Adjudicator be available to resolve a tie.

5) **Does the Adjudicator have a role to play as a mediator to resolve issues in dispute in or outside the Working Group? In other words, does he or she wear two hats—one as mediator/facilitator and the other as adjudicator/appellate decision-maker?**

   The Adjudicator's primary role would be to adjudicate issues that the Working Group cannot resolve itself by breaking tie votes among the Working Group membership. That said, with respect to issues other than Noncompliance Appeals, where a party believes that a mediator or facilitator would be helpful, it could ask the Adjudicator to play that role.

6) **What is the effect of a tie vote in the Working Group if neither the Participating Retailer Location nor a member of the Working Group appeals the decision? See Consent Order § V.7.f.**

   If there is an appeal to the Working Group, it has a tie vote, and then no one appeals to the Adjudicator, then the Auditor's decision would stand.

7) **At the settlement hearing, counsel for the manufacturers represented that the Adjudicator's presence at the Working Group is intended to aid efficiency so that he or she is fully informed and can decide Noncompliance Appeals quickly. A particular retailer may, however, raise concerns that the Adjudicator is involved in ex parte discussions with the Working Group. Have the parties accounted for this potential concern?**

   The parties do not believe that *ex parte* discussions should be a concern. Participating Retail Locations have a right to appeal a decision to the Working Group, which includes representatives from the two Retailer Groups. In a Noncompliance Appeal, the Adjudicator's only role is listening to Working Group discussion to build his or her familiarity with the issue. There is no ex parte communication, because neither the Auditor nor the Participating Retail Location involved in the Noncompliance Appeal has participated prior to the Adjudicator's decision. In the event there is a tie vote, the Working Group proceedings would have included (and thereby the Adjudicator would have been exposed to) voices articulating the various positions adopted by members of the Working Group, including, importantly for this consideration, representatives from the two Retailer groups. If there is a majority decision either affirming or reversing the Auditor's finding of major noncompliance, the Adjudicator would still be exposed to the Working Group's discussion—including the viewpoints of the plaintiffs', manufacturers', and Retailer group's representatives—and the appeal submission of the Participating Retail Location.

8) **Is the Adjudicator required to issue a decision on a Noncompliance Appeal in writing? See Consent Order §§ V.7.i, VII.4. Similarly, is the Working Group required to issue decisions in writing?**

It would be helpful to document all decisions by the Working Group and the Adjudicator in writing, even if something fairly basic, so that we have the record for any subsequent appeals and for future decisions.

9) **Will the Adjudicator be provided funds to hire a law clerk or some other individual to aid him or her with Noncompliance Appeals?**

Pending client confirmation, Manufacturers have no objection to funding a law clerk or assistant to the Adjudicator if that would be helpful in expediting the work and ameliorating pressure on the Adjudicator.

Dated: September 12, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LISA K. HSIAO, Assistant Director
Consumer Protection Branch

/s/
ADAM E. LYONS
Assistant Director
DANIEL K. CRANE-HIRSCH
JAMES NELSON
Senior Trial Attorneys
ZACHARY A. DIETERT
MEREDITH B. HEALY
Trial Attorneys
Civil Division
United States Department of Justice
PO Box 386
Washington, DC 20044-0386
Telephone: 202-532-4406
adam.e.lyons@usdoj.gov

*Attorneys for Plaintiff United States of America*

/s/
Scott P. Lewis (pro hac vice)
slewis@andersonkreiger.com
Melissa C. Allison (admitted pro hac vice)
mallison@andersonkreiger.com
Christina S. Marshall (D.C. Bar # MA0022)
cmarshall@andersonkreiger.com
ANDERSON & KREIGER LLP
50 Milk, 21st Floor
Boston, MA 02109
Telephone: 617-621-6500
Fax: 617-621-6660

*Attorneys for the Public Health Plaintiff-Intervenors*


/s/
Miguel A. Estrada (D.C. Bar No. 456289)
Amir C. Tayrani (D.C. Bar No. 490994)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8257
Fax: (202) 530-9016
mestrada@gibsondunn.com
atayrani@gibsondunn.com

George C. Lombardi
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5969
Fax: (312) 558-5700
glombard@winston.com

*Attorneys for Defendants Altria Group, Inc. and Philip Morris USA Inc. and Altria*


/s/
John M. Gore (D.C. Bar No. 502057)
Jon G. Heintz (pro hac vice)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113

5

Telephone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
jheintz@jonesday.com

Jeffrey A. Mandell (D.C. Bar No. 999791)
STAFFORD ROSENBAUM LLP
222 West Washington Avenue, Suite 900
Madison, Wisconsin 53703
Telephone: (608) 256-0226
Fax: (608) 259-2600
jmandell@staffordlaw.com

*Attorneys for Defendant R.J. Reynolds Tobacco Company (individually, as successor in interest to Brown & Williamson Tobacco Corporation, and as successor to Lorillard Tobacco Company)*


/s/
Elizabeth B. McCallum (D.C. Bar No.451361)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5304
Telephone: (202) 861-1500
Fax: (202) 861-1783

*Attorneys for Post-Judgment Parties Regarding Remedies ITG Brands, LLC, Commonwealth Brands, Inc. and Commonwealth-Altadis, Inc.*