UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>PHILIP MORRIS USA INC., *et al.*,<br><br>*Defendants*. | No. 99-cv-2496-PLF-MAU |

## REPORT AND RECOMMENDATION

The District Court referred this case to this Court to conduct an in camera review of certain documents from the Minnesota Tobacco Document Depository ("Depository") in connection with the Parties' consent judgment in *State of Minnesota v. Philip Morris Inc. et al*, No. C1-94-8586 (Dist. Ct. Ramsey Cnty., Minn.). *See* Memo. Op. & Order # 119 – Remand, ECF No. 6479 ("Order No. 119"); Memo Op. & Order # 120 – Remand, ECF No. 6480 ("Order No. 120"); Order # 133 – Remand: Referral to Magistrate Judge, ECF No. 6534 ("Order No. 133"). This Court has completed its review and makes the following recommendations.

## BACKGROUND

On August 18, 2011, the District Court assumed jurisdiction and supervision over the Depository, including determining the final disposition of the documents contained therein. Order No. 119 at 1.[1] There were five categories of documents in the Depository, four of which were being held in a nonpublic, locked room ("Secure Room"). *Id.* at 2. Those categories were:

---

[1] Citations are to the page numbers in ECF headers.

1

1. Defendants R. J. Reynolds Tobacco Company's and Philip Morris USA, Inc.'s documents;

2. Liggett Group LLC, B.A.T. Industries p.l.c., and British American Tobacco Company Ltd.'s documents;

3. Council for Tobacco Research ("CTR") and Tobacco Institute ("TI") documents;

4. The remaining Secure Room documents ("Uncategorized Documents"); and

5. Judge Fitzpatrick's Chambers' Files from the Minnesota litigation ("Chambers' Files").

*Id.* at 2–3. The Parties reached an agreement as to the disposition of the first three categories. *Id.* at 3. The District Court then ordered a multi-step process for review of Categories 4 and 5. *Id.* at 4–7; *see also* Order No. 120 at 1–3. The District Court's referral to this Court relates to Category 5, the Chambers' Files. *See* Order No. 133.

On March 29, 2022, the Parties submitted six privilege logs corresponding to various documents in compliance with the Court's multi-step process. *See* ECF No. 6483. Two of those privilege logs correspond to the Category 4 documents, *see* ECF Nos. 6483-1; 6483-2, whereas four of the logs correspond to Category 5 documents. *See* ECF Nos. 6483-3; 6483-4; 6483-5; 6483-6. The Parties also stated, "Copies of the designated documents from the 'Chambers Files' are being securely transmitted to the Court in hard copy today, as required by Order #120-Remand." ECF No. 6483 at 4. In other words, the Parties filed their privilege logs on the public docket and notified the Court that they were transmitting the underlying documents in hard copy to the Court.

On December 5, 2023, the District Court entered its referral Order to this Court. Order No. 133. The Order requires this Court to conduct an "in camera review of the Chambers' Files

documents . . . for a report and recommendation about the appropriate disposition of the remaining documents, including whether any documents previously designated as privileged or otherwise shielded from public disclosure are appropriate for public disclosure." *Id.* at 2. In connection with that Order, the District Court transmitted the relevant documents from the Chambers' Files to this Court, plus hard copies of the privilege logs submitted at ECF No. 6583.

During the course of its review, this Court found that one of the binders was missing. Specifically, the label on the binder from R. J. Reynolds Tobacco Company indicated the binder was Volume 2 of 2. Because it appeared that neither the District Court nor this Court had ever received Volume 1 of 2 from the Parties, this Court held a status conference on June 6, 2025 to resolve the issue. *See* Min. Entry (June 6, 2025). R. J. Reynolds subsequently submitted the missing Volume 1 binder.

## ANALYSIS

This Court has now reviewed each page of the documents contained in the three physical binders in its possession. Those binders contain the underlying documents referenced in the privilege logs of two of the Parties: 1) Altria and PM USA (ECF No. 6483-3); and 2) R. J. Reynolds Tobacco Company (ECF No. 6483-4).[2] In accordance with the District Court's referral Order, the Court conducted a two-part analysis into each document.

*First*, the Court reviewed each page of the Chambers' Files for any of Judge Fitzpatrick's judicial notes or marginalia that need to be redacted or withheld on the basis of privilege or

---

[2] The Parties submitted two additional privilege logs. Those logs were from: 1) B.A.T. Industries p.l.c. and British American Tobacco Company Ltd.; and 2) the Tobacco Institute. *See* ECF No. 6483 at 3–4. The Parties noted that those privilege logs were prepared and "sent to the Defendants' outside counsel to be filed with the Court." *Id.* at 3 (regarding the B.A.T Industries' privilege log); *id.* at 4 (regarding the Tobacco Institute's privilege log). It does not appear the corresponding documents were ever submitted to the Court. Thus, those documents do not appear to be part of the Chambers' Files to be reviewed.

confidentiality. *See* Order No. 119 at 6. The Court is mindful of the need to "safeguard the unique institutional interests in making Judge Fitzpatrick's judicial papers publicly accessible, subject to defendants' and non-party tobacco entities' legitimate claims of privilege and confidentiality." Order No. 120 at 2. Thus, the Court analyzed any notation that appeared on the 73 documents comprising approximately 2,063 pages. The documents contained occasional scribbles, small margin notes, check marks, and highlights. Those marks appear to have little-to-no substantive meaning nor to reflect any privileged or confidential information. Accordingly, this Court concludes that the Chambers' Files before it do not contain any judicial notes or marginalia that need to be redacted or withheld.

*Second*, this Court broadly reviewed the underlying documents against the privilege logs the Parties submitted at ECF No. 6483. Pursuant to the instructions set forth in Order No. 120, the Court treated the Chambers' Files "as presumptively privileged or confidential." Order No. 120 at 2. In other words, unless a document clearly reflected no basis for a claim of privilege, protection, or confidentiality, the Court did not analyze the underlying information in each document for privilege. The Court compared each of the documents against the corresponding entries in the privilege logs to determine: 1) whether the entry correctly identified the date, author, and description of the document; and 2) whether the putative privilege listed in the entry appeared accurate based on the form and content of the document.

Based on a review applying this methodology, this Court has concluded that none of the 73 documents that the Parties submitted are appropriate for public disclosure. Of course, the Court acknowledges that its in camera review does "not preclude plaintiffs from making separate objections to defendants' and non-party tobacco entities' designations on their own accord after reviewing the privilege logs." *Id.* at 2; *see also* Order No. 119 at 7. The Court is satisfied at this

time, however, that the Parties have appropriately designated the relevant Chambers' Files as privileged or otherwise shielded from public disclosure.

## **CONCLUSION**

This Court has concluded its in camera review. The Court hereby recommends that the relevant Chambers' Files discussed herein should remain shielded from public disclosure on the basis of the Parties' claims for privilege or confidentiality.

**SO ORDERED.**

Date:   August 14, 2025

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

## **REVIEW BY THE DISTRICT COURT**

The Parties are hereby advised that under Local Civil Rule 72.3(b), any party who objects to the proposed findings or recommendations herein must file written objections within fourteen days of being served with a copy of the Report and Recommendation. Objections must specifically identify the portion of the recommendation to which the objection pertains and the basis for the objection. The Parties are further advised that they may waive their right of appeal from an order of the District Court adopting such findings and recommendations if the Parties fail to file timely objections to the findings and recommendation set forth in this Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985).

* * *